UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JONATHAN BIRDT,                 )    Case No. EDCV 13-00673-VAP (DTBx)
                                )
                Plaintiff,      )    STANDING ORDER
                                )
        v.                      )
                                )
SAN BERNARDINO SHERIFFS         )
DEPARTMENT,                     )
                                )
                Defendant.      )
_____ )
                                )

**READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE
AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

    This action has been assigned to the calendar of Judge
Virginia A. Phillips.

    The responsibility for the progress of litigation in the
Federal Courts falls not only upon the attorneys in the action, but
upon the Court as well.  To secure the just, speedy, and
inexpensive determination of every action, (Fed. R. Civ. P. 1), all
counsel are hereby ordered to become familiar with the Federal
Rules of Civil Procedure and the Local Rules of the Central
District of California.[*]

1     The Court further orders as follows:

2

3     **1.   Service of the Complaint.**  The Plaintiff shall serve the

4  Complaint promptly in accordance with Fed. R. Civ. P. 4 and file

5  the proofs of service pursuant to Local Rule 5-3.

6

7     **2.   Proposed Orders.**  Each party filing or opposing a motion

8  or seeking the determination of any matter shall serve and file a

9  proposed order which sets forth the relief or action sought and a

10  brief statement of the rationale for the decision, including

11  citation of authorities, that the party requests the Court to

12  adopt.

13

14     **3.   Presence of Lead Counsel.  All** lead trial counsel must

15  attend, in person, any scheduling and pretrial conferences set by

16  the Court. Failure of lead trial counsel to appear for those

17  proceedings is a basis for sanctions.

18

19     **4.   Motions.**  Motions shall be filed and set for hearing in

20  accordance with Local Rule 6-1.  Motions will be heard on Mondays

21  commencing at 2:00 p.m.  If Monday is a national holiday, this

22  Court does not hear motions on the succeeding Tuesday.  Any motion

23  noticed for a holiday shall automatically be set to the next Monday

24  without further notice to the parties.  Any opposition or reply

25  papers due on a holiday are due the preceding Friday, not the

26  following Tuesday.  Memoranda of Points and Authorities in support

27  of or in opposition to motions shall not exceed 25 pages.  Replies

28  shall not exceed 12 pages.  Only in rare instances, and for good

1  cause shown, will the Court agree to extend these page limitations.
2  When citing to legal databases, wherever possible cite to Westlaw
3  rather than Lexis.

4      Unless clearly justified under the circumstances of the case,
5  "motions to dismiss or in the alternative for summary adjudication"
6  are discouraged.  These composite motions tend to blur the
7  legitimate distinction[s] between the two motions, which have
8  different purposes.  Frequently, the composite motions introduce
9  evidence that is extrinsic to the pleadings.  On the one hand, such
10  evidence is improper for consideration in a Fed. R. Civ. P.
11  12(b)(6) motion, while on the other hand, treatment of the motion
12  as a Rule 56 motion frequently results in reasonable invocation of
13  Rule 56(f) by the non-moving party.

14      Moreover, Rule 12(b)(6) motions are discouraged unless counsel
15  has a good faith belief that such motion will likely result in
16  dismissal, without leave to amend, of all or at least some of the
17  claims under applicable law.

18  **Motions for Summary Judgment or Partial Summary Judgment:**   No
19  party may file more than one motion pursuant to Fed. R. Civ. P. 56
20  regardless of whether such motion is denominated as a motion for
21  summary judgment or summary adjudication.  Parties offering
22  evidence in support of, or in opposition to, a Rule 56 motion must
23  cite to specific page and line numbers in depositions and paragraph
24  numbers in affidavits.  Furthermore, such evidence must be
25  authenticated properly.  The Court directs the parties to become
26  familiar with Orr v. Bank of America, NT & SA, 285 F.3d 764 (9th
27  Cir. 2002).

28

The moving party's brief shall also be accompanied by an statement of undisputed facts ("SUF").  The SUF shall be presented in a table format and include the following columns:

      a.   The first column shall contain the number of the fact alleged to be undisputed.

      b.   The second column shall contain a plain statement of the fact.  **Facts shall not be compound.**  If, for instance, the required response is that the fact is disputed in part, the fact is compound.  Further, neither legal arguments nor conclusions constitute facts.

      c.   The third column shall contain a citation to admissible evidence the party believes supports the proffered fact.

For example:

| Pl.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | Plaintiff was driving her car when she went through the intersection. | Decl. of Plaintiff ¶ 2. |
| 2. | The light was green when Plaintiff went through the intersection. | Decl. of Plaintiff ¶ 4. |
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. | Decl. of Plaintiff ¶ 7; Decl. of Plaintiff's Expert ¶ 14. |
| . . . | . . . | . . . |

The party opposing the summary judgment motion shall include with its opposition a statement of genuine issues that includes the moving party's table; but the opposing party shall add a fourth column to the moving table identifying those facts that are in

dispute, briefly explaining the dispute, and citing the evidence supporting the dispute.  The opposing party shall not set forth legal objections in the statement of genuine issues.  For example:

| Pl.'s SUF No. | Fact | Supporting Evidence | Def.'s Response |
|---|---|---|---|
| 1. | Plaintiff was driving her car when she went through the intersection. | Decl. of Plaintiff ¶ 2. | Undisputed. |
| 2. | The light was green when Plaintiff went through the intersection. | Decl. of Plaintiff ¶ 4. | Disputed.  The light was red when Plaintiff traveled through the intersection. (Decl. of Defendant ¶ 6.) |
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. | Decl. of Plaintiff ¶ 7; Dec. of Plaintiff's Expert ¶ 14. | Disputed. Plaintiff was driving 52 miles per hour when she went through the intersection. (Decl. of Defendant's Expert ¶ 9.) |
| . . . | . . . | . . . | . . . |

If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion.  See Fed. R. Civ. P. 56(e)(2), L.R. 56-3.

If the party opposing the summary judgment motion wishes to include its own set of undisputed facts, it may include them in a second table at the end of its statement of genuine issues.  The opposing party's undisputed facts shall be set forth in the same manner as the moving party's SUF.  For example:

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | The tires on Plaintiff's car had only 1 millimeter of tread remaining at the time of the accident. | Decl. of Mechanic ¶ 5. |
| . . . | . . . | . . . |

If either party fails to provide a pincite to the supporting evidence, the Court will deem the proffered fact (or dispute) unsupported.  See generally Christian Legal Soc. v. Wu, 626 F.3d 483, 488 (9th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried in briefs." (quoting Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir. 1994) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)) (alteration omitted)))).

Additionally, parties shall file any legal objections to the other party's proffered evidence under separate cover.

**5.   Withdrawal or Non-Opposition of Motions:   In the event that the parties are able to resolve a pending motion, _they must notify the Court_ approximately one week before the hearing date.** Sanctions may issue for failure to comply with this requirement, or the broader requirement in Local Rule 7-16 that any party who intends either to withdraw a motion, to not oppose a motion, or to seek a continuance of the hearing date for a motion, **must notify the court by noon on the Tuesday preceding the hearing date.**

**6.    Electronic filing.**  As of January 1, 2008, the United States District Court for the Central District of California implemented mandatory electronic filing ("e-filing") of documents in all new and pending civil cases.  Information about the Court's Electronic Case Filing system, is available on the Court's website at www.cacd.uscourts.gov/cmecf.

The "e-filing" of all documents required to be "e-filed" in this matter pursuant to General Order No. 10-07 and Local Rule 5-4 shall be completed by **4:00 p.m. on the date due**.  Any documents "e-filed" after 4:00 p.m. on the date due will be considered **untimely**.  Any documents that fail to comply with Local Rule 5-4, and particularly Local Rule 5-4.3.1 may be rejected.

**7.    Mandatory chambers copies.  Counsel shall provide one conformed chambers copy of any "e-filed" document.**  Such chambers copies shall be delivered to the "Courtesy Box," located outside of Courtroom 2 on the 2nd floor at the United States District Court, 3470 Twelfth Street, Riverside, California 92501, no later than 5:00 p.m. on the day following "e-filing."  All chambers copies shall comply fully with the document formatting requirements of Local Rule 11-3, including the "backing" and "tabbing" requirements of Local Rules 11-3.5 and 11-5.3, respectively.  If the filing party and their counsel fail to deliver a mandatory chambers copy in full compliance with this Order and Local Rule 11-3, the Court may, on its own motion, reschedule any related hearing, as well as imposing sanctions.

1    **8.   Discovery.**  All discovery matters have been referred to a

2  United States Magistrate Judge (see initial designation following

3  the case number) to hear all discovery disputes.  The words

4  "DISCOVERY MATTER" shall appear in the caption of all documents

5  relating to discovery to insure proper routing.  Counsel are

6  directed to contact the Magistrate Judge Courtroom Deputy Clerk for

7  the assigned Magistrate Judge to schedule matters for hearing.

8    The decision of the Magistrate Judge shall be final, subject

9  to modification by the District Court only where it has been shown

10  that the Magistrate Judge's order is clearly erroneous or contrary

11  to law.

12    Any party may file and serve a motion for review and

13  reconsideration before this court.  The party seeking review must

14  do so within ten (10) days of service upon the party of a written

15  ruling or within ten (10) days of an oral ruling that the

16  Magistrate Judge states will not be followed by a written ruling.

17  The motion must specify which portions of the text are clearly

18  erroneous or contrary to law and the claim must be supported by

19  points and authorities.  A copy of the moving papers and responses

20  shall be delivered to the Magistrate Judge's clerk for review upon

21  the filing of the required documents.

22

23    **9.   *Ex Parte* Applications.**  *Ex parte* applications are

24  considered on the papers and are not usually set for hearing.

25  Counsel are advised that this Court allows *ex parte* applications

26  solely for extraordinary relief -- sanctions may be imposed for

27  misuse of *ex parte* applications.  See In re Intermagnetics Am.,

28  Inc., 101 B.R. 191 (Bankr. C.D. Cal. 1989).  Counsel also should

1   become familiar with Mission Power Engineering Co. v. Continental

2   Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995), regarding *ex parte*

3   applications.

4         Counsel's attention is directed to Local Rule 7-19.  The

5   moving party shall serve the opposing party by facsimile

6   transmission and shall notify the opposition that opposing papers

7   must be filed not later than twenty-four hours following such

8   facsimile service.  The moving party's declaration in support of an

9   *ex parte* application shall show compliance with Local Rule 7-19 and

10  this Order, failing which the application shall be DENIED. If

11  counsel does not intend to oppose an *ex parte* application, they

12  must so inform the Courtroom Deputy Clerk, (951) 328-4461.  As with

13  all motion papers, counsel must deliver a conformed courtesy copy

14  of the papers to the "Courtesy Box", located outside of Courtroom 2

15  on the 2nd floor at United States District Court, 3470 Twelfth

16  Street, Riverside, California 92501.  Counsel will be notified by

17  the Courtroom Deputy Clerk of the Court's ruling or of a hearing

18  time and date should the Court determine that a hearing is

19  necessary.

20

21        **10.  Class Actions**.  Notwithstanding Local Rule 23-3, the

22  deadline for the filing of a motion for class certification will be

23  set during the Scheduling Conference and/or in a Scheduling Order.

24  No request for relief from Local Rule 23-3 is necessary.

25

26        **11.  Stipulations**.  Stipulations extending scheduling dates

27  set by this Court are not effective unless approved by the Court.

28  Counsel requesting a continuance must submit a stipulation, with a

detailed declaration of the basis for the requested continuance or extension of time, and a proposed order.  Continuances will be granted only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied.  Any continuances that are requested without an accompanying declaration will be rejected without notice to the parties.  The Court sets **firm** trial dates and will not change them without a showing of good cause.

   **12.   Applications to File Under Seal.**  Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal.  To that end, if a party wishes to file a document under seal, that party shall first file a written request for a sealing order setting forth the good cause and accompanied by a proposed order that is narrowly tailored as specified above.

   If the sole ground for the sealing order is that the opposing party (or non-party) has designated the document as confidential, the opposing party (or non-party) shall file a declaration establishing good cause for the sealing along with a proposed order, or shall withdraw the designation.  The declaration shall be filed within five days of service on the opposing party (or non-party) of the request for a sealing order.  If the declaration is not filed as required, the Court may order that the document be filed in the public record.

**Use of Sealed Documents in Motion Papers**: The Court cautions parties that documents designated as confidential that are attached as exhibits to case-dispositive motions, or redacted portions of case-dispositive briefs that contain confidential information, must meet the high "compelling reasons" threshold.  See Kamakana v. City of Honolulu, 447 F.3d 1172 (9th Cir. 2006).  A good cause showing, without more, will not satisfy a compelling reasons test, but will only suffice to maintain the confidentiality of documents attached to *non-dispositive* motions.  Documents designated as confidential in conjunction with case-dispositive motions or briefs that do not satisfy the compelling reasons test may accordingly be re-designated as public information upon proper request.  See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003).

**Use of Sealed or Confidential Documents at Trial**: Notwithstanding any provision of a protective order to the contrary, any document, whether previously designated confidential or previously sealed, will be unsealed and will lose its confidential status if offered as an exhibit at trial, absent a showing of the "most compelling" reasons.  See Manual for Complex Litigation § 21.432; Foltz, 331 F.3d at 1135-36.  Any party believing that a document, portions thereof, or witness testimony should remain confidential or sealed during trial must request in advance of trial that the court take extraordinary measures, such as closing the courtroom to the public or sealing the trial transcript, to protect the confidentiality of that information.  The request must be made in writing and filed no later than the date on which pretrial papers are due.

If previously sealed documents are ordered unsealed for use at trial, counsel for the party offering the document as evidence shall, within two business days of the conclusion of the trial, identify which entries on the docket represent the exhibits actually received.  Counsel are required to cooperate with the deputy clerk in order to complete the unsealing process in cases involving voluminous sealed documents.

**13.  Removed Actions.**  Any answers filed in state court must be re-filed in this Court (separately) as a supplement to the petition.  Any pending motions must be re-noticed in accordance with Local Rule 6-1.

**14.  Communications with Chambers.**  Counsel shall not attempt to contact the Court or its staff by telephone or by any other *ex parte* means.  Counsel must list their facsimile transmission numbers along with their telephone numbers on their papers.

**15.  Notice of this Order.**  Counsel for plaintiff, or plaintiff, if appearing on his or her own behalf, shall immediately serve this Order on all parties, including any new parties to the action.  If this case came to the Court by noticed removal, the removing defendant shall serve this Order on all other parties.

**16.  Internet Site.**  Counsel are directed to review the Central District's website for additional information.  The address is "http://www.cacd.uscourts.gov".

1

2

3

4   Dated: April 16, 2013

5                           VIRGINIA A. PHILLIPS
                        United States District Judge

6

7

8   * Copies of the Local Rules are available on our website at
    "http://www.cacd.uscourts.gov" or they may be purchased from one of
9   the following:

10         Los Angeles Daily Journal
           915 East 1st Street
11         Los Angeles, California  90012

12         West Publishing Company
           610 Opperman Drive
13         Post Office Box 64526
           St. Paul, Minnesota  55164-0526

14         Metropolitan News
           210 South Spring Street
15         Los Angeles, California  90012

16

17

18

19

20

21

22

23

24

25

26

27

28