JEAN-RENE BASLE, CA Bar No. 134107
County Counsel
PAYMON Z. BIDARI, CA Bar No. 194399
Deputy County Counsel
385 North Arrowhead Avenue, 4th Floor
San Bernardino, CA 92415-0140
Telephone: (909) 387-5457
Fax: (909) 387-4069

Attorneys for Defendant SAN BERNARDINO SHERIFFS DEPARTMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT,<br><br>   Plaintiff,<br><br>  vs.<br><br>SAN BERNARDINO SHERIFFS DEPARTMENT,<br><br>   Defendant. | ) CASE NO. EDCV 13-00673-VAP<br>) (DTBx)<br>)<br>) **NOTICE OF MOTION AND**<br>) **MOTION TO DISMISS**<br>) **PURSUANT TO F.R.C.P. Rule**<br>) **12(b)(6); POINTS and**<br>) **AUTHORITIES; and NOTICE**<br>) **OF RELATED CASE (filed**<br>) **separately)**<br>)<br>) Date:   June 10, 2013<br>) Time:   2:00 p.m.<br>) Court Room: 2<br>)<br>) Assigned to the Honorable<br>) Virginia A. Phillips<br>)<br>) Referred to the Honorable<br>) David T. Bristow |

   Please **NOTICE** on June 10, 2013, in Court Room 2, located at 3470 Twelfth Street, Riverside, CA, Defendant moves for the dismissal of the

1

0288.01202
2AH1891

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO
F.R.C.P. Rule 12(b)(6); POINTS and AUTHORITIES;
and NOTICE OF RELATED CASE (filed separately)

Complaint based on Rule 12, subsection (b)(6) of the Federal Rules of Civil Procedure, in that the Complaint fails to state appropriate facts upon which a claim for relief can be raised.

Defendant contends Plaintiff's claim is barred by virtue of the following:

1.    **The Second Amendment Does Not Confer a Right to Carry a Concealed Weapon**

2.    **California's Restrictions on Concealed Weapons Do Not Infringe on Plaintiff's Constitutional Rights**

3.    **San Bernardino County Sheriff's Department's Licensing Practices Withstands Constitutional Scrutiny.**

This motion will be based on this notice, the memorandum of points and authorities filed in support thereof, oral and documentary evidence, and on the pleadings on file herein.

DATED: April 26, 2013          JEAN-RENE BASLE
                               County Counsel


                               /s/_____
                               PAYMON Z. BIDARI
                               Deputy County Counsel
                               Attorneys for Defendant

0288.01202
2AH1891

2

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO
F.R.C.P. Rule 12(b)(6); POINTS and AUTHORITIES;
and NOTICE OF RELATED CASE (filed separately)

# **LOCAL RULE 7-3 STATEMENT**

Pursuant to Local Rule 7-3, San Bernardino County Deputy County Counsel Bidari and Plaintiff/Attorney Jonathan Birdt met and conferred prior to filing this motion.

However, no resolution was reached.


Dated: April 26, 2013          JEAN-RENE BASLE
County Counsel


/s/_____
PAYMON Z. BIDARI
Deputy County Counsel
Attorneys for Defendant

0288.01202
2AH1891

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO
F.R.C.P. Rule 12(b)(6); POINTS and AUTHORITIES;
and NOTICE OF RELATED CASE (filed separately)

# I.    INTRODUCTION

Plaintiff complains his Second Amendment rights were violated when San Bernardino County Sheriff's Department denied him a permit to carry a concealed weapon.

Defendant opines the Second Amendment does not encompass a right to carry a concealed weapon.

# II.    STATEMENT OF FACTS

Although there are hardly any facts delineating what occurred, it *seems* that Plaintiff was denied a permit to carry a concealed weapon by the San Bernardino County Sheriff's Department.[1]

# III.   ARGUMENT

## A.   The Second Amendment Does Not Include The Right To Carry A Concealed Weapon

"The Second Amendment does not confer a right to carry a concealed weapon." (*Peterson v. Martinez (2013) 707 F.3d 1197 at 1211.*)

"Like most rights, the right secured by the Second Amendment is not unlimited. (*District of Columbia* v. *Heller (2008)* 554 U.S. 570 at 626.)

"[T]he carrying of concealed firearms is not protected by the Second

---

[1] Please note Plaintiff Birdt filed a similar case against Los Angeles County Sheriff's Department (Case No. CV 10-08377 RGK (JEMx) in which the Honorable John A. Kronstadt already held "California's concealed weapons law, the LAPD and LACSD policies promulgated under that law, and those policies as applied to Plaintiff do not infringe upon Plaintiff's constitutional rights." (Please see Notice of Related Case and Request for Judicial Notice filed separately herein.)

4

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO
F.R.C.P. Rule 12(b)(6); POINTS and AUTHORITIES;
and NOTICE OF RELATED CASE (filed separately)

0288.01202
2AH1891

Amendment or the Privileges and Immunities Clause." (*Peterson v. Martinez* (2013) 707 F.3d 1197, at 1211.)

In *Robertson v. Baldwin* (1897) 165 U.S. 275, the Supreme Court stated in *dicta* that "the right of the people to keep and bear arms is not infringed by laws prohibiting the carrying of concealed weapons." (*Id.* at 281-282.)

More recently, the *Heller* Court noted "the majority of the 19th century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues," and explained that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions." (*District of Columbia* v. *Heller (2008)* 554 U.S. 570 at 626.)

The United States Supreme Court held that the Second Amendment protects an individual's *right to possess firearms in the home* for self-defense. (*Id.*)

"[T]he right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." (*Id.*)

Thus, the *Heller* Court has specifically stated:

> The "core right" embodied in the Second Amendment *does not include the right to keep and carry any weapon in any manner. (Id.)*

"There can be little doubt that bans on the concealed carrying of firearms are longstanding." (*Peterson* v. *Martinez* at 1210-1211.)

In *Heller*, the Supreme Court cited several early cases in support of the statement that most nineteenth century courts approved of such prohibitions. (For example *see* *Nunn* v. *State*, 1 Ga. 243, 251 (1846)

5

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO
F.R.C.P. Rule 12(b)(6); POINTS and AUTHORITIES;
and NOTICE OF RELATED CASE (filed separately)

("[S]ofar as the act of 1837 seeks to suppress the practice of carrying certain weapons secretly, that it is valid, inasmuch as it does not deprive the citizen of his natural right of self-defence, or of his constitutional right to keep and bear arms."

"In light of our nation's extensive practice of restricting citizens' freedom to carry firearms in a concealed manner, we hold that this activity does not fall within the scope of the Second Amendment protections." (*Peterson v. Martinez, supra* at 1213.)

As such, the instant complaint must be dismissed in that there is no constitutional right to carry a concealed weapon.

## B. California's Restrictions on Concealed Weapons Do Not Infringe on Plaintiff's Constitutional Right

California law does not impede the ability of individuals to defend themselves with firearms in their homes. However, it is designed and codified to protect against further escalation of public violence.

Penal Code section 12025 prohibits carrying a concealed weapon without a permit.

This section has been upheld against a Second Amendment challenge.

In *People* v. *Yarbrough* 169 Cal.App.4[th] 303, 312-314 (2008), the court held:

> [W]e find nothing in Penal code section 12025, subdivision (a), that violates the limited right of the individual established in *Heller* to possess and carry weapons in case of confrontation.

> [S]ection 12025, subdivision (a), in much more limited fashion, specifically defines as unlawful carrying concealed within a

6

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO
F.R.C.P. Rule 12(b)(6); POINTS and AUTHORITIES;
and NOTICE OF RELATED CASE (filed separately)

0288.01202
2AH1891

vehicle or 'concealed upon his or her person any pistol, revolver, or other firearm capable of being concealed upon the person.' Further, carrying a firearm concealed on the person or in a vehicle in violation of section 12025, subdivision (a), is not in the nature of a common use of a gun for lawful purposes which the court declared to be protected by the Second Amendment in *Heller*. (*Citing People* v. *Wasley* 245 Cal.App.2d 383, 386 (1966).)

## C. San Bernardino County Sheriff's Department's Licensing Practices Withstands Constitutional Scrutiny

As stated above, California law generally prohibits individuals from carrying a concealed firearm in public. (Cal. Penal Code §§ 12025(a)(2), 12027.) With a permit and for self-defense purposes, one can obtain a license in California to carry a firearm "capable of being concealed upon the person." (Penal Code § 12050(a)(1)(A)(i).) However, applicants for such a license must provide good cause for applying, and demonstrate they are of "good moral character." (Penal Code § 12050(a).) Other requirements include a background check and completion of a training course. (*See Id.*)

Beyond these basic requirements, the state grants each municipal or county authority wide latitude to determine both the appropriate criteria for issuing a license and the need to impose any reasonable restrictions on the licensee. (Penal Code § 12050(b).)

Consistent with the regulations under California Penal Code, San Bernardino County Sheriff's Department has a policy regulating the issuance of concealed weapon licenses to San Bernardino County residents.

7

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO
F.R.C.P. Rule 12(b)(6); POINTS and AUTHORITIES;
and NOTICE OF RELATED CASE (filed separately)

0288.01202
2AH1891

Strict scrutiny requires that a statute or regulation "be narrowly tailored to serve a compelling governmental interest" in order to survive a constitutional challenge. (*Abrams* v. *Johnson*, 521 U.S. 74, 91 (1997).

San Bernardino County's practices in limiting concealed weapon permits to those with specific and documented needs is consistent with the compelling and significant legislative goals underlying Penal Code sections 12025 and 12050.

The relevant Penal Code provisions are narrowly tailored and substantially related to furthering public safety and reducing crime.

Numerous courts have discussed the need for firearm regulations and the need for imposing restrictions on their use:

> "[A]ccidents with loaded guns on public streets or the escalation of minor public altercations into gun battles or, as the legislature pointed out, the danger of a police officer stopping a car with a loaded weapon on the passenger seat….
>
> [T]hus, otherwise 'innocent' motivations may transform into culpable conduct because of the accessibility of weapons as an outlet for subsequently kindled aggression. . . . [T]he underlying activity of possessing or transporting an accessible and loaded weapon is itself dangerous and undesirable, regardless of the intent of the bearer since it may lead to the endangerment of public safety. . . . [A]ccess to a loaded weapon on a public street creates a volatile situation vulnerable to spontaneous lethal aggression in the event of road rage or any other disagreement or dispute. The prevention of the potential metamorphosis of such 'innocent' behavior into criminal conduct is rationally related to the purpose of the statute, which is to enhance public safety. Because the legislature has a compelling interest in preventing the possession of guns in public under any such circumstances, the statute is reasonably related to the

0288.01202
2AH1891

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO
F.R.C.P. Rule 12(b)(6); POINTS and AUTHORITIES;
and NOTICE OF RELATED CASE (filed separately)

legislature's purpose of 'mak[ing] communities in this state safer and more secure for their inhabitants." (*People* v. *Marin*, 795 N.E.2d 953, 958-59 (Ill.App. 2003); see also *Marshall* v. *Walker*, 958 F.Supp. 359, 365 (N.D. Ill. 1997) (individuals should be able to walk in public "without apprehension of or danger from violence which develops from unauthorized carrying of firearms and the policy of the statute to conserve and maintain public peace on sidewalks and streets within the cities . . . .") quoting *People* v. *West*, 422 N.E.2d 943, 945 (Ill.App. 1981)).

In the present case, Penal Code sections 12025 and 12050 are narrowly tailored to prevent more gun violence in public.

As such, San Bernardino County Sheriff's restrictions (identical to those of State of California (Penal Code) against carrying a concealed weapon in public withstand constitutional muster and as such should be upheld.

## D.   The Eleventh Amendment bars this suit as Defendant Sheriff was only acting as an agent of the State in enforcing state law

The Eleventh Amendment bars suits which seek damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies. (*Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-1423 (9th Cir. 1991.)

Under the "arm of the state" doctrine, a state agent or agency is immune from suit under the Eleventh Amendment because "the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials [or state entities] are nominal defendants." (*Ford Motor Co. v. Department of Treasury,* 323 U.S.

9

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO
F.R.C.P. Rule 12(b)(6); POINTS and AUTHORITIES;
and NOTICE OF RELATED CASE (filed separately)

0288.01202
2AH1891

459, 464, (1945); see also *Ronwin* v. *Shapiro* 657 F.2d 1071, 1073 (9th Cir. 1981).)

Sovereign immunity cloaks the state agent or agency because, if the plaintiff prevails, "such a judgment would have the same effect as if it were rendered directly against the State for the amount specified in the complaint." (*Smith* v. *Reeves* 178 U.S. 436, (1900).)

In the present case, Defendant San Bernardino County Sheriff's Policy is as a direct result and reflection of California Penal Code section 12031, et seq.

To declare Defendant's policy unconstitutional would be to declare the state law invalid.

As such, the state is a real party in interest in the present case as the sheriff's department (in following state law) is acting as an agent of the state.

As such, the Eleventh Amendment bars this suit against the San Bernardino County Sheriff's Department.

## IV.  CONCLUSION

Defendant respectfully submits.

DATED: April 26, 2013                JEAN-RENE BASLE
                                     County Counsel


                                     /s/
                                     _____
                                     PAYMON Z. BIDARI
                                     Deputy County Counsel
                                     Attorneys for Defendant

10

0288.01202
2AH1891

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO
F.R.C.P. Rule 12(b)(6); POINTS and AUTHORITIES;
and NOTICE OF RELATED CASE (filed separately)

# PROOF OF SERVICE

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of 18 years and not a party to nor interested in the within action. My business address is 385 North Arrowhead Avenue, Fourth Floor, San Bernardino, CA 92415-0140.

On April 26, 2013, I served the following documents (*specify*): **NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO F.R.C.P. Rule 12(b)(6); POINTS and AUTHORITIES; and NOTICE OF RELATED CASE (filed separately)**

I served the documents on the persons below, as follows:

JONATHAN W BIRDT ESQ                    In Pro Per
LAW OFFICE OF JONATHAN W BIRDT
10315 WOODLEY AVE STE 208               Telephone: 818-400-4485
GRANADA HILLS CA 91344                  Fax: 818-428-1384

The documents were served by the following means:

**By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing on April 26, 2013, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in San Bernardino, California, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Bernardino, California.

I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

/s/ _____

SONJA BATES, Declarant

11

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO
F.R.C.P. Rule 12(b)(6); POINTS and AUTHORITIES;
and NOTICE OF RELATED CASE (filed separately)

0288.01202
2AH1891