JEAN-RENE BASLE, CA Bar No. 134107
County Counsel
PAYMON Z. BIDARI, CA Bar No. 194399
Deputy County Counsel
385 North Arrowhead Avenue, 4th Floor
San Bernardino, CA 92415-0140
Telephone: (909) 387-5457
Fax: (909) 387-4069

Attorneys for Defendant SAN BERNARDINO SHERIFFS DEPARTMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT, <br><br> Plaintiff, <br><br> vs. <br><br> SAN BERNARDINO SHERIFFS DEPARTMENT, <br><br> Defendant. | CASE NO. EDCV 13-00673-VAP (JEM) <br><br> **REPLY TO OPPOSITION TO MOTION TO DISMISS** <br><br> **Court Room: C – 8th Floor** <br> **Date: June 11, 2013** <br> **Location: 312 N. Spring St.** <br> **Los Angeles, CA** <br><br> Assigned to the Honorable <br> Virginia A. Phillips <br><br> Referred to the Honorable John E. McDermott |

In his Opposition, Plaintiff concedes there is no constitutional right to a concealed weapons permit. (Opposition, page 1, lines 19-20.)

As such, there is no federal subject matter jurisdiction given Plaintiff's Complaint alleges his Second Amendment rights were violated

1
REPLY TO OPPOSITION TO MOTION TO DISMISS

0288.01236
2AI4176

when Defendant refused to issue a concealed weapons permit to Plaintiff.

## THERE IS NO FEDERAL JURISDICTION
## QUESTION BEFORE THE COURT

Plaintiff's Complaint before this honorable Court contains one cause of action: "Second Amendment Violation of 42 U.S.C. § 1983" in that "Plaintiff cannot exercise this right without a permit from Defendant." (Complaint, page 2, lines 6-12.)

However, the issue before this honorable Court is not whether Plaintiff has a right to self defense. That has never been disputed.

Rather, the only issue before this honorable Court is whether the Second Amendment affords the right to carry a concealed weapon.

Federal courts are courts of *limited jurisdiction*. They can only adjudicate those cases which the United States Constitution and Congress authorize them to adjudicate; basically those involving diversity or a federal question. (*Kokkonen* v. *Guardian Life Ins. Co. of America* (1994) 511 U.S.375 at 377.)

"Federal courts are *presumptively* without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction." (*id.*)

The basic federal jurisdiction statutes are contained in 28 U.S.C. § 1330, et seq.

Section 1331 reads: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

"For a federal court to exercise jurisdiction, it must generally

appear that the case falls within both a statutory grant of jurisdiction *and also within Article III, § 2,* which is the source of all federal judicial power." (*Finley v. United States* (1989) 490 U.S. 545 at 547.)

In the present case, Plaintiff concedes "there is no constitutional right to a concealed weapons permit…." (Opposition, page 1, lines 19-20.)

Since it is undisputed that the Second Amendment does not afford the right to carry a concealed weapon and Plaintiff's only cause of action alleges violations of the Second Amendment because Defendant denied him a concealed weapon permit, there is no federal question before this Court.

As such, this case must be dismissed for lack of subject matter jurisdiction.

## THE RIGHT TO SELF-DEFENSE DOES NOT INCLUDE THE RIGHT TO CARRY A CONCEALED WEAPON IN PUBLIC

In support of his argument that his constitutional rights were violated when he wasn't afforded a concealed weapons permit, Plaintiff cites *McDonald v. City of Chicago* (2010) 130 S. Ct. 3020.

However, that case is distinguishable from this one.

The *McDonald* Court explained "the need for defense of self, family, and property is most acute" in the home and that this right applies to handguns because they are "the most preferred firearm in the nation to 'keep' and use for protection of one's home and family" (*Id.* at 3036 (quoting *Heller v. District of Columbia* (2010) 698 F.Supp.2d 179).)

There is no dispute that the Second Amendment affords the people the right to self-defense.

0288.01236
2AI4176

However, there is no cited statute or case law indicating that the parameters of the Second Amendment's right to self-defense reaches out far enough to realize the right to carry a concealed weapon.

As such, there is no issue before this honorable Court and as such this case must be dismissed.

## PLAINTIFF DOES NOT DISPUTE THE ELEVENTH AMENDMENT BARS THIS SUIT

Plaintiff's Opposition does not dispute that the Eleventh Amendment bars this suit as Defendant was acting as an "arm of the state" when enforcing and adopting Penal Code § 12050 (requiring a permit to carry a concealed weapon).

To the contrary, Plaintiff agrees that the cited "state law is constitutional." (Opposition, page 1, line 21.) Plaintiff's Complaint reads: "California Legislature has mandated that the only method by which a resident of the State can bear arms for the purpose of self-defense outside the home is with a permit to carry a concealed weapon." Juxtaposing this with his concession that "state law is constitutional," one can conclude that this case is barred by the Eleventh Amendment in that San Bernardino County Sheriff's Department is following state law in granting or denying permits.

If Plaintiff believes the San Bernardino County Sheriff's Department abused its discretion in denying him a permit to carry a concealed weapon, he is pursuing the wrong cause of action in the wrong judicial forum.

The only way this case can remain under the jurisdiction of this

0288.01236
2AI4176

honorable Court is if there is a constitutional issue.

Assuming arguendo that San Bernardino County Sheriff's Department abused its discretion in denying a concealed weapon permit to Plaintiff, this case should be dismissed now since the "Second Amendment does not confer a right to carry a concealed weapon." (*Peterson* v. *Martinez (2013) 707 F.3d 1197 at 1211.*)

As such, this case must be dismissed.

## CONCLUSION

Defendant respectfully submits.

DATED: May 1, 2013

JEAN-RENE BASLE
County Counsel


/s/
PAYMON Z. BIDARI
Deputy County Counsel
Attorneys for Defendant

# PROOF OF SERVICE

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of 18 years and not a party to nor interested in the within action. My business address is 385 North Arrowhead Avenue, Fourth Floor, San Bernardino, CA 92415-0140.

On May 1, 2013, I served the following documents (*specify*): **REPLY TO OPPOSITION TO MOTION TO DISMISS**

I served the documents on the persons below, as follows:

| | |
|---|---|
| JONATHAN W BIRDT ESQ | In Pro Per |
| LAW OFFICE OF JONATHAN W BIRDT | |
| 10315 WOODLEY AVE STE 208 | Telephone: 818-400-4485 |
| GRANADA HILLS CA 91344 | Fax: 818-428-1384 |

The documents were served by the following means:

**By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing on May 1, 2013, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in San Bernardino, California, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Bernardino, California.

I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

/s/
_____
SONJA BATES, Declarant

0288.01236
2AI4176