JONATHAN W. BIRDT
10315 Woodley Ave, Suite 208
Granada Hills, CA 91344
Telephone: (818) 400-4485
Facsimile: (818) 428-1384
jon@jonbirdt.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT,<br><br>    Plaintiff,<br><br>vs.<br><br>SAN BERNARDINO SHERIFFS DEPARTMENT,<br>    Defendants. | CASE NO. EDCV 13-00673-VAP<br><br>OPPOSITION TO AMENDED MOTION TO DISMISS<br><br>Date: June 11, 2013<br>Time: 10:00 a.m.<br>Courtroom: C<br><br>Before the Honorable:<br>John A. McDermott |

## I. INTRODUCTION

The actual basis for this motion is a little unclear. Defendant contends there is no constitutional right to a concealed weapons permit, and plaintiff agrees, but does contend that the Second Amendment extends beyond his front door and that the only way California Law permits him to exercise that Right is with a Concealed Weapons Permit that Defendant abused his "wide latitude" in denying Plaintiff his ability to exercise that Right outside the home. Defendant contends the State law is constitutional and Plaintiff agrees. Defendant then asserts its' policies comply with State law but there has been no discovery and Plaintiff has specifically alleged that:

> Plaintiff is a resident of San Bernardino County and sought a concealed weapons permit and his application was denied on February 26, 2013 without any statutory reason for the denial. Complaint at Paragraph 2.

Not knowing Defendants policies or the multiple reasons for the denial, it is impossible to say whether Defendants policies comply with State or Federal Law. Defendants also argue that Plaintiff has filed suit and is currently on appeal because his request for a permit in Los Angeles was denied when he was a resident there, but fails to explain how this exonerates Defendants in this case on the facts pled. Are defendants stating that they follow the same practices and procedures as the LAPD? Should that be the case, Plaintiff would happily offer a factual stipulation and file a motion for summary judgment, nothing is known about Defendants handling of Plaintiffs permit application or even the reason for denial because Defendant refused to provide it thus denying Plaintiff any sort of due process or fair and objective review process. Plaintiff has properly pled all of the elements of a violation of his Constitutional Rights and seeks to explore Defendants policies actions and motives to determine if the claims have merit.

> The Supreme Court has held that "the Second Amendment protects the right to keep and bear arms for the purpose of self-defense." *McDonald v. City of Chicago, Ill.* (2010) 130 S.Ct. 3020, 3021.

Plaintiff seeks only to determine whether Defendant, an elected official, violated Plaintiffs rights, and as such, the basis for the motion remains unclear as only fact discovery will determine the extent of the violation of any, and then this matter can be presented for prompt resolution based upon the facts as applied to the law, which Defendants are not above.

II. <u>PLAINTIFF DOES NOT CHALLENGE STATE LAW OR CONTEND THAT A CONSTITUTIONAL RIGHT TO A PERMIT EXISTS</u>

The Second Amendment protects the Right to Bear Arms, subject to reasonable restrictions, but does not guarantee a right to a concealed weapons permit; however, California law decrees that the only way to exercise such right is with a permit thus making it the only manner in which a resident can exercise their right, and this sheriff contends that he has wide discretion or latitude over whether he will grant such "privilege" residents.

Plaintiff contends that in this instance, the Sheriffs use of such discretion to deny him a permit needed to exercise a fundamental right violates his rights under the Second Amendment to possess and carry weapons in case of confrontation.

> "In Heller, the Supreme Court held the Second Amendment protects an individual right 'to possess and carry weapons in case of confrontation,' unconnected with service in a militia…. the court held the Second Amendment right recognized in Heller is 'fully applicable to the States.'…A plurality of the McDonald court concluded the Second Amendment right applies to the states because it is "fundamental" to the American "scheme of ordered liberty" *People v. Delacy* (2011) 192 Cal.App.4th 1481.

Plaintiff does not oppose lawful regulation, but does oppose unfettered discretion rested in an elected official who completely deprives Plaintiff of his ability to exercise a fundamental constitutional right. The crux of this case is what a sheriff does, because, as also noted by the 9th Circuit, most Counties in California will issue a concealed Carry permit to any resident who passes a background check and states Self Defense as his good cause.

### III. THE SHERIFFS POLICIES ARE NOT KNOWN

Moreover, Plaintiff does not contend a Second Amendment Right to carry a concealed weapon nor does he challenge California law. Plaintiff contends that absent a permit, there is no legal way to exercise his right to bear arms beyond the threshold of his home and whether this Sheriff violated his rights by not reviewing[1], considering or abiding by California law in reaching his decision and discovery is needed to first know why the permit was denied, and then upon what policies or procedures the responsible persons relied, and only then can it be determined if the Sheriff violated Plaintiff rights with his exercise of wide discretion.

The Sheriff, in asserting that his policies pass muster, does not state his policies or the reason he denied Plaintiffs permit, but does generally discuss public safety as a basis for his decision. The Ninth Circuit has rejected alleged public health and safety concerns as a substitute for objective standards and due process. *Desert Outdoor*

---

[1] Plaintiff is a resident of San Bernardino County and sought a concealed weapons permit and his application was denied on February 26, 2013 without any statutory reason for the denial. Complaint at Paragraph 2.

OPPOSITION TO MOTION TO DISMISS - 3

1  *Advertising v. City of Moreno Valley* 103 F.3d 814, 819 (1996).  Does the Sheriff have
2  objective standards and did he provide plaintiff due process?  The complaint alleges he
3  did not by denying the permit without review, reason or explanation.

4  "Unbridled discretion naturally exists when a licensing scheme does not
5  impose adequate standards to guide the licensor's discretion." Chesapeake B &M,
6  Inc. v. Harford County 58 F.3d 1005, 1009 (4th Cir. 1995 (en banc); cf. Green v. City
7  of Raleigh (4th Cir. 2008) 523 F.3d 293, 306 ("'virtually unbridled and absolute
8  power' to deny permission to demonstrate publically, or otherwise arbitrarily impose
9  de facto burdens on public speech" is unconstitutional) (citation omitted).

10  Under Cantwell v. Connecticut (1940)  310 U.S. 296, and progeny, States and
11  localities may not condition a license necessary to engage in constitutionally
12  protected conduct on the grant of a license officials have discretion to withhold.
13  Further, a host of prior restraint cases establish that "the peaceful enjoyment of
14  freedoms which the Constitution guarantees" may not be made "contingent upon the
15  uncontrolled will of an official." Staub v. Baxley (1958) 355 U.S. 313, 322.

16  Public Safety is invoked to justify most laws, but where a fundamental right is
17  concerned, a mere incantation of a Public Safety rationale does not save arbitrary
18  licensing schemes. In the First Amendment arena, where the concept has been
19  developed extensively, courts have consistently condemned licensing systems which
20  vest in an administrative official discretion to grant or withhold a permit upon broad
21  criteria unrelated to proper regulation of public places.  Kunz v. New York (1951) 340
22  U.S. 290, 294; Shuttlesworth v. City of Birmingham (1969) 394 U.S. 147, at 153.
23  Public Safety concerns may justify permissible regulations of protected activities, but
24  the Constitution does not permit fundamental civil rights to be abridged by public
25  safety fears.  *See, e.g.*,  Near v. Minnesota (1931) 283 U.S. 697, 721-22.

Defendant also erroneously argues that the Second Amendment is only a 'core' right in the home, but in doing so ignores the very authority he cites:

> "Self-defense is a basic right, recognized by many legal systems from ancient times to the present day, and in Heller, we held that individual self-defense is "the central component" of the Second Amendment right". McDonald v. City of Chicago (2010) 130 S. Ct. 3020, at 3037.

IV. CONCLUSION

There is no evidence, pleading or allegation that would establish why San Bernardino denied the Permit or what their policies and procedures are or whether they complied with State Law because the County did not provide a basis for denial and instead the moving papers assert that the Sheriff has "wide latitude" and it is this wide latitude that merits discovery and forms the basis of Plaintiffs harm. A motion to dismiss based upon the Sheriffs policies is not proper where those policies are not even known and that is the sole basis upon which Plaintiff seeks relief, contrary to the assertions of the motion.

May 6, 2013                                          /s/

                                                     _____
                                                     Jonathan W. Birdt