# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT, <br><br> Plaintiff, <br><br> v. <br><br> SAN BERNARDINO SHERIFF'S DEPARTMENT, <br><br> Defendant. | Case No. EDCV 13-0673-VAP (JEM) <br><br> REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Virginia A. Phillips, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**PROCEEDINGS**

On April 12, 2013, Plaintiff Jonathan Birdt ("Plaintiff") filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") against Defendant San Bernardino County Sheriff's Department ("SBCSD"), alleging that Defendant's denial of Plaintiff's concealed weapon permit application on February 26, 2013, violated Plaintiff's Second Amendment rights.

On April 26, 2013, Defendant filed a Motion to Dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff filed his Opposition on April 29,

2013, and an amended Opposition on May 6, 2013 ("Opposition"). Defendant filed its Reply on May 1, 2013.

The Motion is ready for decision. For the reasons set forth below, the Court recommends that the Motion be denied for failing to set forth any valid grounds for relief. Moreover, the Court recommends sua sponte dismissal of the Complaint with leave to amend for failure to state a claim for relief under the Second Amendment.

## FACTUAL ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges the following facts in the Complaint:

1. The California Legislature has mandated that the only method by which a resident of the State can bear arms for the purpose of self-defense outside the home is with a permit to carry a concealed weapon.

2. Plaintiff is a resident of San Bernardino County and sought a concealed weapons permit and his application was denied on February 26, 2013 without any statutory reason for the denial.

\* \* \*

5. The Supreme Court has held that "the Second Amendment protects the right to keep and bear arms for the purpose of self-defense." McDonald v. City of Chicago, Ill. (2010) 130 S.Ct. 3020, 3021.

6. Plaintiff cannot exercise this right without a permit from Defendant.

7. Defendant refuses to issue a permit or provide a statutory basis for his refusal to do so.

(Complaint at 1-2.) Plaintiff seeks a Court order requiring Defendant to issue a permit to Plaintiff, and attorneys' fees and costs. (Complaint at 2.)

///
///

# DISCUSSION

## I. THE MOTION TO DISMISS

### A. Applicable Legal Standards

#### 1. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal under Rule 12(b)(6) is appropriate when the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. Mendiondo v. Centinela Hosp. Medical Center, 521 F.3d 1097, 1104 (9th Cir. 2008) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Conclusory allegations are insufficient. Id. at 678-79. Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, "a formulaic recitation of the elements of a cause of action will not do," and the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

All allegations of material fact are accepted as true, "as well as all reasonable inferences to be drawn from them." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); see also Twombly, 550 U.S. at 555. For an allegation to be entitled to the assumption of truth, however, it must be well-pleaded; that is, it must set forth a non-conclusory factual allegation rather than a legal conclusion. See Iqbal, 556 U.S. at 678-79. The Court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. See id.; see also Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss"); Sprewell v. Golden State

Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (court not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). The Court also need not accept as true allegations that contradict matters properly subject to judicial notice. Sprewell, 266 F.3d at 988. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must limit its review to the operative complaint and may not consider facts presented in briefs or extrinsic evidence. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:211 (2004) ("[T]he court cannot consider material outside the complaint (e.g., facts presented in briefs, affidavits or discovery materials)."). Materials submitted as part of the complaint are not "outside" the complaint and may be considered. Lee, 25 F.3d at 688; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). In addition, "[d]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (internal quotations and citations omitted); see also Lee, 250 F.3d at 688 (documents not physically attached to the complaint may be considered if their authenticity is not contested and "'the plaintiff's complaint necessarily relies' on them") (citation omitted). The Court also may consider facts properly the subject of judicial notice. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). Thus, courts may "consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice -- without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted).

In a pro se civil rights case, "the court must construe the pleadings liberally and must afford the plaintiff the benefit of any doubt." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. Id. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id.; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

### 2. Section 1983 Claims

As to claims brought under 42 U.S.C. § 1983, a plaintiff must allege: (1) the defendants were acting under color of state law at the time the complained of acts were committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges and immunities secured by the Constitution or laws of the United States. See Karim-Panahi, 839 F.2d at 624. There must be an affirmative link between the defendant's actions and the claimed deprivations. See Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 692 (1978) (". . . Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976) (no affirmative link between incidents of police misconduct and adoption of plan or policy demonstration authorization or approval of misconduct). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal quotations and citation omitted). The first step is to identify the specific constitutional or federal right allegedly infringed. Id.

### B. Defendant's Motion To Dismiss Must Be Denied For Failure To Set Forth Any Valid Grounds For Relief And The Complaint Must Be Sua Sponte Dismissed With Leave To Amend For Failure To State A Claim

As discussed further below, the Court concludes that Defendant's Motion sets forth no valid ground warranting dismissal of the Complaint, and that Defendant's Motion must be denied, therefore. The Court, however, has independently reviewed Plaintiff's Complaint and concludes that the Court must sua sponte dismiss the Complaint with leave to amend

for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6); see also Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6).").

### 1. Applicable Law

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." In District of Columbia v. Heller, 554 U.S. 570 (2008), the Supreme Court held that the District of Columbia's "absolute prohibition of handguns held and used for self-defense in the home" clearly violated the Second Amendment.[1] Id. at 628-636. In so holding, the Supreme Court explained that the Second Amendment protects an individual right to "keep and carry arms," and further noted that "the inherent right of self-defense has been central to the Second Amendment right." Id. at 627-629. Thus, the Supreme Court identified in Heller an unequivocal Second Amendment "individual right to possess and carry weapons in case of confrontation." 554 U.S. at 592. In Mcdonald v. City of Chicago, 130 S.Ct. 3020, 3026 (2010), the Court held that "the Second Amendment right is fully applicable to the States."

The Supreme Court further stated in Heller that, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." Id. at 626. Thus, the Supreme Court also made it clear that "the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." Id. For example, the Supreme Court noted that:

> the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. Although we do not undertake an exhaustive historical analysis today of the full scope of the Second

---

[1] The Supreme Court explained that the challenged law in Heller "totally bans handgun possession in the home. It also requires that any lawful firearm in the home be disassembled or bound by a trigger lock at all times, rendering it inoperable." Heller, 554 U.S. at 628.

6

>Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

Id. at 626-627 (internal citations omitted).  In a footnote, the Supreme Court explained: "We identify these presumptively lawful regulatory measures only as example; our list does not purport to be exhaustive."  Id. at 627 n. 26.

### 2. Parties' Arguments

#### a) Defendant's Motion To Dismiss[2]

First, Defendant argues that this action should be dismissed because there is no constitutional right to carry a concealed weapon.  Defendant notes that the Second Amendment right recognized by the Supreme Court in Heller is the "*right to possess firearms in the home* for self-defense."  (Motion at 5 (emphasis in original).)  According to Defendant, moreover, the Supreme Court in Heller expressly stated that the right secured by the Second Amendment is not unlimited, and it noted that most nineteenth century courts approved of prohibitions on carrying concealed weapons, explaining that nothing in its opinion should be taken to cast doubt on long-standing prohibitions.  (Motion at 5.)

Second, Defendant argues that both California law and San Bernardino County Sheriff's Department ("SBCSD") policy restrictions on carrying concealed weapons in public do not violate the Second Amendment.  (Motion at 7-8.)  Specifically, Defendant claims that the relevant provisions of the California Penal Code prohibiting the carrying of concealed weapons in public and creating the concealed weapons licensing requirements are "narrowly tailored and substantially related to furthering public safety and reducing crime."

---

[2] Defendant requests that the Court take judicial notice of the Order Re Plaintiff's And Defendants' Motions for Summary Judgment in Jonathan Birdt v. Charlie Beck, et al., California Central District Case No. CV 10-8377 JAK (JEMx) ("Request").   Although the Court does not rely on the order in question in ruling on the instant Motion, Defendant's Request (Docket No. 9) is granted.  See Shuttlesworth v. City of Birmingham, Ala., 394 U.S. 147, 157 (1969) (federal court may properly take judicial notice of its own files and records); Fed. R. Evid. 201.

1  (Motion at 7-8.)  Defendant further contends that SBCSD policies regarding concealed
2  weapons – which are "identical to those of [the] State of California (Penal Code)" – are
3  "consistent with the compelling and significant legislative goals underlying [the relevant
4  provisions of the California] Penal Code[.]"  (Motion at 7-8.)

5  Third, Defendant argues that the Eleventh Amendment bars this suit against the
6  SBCSC because Defendant Sheriff was acting as an agent of the state in enforcing state
7  law.  (Motion at 9-10.)  Specifically, Defendant contends that "[t]o declare Defendant's policy
8  unconstitutional would be to declare the state law invalid[,]" such that "the state is the real
9  party in interest in the present case as the [SBCSD] . . . in following state law . . . is acting
10 as an agent of the state."  (Motion at 10.)

    *b)* *Plaintiff's Complaint And Opposition*

12  Plaintiff's Complaint states that: (1) the Second Amendment protects the right to keep
13 and bear arms for the purpose of self-defense; (2) Plaintiff cannot exercise this right without
14 a permit from Defendant; and (3) Defendant's refusal to issue Plaintiff a concealed weapons
15 permit without providing a statutory basis constitutes a violation of the Second Amendment.
16 (Complaint at 1-2.)  In his Opposition, Plaintiff agrees that the constitutional right to "keep
17 and bear arms" is not unlimited, and therefore concedes that some regulations are
18 permissible under the Second Amendment.  (Opposition at 2.)  Plaintiff further explicitly
19 concedes that he "does not contend a Second Amendment [r]ight to carry a concealed
20 weapon nor does he challenge California law."  (Opposition at 3.)  However, also relying on
21 Heller, Plaintiff argues that at the center of the Second Amendment is an individual right "to
22 possess and carry weapons in case of confrontation."  (Opposition at 3; see Complaint at 2
23 (citing McDonald, 130 S.Ct. at 3021).)  Moreover, Plaintiff claims that "absent a permit, there
24 is no legal way to exercise his right to bear arms beyond the threshold of his home" in
25 California.  (Opposition at 3; see Complaint at 2.)  Accordingly, Plaintiff states that "in this
26 instance, the Sheriff's use of [wide] discretion to deny him a permit needed to exercise a
27 fundamental right [to possess and carry weapons in case of confrontation] violates his rights
28 under the Second Amendment."  (Opposition at 3 (emphasis added); see Complaint at 1-2.)

Plaintiff also explains, however, that he does not know why the permit was denied and upon what policies the responsible persons relied, and he argues that discovery is required to find out and that "only then can it be determined if the Sheriff violated Plaintiff['s] rights with his exercise of wide discretion." (Opposition at 3; see Complaint at 2.)

### 3. Defendant's Motion To Dismiss Sets Forth No Valid Ground For Relief And Must Accordingly Be Denied

#### a) Presumptive Constitutionality Of Concealed Weapon Bans

The Court rejects Defendant's contention that "the instant complaint must be dismissed in that there is no constitutional right to carry a concealed weapon." (Motion at 6.) As an initial matter, Defendant may not rely on Heller for the proposition that all concealed weapon bans are consistent with the Second Amendment because this precise question was not before the Supreme Court. Accordingly, any pronouncements to that effect would be dicta, even if persuasive. Moreover, the Supreme Court in Heller explicitly left the delineation of the "permissible" scope of Second Amendment restrictions for a later time. Id. at 626-628, 635 ("[T]here will be time enough to expound upon the historical justifications for the exceptions we have mentioned if and when those exceptions come before us.").

In any event, a closer look at the authorities invoked by the Supreme Court in Heller suggests that the Court did not intend to hold that all concealed weapon bans are consistent with the Second Amendment. The Supreme Court's only statement concerning the validity of concealed weapon bans was that "the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues." Id. at 626. In support of this claim, the Court cited two cases – State v. Chandler, 5 La. Ann. 489, 489-90 (1850) and Nunn v. State, 1 Ga. 243, 251 (1846) – both of which concerned prohibitions on carrying concealed weapons where the affected individuals could openly carry weapons, and thus had alternative ways to exercise their Second Amendment rights. See Chandler, 5 La. Ann. at 489-90 (emphasizing that the law against carrying concealed weapons "interfered with no man's right to carry arms . . . 'in full view,' which places men upon an equality"); Nunn, 1 Ga. at 251 ("We are of

9

the opinion, then, that so far as the act of 1837 seeks to suppress the practice of carrying certain weapons *secretly*, that it is valid, inasmuch as it does not deprive the citizen of his *natural* right of self-defence, or of his constitutional right to keep and bear arms. But that so much of it, as contains a prohibition against bearing arms *openly*, is in conflict with the Constitution, and *void*' (italics in original)). The applicability of these cases is questionable in this matter given that California prohibits individuals such as Plaintiff from openly carrying a loaded firearm in public places. See Cal. Penal Code § 12031(a)(1).[3]

Finally, Defendant's reliance on Peterson v. Martinez, 707 F.3d 1197 (10th Cir. 2013), is misplaced. In that case, the Tenth Circuit Court of Appeals held that a Colorado statute restricting the issuance of concealed handgun licenses ("CHL") to state residents did not violate the Second Amendment. Peterson, 707 F.3d at 1209-1212. The Peterson Court explained that this residency requirement "bars non-Coloradoans from carrying concealed firearms in most places." Peterson, 707 F.3d at 1209. However, Colorado law "does not affect the ability of non-residents to openly carry firearms in the state[.]" Peterson, 707 F.3d at 1209-1212. Thus, just like in Chandler and Nunn, but unlike California, there is a ready alternative available to the affected individuals–the ability to carry weapons openly if they cannot obtain a concealed weapon's permit.[4]

---

[3] Section 12031(a)(1) provides:

> A person is guilty of carrying a loaded firearm when he or she carries a loaded firearm on his or her person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory.

Although this statute contains a number of exceptions, see People v. Flores, 169 Cal. App. 4th 568, 576 (2008), its overall effect cannot be compared to the unrestricted right to carry weapons openly as recognized in both Chandler and Nunn.

[4] While the Peterson Court noted the existence of a city of Denver ordinance requiring a CHL for most forms of open carry, the Peterson Court explained that the plaintiff had made a conscious decision not to challenge the constitutionality of the Denver ordinance and the Court would therefore conduct the "Second Amendment analysis based on the effects of the state statute rather than the combined effects of the statute and the ordinance." Peterson, 707 F.3d at 1208; see id. at 1211-1212 (rejecting plaintiff's characterization of his claim as a challenge to the prohibition on issuing CHLs to non-residents as depriving him of any meaningful opportunity to bear arms in the city of Denver because plaintiff
(continued...)

For the foregoing reasons, the Court is convinced the Heller decision cannot stand for the broad proposition that all concealed weapon bans are consistent with the Second Amendment. Defendant's Motion to Dismiss is denied as to this ground.

### b) *Constitutionality Of California's Concealed Weapon Laws And SBCSD Policies*

Defendant argues that the Complaint should be dismissed because both California law and SBCSD policy restrictions on carrying concealed weapons in public do not violate the Second Amendment. (Motion at 7-8.) The Court need not decide the issue of the constitutionality of California law and/or SBCSD policy. Even if Defendant is correct that the policies in question are constitutional, the Court would not dismiss the Complaint on this ground. Plaintiff challenges only SBCSD's denial of a concealed weapon permit in one particular instance on February 26, 2013, without providing a statutory basis for the denial. (Complaint at 1-2.) There are no allegations in the Complaint concerning the validity of California's or SBCSD's policies underlying the permit denial – Plaintiff states only that Defendant's denial on a given date did not provide a statutory reason. (See, generally, Complaint at 2.) Indeed, Plaintiff's Opposition concedes that California's concealed weapons laws are consistent with the Second Amendment, and further purports "[n]ot [to] know[] Defendant[']s policies[.]" (Opposition at 2-3 (adding that "it is impossible to say whether [SBCSD']s policies comply with State or Federal [l]aw").) Accordingly, Defendant's contention that California's and SBCSD's concealed weapons policies withstand constitutional muster do not address Plaintiff's allegations in the Complaint that Defendant's permit denial on February 26, 2013, without providing a statutory basis violates the Second Amendment. In sum, the Motion to Dismiss the Complaint on this ground must be denied.

### c) *Eleventh Amendment*

Defendant contends that this suit is barred by the Eleventh Amendment. (Motion at 9-10.) "The Eleventh Amendment bars suits against the State or its agencies for all types of

---

[4](...continued)
affirmatively waived any challenge to the Denver ordinance's restriction on the open carrying of firearms).

11

1 relief, absent unequivocal consent by the state." Romano v. Bible, 169 F.3d 1182, 1185
2 (9th Cir.), cert. denied, 528 U.S. 816 (1999) (citing Pennhurst v. Halderman, 465 U.S. 89,
3 100 (1984)).  The Eleventh Amendment jurisdictional bar applies regardless of the nature of
4 relief sought and extends to state instrumentalities and agencies.  See Papasan v. Allain,
5 478 U.S. 265, 276 (1986).

6      Here, Defendant argues that Eleventh Amendment immunity applies to the actions of
7 the SBCSD because "[t]o declare Defendant's policy unconstitutional would be to declare
8 the state law invalid" because SBCSD's policy is "a direct result and reflection of [the
9 relevant sections of the] California Penal Code[.]"  (Motion at 10.)  According to Defendant,
10 "the state is the real party in interest in the present case as the Sheriff's Department (in
11 following state law) is acting as an agent of the state."  (Motion at 10.)  Defendant's
12 contentions are unpersuasive.

13      Defendant has provided no authority – indeed the Court could find none – in support
14 of its conclusion that the SBCSD acts as an "arm of the state" when enforcing county
15 concealed weapon policies.  Cf. Walker v. County of Santa Clara, 2005 WL 2437037, at *4
16 (N.D. Cal. 2005) (California sheriffs act as state officers while performing state law
17 enforcement duties such as investigating possible criminal activity).  Accordingly, the Motion
18 to Dismiss is denied on this ground.

19           4.    The Complaint Must Be Sua Sponte Dismissed For Failure
               To State A Claim For Violation Of The Second Amendment
20
21      Notwithstanding Defendant's failure to articulate a valid basis for dismissal, the Court
22 has independently reviewed the Complaint and concludes that, taking Plaintiff's allegations
23 as true, his cause of action for violation of the Second Amendment fails to state a claim
24 upon which relief can be granted.  Twombly, 550 U.S. at 570.  As previously mentioned,
25 Plaintiff challenges Defendant's denial of a concealed weapon permit in one particular
26 instance on February 26, 2013, without providing a statutory basis for the denial.
27 (Complaint at 1-2.)  Plaintiff, however, does not allege that Defendant denied the concealed
28 weapon permit despite Plaintiff satisfying SBCSD's statutory requirements for obtaining

such a permit.[5]  (See, generally, Complaint at 1-2.)  As previously discussed, Plaintiff does not contend that SBCSD's policies are unconstitutional, and Plaintiff's allegations are thus insufficient to state that Defendant violated the Second Amendment so long as its denial is not inconsistent with SBCSD's policies.  Taking Plaintiff's allegations as true, therefore, Plaintiff fails to state a claim that Defendants' application of its policies infringe upon Plaintiff's right "to keep and bear arms for the purpose of self-defense."  See McDonald, 130 S.Ct. at 3021.

\* \* \*

Because Plaintiff appears pro se, the Court recommends that the Complaint be dismissed with leave to amend.  To the extent Plaintiff wishes to amend his complaint, he should set forth specific facts to support his Second Amendment claim.  The allegations are insufficient as presently stated.

## RECOMMENDATION

THE COURT, THEREFORE, RECOMMENDS that the District Court issue an Order: (1) accepting this Report and Recommendation; (2) denying Defendants' Motion to Dismiss; (3) dismissing the Complaint; and (3) granting Plaintiff leave to file a First Amended Complaint consistent with this Report and Recommendation, **within thirty (30) days** of the District Court's Order.

DATED: September 30 , 2013  /s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff need not be aware of Defendant's specific reasons for denying him the permit to allege that the denial was inconsistent with SBCSD policies. Instead, Plaintiff can establish that his permit denial violated the relevant policies by showing that he met all the requirements for the granting of a permit under said policies. Moreover, Plaintiff's claim that he does "not know[] Defendant[']s policies" (Opposition at 2) is specious. According to the SBCSD website, the Sheriff's Office can answer his questions regarding obtaining a Carry Concealed Weapon ("CCW") license and provide him with a copy of the Sheriff's Department CCW policy statement. CCW FAQs, http://oag.ca.gov/firearms/pubfaqs#4 (last visited Sep. 20, 2013.) The Court can properly take judicial notice of the information appearing on a governmental website. See, e.g., Paralyzed Veterans of Am. v. McPherson, 2008 WL 4183981, at \*5 (N.D. Cal. 2008) (noting that the information on government agency websites has often been treated as a proper subject for judicial notice and citing cases from numerous circuits); see Fed. R. Evid. 201(b).