UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JONATHAN BIRDT,                          )     Case No. EDCV 13-0673-VAP (JEM)
                                         )
                    Plaintiff,           )
                                         )
          v.                             )     REPORT AND RECOMMENDATION OF
                                         )     UNITED STATES MAGISTRATE JUDGE
SAN BERNARDINO SHERIFF'S                  )
DEPARTMENT,                              )
                                         )
                    Defendant.           )
                                         )

The Court submits this Report and Recommendation to the Honorable Virginia A. Phillips, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**PROCEEDINGS**

On April 12, 2013, Plaintiff Jonathan Birdt ("Plaintiff") filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") against Defendant San Bernardino County Sheriff's Department ("SBCSD"), alleging that Defendant's denial of Plaintiff's concealed weapon permit application on February 26, 2013, violated Plaintiff's Second Amendment rights.

On April 26, 2013, Defendant filed a Motion to Dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff filed his Opposition on April 29,

1   2013, and an amended Opposition on May 6, 2013 ("Opposition").  Defendant filed its Reply

2   on May 1, 2013.

3          The Motion is ready for decision.  For the reasons set forth below, the Court

4   recommends that the Motion be denied for failing to set forth any valid grounds for relief.

5   Moreover, the Court recommends sua sponte dismissal of the Complaint with leave to

6   amend for failure to state a claim for relief under the Second Amendment.

7                    **FACTUAL ALLEGATIONS OF THE COMPLAINT**

8          Plaintiff alleges the following facts in the Complaint:

9                    1.  The California Legislature has mandated that the only method

10                 by which a resident of the State can bear arms for the purpose of self-

11                 defense outside the home is with a permit to carry a concealed weapon.

12                 2.  Plaintiff is a resident of San Bernardino County and sought a

13                 concealed weapons permit and his application was denied on February

14                 26, 2013 without any statutory reason for the denial.

15                                   *        *        *

16                 5.  The Supreme Court has held that "the Second Amendment

17                 protects the right to keep and bear arms for the purpose of self-

18                 defense."  McDonald v. City of Chicago, Ill. (2010) 130 S.Ct. 3020,

19                 3021.

20                 6.  Plaintiff cannot exercise this right without a permit from

21                 Defendant.

22                 7.  Defendant refuses to issue a permit or provide a statutory

23                 basis for his refusal to do so.

24   (Complaint at 1-2.)  Plaintiff seeks a Court order requiring Defendant to issue a permit to

25   Plaintiff, and attorneys' fees and costs.  (Complaint at 2.)

26   / / /

27   / / /

28

1              **DISCUSSION**

2    **I.    THE MOTION TO DISMISS**

3           **A.    Applicable Legal Standards**

4                  **1.    Motion to Dismiss**

5           Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for

6    "failure to state a claim upon which relief can be granted."  Dismissal under Rule 12(b)(6) is

7    appropriate when the complaint lacks a cognizable legal theory or sufficient facts to support

8    a cognizable legal theory.  Mendiondo v. Centinela Hosp. Medical Center, 521 F.3d 1097,

9    1104 (9th Cir. 2008) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

10   1990)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

11   accepted as true, 'to state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

12   556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

13   (2007)).  A claim is facially plausible when the plaintiff pleads factual content that allows the

14   court to draw the reasonable inference that the defendant is liable for the misconduct

15   alleged.  Id.  Conclusory allegations are insufficient.  Id. at 678-79.  Although a complaint

16   challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, "a

17   formulaic recitation of the elements of a cause of action will not do," and the factual

18   allegations of the complaint "must be enough to raise a right to relief above the speculative

19   level."  Twombly, 550 U.S. at 555.

20          All allegations of material fact are accepted as true, "as well as all reasonable

21   inferences to be drawn from them."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001);

22   see also Twombly, 550 U.S. at 555.  For an allegation to be entitled to the assumption of

23   truth, however, it must be well-pleaded; that is, it must set forth a non-conclusory factual

24   allegation rather than a legal conclusion.  See Iqbal, 556 U.S. at 678-79.  The Court need

25   not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory

26   legal allegations cast in the form of factual allegations.  See id.; see also Adams v. Johnson,

27   355 F.3d 1179, 1183 (9th Cir. 2004) ("conclusory allegations of law and unwarranted

28   inferences are insufficient to defeat a motion to dismiss"); Sprewell v. Golden State

1 | Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (court not "required to accept as true allegations

2 | that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

3 | The Court also need not accept as true allegations that contradict matters properly subject

4 | to judicial notice. Sprewell, 266 F.3d at 988. "In sum, for a complaint to survive a motion to

5 | dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content,

6 | must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret

7 | Service, 572 F.3d 962, 969 (9th Cir. 2009).

8 |       On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must limit its

9 | review to the operative complaint and may not consider facts presented in briefs or extrinsic

10 | evidence. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); William W.

11 | Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before

12 | Trial § 9:211 (2004) ("[T]he court cannot consider material outside the complaint (e.g., facts

13 | presented in briefs, affidavits or discovery materials)."). Materials submitted as part of the

14 | complaint are not "outside" the complaint and may be considered. Lee, 25 F.3d at 688; Hal

15 | Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

16 | In addition, "[d]ocuments whose contents are alleged in a complaint and whose authenticity

17 | no party questions, but which are not physically attached to the pleading, may be

18 | considered in ruling on a Rule 12(b)(6) motion to dismiss." In re Stac Elec. Sec. Litig., 89

19 | F.3d 1399, 1405 n.4 (9th Cir. 1996) (internal quotations and citations omitted); see also Lee,

20 | 250 F.3d at 688 (documents not physically attached to the complaint may be considered if

21 | their authenticity is not contested and "'the plaintiff's complaint necessarily relies' on them")

22 | (citation omitted). The Court also may consider facts properly the subject of judicial notice.

23 | Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). Thus, courts may "consider certain

24 | materials -- documents attached to the complaint, documents incorporated by reference in

25 | the complaint, or matters of judicial notice -- without converting the motion to dismiss into a

26 | motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003)

27 | (citations omitted).

28 |

4

1    In a pro se civil rights case, "the court must construe the pleadings liberally and must

2    afford the plaintiff the benefit of any doubt."  Karim-Panahi v. Los Angeles Police Dept., 839

3    F.2d 621, 623 (9th Cir. 1988) (citation omitted).  Before dismissing a pro se civil rights

4    complaint for failure to state a claim, the plaintiff should be given a statement of the

5    complaint's deficiencies and an opportunity to cure.  Id.  Only if it is absolutely clear that the

6    deficiencies cannot be cured by amendment should the complaint be dismissed without

7    leave to amend.  Id.; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

8            **2.      Section 1983 Claims**

9            As to claims brought under 42 U.S.C. § 1983, a plaintiff must allege: (1) the

10   defendants were acting under color of state law at the time the complained of acts were

11   committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges and

12   immunities secured by the Constitution or laws of the United States.  See Karim-Panahi,

13   839 F.2d at 624.  There must be an affirmative link between the defendant's actions and the

14   claimed deprivations.  See Monell v. Dept. of Social Services of City of New York, 436 U.S.

15   658, 692 (1978) (". . . Congress did not intend § 1983 liability to attach where . . . causation

16   [is] absent."); Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976) (no affirmative link

17   between incidents of police misconduct and adoption of plan or policy demonstration

18   authorization or approval of misconduct).  "Section 1983 is not itself a source of substantive

19   rights, but merely provides a method for vindicating federal rights elsewhere conferred.

20   Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal quotations and citation omitted).  The

21   first step is to identify the specific constitutional or federal right allegedly infringed.  Id.

22          **B.      Defendant's Motion To Dismiss Must Be Denied**
              **For Failure To Set Forth Any Valid Grounds For Relief**
23           **And The Complaint Must Be Sua Sponte Dismissed**
              **With Leave To Amend For Failure To State A Claim**
24
25          As discussed further below, the Court concludes that Defendant's Motion sets forth

26   no valid ground warranting dismissal of the Complaint, and that Defendant's Motion must be

27   denied, therefore.  The Court, however, has independently reviewed Plaintiff's Complaint

28   and concludes that the Court must sua sponte dismiss the Complaint with leave to amend

1   for failure to state a claim upon which relief can be granted.  <u>See</u> Fed. R. Civ. P. 12(b)(6);

2   <u>see</u> <u>also</u> <u>Omar v. Sea-Land Service, Inc.</u>, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court

3   may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6).").

4              1.     <u>Applicable Law</u>

5        The Second Amendment provides:  "A well regulated Militia, being necessary to the

6   security of a free State, the right of the people to keep and bear Arms, shall not be

7   infringed."  In <u>District of Columbia v. Heller</u>, 554 U.S. 570 (2008), the Supreme Court held

8   that the District of Columbia's "absolute prohibition of handguns held and used for self-

9   defense in the home" clearly violated the Second Amendment.[1]  <u>Id.</u> at 628-636.  In so

10  holding, the Supreme Court explained that the Second Amendment protects an individual

11  right to "keep and carry arms," and further noted that "the inherent right of self-defense has

12  been central to the Second Amendment right."  <u>Id.</u> at 627-629.  Thus, the Supreme Court

13  identified in <u>Heller</u> an unequivocal Second Amendment "individual right to possess and carry

14  weapons in case of confrontation."  554 U.S. at 592.  In <u>Mcdonald v. City of Chicago</u>, 130

15  S.Ct. 3020, 3026 (2010), the Court held that "the Second Amendment right is fully

16  applicable to the States."

17        The Supreme Court further stated in <u>Heller</u> that, "[l]ike most rights, the right secured

18  by the Second Amendment is not unlimited."  <u>Id.</u> at 626.  Thus, the Supreme Court also

19  made it clear that "the right was not a right to keep and carry any weapon whatsoever in any

20  manner whatsoever and for whatever purpose."  <u>Id.</u>  For example, the Supreme Court noted

21  that:

22             the majority of the 19th-century courts to consider the question held

23             that prohibitions on carrying concealed weapons were lawful under the

24             Second Amendment or state analogues. Although we do not undertake

25             an exhaustive historical analysis today of the full scope of the Second

26

27       [1] The Supreme Court explained that the challenged law in <u>Heller</u> "totally bans handgun possession

28  in the home. It also requires that any lawful firearm in the home be disassembled or bound by a trigger
lock at all times, rendering it inoperable."  <u>Heller</u>, 554 U.S. at 628.

1  Amendment, nothing in our opinion should be taken to cast doubt on

2  longstanding prohibitions on the possession of firearms by felons and

3  the mentally ill, or laws forbidding the carrying of firearms in sensitive

4  places such as schools and government buildings, or laws imposing

5  conditions and qualifications on the commercial sale of arms.

6  Id. at 626-627 (internal citations omitted).  In a footnote, the Supreme Court explained: "We

7  identify these presumptively lawful regulatory measures only as example; our list does not

8  purport to be exhaustive."  Id. at 627 n. 26.

9          2.     Parties' Arguments

10          a)     *Defendant's Motion To Dismiss*[2]

11      First, Defendant argues that this action should be dismissed because there is no

12  constitutional right to carry a concealed weapon.  Defendant notes that the Second

13  Amendment right recognized by the Supreme Court in Heller is the "*right to possess*

14  *firearms in the home* for self-defense."  (Motion at 5 (emphasis in original).)  According to

15  Defendant, moreover, the Supreme Court in Heller expressly stated that the right secured

16  by the Second Amendment is not unlimited, and it noted that most nineteenth century courts

17  approved of prohibitions on carrying concealed weapons, explaining that nothing in its

18  opinion should be taken to cast doubt on long-standing prohibitions.  (Motion at 5.)

19      Second, Defendant argues that both California law and San Bernardino County

20  Sheriff's Department ("SBCSD") policy restrictions on carrying concealed weapons in public

21  do not violate the Second Amendment.  (Motion at 7-8.)  Specifically, Defendant claims that

22  the relevant provisions of the California Penal Code prohibiting the carrying of concealed

23  weapons in public and creating the concealed weapons licensing requirements are

24  "narrowly tailored and substantially related to furthering public safety and reducing crime."

25  _____

26     [2] Defendant requests that the Court take judicial notice of the Order Re Plaintiff's And Defendants' Motions for Summary Judgment in Jonathan Birdt v. Charlie Beck, et al., California Central District Case

27  No. CV 10-8377 JAK (JEMx) ("Request").  Although the Court does not rely on the order in question in ruling on the instant Motion, Defendant's Request (Docket No. 9) is granted.  See Shuttlesworth v.

28  City of Birmingham, Ala., 394 U.S. 147, 157 (1969) (federal court may properly take judicial notice of its own files and records); Fed. R. Evid. 201.

1   (Motion at 7-8.)  Defendant further contends that SBCSD policies regarding concealed

2   weapons – which are "identical to those of [the] State of California (Penal Code)" – are

3   "consistent with the compelling and significant legislative goals underlying [the relevant

4   provisions of the California] Penal Code[.]"  (Motion at 7-8.)

5          Third, Defendant argues that the Eleventh Amendment bars this suit against the

6   SBCSC because Defendant Sheriff was acting as an agent of the state in enforcing state

7   law.  (Motion at 9-10.)  Specifically, Defendant contends that "[t]o declare Defendant's policy

8   unconstitutional would be to declare the state law invalid[,]" such that "the state is the real

9   party in interest in the present case as the [SBCSD] . . . in following state law . . . is acting

10  as an agent of the state."  (Motion at 10.)

11                    *b)*      *Plaintiff's Complaint And Opposition*

12         Plaintiff's Complaint states that: (1) the Second Amendment protects the right to keep

13  and bear arms for the purpose of self-defense; (2) Plaintiff cannot exercise this right without

14  a permit from Defendant; and (3) Defendant's refusal to issue Plaintiff a concealed weapons

15  permit without providing a statutory basis constitutes a violation of the Second Amendment.

16  (Complaint at 1-2.)  In his Opposition, Plaintiff agrees that the constitutional right to "keep

17  and bear arms" is not unlimited, and therefore concedes that some regulations are

18  permissible under the Second Amendment.  (Opposition at 2.)  Plaintiff further explicitly

19  concedes that he "does not contend a Second Amendment [r]ight to carry a concealed

20  weapon nor does he challenge California law."  (Opposition at 3.)  However, also relying on

21  Heller, Plaintiff argues that at the center of the Second Amendment is an individual right "to

22  possess and carry weapons in case of confrontation."  (Opposition at 3; see Complaint at 2

23  (citing McDonald, 130 S.Ct. at 3021).)  Moreover, Plaintiff claims that "absent a permit, there

24  is no legal way to exercise his right to bear arms beyond the threshold of his home" in

25  California.  (Opposition at 3; see Complaint at 2.)  Accordingly, Plaintiff states that "in this

26  instance, the Sheriff's use of [wide] discretion to deny him a permit needed to exercise a

27  fundamental right [to possess and carry weapons in case of confrontation] violates his rights

28  under the Second Amendment."  (Opposition at 3 (emphasis added); see Complaint at 1-2.)

1  Plaintiff also explains, however, that he does not know why the permit was denied and upon

2  what policies the responsible persons relied, and he argues that discovery is required to find

3  out and that "only then can it be determined if the Sheriff violated Plaintiff['s] rights with his

4  exercise of wide discretion." (Opposition at 3; see Complaint at 2.)

5                  3.       <u>Defendant's Motion To Dismiss Sets Forth No Valid</u>
                            <u>Ground For Relief And Must Accordingly Be Denied</u>

6

7                      *a)*       *Presumptive Constitutionality Of*
                              *Concealed Weapon Bans*

8        The Court rejects Defendant's contention that "the instant complaint must be

9  dismissed in that there is no constitutional right to carry a concealed weapon." (Motion at 6.)

10 As an initial matter, Defendant may not rely on <u>Heller</u> for the proposition that <u>all</u> concealed

11 weapon bans are consistent with the Second Amendment because this precise question

12 was not before the Supreme Court. Accordingly, any pronouncements to that effect would

13 be dicta, even if persuasive. Moreover, the Supreme Court in <u>Heller</u> explicitly left the

14 delineation of the "permissible" scope of Second Amendment restrictions for a later time. <u>Id.</u>

15 at 626-628, 635 ("[T]here will be time enough to expound upon the historical justifications for

16 the exceptions we have mentioned if and when those exceptions come before us.").

17       In any event, a closer look at the authorities invoked by the Supreme Court in <u>Heller</u>

18 suggests that the Court did not intend to hold that all concealed weapon bans are consistent

19 with the Second Amendment. The Supreme Court's only statement concerning the validity

20 of concealed weapon bans was that "the majority of the 19th-century courts to consider the

21 question held that prohibitions on carrying concealed weapons were lawful under the

22 Second Amendment or state analogues." <u>Id.</u> at 626. In support of this claim, the Court cited

23 two cases – <u>State v. Chandler</u>, 5 La. Ann. 489, 489-90 (1850) and <u>Nunn v. State</u>, 1 Ga. 243,

24 251 (1846) – both of which concerned prohibitions on carrying concealed weapons where

25 the affected individuals could openly carry weapons, and thus had alternative ways to

26 exercise their Second Amendment rights. See <u>Chandler</u>, 5 La. Ann. at 489-90 (emphasizing

27 that the law against carrying concealed weapons "interfered with no man's right to carry

28 arms . . . 'in full view,' which places men upon an equality"); <u>Nunn</u>, 1 Ga. at 251 ("We are of

1    the opinion, then, that so far as the act of 1837 seeks to suppress the practice of carrying

2    certain weapons *secretly*, that it is valid, inasmuch as it does not deprive the citizen of his

3    *natural* right of self-defence, or of his constitutional right to keep and bear arms.  But that so

4    much of it, as contains a prohibition against bearing arms *openly*, is in conflict with the

5    Constitution, and *void*" (italics in original)).  The applicability of these cases is questionable

6    in this matter given that California prohibits individuals such as Plaintiff from openly carrying

7    a loaded firearm in public places.  See Cal. Penal Code § 12031(a)(1).[3]

8          Finally, Defendant's reliance on Peterson v. Martinez, 707 F.3d 1197 (10th Cir.

9    2013), is misplaced.  In that case, the Tenth Circuit Court of Appeals held that a Colorado

10   statute restricting the issuance of concealed handgun licenses ("CHL") to state residents did

11   not violate the Second Amendment.  Peterson, 707 F.3d at 1209-1212.  The Peterson Court

12   explained that this residency requirement "bars non-Coloradoans from carrying concealed

13   firearms in most places."  Peterson, 707 F.3d at 1209.  However, Colorado law "does not

14   affect the ability of non-residents to openly carry firearms in the state[.]"  Peterson, 707 F.3d

15   at 1209-1212.  Thus, just like in Chandler and Nunn, but unlike California, there is a ready

16   alternative available to the affected individuals–the ability to carry weapons openly if they

17   cannot obtain a concealed weapon's permit.[4]

18

19     [3]  Section 12031(a)(1) provides:

20          A person is guilty of carrying a loaded firearm when he or she carries a loaded
            firearm on his or her person or in a vehicle while in any public place or on any
21          public  street in an incorporated city or in any public place or on any public street
            in a prohibited area of unincorporated territory.

22
      Although this statute contains a number of exceptions, see People v. Flores, 169 Cal. App. 4th 568, 576
23    (2008), its overall effect cannot be compared to the unrestricted right to carry weapons openly as
      recognized in both Chandler and Nunn.

24
         [4]  While the Peterson Court noted the existence of a city of Denver ordinance requiring a CHL for
25    most forms of open carry, the Peterson Court explained that the plaintiff had made a conscious decision
      not to challenge the constitutionality of the Denver ordinance and the Court would therefore conduct the
26    "Second Amendment analysis based on the effects of the state statute rather than the combined effects
      of the statute and the ordinance."  Peterson, 707 F.3d at 1208; see id. at 1211-1212 (rejecting plaintiff's
27    characterization of his claim as a challenge to the prohibition on issuing CHLs to non-residents as
      depriving him of any meaningful opportunity to bear arms in the city of Denver because plaintiff
28                                                                                          (continued...)

1    For the foregoing reasons, the Court is convinced the Heller decision cannot stand for

2    the broad proposition that all concealed weapon bans are consistent with the Second

3    Amendment.  Defendant's Motion to Dismiss is denied as to this ground.

4              b)    *Constitutionality Of California's Concealed*
                     *Weapon Laws And SBCSD Policies*
5
         Defendant argues that the Complaint should be dismissed because both California
6
     law and SBCSD policy restrictions on carrying concealed weapons in public do not violate
7
     the Second Amendment.  (Motion at 7-8.)  The Court need not decide the issue of the
8
     constitutionality of California law and/or SBCSD policy.  Even if Defendant is correct that the
9
     policies in question are constitutional, the Court would not dismiss the Complaint on this
10
     ground.  Plaintiff challenges only SBCSD's denial of a concealed weapon permit in one
11
     particular instance on February 26, 2013, without providing a statutory basis for the denial.
12
     (Complaint at 1-2.)  There are no allegations in the Complaint concerning the validity of
13
     California's or SBCSD's policies underlying the permit denial – Plaintiff states only that
14
     Defendant's denial on a given date did not provide a statutory reason.  (See, generally,
15
     Complaint at 2.)  Indeed, Plaintiff's Opposition concedes that California's concealed
16
     weapons laws are consistent with the Second Amendment, and further purports "[n]ot [to]
17
     know[] Defendant[']s policies[.]"  (Opposition at 2-3 (adding that "it is impossible to say
18
     whether [SBCSD']s policies comply with State or Federal [l]aw").)  Accordingly, Defendant's
19
     contention that California's and SBCSD's concealed weapons policies withstand
20
     constitutional muster do not address Plaintiff's allegations in the Complaint that Defendant's
21
     permit denial on February 26, 2013, without providing a statutory basis violates the Second
22
     Amendment.  In sum, the Motion to Dismiss the Complaint on this ground must be denied.
23
               c)    *Eleventh Amendment*
24
         Defendant contends that this suit is barred by the Eleventh Amendment.  (Motion at
25
     9-10.)  "The Eleventh Amendment bars suits against the State or its agencies for all types of
26

27      [4](...continued)
     affirmatively waived any challenge to the Denver ordinance's restriction on the open carrying of
28   firearms).

11

1   relief, absent unequivocal consent by the state." Romano v. Bible, 169 F.3d 1182, 1185

2   (9th Cir.), cert. denied, 528 U.S. 816 (1999) (citing Pennhurst v. Halderman, 465 U.S. 89,

3   100 (1984)).  The Eleventh Amendment jurisdictional bar applies regardless of the nature of

4   relief sought and extends to state instrumentalities and agencies.  See Papasan v. Allain,

5   478 U.S. 265, 276 (1986).

6       Here, Defendant argues that Eleventh Amendment immunity applies to the actions of

7   the SBCSD because "[t]o declare Defendant's policy unconstitutional would be to declare

8   the state law invalid" because SBCSD's policy is "a direct result and reflection of [the

9   relevant sections of the] California Penal Code[.]"  (Motion at 10.)  According to Defendant,

10  "the state is the real party in interest in the present case as the Sheriff's Department (in

11  following state law) is acting as an agent of the state."  (Motion at 10.)  Defendant's

12  contentions are unpersuasive.

13      Defendant has provided no authority – indeed the Court could find none – in support

14  of its conclusion that the SBCSD acts as an "arm of the state" when enforcing county

15  concealed weapon policies.  Cf. Walker v. County of Santa Clara, 2005 WL 2437037, at *4

16  (N.D. Cal. 2005) (California sheriffs act as state officers while performing state law

17  enforcement duties such as investigating possible criminal activity).  Accordingly, the Motion

18  to Dismiss is denied on this ground.

19              4.      The Complaint Must Be Sua Sponte Dismissed For Failure
                        To State A Claim For Violation Of The Second Amendment
20
21      Notwithstanding Defendant's failure to articulate a valid basis for dismissal, the Court

22  has independently reviewed the Complaint and concludes that, taking Plaintiff's allegations

23  as true, his cause of action for violation of the Second Amendment fails to state a claim

24  upon which relief can be granted.  Twombly, 550 U.S. at 570.  As previously mentioned,

25  Plaintiff challenges Defendant's denial of a concealed weapon permit in one particular

26  instance on February 26, 2013, without providing a statutory basis for the denial.

27  (Complaint at 1-2.)  Plaintiff, however, does not allege that Defendant denied the concealed

28  weapon permit despite Plaintiff satisfying SBCSD's statutory requirements for obtaining

1  such a permit.⁵  (See, generally, Complaint at 1-2.)  As previously discussed, Plaintiff does

2  not contend that SBCSD's policies are unconstitutional, and Plaintiff's allegations are thus

3  insufficient to state that Defendant violated the Second Amendment so long as its denial is

4  not inconsistent with SBCSD's policies.  Taking Plaintiff's allegations as true, therefore,

5  Plaintiff fails to state a claim that Defendants' application of its policies infringe upon

6  Plaintiff's right "to keep and bear arms for the purpose of self-defense."  See McDonald, 130

7  S.Ct. at 3021.

8                                          *          *          *

9          Because Plaintiff appears pro se, the Court recommends that the Complaint be

10  dismissed with leave to amend.  To the extent Plaintiff wishes to amend his complaint, he

11  should set forth specific facts to support his Second Amendment claim.  The allegations are

12  insufficient as presently stated.

13                                       RECOMMENDATION

14          THE COURT, THEREFORE, RECOMMENDS that the District Court issue an Order:

15  (1) accepting this Report and Recommendation; (2) denying Defendants' Motion to Dismiss;

16  (3) dismissing the Complaint; and (3) granting Plaintiff leave to file a First Amended

17  Complaint consistent with this Report and Recommendation, **within thirty (30) days** of the

18  District Court's Order.

19  DATED: September 30 , 2013                         _/s/ John E. McDermott_
                                                      JOHN E. MCDERMOTT
20                                                    UNITED STATES MAGISTRATE JUDGE

21

22      ⁵ Plaintiff need not be aware of Defendant's specific reasons for denying him the permit to allege that
23  the denial was inconsistent with SBCSD policies.  Instead, Plaintiff can establish that his permit denial
    violated the relevant policies by showing that he met all the requirements for the granting of a permit
24  under said policies.  Moreover, Plaintiff's claim that he does "not know[] Defendant[']s policies"
    (Opposition at 2) is specious.  According to the SBCSD website, the Sheriff's Office can answer his
25  questions regarding obtaining a Carry Concealed Weapon ("CCW") license and provide him with a copy
    of the Sheriff's Department CCW policy statement.  CCW FAQs, http://oag.ca.gov/firearms/pubfaqs#4
26  (last visited Sep. 20, 2013.)  The Court can properly take judicial notice of the information appearing on
    a governmental website.  See, e.g., Paralyzed Veterans of Am. v. McPherson, 2008 WL 4183981, at
27  *5 (N.D. Cal. 2008) (noting that the information on government agency websites has often been treated
    as a proper subject for judicial notice and citing cases from numerous circuits); see Fed. R. Evid. 201(b).
28