JONATHAN W. BIRDT
10315 Woodley Ave, Suite 208
Granada Hills, CA 91344
Telephone: (818) 400-4485
Facsimile: (818) 428-1384
jon@jonbirdt.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SAN BERNARDINO SHERIFFS DEPARTMENT,<br>　　　　Defendants. | CASE NO. 5:13-cv-00673-VAP-JEM<br><br>FIRST AMEMDED COMPLAINT FOR SECOND AMENDMENT VIOLATION- 42 U.S.C. § 1983<br><br>JURY TRIAL DEMANDED<br><br>ATTORNEY FEES REQUESTED 42 U.S.C. § 1988 |

COMES NOW Plaintiff, Jonathan Birdt, pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his Second Amendment Rights by Defendant.

INTRODUCTION

1. The California Legislature has mandated that the only method by which a resident of the State can bear arms for the purpose of self-defense outside the home is with a permit to carry a concealed weapon.
2. Plaintiff is a resident of San Bernardino County and sought a concealed weapons permit and his application was denied on February 26, 2013 without any statutory reason for the denial.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 1983.
4. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## FIRST CAUSE OF ACTION
## SECOND AMENDMENT VIOLATION OF 42 U.S.C. § 1983

5. The Supreme Court has held that "the Second Amendment protects the right to keep and bear arms for the purpose of self-defense." *McDonald v. City of Chicago, Ill.* (2010) 130 S.Ct. 3020, 3021.
6. Plaintiff cannot exercise this right without a permit from Defendant.
7. Defendant refuses to issue a permit or provide a statutory basis for his refusal to do so.
8. Plaintiff meets all State mandated requirements and has complied with all Department procedures as instructed by the CCW coordinator for the SBSO.
9. Plaintiff submitted a complete application packet as provided to him by the SBSO CCW Coordinator and was not advised of any deficiency in his application.
10. Plaintiff was told an interview was to be scheduled, but Defendant did not comply with their own internal policy and simply sent the denial letter without even interviewing the Plaintiff.
11. Despite having fully complied with all statutory requirements and procedural requirements established by SBSO, Defendant continues to refuse to issue Plaintiff a permit necessary to exercise his Second Amendment Rights outside of the home.
12. Upon receiving notice of this Courts ruling on Defendants motion to dismiss, Plaintiff again invited the Sheriff to issue his permit and end the litigation without any additional expense.

13. Therefore, Defendants policies and practices have infringed Plaintiffs Second Amendment Right to Bear Arms for the purpose of Self-Defense as he has complied with all legal obligations, but defendant refuses to issue the permit necessary to exercise that fundamental right without any legal basis.

## PRAYER FOR RELIEF

14. For an order requiring Defendant to issue a Permit to Plaintiff without delay.

15. Costs and Attorneys' fees pursuant to 42 U.S.C. § 1988.

October 22, 2013

_Jonathan W. Birdt_