JEAN-RENE BASLE, CA Bar No. 134107
County Counsel
PAYMON Z. BIDARI, CA Bar No. 194399
Deputy County Counsel
385 North Arrowhead Avenue, 4th Floor
San Bernardino, CA 92415-0140
Telephone: (909) 387-5457
Fax: (909) 387-4069

Attorneys for Defendant SAN BERNARDINO SHERIFFS DEPARTMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT, | ) CASE NO. EDCV 13-00673-VAP (JEM) |
| | ) |
| Plaintiff, | ) **NOTICE OF MOTION AND MOTION** |
| | ) **TO DISMISS FIRST AMENDED** |
| vs. | ) **COMPLAINT PURSUANT TO** |
| | ) **F.R.C.P. Rule 12(b)(6); POINTS and** |
| SAN BERNARDINO | ) **AUTHORITIES** |
| SHERIFFS DEPARTMENT, | ) |
| | ) Date:          January 7, 2014 |
| Defendant. | ) Time:          10:00 a.m. |
| | ) Court Room:   C, 8th Floor |
| | ) |
| | ) Assigned to Judge Virginia A. Phillips |
| | ) |
| | ) Referred to Magistrate Judge John E. |
| | ) McDermott |
| _____ | ) |

   Please **NOTICE** on January 7, 2014, in Court Room C, 8th Floor, located at 312 North Spring St., Los Angeles, CA, Defendant moves for the dismissal of the Complaint based on Rule 12, subsection (b)(6) of the Federal Rules of Civil Procedure, in that:

1

1. Taking Plaintiff's allegations as true, his cause of action for violation of the Second Amendment fails to state a claim upon which relief can be granted.

This motion will be based on this notice, the memorandum of points and authorities filed in support thereof, oral and documentary evidence, and on the pleadings on file herein.

DATED: November 8, 2013        JEAN-RENE BASLE
                               County Counsel


                               /s/_____
                               PAYMON Z. BIDARI
                               Deputy County Counsel
                               Attorneys for Defendant

0288.01202
2B73969

# **LOCAL RULE 7-3 STATEMENT**

Pursuant to Local Rule 7-3, San Bernardino County Deputy County Counsel Bidari and Plaintiff/Attorney Jonathan Birdt met and conferred prior to filing this motion.

However, no resolution was reached.

Dated: November 8, 2013      JEAN-RENE BASLE
County Counsel


/s/_____
PAYMON Z. BIDARI
Deputy County Counsel
Attorneys for Defendant

3

# I.    INTRODUCTION

Plaintiff complains his Second Amendment rights were violated when the San Bernardino County Sheriff's Department denied him a permit to carry a concealed weapon without any statutory reason for the denial.

However, taking Plaintiff's allegations as true, the First Amended Complaint fails to state a claim that Defendant's application of its policies infringe upon Plaintiff's right to "keep and bear arms for the purpose of self-defense."

# II.    STATEMENT OF FACTS

Plaintiff alleges he is a resident of San Bernardino County and that on February 26, 2013, the San Bernardino County Sheriff's Department denied him a concealed weapons permit without providing any statutory reason for the denial.

Specifically, Plaintiff complains he cannot exercise his Second Amendment right to keep and bear arms (for the purpose of self-defense) outside his home without a concealed weapon permit, concluding that Defendants' "policies and practices have infringed Plaintiff's Second Amendment Right to Bear Arms for the purpose of Self-Defense...." (First Amended Complaint page 3, lines 1-3.)

///
///
///
///
///

4

# III.  ARGUMENT

## A. Taking Plaintiff's allegations as true, his cause of action for violation of the Second Amendment fails to state a claim upon which relief can be granted

Plaintiff is required to plead that Defendant deprived him of rights secured by the Constitution or a federal statute. (*Gibson* v. *United States* (9*th*. *Cir.* 1986) 781 F.2d 133.) As this honorable Court well knows "Section 1983 is not itself a source of substantive rights, but merely provides a method of vindicating federal rights elsewhere conferred. (*Albright* v. *Oliver* 510 U.S. 266, 271 (1994). The first step is to identify the specific constitutional or federal right allegedly infringed. (*Id.*)

In the present case, while Plaintiff has made various allegations in his Complaint, none are sufficient to establish Second Amendment civil rights claims against the San Bernardino Sheriff's Department. Indeed Plaintiff has alleged that the Sheriff's Department violated his constitutional rights when on one occasion he was denied a concealed weapons' permit without providing him with a statutory reason despite the fact that he met and complied with all state mandated requirements. (First Amended Complaint, page 2, line 14.)

Plaintiff cites *McDonald* v. *City of Chicago* (2010) 130 S. Ct. 3020 for the proposition that the Second Amendment protects the right to keep and bear arms for the purpose of self-defense. (First Amended Complaint page 2, lines 8-11.)

However, *McDonald* is distinguishable from the case at hand in the issue in that case was whether one has a constitutional right to bear arms in his *home. (Id.* at 3104.*)*

As such, *McDonald* is inapplicable in the present case as Plaintiff is

5

not complaining he is not permitted to keep and bear arms in his home.

Otherwise, the First Amended Complaint fails to allege any facts that would establish a violation of Plaintiff's Second Amendment constitutional rights.

### IV. SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT IS NOT LIABLE PURSUANT TO 42 U.S.C. § 1983 UNDER A RESPONDEAT SUPERIOR THEORY

There can be no liability for a constitutional violation or other violation of federal law pursuant to 42 USC § 1983 on a *respondeat superior* or vicarious basis. (*Monell* v. *Dept. of Soc. Serv. Of City of New York* (1978) 436 U.S. 658, 691.) "A municipality cannot be held liable under section 1983 on a *respondeat superior* theory." (*Jones* v. *Williams, supra*, 297 F.3d at 934.)

In order to successfully maintain a 1983 action against governmental defendants for the tortuous conduct of employees under federal law, it is necessary to establish that the conduct occurred in the execution of a government's policy or custom promulgated either by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy. (*Monell* v. *New York City Dept. of Social Services* (1978) 436 U.S. 658.)

"A municipality is liable under 42 U.S.C. section 1983 only when execution of its policy or custom causes a plaintiff to suffer constitutional injury…[*p*]*roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy, which policy can be attributed to a municipal policy maker." (*Parker* v. *District of Columbia* (D.C. Cir. 1988) 850 F.2d 708 at 711-712; emphasis

6

0288.01202
2B73969

added.)

Further, a public entity or agency may not be liable unless state law provides that the policymaker acts for the public entity with respect to the specific action alleged to have violated plaintiff's federal rights. (*McMillian* v. *Monroe County, Ala.* (1997) 520 U.S. 781, 784-786.)

In the present case, Plaintiff alleges that because on one particular instance, the San Bernardino County Sheriff's Department denied him a concealed weapons permit without providing any statutory reason for the denial, Defendant's "policies and practices have infringed Plaintiff's Second Amendment Right to Bear Arms for the purpose of Self-Defense…."

Taking these allegations as true, the First Amended Complaint fails to state a claim that San Bernardino County Sheriff's Department's "policies and practices" infringe on Plaintiff's right to keep and bear arms for the purpose of self-defense."

## V.  CONCLUSION

Defendant respectfully submits.

DATED: November 8, 2013          JEAN-RENE BASLE
                                 County Counsel


                                 /s/
                                 _____
                                 PAYMON Z. BIDARI
                                 Deputy County Counsel
                                 Attorneys for Defendant

7

# PROOF OF SERVICE

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of 18 years and not a party to nor interested in the within action. My business address is 385 North Arrowhead Avenue, Fourth Floor, San Bernardino, CA 92415-0140.

On November 8, 2013, I served the following documents (*specify*): **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. Rule 12(b)(6); POINTS and AUTHORITIES**

I served the documents on the persons below, as follows:

JONATHAN W BIRDT ESQ                    In Pro Per
LAW OFFICE OF JONATHAN W BIRDT
10315 WOODLEY AVE STE 208               Telephone: 818-400-4485
GRANADA HILLS CA 91344                  Fax: 818-428-1384

The documents were served by the following means:

**By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing on November 8, 2013, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in San Bernardino, California, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Bernardino, California.

I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

/s/ _____

SONJA BATES, Declarant

8

0288.01202
2B73969