JONATHAN W. BIRDT
10315 Woodley Ave, Suite 208
Granada Hills, CA 91344
Telephone: (818) 400-4485
Facsimile: (818) 428-1384
jon@jonbirdt.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT,<br><br>Plaintiff,<br><br>vs.<br><br>SAN BERNARDINO SHERIFFS DEPARTMENT,<br>Defendants. | CASE NO. EDCV 13-00673-VAP<br><br>PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TO SET HEARING ON A PRELIMIANRY INJUNCTION REQUIRING THE SHERIFF TO SHOW CAUSE AS TO WHY HE REFUSES TO ISSUE A PERMIT NECESSARY TO EXERCISE A FUNDAMENTAL RIGHT; DECLARATION RE NOTICE |

## I. INTRODUCTION

On February 14th, 2014, the 9th Circuit issued its' opinion in <u>Peruta</u>, confirming what the Supreme Court had said previously: The Second Amendment protects the fundamental right of law abiding citizens to bear arms for self-defense, and in California, the only way Plaintiff can exercise that right is with a permit issued by the Sheriff. To date, the Sheriff refuses to issue Plaintiff a permit, and just like any parade case or other issue of Fundamental Rights, an elected official cannot wield unfettered discretion to deny the exercise of a fundamental right of a law abiding citizen. Plaintiff is currently suffering an irreparable harm in his inability to exercise his Fundamental Rights thus necessitating court intervention.

## II. PLAINTIFF HAS A FUNDAMENTAL RIGHT TO BEAR ARMS FOR SELF-DEFENSE AND THE ONLY WAY TO EXERCISE THAT RIGHT IN CALIFORNIA IS WITH A CCW PERMIT

It is a well-established point of law that:

"Self-defense is a basic right, recognized by many legal systems from ancient times to the present day, and in Heller, we held that individual self-defense is "the central component" of the Second Amendment right". McDonald v. City of Chicago (2010) 130 S. Ct. 3020, at 3037.

This Principal likewise has already been followed in the Central District wherein Magistrate John E. Mcdermott found no legal basis for even bringing a motion to dismiss an almost identical Complaint:

> In District of Columbia v. Heller, 554 U.S. 570 (2008), the Supreme Court held that the District of Columbia's "absolute prohibition of handguns held and used for self defense in the home" clearly violated the Second Amendment.1 Id. at 628-636. In so holding, the Supreme Court explained that the Second Amendment protects an individual right to "keep and carry arms," and further noted that "the inherent right of self-defense has been central to the Second Amendment right." Id. at 627-629. Thus, the Supreme Court identified in Heller an unequivocal Second Amendment "individual right to possess and carry weapons in case of confrontation." 554 U.S. at 592. In Mcdonald v. City of Chicago, 130 S.Ct. 3020, 3026 (2010), the Court held that "the Second Amendment right is fully applicable to the States."

Ruling Denying Motion to Dismiss, Case 5:13-cv-00673-VAP-JEM.

Plaintiff is a law abiding citizen unable to exercise his Fundamental Right to Self-Defense and because Defendant refuses to issue him a permit necessary to exercise such right he is suffering a current irreparable harm. It has long been recognized that an elected official cannot restrict the exercise of a Fundamental Right, and an order from this Court is necessary to prevent this continuing assault

upon plaintiffs' Fundamental Rights. The 9th Circuit Court has adopted an intermediate scrutiny approach to Second Amendment challenges, not a rational basis approach[1] as previously used by this Court:

> After considering the approaches taken by other circuits that considered the constitutionality of § 922(g)(9), we hold as follows. We adopt the two-step Second Amendment inquiry undertaken by the Third Circuit in Marzzarella, 614 F.3d at 89, and the Fourth Circuit in Chester, 628 F.3d at 680, among other circuits. Applying that inquiry, we hold that § 922(g)(9) burdens conduct falling within the scope of the Second Amendment's guarantee and that intermediate scrutiny applies to Chovan's Second Amendment challenge. Finally, like the First, Fourth, and Seventh Circuits, we apply intermediate scrutiny….

U.S. v. Chovan (9th Cir. 2013) 735 F.3d 1127, 1136

And most recently in Peruta[2], in concurrence with the 7th Circuit, the 9th Circuit found:

> The Second Amendment secures the right not only to "keep" arms but also to "*bear*" them—the verb whose original meaning is key in this case. Saving us the trouble of pulling the eighteenth-century dictionaries ourselves, the Court already has supplied the word's plain meaning: "At the time of the founding, as now, to 'bear' meant to 'carry.'" *Heller*, 554 U.S. at 584.3 Yet, not "carry" in the ordinary sense of "convey[ing] or transport[ing]" an object, as one might carry groceries to the check-out counter or garments to the laundromat, but "carry for a particular purpose—confrontation." *Id.* The "natural meaning of 'bear arms,'" according to the *Heller* majority, was best articulated by Justice Ginsburg in her dissenting opinion in *Muscarello v. United States*, 524 U.S. 125 (1998): to "'wear, bear, or carry . . . upon the person or in the clothing or in a pocket, for the purpose. . . of being armed and ready for offensive or

---

[1] The *Heller* Court did, however, indicate that rational basis review is not appropriate. *U.S. v. Chovan* (9th Cir. 2013) 735 F.3d 1127, 1137

[2] Mandate pending, but Defendant has stated it will not seek en banc review.

EX PARTE FOR TRO- 3

defensive action in a case of conflict with another person.'" *Heller*, 554 U.S. at 584

Peruta at Page 12

Our conclusion that the right to bear arms includes the right to carry an operable firearm outside the home for the lawful purpose of self-defense is perhaps unsurprising—other circuits faced with this question have expressly held, or at the very least have assumed, that this is so. *Moore*, 702 F.3d at 936 ("A right to bear arms thus implies a right to carry a loaded gun outside the home."); *see also, e.g.*, *Drake*, 724 F.3d at 431 (recognizing that the Second Amendment right "*may* have some application beyond the home"); *Woollard v. Gallagher*, 712 F.3d 865, 876 (4th Cir. 2013) ("We . . . assume that the *Heller* right exists outside the home . . . ."); *Kachalsky*, 701 F.3d at 89 (assuming that the Second Amendment "must have *some* application in the very different context of the public possession of firearms").

*Peruta* at Page 47

### III. LEGAL STANDARD

Plaintiffs seeking a preliminary injunction must establish: (1) a likelihood of success on the merits, (2) the possibility of irreparable injury in the absence of preliminary relief, (3) the balance of equities favors the plaintiff, and (4) an injunction is in the public interest. Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Raich v. Ashcroft, 352 F.3d 1222, 1227 (9th Cir. 2003).  Here, there is no doubt about the status of the law or the recognition of Plaintiffs Fundamental Right, the only question is does Defendant have discretion to deny the license request, and the law clearly rings a resounding no to this question.  In granting Plaintiff a license to practice law, the state has already found him to be of good moral character, and he will submit to any additional training requirement requested by the Sheriff of other permit holders.

IV. **THE FINDING OF A DISCRETIONARY ACT BY THIS COURT THAT PREVENTS PLAINTIFF FROM EXERCISING HIS RIGHT MANDATES A FINDING OFA VIOLATION OF HIS CIVIL LIBERTIES**

This Court previously found that Defendant, an elected office holder, had exercised discretion to deny Plaintiff his ability to exercise a Fundamental Rights. Under Cantwell v. Connecticut (1940) 310 U.S. 296, and progeny, States and localities may not condition a license necessary to engage in constitutionally protected conduct on the grant of a license officials have discretion to withhold. Further, a host of prior restraint cases establish that "the peaceful enjoyment of freedoms which the Constitution guarantees" may not be made "contingent upon the uncontrolled will of an official." Staub v. Baxley (1958) 355 U.S. 313, 322.

In the First Amendment arena, where the concept has been developed extensively, courts have consistently condemned licensing systems which vest in an administrative official discretion to grant or withhold a permit upon broad criteria unrelated to proper regulation of public places. Kunz v. New York (1951) 340 U.S. 290, 294 (1951); Shuttlesworth v. City of Birmingham (1969) 394 U.S. 147, at 153 (1969). Chesapeake B &M, Inc. v. Harford County 58 F.3d 1005, 1009 (4th Cir. 1995 (en banc); cf. Green v. City of Raleigh (4th Cir. 2008) 523 F.3d 293, 306 ("'virtually unbridled and absolute power' to deny permission to demonstrate publically, or otherwise arbitrarily impose de facto burdens on public speech" is unconstitutional) (citation omitted). A "reasonable" regulation is one that does not eliminate the exercise of a right, but instead is narrowly tailored, is based on a significant government interest, and leaves ample alternatives. As with the right to keep and bear arms, the right to freedom of speech has sometimes been analyzed in terms of "reasonable" regulation. For example, many public events for the exercise of First Amendment rights may be subject to "reasonable" time, place, and manner regulations. The "government may impose reasonable restrictions," which means that

the restrictions must be "narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information." Ward v. Rock Against Racism (1989) 491 18 U.S. 781, 791.

## V. CONCLUSION

Plaintiff, a law abiding citizen, seeks only to exercise his Fundamental Rights, but because of the legislative state of affairs in California, his ability to do so is left to the discretion of an elected official, who in this instance is abusing that discretion by refusing to permit Plaintiff to exercise his rights.

**Declaration re notice:**

Prior to filing this ex parte application I attempted to resolve this matter informally with counsel via phone and email, but we were unable to agree on a resolution. A copy of this motion was faxed to counsel in addition to the attached email advising than an opposition was due within 24 hours. True and correct copies of my emails to counsel and the filed Peruta decision are attached hereto.

February 24, 2014                                              /s/

                                                                    _____
                                                                    Jonathan W. Birdt