ALGERIA R. FORD, CA Bar No. 289016
Deputy County Counsel
JEAN-RENE BASLE, CA Bar No. 134107
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, CA 92415-0140
Telephone: (909) 387-5455
Facsimile:   (909) 387-4069
Electronic Mail Address: Algeria.Ford@cc.sbcounty.gov

Attorneys for Defendant, SAN BERNARDINO SHERIFF'S DEPARTMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SAN BERNARDINO SHERIFFS DEPARTMENT,<br><br>　　　　Defendant. | CASE NO. EDCV 13-00673-VAP (JEM)<br><br>OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TO SET HEARING ON A PRELIMINARY INJUNCTION; DECLARATION OF S. HENDRIX<br><br>Assigned to District Judge Virginia A. Phillips |

　　　　Defendant hereby opposes Plaintiff's Ex parte Application because the Plaintiff has failed to proffer any evidence showing that he will be irreparably prejudiced, that he cannot comply with the normal Motion Schedule, or that he can succeed on the merits.

## I.　　INTRODUCTION

　　　　Plaintiff alleges he is a resident of San Bernardino County and that on February 26, 2013, the San Bernardino County Sheriff's Department denied him a concealed weapons permit. He further alleges that this denial violated his Second Amendment right to carry a concealed

weapon.

On October 22, 2013, Plaintiff filed a First Amended Complaint (FAC), alleging Constitutional violations, and sought an Order requiring the County of San Bernardino to issue him a concealed carry permit. He also sought fees and costs. On November 08, 2013, the San Bernardino County Sheriff's Department filed a Motion to Dismiss the FAC. Plaintiff filed a Reply on December 05, 2013. A ruling on the Motion to Dismiss is pending in this Court.

On February 24, 2014, Plaintiff then filed an ex-parte Application with this Court seeking a restraining order and a hearing on a preliminary injunction. The Application fails to establish why such an Application is necessary, how Plaintiff contends he would succeed on the merits, or how he will be irreparably prejudiced.

## II.   ARGUMENT

### A. Ex Parte Relief is Only Justified in Limited, Emergency Circumstances

Ex parte applications are solely for extraordinary relief and are rarely justified. <u>Mission Power Engineering Co. v. Continental Casualty Co.</u>, 883 F. Supp. 488 (C.D. Cal. 1995). They are inherently unfair, pose a threat to the administration of justice, debilitate the adversary system and the goal often appears to be to surprise opposing counsel or at least to force him or her to drop all other work to respond on short notice. <u>Id.</u> at 490. Further, "when unsupportable allegations are made in regular noticed motions, they can, to a great extent, be neutralized by a well-prepared rebuttal. In papers prepared on short notice, however, the lawyers too often simply make allegations that have no supporting evidence to back them up. Even more pernicious is another tendency: the

advocates draw conclusions that appear to be supported by voluminous exhibits, but are not borne out when the evidence is reviewed with more deliberation and more careful rebuttal than is possible in hasty hearings on ex parte motions." Id. at 491.

In the ex parte motion filed by Plaintiff JONATHAN BIRDT, all the above concerns abound. Defendant has only 24 hours to respond, and Defendant is time-limited from filing a well-prepared response to the numerous allegations in Plaintiff's Ex Parte Motion. Further, the request appears to merely be an attempt to force the San Bernardino County Sheriff's Department to stop working on all other work.

B. Plaintiff Has Not Established That A Legitimate, Emergency Circumstance Exists

As this Court has stated, "the opportunities for legitimate ex parte applications are extremely limited." In re Intermagnetics America, Inc., 101 B.R. 191 (C.D.Cal. 1989). A legitimate circumstance may arise where there is some genuine urgency such that "immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition." Id. at 192. Ex parte proceedings are also appropriate where there is a danger that notice to an opposing party will result in that party's flight or destruction of evidence. Id. at 193. A final situation may arise when a party seeks a routine order. Id. at 192. Plaintiff's motion does not establish that he falls under any of these circumstances.

**1. Plaintiff has not shown that he will be irreparably prejudiced**

To justify ex parte relief, the evidence must show that the Plaintiff's cause will be irreparably prejudiced if the motion is heard according to regular noticed motion procedures. Mission Power Engineering Co. v.

Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995). To show irreparable prejudice, the Plaintiff must show that there are close issues that justify the court's review before the party suffers the severe harm. Id. at 492. If the harm would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits. Id. at 492.

Plaintiff is not irreparably prejudiced because he has not provided any facts or explained why the Court must act immediately to prevent a severe harm. The original Complaint on this issue was filed back in April of 2013 and his Amended Complaint, in November of 2013. Plaintiff's delay in filing this application indicates that there is no urgency to the requested relief. See Berjikian v. Franchise Tax Bd., No. CV 13-06301 DDP JCGX, 2013 WL 4677772, at *1 (C.D. Cal. Aug. 30, 2013); Rosal v. First Fed. Bank of California, NO. C 09-1276 PJH, 2009 WL 837570, at *1 (N.D. Cal. Mar. 26, 2009) ("[T]he court finds that plaintiff's delay in requesting a TRO militates against its issuance.") Plaintiff has also not explained why his Motion could not have been made during the normal schedule.

Furthermore, the Plaintiff has not explained or provided any facts that establish how any alleged harm he might suffer is severe. While he asserts in a conclusory fashion that he is "suffering a current irreparable harm" not only has he failed to state what his severe harm is, he has failed to explain how it is irreparable. There are also no supporting declarations attesting to the necessity for an ex parte Motion.

Finally, the Plaintiff has not shown that he has a high likelihood of success on the merits. In support of his application, Plaintiff cites to the 9th Circuit's recent opinion in Peruta, McDonald v. City of Chicago, U.S. v.

Chovan, and Winter v. Nat'l Res. Def. Council, Inc. Notably, none of those case holds that a local government is precluded from denying an applicant a permit to carry a concealed weapon. Further, assuming it is the Peruta decision that is driving this application, the Plaintiff has not articulated how the facts and circumstances ruled on in that decision make success in this case highly likely. In fact, Peruta dealt with the facial deficiency of an agency's policies and procedures regarding issuing permits. Specifically, it addressed the narrow question of the constitutionality of San Diego County's policy of requiring persons to show good cause to carry concealed firearms in public. Plaintiff BIRDT has failed to establish that is the issue in this case and thus, the holding in Peruta would be irrelevant to establishing success. In this case, Plaintiff BIRDT's application was denied on Moral Standing grounds, not "good cause" grounds. (See Decl. Sarah Hendricks, Para. 2.)

## 2. Plaintiff has not shown that witnesses will be unavailable or evidence will be destroyed

Plaintiff has also not shown that evidence will be destroyed or unavailable to him unless this request is granted. In fact, the Plaintiff argues no facts to establish why such drastic relief is required.

## 3. Plaintiff's Request is Not a Routine Request

Plaintiff's request is also far from routine, it is a request for the Court to rule on the merits of the case pending before it, via an Ex Parte Application. To that end, it is improper because it seeks to compel an action that forms the basis of the litigation.

///
//
/

## III. CONCLUSION

In sum, the Plaintiff has failed to establish that he will be irreparably prejudiced or that he meets the requirements for the granting of the application. Therefore, this Court should deny it.

DATED: February 25, 2014

JEAN-RENE BASLE
County Counsel

_____
ALGERIA R. FORD
Deputy County Counsel
Attorneys for Defendant

## DECLARATION OF SARAH HENDRIX

I, Sarah Hendrix, declare as follows:

1. I am employed by the San Bernardino County Sheriff's Department and have been so for the last 23 years. I currently hold the position of Deputy Sheriff. Part of my duties in this capacity include being familiar with the files of applicants who seek permits to carry concealed weapons. The following is based on my personal knowledge.

2. I reviewed Mr. Birdt's file and it states that Mr. Birdt's application for a Concealed Carry Permit was denied for Moral Character reasons.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of February, 2014 in San Bernardino, California, United States of America.

Sarah Hendrix, Declarant

# PROOF OF SERVICE

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of 18 years and not a party to nor interested in the within action. My business address is 385 North Arrowhead Avenue, Fourth Floor, San Bernardino, CA 92415-0140.

On Tuesday, February 25, 2014, I served the following document(s) (*specify*):

OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TO SET HEARING ON A PRELIMINARY INJUNCTION; DECLARATION OF S. HENDRIX

I served the document(s) on the person(s) below, as follows:

Jonathan W. Birdt, Esq.                         Plaintiff In Propria
LAW OFFICE OF JONATHAN W BIRDT      Persona
10315 Woodley Avenue, Suite 208
Granada Hills, CA  91344-6950
Telephone: (818) 400-4485
Facsimile:  (818) 428-1384
Electronic Mail Address: jon@jonbirdt.com

The document(s) was (were) served by the following means:

☒ **By Facsimile Transmission.** Based on an agreement of the parties to accept service by facsimile transmission, I sent the documents via facsimile to the persons at the facsimile numbers listed above. No error was reported by the facsimile machine that I used. A copy of the record of the facsimile transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Jacqueline Love                    *[signature]*
(TYPE OR PRINT NAME OF DECLARANT)    (SIGNATURE OF DECLARANT)

7

OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

## ** Transmit Conf.Report **

P.1  
SB COUNTY COUNSEL    Fax 909-387-4068    Feb 25 2014 12:22pm

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 918184004485 | Normal | 25:12:17pm | 5'04" | 9 | O K | |



**JEAN-RENE BASLE**
County Counsel

**MICHELLE D. BLAKEMORE**
Chief Assistant

**PRINCIPAL ASSISTANTS**
Regina A. Coleman
Michael A. Markel
Penny Alexander-Kelley
Bart W. Brizzee

**County of San Bernardino**
**County Counsel**

385 NORTH ARROWHEAD AVENUE, 4TH FLOOR
SAN BERNARDINO, CA 92415-0140

TELEPHONE (909) 387-5455

FAX (909) 387-4069

**DEPUTIES**

Alan L. Green
Kevin L. Norris
Carol A. Greene
Melissa A. Ladenson
Matthew J. Marnell
Jeffrey S. Moret
Phebe W. Chu
Jamila Bayati
Cynthia O'Neill
Scott M. Runyan
Mitchell L. Norton
Julie J. Surber
Steven R. Bass
Ramona E. Verduzco
Jacqueline Carey-Wilson
Danielle E. Wuchenich
Glenn C. Moret
Teresa M. McGowan

Dawn M. Messer
James H. Thebeau
Frank Salazar
Eric K. Yee
Beth L. Staigerwalt
S. Mark Strath
Richard W. Van Frank
Jeffrey L. Bryson
Kristina M. Robb
Kenneth C. Hardy
Adam E. Ebright
Steven J. Singley
Robert P. Messinger
John Tubbs II
Svetlana Kauper
David Guardado
Algeria R. Ford
Richard Luczak

---

**FACSIMILE TRANSMITTAL SHEET**

| | |
|---|---|
| TO:<br>Jonathan W. Birdt | FROM:<br>Algeria R. Ford<br>Deputy County Counsel |
| COMPANY:<br>LAW OFFICE OF<br>JONATHAN W. BIRDT | DATE:<br>Tuesday, February 25, 2014 |
| RECIPIENT'S FAX NUMBER:<br>(818) 400-4485 | SENDER'S FAX NUMBER:<br>(909) 387-4069 |
| RECIPIENT'S PHONE NUMBER:<br>(818) 428-1384 | SENDER'S TELEPHONE NUMBER:<br>(909) 387-5455 |
| RE:<br>Jonathan Birdt v. San Bernardino<br>Sheriff's Department<br>Case Number: EDCV 13-00673-VAP<br>(JEM) | TOTAL NO. OF PAGES INCLUDING COVER:<br>Nine (9) - Opposition to Plaintiff's<br>Ex Parte Application for Temporary<br>Restraining Order and to Set<br>Hearing on a Preliminary Injunction;<br>Declaration of S. Hendrix |

☐ URGENT   **X** FOR REVIEW   ☐ PLEASE REPLY

COMMENTS:

Thank you, Attorney Birdt.

**CONFIDENTIALITY NOTICE:** This communication contains legally privileged and confidential information sent solely for the use of the intended recipient. If you are not the intended recipient of this communication you are not authorized to use it in any manner, except to immediately destroy it and notify the sender.

#2BN6947