**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 13-00673-VAP (DTBx)                              Date:  February 25, 2014

Title:   JONATHAN BIRDT -v- SAN BERNARDINO SHERIFFS DEPARTMENT
==================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                None Present
    Courtroom Deputy                        Court Reporter

ATTORNEYS PRESENT FOR                         ATTORNEYS PRESENT FOR
PLAINTIFFS:                                   DEFENDANTS:

  None                                          None

PROCEEDINGS:     MINUTE ORDER DENYING EX PARTE APPLICATION FOR
                 TEMPORARY RESTRAINING ORDER AND TO SET
                 HEARING ON A PRELIMINARY INJUNCTION (DOC. NO.
                 32) (IN CHAMBERS)


     The Court has received and considered an Application for an Ex Parte Application for Temporary Restraining Order and to Set Hearing on a Preliminary Injunction (Doc. No. 32) ("Application"), filed by <u>pro se</u> Plaintiff Jonathan Birdt ("Plaintiff") on February 24, 2014.  Plaintiff seeks a temporary restraining order ("TRO"), enjoining Defendant San Bernardino Sheriff's Department ("Defendant") from refusing to issue Plaintiff a Concealed Weapons ("CCW") permit, and an order requiring Defendant to "show cause why he refuses to issue a permit necessary to exercise a fundamental right."  (Application at 1, 2, 4.)  On February 25, 2014, Defendant filed an Opposition to the Application (Doc. No. 33) ("Opposition"), arguing "Plaintiff has failed to establish that he will be irreparably prejudiced or that

EDCV 13-00673-VAP (DTBx)
JONATHAN BIRDT v. SAN BERNARDINO SHERIFFS DEPARTMENT
MINUTE ORDER of February 25, 2014

he meets the requirements for the granting of the Application." (Opp'n at 6.) After considering the papers filed in support of, and in opposition to, the Application, the Court DENIES the Application.

On April 12, 2013, Plaintiff filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1) against Defendant, alleging that Defendant's denial of Plaintiff's CCW permit application on February 26, 2013, violated Plaintiff's Second Amendment rights. On April 26, 2013, Defendant filed a Motion to Dismiss the Complaint for failure to state a claim. (Doc. No. 11.) On May 6, 2013, this case was referred to Magistrate Judge John E. McDermott, who issued a Report and Recommendation (Doc. No. 19) ("R&R") on September 30, 2013. In the R&R, Judge McDermott recommended to the Court that the Motion to Dismiss be denied, but that the Court, sua sponte, dismiss the Complaint with leave to amend for failure to state a claim on grounds not asserted by Defendant. (R&R at 12-13.)

On October 31, 2013, the Court accepted the R&R (Doc. No. 21) and gave Plaintiff thirty days to file a First Amended Complaint ("FAC"). On November 5, 2013, Plaintiff filed the FAC. (Doc. No. 23.) On November 8, 2013, Defendant filed a Motion to Dismiss the FAC, which remains pending before Judge McDermott. (Doc. No. 25.)

In the Application, filed on February 24, 2014, Plaintiff asserts he has "a fundamental right to bear arms for self-defense," citing the United States Supreme Court's decisions in District of Columbia v. Heller and McDonald v. City of Chicago, as well as the Ninth Circuit's United States v. Chovan decision. (Application at 2 (citing (District of Columbia v. Heller, 554 U.S. 570 (2008); McDonald v. City of Chi., 130 S. Ct. 3020 (2010); United States v. Chovan, 735 F.3d 1127 (9th Cir. 2013)).) Plaintiff's Application, however, relies primarily on the recent decision in Peruta v. County of San Diego, in which the Ninth Circuit recognized responsible, law-abiding citizens' right under the Second Amendment to carry a handgun in public for lawful self-defense, and struck down San Diego County's requirement to show "good cause" for a CCW permit – combined with California's statewide ban on open carry of firearms for individual citizens – as an impermissible restriction on citizens' Second Amendment right. (Id. at 3-4 (citing Peruta v. Cnty. of San Diego, No. 10-56971, 2014 WL 555862, at *5, 18 (9th Cir. Feb. 13, 2014).)

EDCV 13-00673-VAP (DTBx)
JONATHAN BIRDT v. SAN BERNARDINO SHERIFFS DEPARTMENT
MINUTE ORDER of February 25, 2014

The purpose of a TRO is to preserve the status quo and prevent irreparable harm until a hearing may be held on the propriety of a preliminary injunction. See Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary and drastic remedy . . .; it is never awarded as of right." Munaf v. Green, 553 U.S. 674, 689-90 (2007) (citations omitted).

Although Plaintiff states the legal standard for a preliminary injunction, he fails to explain why the Application satisfies the standard and why he should receive the "extraordinary and drastic remedy" of a preliminary injunction. See id. at 689-90. The status quo in this case finds Plaintiff without a CCW permit, and given the purpose of a TRO is to preserve the status quo, the Court finds Plaintiff fails to has not shown that an immediate and irreparable harm is likely without a TRO.

Moreover, in view of Plaintiff's reliance on Peruta, which was decided on February 14, 2014, the Court finds it premature to base the issuance of a TRO and an Order to Show Cause Re: Preliminary Injunction on a decision that may be reheard or stayed for en banc review. Notwithstanding Plaintiff's uncorroborated assertion that the County of San Diego will not seek en banc review (Application at 3 n.2), parties in Peruta may file a petition for rehearing or for a panel hearing until February 28, 2014. See Fed. R. App. P. 35-1, 35-3, 40(a)(1). Until the mandate is issued seven days after the expiration of the time for filing a petition for rehearing or a panel rehearing, individual judges of the Ninth Circuit also may call for an en banc review sua sponte. See id. 41; 9th Cir. R. 41-1, 41-2; 9th Cir. Gen. Order 5.4. Thus, until March 7, 2014, it remains to be seen whether Peruta will have the full force of the law in the Ninth Circuit. Accordingly, given a TRO's and a preliminary injunction's "extraordinary and drastic" effect, the Court finds it prudent to maintain the status quo for Plaintiff and deny the Application. Should the mandate be issued in Peruta, Plaintiff may file a duly noticed motion, re-asserting the arguments he

**EDCV 13-00673-VAP (DTBx)**
**JONATHAN BIRDT v. SAN BERNARDINO SHERIFFS DEPARTMENT**
**MINUTE ORDER of February 25, 2014**

presents in the Application.

      For the foregoing reasons, the Court DENIES Plaintiff's Ex Parte Application for Temporary Restraining Order and to Set Hearing on a Preliminary Injunction (Doc. No. 32).

      **IT IS SO ORDERED.**