**JONATHAN W. BIRDT**
10315 Woodley Ave, Suite 208
Granada Hills, CA 91344
Telephone:   (818) 400-4485
Facsimile:    (818) 428-1384
jon@jonbirdt.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT,<br><br>               Plaintiff,<br><br> vs.<br><br>SAN BERNARDINO SHERIFFS<br>DEPARTMENT,<br>               Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO.  EDCV 13-00673-VAP**<br><br>PLAINTIFF'S MOTION FOR<br>PRELIMIANRY INJUNCTION<br>REQUIRING THE SHERIFF TO<br>SHOW CAUSE AS TO WHY HE<br>REFUSES TO ISSUE A PERMIT<br>NECESSARY TO EXERCISE A<br>FUNDAMENTAL RIGHT;<br><br>March 31, 2014 at 2 p.m.<br>Courtroom 2, Riverside |

## I.    __INTRODUCTION__

In opposition to Plaintiffs ex parte application to this Court, Defendant for the first time stated its' reason for not issuing Plaintiff a permit necessary to exercise his fundamental right: His belief that Plaintiff was not of good moral character.  This anomaly represent the substantial and irreparable harm being caused by defendants discretionary conduct especially since this Court has already found Plaintiff be of good moral character.  While the court invited this motion after the Peruta mandate, the ruling in Richards has now issued, the time for the court to request en banc has passed and there is an immediate harm being caused to Plaintiff in that he is unable to exercise his fundamental civil rights because of an arbitrary and capricious exercise of discretion by Defendant.

1
2
3

## II.   PLAINTIFF HAS A FUNDAMENTAL RIGHT TO BEAR ARMS FOR SELF-DEFENSE AND THE ONLY WAY TO EXERCISE THAT RIGHT IN CALIFORNIA IS WITH A CCW PERMIT

4    It is a well-established point of law that:

5    "Self-defense is a basic right, recognized by many legal systems from ancient
6    times to the present day, and in Heller, we held that individual self-defense is "the
7    central component" of the Second Amendment right".   McDonald v. City of Chicago
8    (2010) 130 S. Ct. 3020, at 3037.

9        Plaintiff is a law abiding citizen unable to exercise his Fundamental Right to
10   Self-Defense and because Defendant refuses to issue him a permit necessary to
11   exercise such right he is suffering a current irreparable harm.  It has long been
12   recognized that an elected official cannot restrict the exercise of a Fundamental
13   Right, and an order from this Court is necessary to prevent this continuing assault
14   upon plaintiffs' Fundamental Rights.  The 9th Circuit Court has adopted an
15   intermediate scrutiny approach to Second Amendment challenges, not a rational basis
16   approach[1] as previously used by this Court:

17       After considering the approaches taken by other circuits that considered the
18   constitutionality of § 922(g)(9), we hold as follows. We adopt the two-step Second
19   Amendment inquiry undertaken by the Third Circuit in Marzzarella, 614 F.3d at 89,
20   and the Fourth Circuit in Chester, 628 F.3d at 680, among other circuits. Applying
21   that inquiry, we hold that § 922(g)(9) burdens conduct falling within the scope of the
22   Second Amendment's guarantee and that intermediate scrutiny applies to Chovan's
23   Second Amendment challenge. Finally, like the First, Fourth, and Seventh Circuits,
24   we apply intermediate scrutiny….

25       U.S. v. Chovan (9th Cir. 2013) 735 F.3d 1127, 1136

26
27
28

---

[1] The *Heller* Court did, however, indicate that rational basis review is not appropriate.
*U.S. v. Chovan* (9th Cir. 2013) 735 F.3d 1127, 1137

### III. LEGAL STANDARD

Plaintiffs seeking a preliminary injunction must establish: (1) a likelihood of success on the merits, (2) the possibility of irreparable injury in the absence of preliminary relief, (3) the balance of equities favors the plaintiff, and (4) an injunction is in the public interest. Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Raich v. Ashcroft, 352 F.3d 1222, 1227 (9th Cir. 2003).  Here, there is no doubt about the status of the law or the recognition of Plaintiffs' Fundamental Right, the only question is does Defendant have discretion to deny the license request, and the law clearly rings a resounding "no" to this question.  In granting Plaintiff a license to practice law, the state has already found him to be of good moral character, and he will submit to any additional training requirement requested by the Sheriff of other permit holders.

### IV. THE FINDING OF A DISCRETIONARY ACT BY THIS COURT THAT PREVENTS PLAINTIFF FROM EXERCISING HIS RIGHT MANDATES A FINDING OF A VIOLATION OF HIS CIVIL LIBERTIES

This Court previously found that Defendant, an elected office holder, had exercised discretion to deny Plaintiff his ability to exercise a Fundamental Rights. Under Cantwell v. Connecticut (1940)  310 U.S. 296, and progeny, States and localities may not condition a license necessary to engage in constitutionally protected conduct on the grant of a license officials have discretion to withhold. Further, a host of prior restraint cases establish that "the peaceful enjoyment of freedoms which the Constitution guarantees" may not be made "contingent upon the uncontrolled will of an official." Staub v. Baxley (1958) 355 U.S. 313, 322.

In the First Amendment arena, where the concept has been developed extensively, courts have consistently condemned licensing systems which vest in an administrative official discretion to grant or withhold a permit upon broad criteria unrelated to proper regulation of public places.  Kunz v. New York (1951) 340 U.S.

290, 294 (1951);  Shuttlesworth v. City of Birmingham (1969) 394 U.S. 147, at 153 (1969).  Chesapeake B &M, Inc. v. Harford County 58 F.3d 1005, 1009 (4th Cir. 1995 (en banc); cf. Green v. City of Raleigh (4th Cir. 2008) 523 F.3d 293, 306 ("'virtually unbridled and absolute power' to deny permission to demonstrate publically, or otherwise arbitrarily impose de facto burdens on public speech" is unconstitutional) (citation omitted).  A "reasonable" regulation is one that does not eliminate the exercise of a right, but instead is narrowly tailored, is based on a significant government interest, and leaves ample alternatives.  As with the right to keep and bear arms, the right to freedom of speech has sometimes been analyzed in terms of "reasonable" regulation. For example, many public events for the exercise of First Amendment rights may be subject to "reasonable" time, place, and manner regulations. The "government may impose reasonable restrictions," which means that the restrictions must be "narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information." Ward v. Rock Against Racism (1989) 491 18 U.S. 781, 791.

## V.    CONCLUSION

Plaintiff, a law abiding citizen, seeks only to exercise his Fundamental Rights, but because of the legislative state of affairs in California, his ability to do so is left to the discretion of an elected official, who in this instance is abusing that discretion by refusing to permit Plaintiff to exercise his rights.

**Declaration re Moral Character:**

I am an attorney in good standing admitted to practice before this Court, all District courts in California and Nevada and most recently to the United States Supreme Court.   I am admitted to practice law and in good standing with California, Nevada and Texas.  I am regularly appointed by the Los Angeles Superior court as a Guardian ad Litem upon the recommendation of Public Counsel.   I have no criminal record and am not prohibited from owning or possessing a firearm.  I am licensed to carry a concealed weapon by Nevada and Utah, permits recognized in more than 38

States.  I am currently suffering a significant and irreparable harm in that I am unable to exercise my Fundamental Rights under the second Amendment because defendant refuses to issue a permit necessary to exercise those rights.

I declare under penalty of Perjury and Rule 11 that the facts stated in this motion are true and correct.

March 10, 2014                                        /s/

                                                         _____

                                                         Jonathan W. Birdt