FILED

**NOT FOR PUBLICATION**

MAR 05 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADAM RICHARDS; SECOND AMENDMENT FOUNDATION; CALGUNS FOUNDATION, INC.; BRETT STEWART, <br><br>         Plaintiffs - Appellants, <br><br>   v. <br><br> ED PRIETO; COUNTY OF YOLO, <br><br>         Defendants - Appellees. | No. 11-16255 <br><br> D.C. No. 2:09-cv-01235-MCE-DAD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Chief District Judge, Presiding

Argued and Submitted December 6, 2012
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges.

Plaintiffs Adam Richards, Brett Stewart, the Second Amendment Foundation, and the Calguns Foundation (collectively, "Richards") brought an action under 42 U.S.C. § 1983 against Defendants Yolo County and its Sheriff, Ed

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Prieto (collectively, "Prieto"), alleging that the Yolo County policy for issuing concealed-carry permits violates the Second Amendment.  Specifically, Richards argues that Yolo County's policy, in light of the California regulatory regime as a whole, abridges the Second Amendment right to bear arms because its definition of "good cause"[1] prevents a responsible, law-abiding citizen from carrying a handgun in public for the lawful purpose of self-defense.  On cross-motions for summary judgment, the district court concluded that Yolo County's policy did not infringe Richard's Second Amendment rights.  It thus denied Richard's motion for summary judgment and granted Prieto's.

In light of our disposition of the same issue in *Peruta v. County of San Diego*, No. 10-56971, — F.3d — (Feb. 13, 2014), we conclude that the district court in this case erred in denying Richard's motion for summary judgment because the Yolo County policy impermissibly infringes on the Second Amendment right to bear arms in lawful self-defense.

**REVERSED** and **REMANDED**.

---

[1] Yolo County's policy provides that "self protection and protection of family (without credible threats of violence)" are "invalid reasons" for requesting a permit.

FILED

MAR 05 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Richards v. Prieto, No. 11-16255

THOMAS, Circuit Judge, concurring in the judgment:

I agree that, if unaltered by an *en banc* panel or by the Supreme Court, *Peruta v. County of San Diego*, No. 10-56971,— F.3d—, 2014 WL 555862 (Feb. 13, 2014), requires reversing and remanding in this case. *Peruta* and this case were argued and submitted on the same date. Absent *Peruta*, I would hold that the Yolo County's "good cause" requirement is constitutional because carrying concealed weapons in public is not conduct protected by the Second Amendment. *See United States v. Chester*, 628 F.3d 673, 680 (4th Cir. 2010). I also would have held, in the alternative, that even if the good cause requirement implicated the Second Amendment, the policy survives intermediate scrutiny.

Therefore, I concur in the judgment.