ALGERIA R. FORD, CA Bar No. 289016
Deputy County Counsel
JEAN-RENE BASLE, CA Bar No. 134107
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, CA  92415-0140
Telephone:  (909) 387-5455
Facsimile:    (909) 387-4069
Electronic Mail Address: Algeria.Ford@cc.sbcounty.gov

Attorneys for Defendant, SAN BERNARDINO SHERIFF'S DEPARTMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT,<br><br>            Plaintiff,<br><br>     vs.<br><br>SAN BERNARDINO SHERIFFS DEPARTMENT,<br><br>            Defendant. | CASE NO.  EDCV 13-00673-VAP (JEM)<br><br>OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION REQUIRING THE SHERIFF TO SHOW CAUSE AS TO WHY HE REFUSES TO ISSUE A PERMIT NECESSARY TO EXERCISE A FUNDAMENTAL RIGHT; AND, DECLARATION OF ALGERIA R. FORD<br><br>Assigned to the Honorable<br>Virginia A. Phillips<br>United States District Judge |

Defendant hereby opposes Plaintiff's Motion for Preliminary Injunction because the Plaintiff has failed to proffer any evidence showing that he will be irreparably prejudiced or that he can succeed on the merits.

/ / / /

/ / / /

1
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION REQUIRING THE SHERIFF TO SHOW CAUSE AS TO WHY HE REFUSES TO ISSUE A PERMIT NECESSARY TO EXERCISE A FUNDAMENTAL RIGHT; AND, DECLARATION OF ALGERIA R. FORD

#2BQ8194

## I. INTRODUCTION

Plaintiff alleges he is a resident of San Bernardino County and that on February 26, 2013, the San Bernardino County Sheriff's Department denied him a concealed weapons permit. He further alleges that this denial violated his Second Amendment right to carry a concealed weapon.

On October 22, 2013, Plaintiff filed a First Amended Complaint (FAC), alleging Constitutional violations, and sought an Order requiring the County of San Bernardino to issue him a concealed carry permit. He also sought fees and costs. On November 08, 2013, the San Bernardino County Sheriff's Department filed a Motion to Dismiss the FAC. Plaintiff filed a Reply on December 05, 2013. A ruling on the Motion to Dismiss is pending in this Court.

On February 24, 2014, Plaintiff then filed an ex-parte Application with this Court seeking a restraining order and a hearing on a preliminary injunction. The County responded and in its February 26, 2014 Order, Document Number 35, this Court denied that Application.

Notwithstanding the Court's February 26, 2014 denial, on March 11, 2014, plaintiff filed another Motion for a Preliminary Injunction. In the Motion he makes essentially the same arguments but adds that he is of good moral character.

Prior to Birdt filing his Motion, Counsel for the County explained to plaintiff that given the Court's recent Order denying his Ex Parte Application and Request for a Preliminary Injunction, the newest Motion was not well taken. Plaintiff Birdt responded that he had "already paid [his] lawyer to write it" and that he would file it Monday. The County seeks sanctions.

#2BQ8194

2
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION REQUIRING THE SHERIFF TO SHOW CAUSE AS TO WHY HE REFUSES TO ISSUE A PERMIT NECESSARY TO EXERCISE A FUNDAMENTAL RIGHT; AND, DECLARATION OF ALGERIA R. FORD

## II. ARGUMENT

The standard for issuing a preliminary injunction is identical to the standard for issuing a Temporary Restraining Order. Lockheed Missile & Space Cp., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1955). "A plaintiff must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm, in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary and drastic remedy...; it is never awarded as of right." Munaf v. Green, 553 U.S. 674, 689-90 (2007) (citations omitted).

Just as the Court stated in its February 26, 2014 Order, although Birdt continues to state the legal standard for a preliminary injunction, he fails to explain why the motion satisfies the standard and why he should receive the 'extraordinary and drastic remedy' of a preliminary injunction."

Plaintiff cannot show that he is likely to succeed on the merits. None of the cases cited by Plaintiff hold that a local government is precluded from denying an applicant a permit to carry a concealed weapon. Plaintiff's argument that a local government or agency lacks discretion on this issue is meritless.

Plaintiff also cannot show irreparable harm or that the balance of equities tips in his favor because the status quo is that plaintiff lacks a CCW permit and that will be preserved through a final determination on the merits. Furthermore, as explained in Defendant's last opposition, the original Complaint in this case was filed back in April of 2013 and his Amended Complaint, in November of 2013. Plaintiff's delay in filing this motion indicates that there is no urgency to the requested relief. See

<u>Berjikian v. Franchise Tax Bd.</u>, No. CV 13-06301 DDP JCGX, 2013 WL 4677772, at *1 (C.D. Cal. Aug. 30, 2013).

Finally, Plaintiff cannot show that an injunction is in the public interest. Plaintiff's application for a Concealed Carry Permit has been denied by an agency empowered to make that determination. As the Court has already held, prudence requires that the status quo be maintained, given the drastic effect of a preliminary injunction.

## CONCLUSION

In sum, the Plaintiff has once again failed to establish that he will be irreparably prejudiced or that he meets the requirements for the granting of the Motion. Therefore, this Court should deny it and issue Sanctions.

DATED: March 19, 2014         JEAN-RENE BASLE
                              County Counsel

                              _____
                              ALGERIA R. FORD
                              Deputy County Counsel
                              Attorneys for Defendant,
                              SAN BERNARDINO SHERIFF'S
                              DEPARTMENT

#2BQ8194

4
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION REQUIRING THE SHERIFF TO SHOW CAUSE AS TO WHY HE REFUSES TO ISSUE A PERMIT NECESSARY TO EXERCISE A FUNDAMENTAL RIGHT; AND, DECLARATION OF ALGERIA R. FORD

# PROOF OF SERVICE

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of 18 years and not a party to nor interested in the within action. My business address is 385 North Arrowhead Avenue, Fourth Floor, San Bernardino, CA 92415-0140.

On Wednesday, March 19, 2014, I served the following document(s) (*specify*):

OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION REQUIRING THE SHERIFF TO SHOW CAUSE AS TO WHY HE REFUSES TO ISSUE A PERMIT NECESSARY TO EXERCISE A FUNDAMENTAL RIGHT; AND, DECLARATION OF ALGERIA R. FORD

I served the document(s) on the person(s) below, as follows:

Jonathan W. Birdt, Esq.  
LAW OFFICE OF JONATHAN W BIRDT  
10315 Woodley Avenue, Suite 208  
Granada Hills, CA 91344-6950  
Telephone: (818) 400-4485  
Facsimile: (818) 428-1384  
Electronic Mail Address: jon@jonbirdt.com

Plaintiff In Propria Persona

The document(s) was (were) served by the following means:

☒ **By Overnight Delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Jacqueline Love  
(TYPE OR PRINT NAME OF DECLARANT)  (SIGNATURE OF DECLARANT)

5

OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION REQUIRING THE SHERIFF TO SHOW CAUSE AS TO WHY HE REFUSES TO ISSUE A PERMIT NECESSARY TO EXERCISE A FUNDAMENTAL RIGHT; AND, DECLARATION OF ALGERIA R. FORD

#2BQ8194