**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 13-00673-VAP (DTBx)                                        Date:  April 4, 2014

Title:        JONATHAN BIRDT -v- SAN BERNARDINO SHERIFFS DEPARTMENT
==================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                                            None Present
    Courtroom Deputy                                                     Court Reporter

ATTORNEYS PRESENT FOR                               ATTORNEYS PRESENT FOR
PLAINTIFFS:                                                        DEFENDANTS:

    None                                                                            None

PROCEEDINGS:        MINUTE ORDER DENYING MOTION FOR PRELIMINARY
    INJUNCTION (DOC. NO. 36), AND VACATING APRIL 14,
    2014 HEARING (IN CHAMBERS)

    Before the Court is a Motion for a Preliminary Injunction (Doc. No. 36) ("Motion"), filed by Plaintiff Jonathan Birdt ("Plaintiff") on March 11, 2014.  Defendant San Bernardino Sheriff's Department ("Defendant") filed its Opposition to the Motion (Doc. No. 39) ("Opposition") on March 19, 2014.  Plaintiff filed a Reply to the Opposition (Doc. No. 41) ("Reply") on March 20, 2014.  The Motion is appropriate for resolution without a hearing.  The Court thus VACATES the hearing set for April 14, 2014.  <u>See</u> Fed. R. Civ. P. 78; Local R. 7-15.  After consideration of the papers in support of, and in opposition to, the Motion, the Court DENIES the Motion.

    "A preliminary injunction is an extraordinary and drastic remedy . . .; it is never

EDCV 13-00673-VAP (DTBx)
JONATHAN BIRDT v. SAN BERNARDINO SHERIFFS DEPARTMENT
MINUTE ORDER of April 4, 2014

awarded as of right."  Munaf v. Green, 553 U.S. 674, 689-90 (2008) (citations omitted).  "[T]he purpose of a preliminary injunction is to preserve the status quo between the parties pending a resolution of a case on the merits."  McCormack v. Hiedeman, 694 F.3d 1004, 1019 (9th Cir. 2012) (citing U.S. Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1094 (9th Cir. 2010)).  Because a preliminary injunction is an extraordinary remedy, the movant must carry the burden of persuasion by a "clear showing."  Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); City of Angoon v. Marsh, 749 F.3d 1413, 1415 (9th Cir. 1984).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24-25 (2008); see also Stormans, Inc. v. Selecky, 586 F.3d 1109, 1126-27 (9th Cir. 2009).  Alternatively, under the "serious questions" approach, "serious questions going to the merits" and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met."  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011).

"[T]he relationship between success on the merits and irreparable harm [is] 'a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'"  Global Horizons, Inc. v. U.S. Dep't of Labor, 510 F.3d 1054, 1057-58 (9th Cir. 2007).  "To reach this sliding scale analysis, however, a moving party must, at an 'irreducible minimum,' demonstrate some chance of success on the merits."  Id. at 1058.  "When . . . a party has not shown any chance of success on the merits, no further determination of irreparable harm or balancing of hardships is necessary."  Id.; see also Developmental Servs. Network v. Douglas, 666 F.3d 540, 544 (9th Cir. 2011) ("[I]f a plaintiff fails to show that he has some chance on the merits, that ends the matter").

In the Motion, Plaintiff asserts he has "a fundamental right to bear arms for self-defense and the only way to exercise that right in California is with a CCW [concealed weapon] permit."  (Mot. at 2.)  Plaintiff then asserts "because Defendant refuses to issue him a permit necessary to exercise such right he is suffering a current irreparable harm."  (Id.)  Plaintiff also asserts Defendant does not have discretion to deny his CCW permit request, as he meets Defendant's moral

EDCV 13-00673-VAP (DTBx)
JONATHAN BIRDT v. SAN BERNARDINO SHERIFFS DEPARTMENT
MINUTE ORDER of April 4, 2014

character requirement for the issuance of the permit (by virtue of having passed the moral character requirement with the State Bar of California), and he is willing to submit to additional training requirement for the permit.  (Id. at 3-5.)  Plaintiff contends Defendant unreasonably exercised its discretion in denying him a CCW permit.  (Id. at 3-4.)

The Court finds the Motion fails because, although Plaintiff states the legal standard for a preliminary injunction, he does not explain why the Motion satisfies the standard for a preliminary injunction and why he should receive the "extraordinary and drastic remedy" of a preliminary injunction.  See Munaf, 553 U.S. at 689-90.  First, Plaintiff fails to establish that "he is likely to succeed on the merits."  See Winter, 555 U.S. at 24-25.  Plaintiff's First Amended Complaint (Doc. No. 23) ("FAC") alleges his rights under the Second Amendment were violated when Defendant denied his application for a CCW permit.  (FAC at 2-3.)  As Defendant points out, however, Plaintiff cites no specific authority supporting his allegation that Defendant lacks the discretion to deny him a CCW permit or Defendant abused its discretion in denying him a CCW permit, in violation of Plaintiff's Second Amendment right.[1]  (See Opp'n at 3; Mot. at 1-4.)  Thus, Plaintiff has failed to show he is likely to succeed on the merits of this case.

Even if Plaintiff may succeed on the merits, as Defendant points out, Plaintiff has not established with a clear showing that he faces an immediate and irreparable harm without a preliminary injunction.  See Winter, 555 U.S. at 24-25 (2008).  The status quo in this case finds Plaintiff without a CCW permit, and given the purpose of a preliminary injunction is to preserve the status quo, the Court finds Plaintiff fails to

---

[1] With the Motion and the Reply, Plaintiff references the Ninth Circuit's recent decision in Peruta v. County of San Diego, No. 10-56971, 2014 WL 555862 (9th Cir. Feb. 13, 2014), and submits copies of two Ninth Circuit decisions that relied on Peruta – Richards v. Prieto, No. 11-16255, 2014 WL 843532 (9th Cir. Mar. 5, 2014), and Baker v. Kealoha, No. 12-16258, 2014 WL 1087765 (9th Cir. Mar. 20, 2014).  (See Mot. at 1, Ex. 1; Reply at 1, Ex. 1.)  Plaintiff, however, asserts his Motion for "the Preliminary Injunction does not rely upon Peruta or Richards."  (Reply at 1.)  Petitions for en banc review are pending in each of these cases.

EDCV 13-00673-VAP (DTBx)
JONATHAN BIRDT v. SAN BERNARDINO SHERIFFS DEPARTMENT
MINUTE ORDER of April 4, 2014

show that an immediate and irreparable harm is likely without the Court's grant of this Motion. See McCormack, 694 F.3d at 1019. Moreover, as Defendant argues, Plaintiff's filing of this Motion nearly a year after he first commenced this action "indicates that there is no urgency to the requested relief." (Opp'n at 3.)

Finally, Plaintiff fails to articulate how the balance of equities and public interest factors tip in his favor. See Winter, 555 U.S. at 24-25 (2008). Plaintiff merely asserts Defendant violated his fundamental right to bear arms for self-defense, and that the right to self-defense is "the central component" of the Second Amendment right. (Mot. at 2 (quoting McDonald v. City of Chi., 130 S. Ct. 3020, 3037 (2010)).) This right, however, is not unlimited. See Dist. of Columbia v. Heller, 554 U.S. 570, 626 (2008). "The right to keep and bear arms is not 'a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.'" McDonald, 130 S. Ct. 3047 (quoting Heller, 554 U.S. at 626). The Supreme Court has recognized that most courts reaching back to the nineteenth century concluded that "prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues." Heller, 554 U.S. at 626. Indeed, statutory provisions regulating the use and possession of firearms promote the important government interest of protecting the general public See Heller, 554 U.S. at 626-27; McDonald, 130 S. Ct. at 3047. Plaintiff utterly fails to weigh Defendant's alleged violation of his Second Amendment right against Defendant's important public safety interests, and to articulate how the balance of equities and public interest factors tip more heavily in his favor. The Court thus finds Plaintiff, as the movant, fails to carry his burden of persuasion by a "clear showing." See Mazurek, 520 U.S. at 972.

As Plaintiff has not met the requirements for the granting of a preliminary injunction, the Court DENIES the Motion.

**IT IS SO ORDERED.**