1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

10

JONATHAN BIRDT,                    )        Case No. EDCV 13-0673-VAP (JEM)
                                   )
11                  Plaintiff,     )
                                   )        REPORT AND RECOMMENDATION OF
12         v.                      )        UNITED STATES MAGISTRATE JUDGE
                                   )
13  SAN BERNARDINO SHERIFF'S       )
    DEPARTMENT,                    )
14                                 )
                                   )
15                  Defendant.     )
    ───────────────────────────────)

16

17         The Court submits this Report and Recommendation to the Honorable Virginia A.

18  Phillips, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07

19  of the United States District Court for the Central District of California.

20                              **PROCEEDINGS**

21         On April 12, 2013, Plaintiff Jonathan Birdt ("Plaintiff") filed a pro se civil rights

22  complaint pursuant to 42 U.S.C. § 1983 ("Complaint") against Defendant San Bernardino

23  County Sheriff's Department ("SBSD"), alleging that Defendant's denial of Plaintiff's

24  concealed weapon permit application on February 26, 2013, violated Plaintiff's Second

25  Amendment rights.

26         On April 26, 2013, Defendant filed a Motion to Dismiss the Complaint for failure to

27  state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  In a September 30, 2013 Report &

28  Recommendation ("R&R"), this Court recommended denial of SBSD's Motion to Dismiss.

The Court, however, also recommended sua sponte dismissal of Plaintiff's Complaint with leave to amend and ordered that Plaintiff file a First Amended Complaint ("FAC").  On October 31, 2013 the District Court adopted this Court's Report and Recommendation.  Plaintiff filed his FAC on November 5, 2013.

On November 8, 2013 Defendant filed this Motion to Dismiss ("Motion" or "MTD") the FAC.  On the same day, November 8, 2013, Plaintiff filed his Opposition to the MTD and on December 5, 2013, Defendant filed its Reply.

The Motion is ready for decision.  For the reasons set forth below, the Court recommends that the Motion be DENIED.

**FACTUAL ALLEGATIONS OF THE COMPLAINT**

Plaintiff alleges the following facts in the Complaint:

1.      The California Legislature has mandated that the only method by which a resident of the State can bear arms for the purpose of self-defense outside the home is with a permit to carry a concealed weapon.

2.      Plaintiff is a resident of San Bernardino County and sought a concealed weapons permit and his application was denied on February 26, 2013 without any statutory reason for the denial.

                         *         *         *

5.      The Supreme Court has held that "the Second Amendment protects the right to keep and bear arms for the purpose of self-defense."  McDonald v. City of Chicago, Ill. (2010) 130 S.Ct. 3020, 3021.

6.      Plaintiff cannot exercise this right without a permit from Defendant.

7.      Defendant refuses to issue a permit or provide a statutory basis for his refusal to do so.

8.       Plaintiff meets all State mandated requirements and has complied with all Department procedures as instructed by the CCW coordinator for the SBSD.

9.     Plaintiff submitted a complete application packet as provided to him by the SBSD CCW Coordinator and was not advised of any deficiency in his application.

10.    Plaintiff was told an interview was to be scheduled, but Defendant did not comply with their [its] own internal policy and simply sent the denial letter without even interviewing the Plaintiff.

11.    Despite having fully complied with all statutory requirements and procedural requirements established by the SBSD, Defendant continues to refuse to issue Plaintiff a permit necessary to exercise Second Amendment Rights outside the home.

12.    Upon receiving notice of this Court's ruling on Defendant's Motion to Dismiss, Plaintiff again invited the Sheriff to issue his permit and end the litigation without any additional expense.

13.    Therefore, Defendant's policies and practices have infringed Plaintiff's Second Amendment Right to Bear Arms for the purpose of self-defense as he has complied with all legal obligations, but Defendant refuses to issue the permit necessary to exercise that fundamental right without any legal basis.

(FAC at 1-3.)  Plaintiff seeks a Court order requiring Defendant to issue a permit to Plaintiff, and to pay Plaintiff's attorney's fees and costs.  (FAC at 3.)

**DISCUSSION**

SBSD presents two contentions in its new Motion to Dismiss.  First, it contends that the FAC fails to state a claim for violation of Plaintiff's Second Amendment constitutional rights.  Second, SBSD contends that the FAC fails to state a claim that SBSD's policies and practices infringe on Plaintiff's Second Amendment rights to keep and bear arms for self-defense.  Both of these contentions lack merit.  The renewed Motion to Dismiss should be DENIED.

3

1    **I.    APPLICABLE LEGAL STANDARDS**

2         **A.    Motion to Dismiss**

3         Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for

4    "failure to state a claim upon which relief can be granted."  Dismissal under Rule 12(b)(6) is

5    appropriate when the complaint lacks a cognizable legal theory or sufficient facts to support

6    a cognizable legal theory.  Mendiondo v. Centinela Hosp. Medical Center, 521 F.3d 1097,

7    1104 (9th Cir. 2008) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

8    1990)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

9    accepted as true, 'to state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

10   556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

11   (2007)).  A claim is facially plausible when the plaintiff pleads factual content that allows the

12   court to draw the reasonable inference that the defendant is liable for the misconduct

13   alleged.  Id.  Conclusory allegations are insufficient.  Id. at 678-79.  Although a complaint

14   challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, "a

15   formulaic recitation of the elements of a cause of action will not do," and the factual

16   allegations of the complaint "must be enough to raise a right to relief above the speculative

17   level."  Twombly, 550 U.S. at 555.

18        All allegations of material fact are accepted as true, "as well as all reasonable

19   inferences to be drawn from them."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001);

20   see also Twombly, 550 U.S. at 555.  For an allegation to be entitled to the assumption of

21   truth, however, it must be well-pleaded; that is, it must set forth a non-conclusory factual

22   allegation rather than a legal conclusion.  See Iqbal, 556 U.S. at 678-79.  The Court need

23   not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory

24   legal allegations cast in the form of factual allegations.  See id.; see also Adams v. Johnson,

25   355 F.3d 1179, 1183 (9th Cir. 2004) ("conclusory allegations of law and unwarranted

26   inferences are insufficient to defeat a motion to dismiss"); Sprewell v. Golden State

27   Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (court not "required to accept as true allegations

28   that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

1  The Court also need not accept as true allegations that contradict matters properly subject

2  to judicial notice.  Sprewell, 266 F.3d at 988.  "In sum, for a complaint to survive a motion to

3  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content,

4  must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. U.S. Secret

5  Service, 572 F.3d 962, 969 (9th Cir. 2009).

6      On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must limit its

7  review to the operative complaint and may not consider facts presented in briefs or extrinsic

8  evidence.  See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); William W.

9  Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before

10  Trial § 9:211 (2004) ("[T]he court cannot consider material outside the complaint (e.g., facts

11  presented in briefs, affidavits or discovery materials).").  Materials submitted as part of the

12  complaint are not "outside" the complaint and may be considered.  Lee, 25 F.3d at 688; Hal

13  Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

14  In addition, "[d]ocuments whose contents are alleged in a complaint and whose authenticity

15  no party questions, but which are not physically attached to the pleading, may be

16  considered in ruling on a Rule 12(b)(6) motion to dismiss."  In re Stac Elec. Sec. Litig., 89

17  F.3d 1399, 1405 n.4 (9th Cir. 1996) (internal quotations and citations omitted); see also Lee,

18  250 F.3d at 688 (documents not physically attached to the complaint may be considered if

19  their authenticity is not contested and "'the plaintiff's complaint necessarily relies' on them")

20  (citation omitted).  The Court also may consider facts properly the subject of judicial notice.

21  Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).  Thus, courts may "consider certain

22  materials -- documents attached to the complaint, documents incorporated by reference in

23  the complaint, or matters of judicial notice -- without converting the motion to dismiss into a

24  motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003)

25  (citations omitted).

26      In a pro se civil rights case, "the court must construe the pleadings liberally and must

27  afford the plaintiff the benefit of any doubt."  Karim-Panahi v. Los Angeles Police Dept., 839

28  F.2d 621, 623 (9th Cir. 1988) (citation omitted).  Before dismissing a pro se civil rights

1    complaint for failure to state a claim, the plaintiff should be given a statement of the

2    complaint's deficiencies and an opportunity to cure.  Id.  Only if it is absolutely clear that the

3    deficiencies cannot be cured by amendment should the complaint be dismissed without

4    leave to amend.  Id.; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

5    **B.    Section 1983 Claims**

6    As to claims brought under 42 U.S.C. § 1983, a plaintiff must allege: (1) the

7    defendants were acting under color of state law at the time the complained of acts were

8    committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges and

9    immunities secured by the Constitution or laws of the United States.  See Karim-Panahi,

10   839 F.2d at 624.  There must be an affirmative link between the defendant's actions and the

11   claimed deprivations.  See Monell v. Dept. of Social Services of City of New York, 436 U.S.

12   658, 692 (1978) (". . . Congress did not intend § 1983 liability to attach where . . . causation

13   [is] absent."); Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976) (no affirmative link

14   between incidents of police misconduct and adoption of plan or policy demonstration

15   authorization or approval of misconduct).  "Section 1983 is not itself a source of substantive

16   rights, but merely provides a method for vindicating federal rights elsewhere conferred.

17   Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal quotations and citation omitted).  The

18   first step is to identify the specific constitutional or federal right allegedly infringed.  Id.

19   **II.    THE FAC ADEQUATELY STATES A SECOND AMENDMENT CLAIM**

20   Plaintiff's original complaint alleged that under California law the only lawful method

21   to bear arms outside the home is by concealed weapon.  It further alleged SBSD denied his

22   application for a concealed weapon permit without any statutory reason.  In its September

23   30, 2013 Report and Recommendation, the Court set forth the law in effect at that time,

24   repeated here.

25   The Second Amendment provides:  "A well regulated Militia, being necessary to the

26   security of a free State, the right of the people to keep and bear Arms, shall not be

27   infringed."  In District of Columbia v. Heller, 554 U.S. 570 (2008), the Supreme Court held

28   that the District of Columbia's "absolute prohibition of handguns held and used for self-

6

1   defense in the home" clearly violated the Second Amendment.[1]  Id. at 628-636.  In so

2   holding, the Supreme Court explained that the Second Amendment protects an individual

3   right to "keep and carry arms," and further noted that "the inherent right of self-defense has

4   been central to the Second Amendment right."  Id. at 627-629.  Thus, the Supreme Court

5   identified in Heller an unequivocal Second Amendment "individual right to possess and carry

6   weapons in case of confrontation."  554 U.S. at 592.  In McDonald v. City of Chicago, 130

7   S.Ct. 3020, 3026 (2010), the Court held that "the Second Amendment right is fully

8   applicable to the States."

9        The Supreme Court further stated in Heller that, "[l]ike most rights, the right secured

10  by the Second Amendment is not unlimited."  Id. at 626.  Thus, the Supreme Court also

11  made it clear that "the right was not a right to keep and carry any weapon whatsoever in any

12  manner whatsoever and for whatever purpose."  Id.  For example, the Supreme Court noted

13  that:

14            the majority of the 19th-century courts to consider the question held

15            that prohibitions on carrying concealed weapons were lawful under the

16            Second Amendment or state analogues. Although we do not undertake

17            an exhaustive historical analysis today of the full scope of the Second

18            Amendment, nothing in our opinion should be taken to cast doubt on

19            longstanding prohibitions on the possession of firearms by felons and

20            the mentally ill, or laws forbidding the carrying of firearms in sensitive

21            places such as schools and government buildings, or laws imposing

22            conditions and qualifications on the commercial sale of arms.

23  Id. at 626-627 (internal citations omitted).  In a footnote, the Supreme Court explained: "We

24  identify these presumptively lawful regulatory measures only as example; our list does not

25  purport to be exhaustive."  Id. at 627 n. 26.

26  ───────────────────

27      [1]  The Supreme Court explained that the challenged law in Heller "totally bans handgun possession
    in the home. It also requires that any lawful firearm in the home be disassembled or bound by a trigger
28  lock at all times, rendering it inoperable."  Heller, 554 U.S. at 628.

1        The Court rejected SBSD's argument in the prior MTD that there is no constitutional

2 right to carry a concealed weapon where open carry is prohibited.  The Court also held that

3 California law and SBSD policies on concealed weapons do not address Plaintiff's

4 contention that SBSD denied him a permit without a statutory basis.  Nonetheless, the Court

5 dismissed Plaintiff's original complaint sua sponte because it failed to allege Plaintiff had

6 satisfied statutory and procedural requirements for obtaining such a permit, and does not

7 contend that SBSD's policies are unconstitutional.

8        The FAC contains significant new allegations intended to address those deficiencies.

9 The FAC alleges that Plaintiff meets all State mandated requirements, submitted a complete

10 application packet and was not advised of any deficiency in the application, and fully

11 complied with all statutory and procedural requirements for a concealed weapon permit.

12 (FAC, ¶¶ 8, 9, 11.)  SBSD, however, refuses to issue Plaintiff a permit to exercise his

13 Second Amendment right to carry a concealed weapon outside the home for his self-

14 defense.  (FAC, ¶ 11.)  The FAC further alleges that SBSD policies and practices infringe

15 his Second Amendment right to bear arms for self-defense by denying him a concealed

16 weapon permit without any legal basis.  (FAC, ¶ 13.)  Plaintiff plainly has addressed the

17 deficiencies identified by the Court in the original complaint.  As of November 5, 2013 when

18 he filed the FAC, Plaintiff appears to have alleged all that was within his knowledge to

19 allege, in view of the County's silence about the reason for the denial of Plaintiff's

20 application.

21        SBSD, however, continues to assert that Plaintiff has failed to state a Second

22 Amendment claim.  Its contention is hopelessly vague and conclusory, as SBSD never

23 explains the basis for the contention.  SBSD appears to be arguing that there is no

24 constitutional right to a concealed weapon permit for self-defense outside the home "so long

25 as [its] denial is not inconsistent with [S]heriff or [S]tate policies."  Reply, 3:23-24.       As

26 Plaintiff points out, however, this Court in its September 30, 2013 R&R already rejected

27 SBSD's argument that there is no constitutional right to carry a concealed weapon.

28 Additionally, on February 13, 2014, the Ninth Circuit in <u>Peruta v. County of San Diego</u>, 742

1  F.3d 1144 (9th Cir. 2014) explicitly ruled that any responsible law abiding citizen has a right
2  under the Second Amendment to carry a gun in public for self-defense, either openly or
3  concealed.  Id. at 1166.  California law bars open carry, Cal. Penal Code § 26350, but will
4  grant a concealed weapon permit if an applicant demonstrates "good moral character,"
5  completes a specified training course and establishes "good cause."  Id. at 1147-1148, citing
6  Cal. Penal Code §§ 26150, 26155.  The Ninth Circuit rejected the County of San Diego's
7  policy that concern for one's personal safety alone is not considered "good cause."  Id. at
8  1148.

9      Peruta, however, is hardly over.  The dissent argued that the majority in effect is
10  challenging the constitutionality of California's good cause requirement set forth in California
11  Penal Code § 26150 and that the State of California should be joined as a defendant.  Id. at
12  1195-96.  The State of California, as it happens, is intervening before the Ninth Circuit as
13  part of the en banc review process that could result in modification of Peruta.  Additionally,
14  as the majority notes, three Circuits have issued contrary decisions, setting up the potential
15  for Supreme Court review.  Id. at 1175.  The District Court in this case found it prudent to
16  maintain the status quo and deny Plaintiff's application and request for a preliminary
17  injunction hearing for the time being until Peruta becomes final.  Nonetheless, for the time
18  being, Peruta is governing Ninth Circuit law that lower courts must follow.  See Nichols v.
19  Hams, — F. Supp. 2d — , 2014 WL 1716135*1 (C.D. Cal.) (panel decision is binding on
20  lower courts as soon as it is published and remains binding even if the mandate is stayed,
21  citing Gonzalez v. Arizona, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc)).

22      Based on the new allegations in the FAC, the Court's prior ruling and Peruta's
23  proclamation that responsible citizens have a Second Amendment constitutional right to
24  carry arms outside the home for self-defense, the Court rejects SBSD's contention that
25  Plaintiff fails to state a Second Amendment claim and finds that Plaintiff has adequately
26  stated a claim for violation of the Second Amendment.  The Court therefore recommends
27  that SBSD's MTD be DENIED.

28

1    Alas, the matter does not end there.  In its February 25, 2014 opposition to Plaintiff's

2  Application for TRO and a hearing on a preliminary injunction, SBSD for the first time

3  asserts that Plaintiff's request for a concealed weapon permit was denied on "moral

4  standing" grounds, not lack of "good cause" grounds.  The declaration of Sarah Hendrick

5  states the application was denied on "moral character" reasons.  Neither the opposition nor

6  the declaration provide any explanation or factual basis for SBSD's lack of moral character

7  assertion.   In reply, Plaintiff admits he was once disciplined by the Bar but since has been

8  admitted to practice before the Supreme Court, was found to possess good moral character

9  sufficient to remain a member of the Bar in California, is a member of the Bar in Nevada and

10  Texas, has no criminal history, frequently passes background checks for weapons

11  purchases and is licensed to carry a concealed weapon in the States of Nevada and Utah.

12  Plaintiff does not indicate why he was disciplined by the California Bar.

13    The Court, of course, cannot consider facts outside the complaint when ruling on a

14  12(b)(6) motion to dismiss.  Lee, 250 F.3d at 688.  SBSD perhaps could have attached

15  and/or sought judicial notice of Plaintiff's permit application file or filed a motion for summary

16  judgment, indicating the reason for denying Plaintiff's application for a concealed weapon

17  permit.  In any event, SBSD's unexplained silence from February 26, 2013 when Plaintiff's

18  application was denied to February 25, 2014 when it first asserted a moral character basis

19  for the denial appears to have led the Plaintiff and the Court down the wrong rabbit hole.  At

20  the very least, Plaintiff should have the opportunity to amend his complaint to address these

21  new facts revealed only after the FAC was filed.  The FAC already alleges that the Plaintiff

22  meets all statutory requirements for the issuance of a concealed weapon permit, which may

23  be sufficient to encompass and put in issue SBSD's moral standing denial, but the Court

24  believes that it would be appropriate for Plaintiff to file an amended complaint now that

25  SBSD has stated a statutory reason for denial of Plaintiff's application.

26    By separate minute order, the Court is ordering SBSD to file under seal and serve a

27  certified copy of Plaintiff's permit application file and all records concerning the reasons for

28  denial of his application, identifying the personnel who made the decision and indicating

1   what hearing or procedure, if any, exists for an applicant to challenge the denial of his

2   application.  Additionally, the Court is ordering SBSD to produce any readily available

3   statistics for the last two years indicating the number of concealed weapon permit

4   applications granted and denied and the reasons the applications were granted or denied.

5   Plaintiff should file his second amended complaint after this information is produced.  The

6   Court also has issued an Order To Show Cause why Plaintiff is not entitled to a hearing or

7   appeal procedure to challenge the denial of his application for a concealed weapon permit.

8        The Court notes that on May 7, 2014 Plaintiff filed a Motion for Summary Judgment

9   ("MSJ").  Plaintiff may wish to withdraw his MSJ and refile it after SBSD produces the

10  records the Court is ordering it to produce, and after the completion of any hearing or

11  appeal procedure that is offered.  Plaintiff also may wish to depose the SBSD person most

12  knowledgeable about the denial of his application before refiling the MSJ.

13  **III.**    **THE FAC ADEQUATELY STATES A <u>MONELL</u> CLAIM**

14       SBSD next argues that the FAC fails to state a claim that its policies and practices

15  infringe on Plaintiff's Second Amendment right to bear arms outside the home for self-

16  defense.  The Court disagrees but once again, in light of SBSD's recent lack of moral

17  character assertion Plaintiff may wish to amend the FAC to name as a defendant the person

18  who denied his application.

19       When claims under § 1983 are brought against a local government entity, such as

20  the City, the entity "may not be sued under § 1983 for an injury inflicted solely by its

21  employees or agents.  Instead, it is only when execution of a government's policy or custom,

22  whether made by its lawmakers or by those whose edicts or acts may fairly be said to

23  represent official policy, inflicts the injury that the government as an entity is responsible

24  under § 1983." <u>Monell</u>, 436 U.S. at 694.  The City is not liable for the alleged actions of its

25  officers unless "the action that is alleged to be unconstitutional implements or executes a

26  policy statement, ordinance, regulation, or decision officially adopted or promulgated by that

27  body's officers," or if the alleged constitutional deprivation was "visited pursuant to a

28  governmental 'custom' even though such a custom has not received formal approval

through the body's official decision-making channels."  <u>Monell</u>, 436 U.S. at 690-91; <u>see also</u> <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1443-44 (9th Cir. 1991).  Thus, in order to state a Section 1983 claim against the City, Plaintiff must establish:  (1) a constitutional violation; and (2) a policy, custom, or practice of the City that was the "moving force" behind the violation.  <u>See</u> <u>Monell</u>, 436 U.S. at 694-95.  There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989).

At the time Plaintiff filed his FAC on November 5, 2013, SBSD had not disclosed any reason for its denial of Plaintiff's concealed carry application.  The FAC explicitly alleges that "<u>Defendant's policies and practices</u> have infringed Plaintiff's Second Amendment Right to Bear Arms for the purpose of self-defense as he has complied with all legal obligations but Defendant refuses to issue the permit necessary to exercise that fundamental right without any legal basis."  (FAC, ¶ 13 (emphasis added).)  SBSD mentions this paragraph in its MTD but does not discuss it or explain why it is insufficient to satisfy the pleading requirements for a <u>Monell</u> claim.  Taken together with other allegations in the FAC, Paragraph 13 adequately states that SBSD's policies and practices infringe on his right to bear arms for self-defense outside the home.  SBSD's contention that Plaintiff failed to meet the pleading requirements for a <u>Monell</u> claim is rejected.

Again, however, SBSD now asserts that Plaintiff's application for a concealed weapon permit was denied on moral character grounds, although it has yet to provide any explanation or factual basis for its decision.  Although the Court may not consider this fact in ruling on the instant MTD, nonetheless the case may turn into an individual "moral character" case vulnerable to rejection on <u>Monell</u> grounds.  Again, however, because of SBSD's unexplained silence on the reason for its denial of Plaintiff's application until after the FAC was filed, Plaintiff is entitled to amend the FAC to name appropriate SBSD personnel necessary to state an individual claim for relief.  This is another reason why Plaintiff might wish to withdraw his pending motion for summary judgment for the time being.

**RECOMMENDATION**

THE COURT, THEREFORE, RECOMMENDS that the District Court issue an Order: (1) accepting this Report and Recommendation and (2) denying Defendant's Motion to Dismiss.

DATED:  May 12, 2014                                  */s/ John E. McDermott*
                                                                         JOHN E. MCDERMOTT
                                                                         UNITED STATES MAGISTRATE JUDGE

# PROPOSED

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT, | ) Case No. EDCV 13-0673-VAP (JEM) |
| Plaintiff, | ) |
| v. | ) ORDER ADOPTING FINDINGS, ) CONCLUSIONS, AND ) RECOMMENDATIONS OF UNITED |
| SAN BERNARDINO SHERIFF'S DEPARTMENT., | ) STATES MAGISTRATE JUDGE ) |
| Defendant. | ) |

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the pleadings, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge.  The Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss be denied.

DATED: _____

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE