# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT, <br><br> Plaintiff, <br><br> v. <br><br> SAN BERNARDINO SHERIFF'S DEPARTMENT, <br><br> Defendant. | Case No. EDCV 13-0673-VAP (JEM) <br><br> REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Virginia A. Phillips, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**PROCEEDINGS**

On April 12, 2013, Plaintiff Jonathan Birdt ("Plaintiff") filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") against Defendant San Bernardino County Sheriff's Department ("SBSD"), alleging that Defendant's denial of Plaintiff's concealed weapon permit application on February 26, 2013, violated Plaintiff's Second Amendment rights.

On April 26, 2013, Defendant filed a Motion to Dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In a September 30, 2013 Report & Recommendation ("R&R"), this Court recommended denial of SBSD's Motion to Dismiss.

The Court, however, also recommended sua sponte dismissal of Plaintiff's Complaint with leave to amend and ordered that Plaintiff file a First Amended Complaint ("FAC"). On October 31, 2013 the District Court adopted this Court's Report and Recommendation. Plaintiff filed his FAC on November 5, 2013.

On November 8, 2013 Defendant filed this Motion to Dismiss ("Motion" or "MTD") the FAC. On the same day, November 8, 2013, Plaintiff filed his Opposition to the MTD and on December 5, 2013, Defendant filed its Reply.

The Motion is ready for decision. For the reasons set forth below, the Court recommends that the Motion be DENIED.

## FACTUAL ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges the following facts in the Complaint:

1. The California Legislature has mandated that the only method by which a resident of the State can bear arms for the purpose of self-defense outside the home is with a permit to carry a concealed weapon.

2. Plaintiff is a resident of San Bernardino County and sought a concealed weapons permit and his application was denied on February 26, 2013 without any statutory reason for the denial.

\* \* \*

5. The Supreme Court has held that "the Second Amendment protects the right to keep and bear arms for the purpose of self-defense." McDonald v. City of Chicago, Ill. (2010) 130 S.Ct. 3020, 3021.

6. Plaintiff cannot exercise this right without a permit from Defendant.

7. Defendant refuses to issue a permit or provide a statutory basis for his refusal to do so.

8. Plaintiff meets all State mandated requirements and has complied with all Department procedures as instructed by the CCW coordinator for the SBSD.

9. Plaintiff submitted a complete application packet as provided to him by the SBSD CCW Coordinator and was not advised of any deficiency in his application.

10. Plaintiff was told an interview was to be scheduled, but Defendant did not comply with their [its] own internal policy and simply sent the denial letter without even interviewing the Plaintiff.

11. Despite having fully complied with all statutory requirements and procedural requirements established by the SBSD, Defendant continues to refuse to issue Plaintiff a permit necessary to exercise Second Amendment Rights outside the home.

12. Upon receiving notice of this Court's ruling on Defendant's Motion to Dismiss, Plaintiff again invited the Sheriff to issue his permit and end the litigation without any additional expense.

13. Therefore, Defendant's policies and practices have infringed Plaintiff's Second Amendment Right to Bear Arms for the purpose of self-defense as he has complied with all legal obligations, but Defendant refuses to issue the permit necessary to exercise that fundamental right without any legal basis.

(FAC at 1-3.) Plaintiff seeks a Court order requiring Defendant to issue a permit to Plaintiff, and to pay Plaintiff's attorney's fees and costs. (FAC at 3.)

## DISCUSSION

SBSD presents two contentions in its new Motion to Dismiss. First, it contends that the FAC fails to state a claim for violation of Plaintiff's Second Amendment constitutional rights. Second, SBSD contends that the FAC fails to state a claim that SBSD's policies and practices infringe on Plaintiff's Second Amendment rights to keep and bear arms for self-defense. Both of these contentions lack merit. The renewed Motion to Dismiss should be DENIED.

## I. APPLICABLE LEGAL STANDARDS

### A. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal under Rule 12(b)(6) is appropriate when the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. Mendiondo v. Centinela Hosp. Medical Center, 521 F.3d 1097, 1104 (9th Cir. 2008) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Conclusory allegations are insufficient. Id. at 678-79. Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, "a formulaic recitation of the elements of a cause of action will not do," and the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

All allegations of material fact are accepted as true, "as well as all reasonable inferences to be drawn from them." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); see also Twombly, 550 U.S. at 555. For an allegation to be entitled to the assumption of truth, however, it must be well-pleaded; that is, it must set forth a non-conclusory factual allegation rather than a legal conclusion. See Iqbal, 556 U.S. at 678-79. The Court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. See id.; see also Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss"); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (court not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

The Court also need not accept as true allegations that contradict matters properly subject to judicial notice. Sprewell, 266 F.3d at 988. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must limit its review to the operative complaint and may not consider facts presented in briefs or extrinsic evidence. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:211 (2004) ("[T]he court cannot consider material outside the complaint (e.g., facts presented in briefs, affidavits or discovery materials)."). Materials submitted as part of the complaint are not "outside" the complaint and may be considered. Lee, 25 F.3d at 688; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). In addition, "[d]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (internal quotations and citations omitted); see also Lee, 250 F.3d at 688 (documents not physically attached to the complaint may be considered if their authenticity is not contested and "'the plaintiff's complaint necessarily relies' on them") (citation omitted). The Court also may consider facts properly the subject of judicial notice. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). Thus, courts may "consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice -- without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted).

In a pro se civil rights case, "the court must construe the pleadings liberally and must afford the plaintiff the benefit of any doubt." Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Before dismissing a pro se civil rights

complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. Id. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id.; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B.  Section 1983 Claims

As to claims brought under 42 U.S.C. § 1983, a plaintiff must allege: (1) the defendants were acting under color of state law at the time the complained of acts were committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges and immunities secured by the Constitution or laws of the United States. See Karim-Panahi, 839 F.2d at 624. There must be an affirmative link between the defendant's actions and the claimed deprivations. See Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 692 (1978) (". . . Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976) (no affirmative link between incidents of police misconduct and adoption of plan or policy demonstration authorization or approval of misconduct). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal quotations and citation omitted). The first step is to identify the specific constitutional or federal right allegedly infringed. Id.

## II.  THE FAC ADEQUATELY STATES A SECOND AMENDMENT CLAIM

Plaintiff's original complaint alleged that under California law the only lawful method to bear arms outside the home is by concealed weapon. It further alleged SBSD denied his application for a concealed weapon permit without any statutory reason. In its September 30, 2013 Report and Recommendation, the Court set forth the law in effect at that time, repeated here.

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." In District of Columbia v. Heller, 554 U.S. 570 (2008), the Supreme Court held that the District of Columbia's "absolute prohibition of handguns held and used for self-

6

defense in the home" clearly violated the Second Amendment.[1] Id. at 628-636. In so holding, the Supreme Court explained that the Second Amendment protects an individual right to "keep and carry arms," and further noted that "the inherent right of self-defense has been central to the Second Amendment right." Id. at 627-629. Thus, the Supreme Court identified in Heller an unequivocal Second Amendment "individual right to possess and carry weapons in case of confrontation." 554 U.S. at 592. In McDonald v. City of Chicago, 130 S.Ct. 3020, 3026 (2010), the Court held that "the Second Amendment right is fully applicable to the States."

The Supreme Court further stated in Heller that, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." Id. at 626. Thus, the Supreme Court also made it clear that "the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." Id. For example, the Supreme Court noted that:

> the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

Id. at 626-627 (internal citations omitted). In a footnote, the Supreme Court explained: "We identify these presumptively lawful regulatory measures only as example; our list does not purport to be exhaustive." Id. at 627 n. 26.

---

[1] The Supreme Court explained that the challenged law in Heller "totally bans handgun possession in the home. It also requires that any lawful firearm in the home be disassembled or bound by a trigger lock at all times, rendering it inoperable." Heller, 554 U.S. at 628.

The Court rejected SBSD's argument in the prior MTD that there is no constitutional right to carry a concealed weapon where open carry is prohibited. The Court also held that California law and SBSD policies on concealed weapons do not address Plaintiff's contention that SBSD denied him a permit without a statutory basis. Nonetheless, the Court dismissed Plaintiff's original complaint sua sponte because it failed to allege Plaintiff had satisfied statutory and procedural requirements for obtaining such a permit, and does not contend that SBSD's policies are unconstitutional.

The FAC contains significant new allegations intended to address those deficiencies. The FAC alleges that Plaintiff meets all State mandated requirements, submitted a complete application packet and was not advised of any deficiency in the application, and fully complied with all statutory and procedural requirements for a concealed weapon permit. (FAC, ¶¶ 8, 9, 11.) SBSD, however, refuses to issue Plaintiff a permit to exercise his Second Amendment right to carry a concealed weapon outside the home for his self-defense. (FAC, ¶ 11.) The FAC further alleges that SBSD policies and practices infringe his Second Amendment right to bear arms for self-defense by denying him a concealed weapon permit without any legal basis. (FAC, ¶ 13.) Plaintiff plainly has addressed the deficiencies identified by the Court in the original complaint. As of November 5, 2013 when he filed the FAC, Plaintiff appears to have alleged all that was within his knowledge to allege, in view of the County's silence about the reason for the denial of Plaintiff's application.

SBSD, however, continues to assert that Plaintiff has failed to state a Second Amendment claim. Its contention is hopelessly vague and conclusory, as SBSD never explains the basis for the contention. SBSD appears to be arguing that there is no constitutional right to a concealed weapon permit for self-defense outside the home "so long as [its] denial is not inconsistent with [S]heriff or [S]tate policies." Reply, 3:23-24. As Plaintiff points out, however, this Court in its September 30, 2013 R&R already rejected SBSD's argument that there is no constitutional right to carry a concealed weapon. Additionally, on February 13, 2014, the Ninth Circuit in <u>Peruta v. County of San Diego</u>, 742

F.3d 1144 (9th Cir. 2014) explicitly ruled that any responsible law abiding citizen has a right under the Second Amendment to carry a gun in public for self-defense, either openly or concealed. Id. at 1166. California law bars open carry, Cal. Penal Code § 26350, but will grant a concealed weapon permit if an applicant demonstrates "good moral character," completes a specified training course and establishes "good cause." Id. at 1147-1148, citing Cal. Penal Code §§ 26150, 26155. The Ninth Circuit rejected the County of San Diego's policy that concern for one's personal safety alone is not considered "good cause." Id. at 1148.

Peruta, however, is hardly over. The dissent argued that the majority in effect is challenging the constitutionality of California's good cause requirement set forth in California Penal Code § 26150 and that the State of California should be joined as a defendant. Id. at 1195-96. The State of California, as it happens, is intervening before the Ninth Circuit as part of the en banc review process that could result in modification of Peruta. Additionally, as the majority notes, three Circuits have issued contrary decisions, setting up the potential for Supreme Court review. Id. at 1175. The District Court in this case found it prudent to maintain the status quo and deny Plaintiff's application and request for a preliminary injunction hearing for the time being until Peruta becomes final. Nonetheless, for the time being, Peruta is governing Ninth Circuit law that lower courts must follow. See Nichols v. Hams, — F. Supp. 2d — , 2014 WL 1716135*1 (C.D. Cal.) (panel decision is binding on lower courts as soon as it is published and remains binding even if the mandate is stayed, citing Gonzalez v. Arizona, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc)).

Based on the new allegations in the FAC, the Court's prior ruling and Peruta's proclamation that responsible citizens have a Second Amendment constitutional right to carry arms outside the home for self-defense, the Court rejects SBSD's contention that Plaintiff fails to state a Second Amendment claim and finds that Plaintiff has adequately stated a claim for violation of the Second Amendment. The Court therefore recommends that SBSD's MTD be DENIED.

Alas, the matter does not end there. In its February 25, 2014 opposition to Plaintiff's Application for TRO and a hearing on a preliminary injunction, SBSD for the first time asserts that Plaintiff's request for a concealed weapon permit was denied on "moral standing" grounds, not lack of "good cause" grounds. The declaration of Sarah Hendrick states the application was denied on "moral character" reasons. Neither the opposition nor the declaration provide any explanation or factual basis for SBSD's lack of moral character assertion. In reply, Plaintiff admits he was once disciplined by the Bar but since has been admitted to practice before the Supreme Court, was found to possess good moral character sufficient to remain a member of the Bar in California, is a member of the Bar in Nevada and Texas, has no criminal history, frequently passes background checks for weapons purchases and is licensed to carry a concealed weapon in the States of Nevada and Utah. Plaintiff does not indicate why he was disciplined by the California Bar.

The Court, of course, cannot consider facts outside the complaint when ruling on a 12(b)(6) motion to dismiss. Lee, 250 F.3d at 688. SBSD perhaps could have attached and/or sought judicial notice of Plaintiff's permit application file or filed a motion for summary judgment, indicating the reason for denying Plaintiff's application for a concealed weapon permit. In any event, SBSD's unexplained silence from February 26, 2013 when Plaintiff's application was denied to February 25, 2014 when it first asserted a moral character basis for the denial appears to have led the Plaintiff and the Court down the wrong rabbit hole. At the very least, Plaintiff should have the opportunity to amend his complaint to address these new facts revealed only after the FAC was filed. The FAC already alleges that the Plaintiff meets all statutory requirements for the issuance of a concealed weapon permit, which may be sufficient to encompass and put in issue SBSD's moral standing denial, but the Court believes that it would be appropriate for Plaintiff to file an amended complaint now that SBSD has stated a statutory reason for denial of Plaintiff's application.

By separate minute order, the Court is ordering SBSD to file under seal and serve a certified copy of Plaintiff's permit application file and all records concerning the reasons for denial of his application, identifying the personnel who made the decision and indicating

10

what hearing or procedure, if any, exists for an applicant to challenge the denial of his application. Additionally, the Court is ordering SBSD to produce any readily available statistics for the last two years indicating the number of concealed weapon permit applications granted and denied and the reasons the applications were granted or denied. Plaintiff should file his second amended complaint after this information is produced. The Court also has issued an Order To Show Cause why Plaintiff is not entitled to a hearing or appeal procedure to challenge the denial of his application for a concealed weapon permit.

The Court notes that on May 7, 2014 Plaintiff filed a Motion for Summary Judgment ("MSJ"). Plaintiff may wish to withdraw his MSJ and refile it after SBSD produces the records the Court is ordering it to produce, and after the completion of any hearing or appeal procedure that is offered. Plaintiff also may wish to depose the SBSD person most knowledgeable about the denial of his application before refiling the MSJ.

### III. THE FAC ADEQUATELY STATES A MONELL CLAIM

SBSD next argues that the FAC fails to state a claim that its policies and practices infringe on Plaintiff's Second Amendment right to bear arms outside the home for self-defense. The Court disagrees but once again, in light of SBSD's recent lack of moral character assertion Plaintiff may wish to amend the FAC to name as a defendant the person who denied his application.

When claims under § 1983 are brought against a local government entity, such as the City, the entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694. The City is not liable for the alleged actions of its officers unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval

through the body's official decision-making channels." <u>Monell</u>, 436 U.S. at 690-91; <u>see</u> <u>also</u> <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1443-44 (9th Cir. 1991). Thus, in order to state a Section 1983 claim against the City, Plaintiff must establish: (1) a constitutional violation; and (2) a policy, custom, or practice of the City that was the "moving force" behind the violation. <u>See</u> <u>Monell</u>, 436 U.S. at 694-95. There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989).

At the time Plaintiff filed his FAC on November 5, 2013, SBSD had not disclosed any reason for its denial of Plaintiff's concealed carry application. The FAC explicitly alleges that "<u>Defendant's policies and practices</u> have infringed Plaintiff's Second Amendment Right to Bear Arms for the purpose of self-defense as he has complied with all legal obligations but Defendant refuses to issue the permit necessary to exercise that fundamental right without any legal basis." (FAC, ¶ 13 (emphasis added).) SBSD mentions this paragraph in its MTD but does not discuss it or explain why it is insufficient to satisfy the pleading requirements for a <u>Monell</u> claim. Taken together with other allegations in the FAC, Paragraph 13 adequately states that SBSD's policies and practices infringe on his right to bear arms for self-defense outside the home. SBSD's contention that Plaintiff failed to meet the pleading requirements for a <u>Monell</u> claim is rejected.

Again, however, SBSD now asserts that Plaintiff's application for a concealed weapon permit was denied on moral character grounds, although it has yet to provide any explanation or factual basis for its decision. Although the Court may not consider this fact in ruling on the instant MTD, nonetheless the case may turn into an individual "moral character" case vulnerable to rejection on <u>Monell</u> grounds. Again, however, because of SBSD's unexplained silence on the reason for its denial of Plaintiff's application until after the FAC was filed, Plaintiff is entitled to amend the FAC to name appropriate SBSD personnel necessary to state an individual claim for relief. This is another reason why Plaintiff might wish to withdraw his pending motion for summary judgment for the time being.

**RECOMMENDATION**

THE COURT, THEREFORE, RECOMMENDS that the District Court issue an Order: (1) accepting this Report and Recommendation and (2) denying Defendant's Motion to Dismiss.

DATED: May 12, 2014

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

# PROPOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT,<br><br>        Plaintiff,<br><br>        v.<br><br>SAN BERNARDINO SHERIFF'S DEPARTMENT.,<br><br>        Defendant. | Case No. EDCV 13-0673-VAP (JEM)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the pleadings, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. The Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss be denied.

DATED: _____

                                                  VIRGINIA A. PHILLIPS
                                            UNITED STATES DISTRICT JUDGE