1  ALGERIA R. FORD, CA Bar No. 289016
2  Deputy County Counsel
   JEAN-RENE BASLE, CA Bar No. 134107
3  County Counsel
4  385 North Arrowhead Avenue, Fourth Floor
   San Bernardino, CA  92415-0140
5  Telephone:  (909) 387-5455
6  Facsimile:    (909) 387-4069
7  Electronic Mail Address: Algeria.Ford@cc.sbcounty.gov

8  Attorneys for Defendant, SAN BERNARDINO SHERIFF'S DEPARTMENT

9                    UNITED STATES DISTRICT COURT
10
11                  CENTRAL DISTRICT OF CALIFORNIA

12 JONATHAN BIRDT,                      ) CASE NO.  EDCV 13-00673-VAP (JEM)
13                                      )
                                        )
14            Plaintiff,                ) **DEFENDANT'S OPPOSITION TO**
                                        ) **PLAINTIFF'S MOTION FOR**
15      vs.                             ) **SUMMARY JUDGMENT;**
                                        ) **MEMORANDUM OF POINTS AND**
16                                      ) **AUTHORITIES**
   SAN BERNARDINO SHERIFFS            )
17 DEPARTMENT,                          )
                                        ) DATE:     June 9, 2014
18                                      ) TIME:     2:00 p.m.
            Defendant.                  ) CRTRM: 2
19                                      )
20                                      )
                                        ) Assigned to District Judge
21                                      ) Virginia A. Phillips
                                        )
22                                      )
                                        ) Referred to Magistrate Judge
23                                      ) John E. McDermott
                                        )
24                                      )
                                        )
25                                      )
                                        )
26                                      )
                                        )
27                                      )
                                        )
28                                      )
   ─────────────────────────────────── )

# TABLE OF CONTENTS

**Page Number**

MEMORANDUM OF POINTS AND AUTHORITIES................................2

I.  INTRODUCTION..................................................................2

    A. Allegations in the First Amended Complaint (FAC)................2

    B. Grounds for Denial of Plaintiff's Summary Judgment.............5

II. FACTS.............................................................................5

    A. The Material Facts are Not Disputed.................................5

    B. Other Facts are Immaterial and Irrelevant.........................6

III. ARGUMENT

    A. On Summary Judgment Plaintiff Bears the Burden of
       Establishing His Claims................................................6

    B. Plaintiff Cannot Establish That a Second Amendment
       Violation Occurred.....................................................6

    C. Plaintiff Has Not Sufficiently Pled and Cannot
       Establish Liability Pursuant To Monell.............................9

       1. Plaintiff Has Not Adequately Pled Deliberate
          Indifference in Support of His Monell Claim.....................9

       2. Plaintiff Cannot Establish His Monell Claim...................10

    CONCLUSION..............................................................12

# TABLE OF AUTHORITIES

**Cases:**                                                          **Page Number**

Anderson v. Liberty Lobby, Inc.
477 U.S. 242, 249-250, 252, 106 S.Ct. 2505 (1986)……………………………6

Ashcroft v. Iqbal
556 U.S. 662, 129 S.Ct. 1937 (2009)……………………………………..……9, 10

Bell Atlantic Corp. v. Twombly
550 U.S. 544, 555, 127 S.Ct. 1955 (2007)………………………………………10

Bryan County v. Brown
520 U.S. 397, 404, 117 S.Ct. 1382 (1997)…………………………..…………9, 10

Celotex Corp. v. Catrett
477 U.S. 317, 322-323, 106 S.Ct. 2548, 2551-2553 (1986)………………6

Dist. of Columbia v. Heller
554 U.S. 570, 592 (2008)……………………………………………………6, 7

McDonald v. City of Chicago
130 S. Ct. 3020, 3047 (U.S. 2010)……………………………………..……7

Monell v. Dept. of Soc. Serv. of City of New York
436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978)……………………9, 10, 11

Oklahoma City v. Tuttle
471 U.S. 808, 823, 105 S.Ct. 2427 (1985)…………………..………9, 10, 11

Reyn's Pasta Bella, LLC v. Visa USA, Inc.
442 F.3d 741, 746 n. 6 (9th Cir. 2006)…………………………………………8

**United States Constitution**

42 U.S.C. Section 1983…………………………………………..……………3

/ / / /

# TABLE OF AUTHORITIES

**Federal Statutes:**                                          **Page Number**

Federal Rules of Civil Procedure, Rule 12 subdivision (b)(6)……….……..4

Federal Rules of Civil Procedure Rule 56 (f)(1)…………………...…..4, 12

## Other

California Penal Code section 26150 …...…………………….………….7

California Penal Code section 12050(a)(1) ….….……...….……………..7

California Penal Code section 26165 …...…………………….………….7

ALGERIA R. FORD, CA Bar No. 289016
Deputy County Counsel
JEAN-RENE BASLE, CA Bar No. 134107
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, CA  92415-0140
Telephone:  (909) 387-5455
Facsimile:    (909) 387-4069
Electronic Mail Address: Algeria.Ford@cc.sbcounty.gov

Attorneys for Defendant, SAN BERNARDINO SHERIFF'S DEPARTMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT,<br><br>Plaintiff,<br><br>vs.<br><br>SAN BERNARDINO SHERIFFS DEPARTMENT,<br><br>Defendant. | ) CASE NO.  EDCV 13-00673-VAP (JEM)<br>)<br>)<br>) **DEFENDANT'S OPPOSITION TO**<br>) **PLAINTIFF'S MOTION FOR**<br>) **SUMMARY JUDGMENT;**<br>) **MEMORANDUM OF POINTS AND**<br>) **AUTHORITIES**<br>)<br>) **[Filed concurrently with Defendant's**<br>) **Statement of Uncontroverted Facts**<br>) **and Conclusions of Law; Declaration**<br>) **of Algeria R. Ford; Exhibit "A";**<br>) **Declaration of Sarah Hendrix;**<br>) **[Proposed] Order]**<br>)<br>) DATE:    June 9, 2014<br>) TIME:     2:00 p.m.<br>) CRTRM: 2<br>)<br>) Assigned to District Judge<br>) Virginia A. Phillips<br>)<br>) Referred to Magistrate Judge<br>) John E. McDermott |

1

**TO PLAINTIFF JONATHAN BIRDT IN PRO SE:**

PLEASE TAKE NOTICE that on **Monday, June 9, 2014** at **2:00 p.m.**, or as soon thereafter as the matter may be heard in **Courtroom 2,** of the United States District Court, Defendant COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT will and hereby does oppose plaintiff's motion for summary judgment as to the Second Amendment Violation in Plaintiff's First Amended Complaint (FAC).

This Opposition is made upon this notice, the accompanying Memorandum of Points and Authorities, Defendant's separate statement of Genuine Disputes and Undisputed Facts, Defendant's Objection to Plaintiff's evidence, Defendant's Request for Judicial Notice, and any evidence or argument made at the hearing that the Court deems appropriate to admit.

DATED: May 19, 2014                     JEAN-RENE BASLE
                                        County Counsel

                                        /s/ Algeria R. Ford
                                        ALGERIA R. FORD
                                        Deputy County Counsel
                                        Attorney for Defendant,
                                        SAN BERNARDINO
                                        SHERIFF'S DEPARTMENT

#2BZ0128          OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

**A. Allegations in the First Amended Complaint ("FAC").**

The California Legislature has given the Sheriff the discretion to issue concealed weapon permits to individuals who show good cause and demonstrate good moral character. This case arises from plaintiff's denial of a Concealed Carry Weapons permit on February 26, 2013 for a finding that he lacked good moral character.

On October 22, 2013, plaintiff filed a First Amended Complaint (FAC) for an alleged violation of his Second Amendment Rights under 42 USC 1983. In his First and only Count, plaintiff alleges that he has fully complied with all statutory and procedural requirements but the San Bernardino County Sheriff's Department ("Department") continues to deny him a permit, in Violation of the Second Amendment. Within this Count, he also seems to allege that the Department's policies and practices violate the Second Amendment because he has "complied with all legal obligations." There is no individual defendant named.

On February 24, 2014, plaintiff filed an Ex Parte Motion for a temporary restraining order, seeking an Order compelling the issuance of a CCW permit. Defendant replied in opposition and on February 25, 2014, the Honorable Judge Virginia Phillips denied plaintiff's Motion. On March 11, 2014, plaintiff then filed a Motion for the Issuance of a Preliminary Injunction. Again Judge Phillips denied the Motion. Notably, the Court's denial states "As Defendant points out, plaintiff cites no specific authority supporting his allegation that Defendant lacks the discretion to issue him a CCW permit..." (Doc. 42.)

#2BZ0128                    OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On May 7, 2014, plaintiff then filed a Motion for Summary Judgment, making essentially the exact same arguments he did in his Ex Parte and Preliminary Injunction Motions. Specifically, he claims that he is a law abiding citizen unable to exercise his Second Amendment Right to Self-Defense, that the refusal to issue the permit is an unlawful exercise of discretion, and that an elected official cannot exercise such discretion. The Motion itself contains no Statement of Facts and despite his FAC, does not appear to challenge any Department policies.

While the Motion for Summary Judgment was pending but after the denial of plaintiff's other Motions, on May 12, 2014 the Magistrate Judge of this Court issued a recommendation to the District Court to deny Defendant's 12(b)(6) Motion for dismissal. The Court also issued a separate Order, compelling the defendant to file plaintiff's entire CCW Application File (not under Seal), to identify witnesses involved in the decision-making process, and to explain the appeal process after a denial of a permit. The Court also set a briefing schedule on an Order to Show Cause why plaintiff is not entitled to an appeal. The Court advised Mr. Birdt that he may wish to withdraw his Motion for Summary Judgment. (Doc. 46).) Mr. Birdt instead filed a response saying that he believed his Motion for Summary Judgment addressed all issues presented by the action for a prompt resolution. In other words, plaintiff has elected to proceed on the merits of the Second Amendment claim.

To that end, defendant respectfully requests that the Court withdraw its previous Order regarding the production of documents and the briefing schedule on the due process issue.  Defendant further requests that under Federal Rule of Civil Procedure 56 (f)(1) this Court exercise its discretion to grant summary judgment to defendant.

#2BZ0128            OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**B. Grounds for Denial of Plaintiff's Summary Judgment.**

Plaintiff challenges only defendant's conduct, claiming he was denied despite having complied with all statutory obligations. However, plaintiff cannot meet his burden of showing that the County of San Bernardino violated the Second Amendment because the Department has determined, in its discretion, that defendant does not comply with all statutory obligations. Further, he cannot demonstrate and his Motion does not contain any facts to establish that any constitutional violation was caused by a deliberately indifferent policy or custom of the County of San Bernardino.

## II. FACTS

## A. THE MATERIAL FACTS ARE NOT DISPUTED

Plaintiff submitted an application for a CCW permit and was denied on February 26, 2013. (Statement of Undisputed Fact "SUF" 1.) A background investigation conducted during the inquiry into issuance or denial of plaintiff's permit discovered that plaintiff was disciplined by the California Bar for admittedly and knowingly lying to a Superior Court under penalty of perjury. (SUF 2.) It was also determined that plaintiff was disciplined by the California Bar for Communicating with a represented party. (SUF 3.) According to a stipulation that he entered into, plaintiff admittedly committed acts involving moral turpitude, dishonesty and/or corruption. (SUF 4.) The stipulation was signed recently, in 2009. (SUF 5.) Birdt was suspended from the practice of law for a year, placed on probation for two years, and ordered to retake the MPRE. (SUF 6.) Based on the above misconduct found during the background investigation, the Department denied plaintiff's permit because it determined plaintiff lacked good moral character. (SUF 7.)

OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

#2BZ0128

## B. OTHER FACTS ARE IMMATERIAL AND IRRELEVANT

Although plaintiff has no facts in his Motion, he includes facts in his declaration and Statement of Uncontroverted Facts and Conclusions of Law that he has been found to be of good moral character by several courts, he has no criminal record, and he is not barred from owning or possessing guns. These facts are irrelevant to the issue of whether the Department violated the Second Amendment when it exercised its discretion and denied his application when it discovered he admittedly lied to a Court under penalty of perjury, admittedly committed acted of moral turpitude, and was disciplined by the California Bar.

## III. ARGUMENT

### A. ON SUMMARY JUDGMENT PLAINTIFF BEARS THE BURDEN OF ESTABLISHING HIS CLAIMS

On summary judgment the plaintiff bears the burden of establishing by "significantly probative" evidence every element of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250, 252, 106 S.Ct. 2505 (1986) (summary judgment motion implicates substantive evidentiary burden); Celotex Corp. v. Catrett, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 2551-2553 (1986). For the reasons stated below, plaintiff cannot meet his burden.

### B. PLAINTIFF CANNOT ESTABLISH THAT ESTABLISH THAT A SECOND AMENDMENT VIOLATION OCCURRED

The Second Amendment protects the "individual right to possess and carry weapons in case of confrontation. Dist. of Columbia v. Heller, 554 U.S. 570, 592 (2008). This right, however, is not unlimited. Id. at 626 (2008). "The right to keep and bear arms is not 'a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever

purpose.'" <u>McDonald v. City of Chicago</u>, 130 S. Ct. 3020, 3047 (U.S. 2010) (quoting <u>Heller</u>, 554 U.S. at 626). The Supreme Court has recognized that most courts reaching back to the nineteenth century concluded that "prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues." <u>Heller</u>, 554 U.S. at 626. Indeed, statutory provisions regulating the use and possession of firearms promote the important government interest of protecting the general public. See <u>Heller</u>, 554 U.S. at 626-27; <u>McDonald</u>, 130 S. Ct. at 3047. This observation is important because the scope of the Second Amendment's protection, then, turns on the historical background of the Second Amendment. See <u>Heller</u>, 554 U.S. at 592.

California Penal Codes 12050(a)(1) and 26150 authorize a sheriff of a county to issue a license to that person upon proof that (1) The applicant is of good moral character; (2) Good cause exists for issuance of the license; (3) The applicant is a resident of the county or a city within the county, or the applicant's principal place of employment or business is in the county or a city within the county and the applicant spends a substantial period of time in that place of employment or business; and, (4) The applicant has completed a course of training as described in Penal Code Section 26165.

In this case, plaintiff does not dispute that he has the ability to apply for a CCW permit in San Bernardino County or even that he has in fact applied for a CCW permit here. Instead, he contends that the Sheriff Department's denial of his permit violates the Second Amendment because he has a right to defend himself. As stated above, California law expressly gives the Sheriff's Department discretion to issue or deny CCW

OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

permits. One of the criteria looked at and authorized by statute is whether an applicant possesses good moral character.

A court "may take judicial notice of court filings and other matters of public record." <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n. 6 (9th Cir. 2006). In this case, Exhibit "A," a copy of a public record of plaintiff's state bar discipline and stipulation, was attached to the declaration of Algeria R. Ford.  In that public record, plaintiff has been determined to lack good moral character. It was based on this that his permit was denied. Lack of good moral character is a reason that the Department is allowed to deny a permit for, under California law.

By plaintiff's own admission he committed acts involving moral turpitude, dishonesty and/or corruption. He lied to a Superior Court under penalty of perjury, communicated with a represented party and entered into a stipulation that he conceded to committing acts involving moral turpitude, dishonesty and/or corruption. The stipulation was signed recently, in 2009. Plaintiff was then issued a severe penalty for his misconduct, being suspending from the practice of law for a year, placed on probation for two years, and ordered to retake the MPRE. For this reason, plaintiff was denied a CCW permit. It was on statutorily allowable moral character grounds.

It is irrelevant that plaintiff believes that he is now rehabilitated or that he claims he is now allowed to practice law again or even that he can own or possess a gun. These facts do nothing to make the Department's determination that he lacks good moral character a constitutional violation. Further, since defendant has denied the permit for a permissible reason, and that is the only Second Amendment challenge alleged in the Complaint, this Court should grant Summary Judgment in favor of the

defendant.

## C. PLAINTIFF HAS NOT SUFFICIENTLY PLED AND CANNOT ESTABLISH LIABILITY PURSUANT TO <u>MONELL</u>

Municipalities and other local government entities cannot be held liable pursuant to 42 USC § 1983 based on vicarious liability. <u>Monell v. Dept. of Soc. Serv. of City of New York</u>, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978) (". . . Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") Accordingly, there must be a "direct causal link" between a deprivation of plaintiff's federal rights and a policy or custom of the municipality that exhibits deliberate indifference to plaintiff's rights. <u>Bryan County v. Brown</u>, 520 U.S. 397, 404, 117 S.Ct. 1382 (1997). A policy is a course of action consciously chosen among various alternatives by the municipality's final policymaker. <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 823, 105 S.Ct. 2427 (1985). A custom is a practice or usage so frequent and widespread as to have the force of law. <u>Bryan County v. Brown</u>, *supra*, 520 U.S. at 404. Plaintiff has not sufficiently pled and cannot establish the rigorous culpability and causation requirements to establish a <u>Monell</u> claim.

### 1. Plaintiff has not adequately pled deliberate indifference in support of his <u>Monell</u> claim.

Given that a <u>Monell</u> claim depends on a showing of deliberate indifference, plaintiff has failed to sufficiently plead a <u>Monell</u> claim. In an official capacity suit in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937

9

(2009), the Supreme Court held that a plaintiff must plead sufficient factual matter to show that defendants adopted and implemented policies at issue for a discriminatory purpose and not for neutral reasons.  In so doing the Court affirmed that a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  Id. at 1949, quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  Here, while offering extensive boilerplate, plaintiff's complaint contains nothing but "formulaic" and conclusory assertions and not a single, solitary fact.

**2. Plaintiff cannot establish his <u>Monell</u> claim.**

The culpability and causation requirements must be applied to plaintiff's evidence rigorously, so as to avoid "serious federalism concerns" and a collapse into respondeat superior liability.  Bryan County v. Brown, *supra*, 520 U.S. at 405-406, 415.

Proof of one incident of unconstitutional conduct is not sufficient to impose liability under Monell.  Oklahoma City v. Tuttle, *supra*, 471 U.S. at 823-824.  In addressing the nature and quantum of proof that is required to meet this burden, the Supreme Court has reiterated that:

> Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker. Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved. But where the policy relied upon is not itself unconstitutional, considerably more proof that the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, [Footnote] and the causal connection between the "policy"

1    and the constitutional deprivation.

2        Id. at 823-824 (footnotes omitted).

3        First, as explained above, plaintiff's constitutional rights were never

4    violated and therefore, Monell is not implicated. Second, in his Motion

5    itself, plaintiff never addresses any policies. Third, plaintiff offers no

6    evidence whatsoever that a constitutional violation directly resulted from a

7    custom or policy that exhibits deliberate indifference to the right violated.

8    There is no specific, non-conclusory evidence of a policy exhibiting

9    deliberate indifference to any right of the plaintiff.  Moreover, since one

10   incident alone cannot establish liability under Monell, even if the

11   Department's denial was incorrect, liability of the County has not been

12   established. Finally, and most tellingly, plaintiff has not identified any

13   policy that was violative of his rights.

14       In sum, there is no policy that is itself unconstitutional and plaintiff

15   has cited no incident, other than the one in the current Complaint, to

16   support the contention that any such custom of violating the Second

17   Amendment exists. For these reasons, plaintiff has not met his burden to

18   establish liability for the County under Monell. Thus, this Court should

19   deny Summary Judgment for plaintiff and enter it in favor of defendant.

20   / / / /

21   / / / /

22   / / / /

23   / / / /

24   / / / /

25   / / / /

26   / / / /

27   / / / /

28   / / / /

#2BZ0128          OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**CONCLUSION**

Based on the foregoing defendants respectfully request that (1) Birdt's summary judgment motion be denied and (2) summary judgment be granted to defendant County of San Bernardino on the First Cause of Action of the FAC pursuant to FRCP, Rule 56 (f)(1).

DATED: May 19, 2014               JEAN-RENE BASLE
                                  County Counsel

                                  /s/ Algeria R. Ford
                                  ALGERIA R. FORD
                                  Deputy County Counsel
                                  Attorney for Defendant,
                                  SAN BERNARDINO
                                  SHERIFF'S DEPARTMENT

#2BZ0128            OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT