**EXHIBIT A**

ORIGINAL

(Do not write above this line.)

## State Bar Court of California
### Hearing Department
### Los Angeles

| Counsel For The State Bar<br><br>**Charles T. Calix**<br>**Deputy Trial Counsel**<br>**1149 S. Hill Street**<br>**Los Angeles, CA 90015**<br>**(213) 765-1255**<br><br>Bar # 146853 | Case Number (s)<br>**05-O-04705** | (for Court's use)<br><br>**FILED**<br>APR 28 2009<br>STATE BAR COURT<br>CLERK'S OFFICE<br>LOS ANGELES<br><br>**PUBLIC MATTER** |
|---|---|---|
| In Pro Per Respondent<br><br>**Jonathan Wesley Birdt**<br>**McNulty Law Firm**<br>**827 Moraga Drive**<br>**Los Angeles, CA 90049**<br>**(310) 471-2707**<br><br>Bar # 183908 | Submitted to: **Settlement Judge**<br><br>STIPULATION RE FACTS, CONCLUSIONS OF LAW AND DISPOSITION AND ORDER APPROVING | |
| In the Matter Of:<br>**Jonathan Wesley Birdt**<br><br>Bar # 183908<br><br>A Member of the State Bar of California<br>(Respondent) | **ACTUAL SUSPENSION**<br><br>☐ PREVIOUS STIPULATION REJECTED | |

Note: All information required by this form and any additional information which cannot be provided in the space provided, must be set forth in an attachment to this stipulation under specific headings, e.g., "Facts," "Dismissals," "Conclusions of Law," "Supporting Authority," etc.

### A. Parties' Acknowledgments:

(1) Respondent is a member of the State Bar of California, admitted **December 2, 1996**.

(2) The parties agree to be bound by the factual stipulations contained herein even if conclusions of law or disposition are rejected or changed by the Supreme Court.

(3) All investigations or proceedings listed by case number in the caption of this stipulation are entirely resolved by this stipulation and are deemed consolidated. Dismissed charge(s)/count(s) are listed under "Dismissals." The stipulation consists of **10** pages, not including the order.

(4) A statement of acts or omissions acknowledged by Respondent as cause or causes for discipline is included under "Facts."

(5) Conclusions of law, drawn from and specifically referring to the facts are also included under "Conclusions of Law".

(6) The parties must include supporting authority for the recommended level of discipline under the heading "Supporting Authority."

(Stipulation form approved by SBC Executive Committee 10/16/00. Revised 12/16/2004; 12/13/2006.)

1

kwiktag ® 078 540 352

(Do not write above this line.)

(7) No more than 30 days prior to the filing of this stipulation, Respondent has been advised in writing of any pending investigation/proceeding not resolved by this stipulation, except for criminal investigations.

(8) Payment of Disciplinary Costs—Respondent acknowledges the provisions of Bus. & Prof. Code §§6086.10 & 6140.7. (Check one option only):

  / ☐ until costs are paid in full, Respondent will remain actually suspended from the practice of law unless relief is obtained per rule 284, Rules of Procedure.
  ☒ costs to be paid in equal amounts prior to February 1 for the following membership years: **two billing cycles following the effective date of the Supreme Court order**
  (hardship, special circumstances or other good cause per rule 284, Rules of Procedure)
  ☐ costs waived in part as set forth in a separate attachment entitled "Partial Waiver of Costs"
  ☐ costs entirely waived

## B. Aggravating Circumstances [for definition, see Standards for Attorney Sanctions for Professional Misconduct, standard 1.2(b)]. Facts supporting aggravating circumstances are required.

(1) ☐ **Prior record of discipline** [see standard 1.2(f)]

  (a) ☐ State Bar Court case # of prior case

  (b) ☐ Date prior discipline effective

  (c) ☐ Rules of Professional Conduct/ State Bar Act violations:

  (d) ☐ Degree of prior discipline

  (e) ☐ If Respondent has two or more incidents of prior discipline, use space provided below.

(2) ☐ **Dishonesty:** Respondent's misconduct was surrounded by or followed by bad faith, dishonesty, concealment, overreaching or other violations of the State Bar Act or Rules of Professional Conduct.

(3) ☐ **Trust Violation:** Trust funds or property were involved and Respondent refused or was unable to account to the client or person who was the object of the misconduct for improper conduct toward said funds or property.

(4) ☒ **Harm:** Respondent's misconduct harmed significantly a client, the public or the administration of justice. **Respondent's indirect contacts with plaintiffs who were represented by counsel to settle their claims against Respondent's clients significantly harmed the public and the administration of justice.**

(5) ☐ **Indifference:** Respondent demonstrated indifference toward rectification of or atonement for the consequences of his or her misconduct.

(6) ☐ **Lack of Cooperation:** Respondent displayed a lack of candor and cooperation to victims of his/her misconduct or to the State Bar during disciplinary investigation or proceedings.

(7) ☐ **Multiple/Pattern of Misconduct:** Respondent's current misconduct evidences multiple acts of wrongdoing or demonstrates a pattern of misconduct.

(Stipulation form approved by SBC Executive Committee 10/16/00. Revised 12/16/2004; 12/13/2006.)

Actual Suspension

2

(Do not write above this line.)

(8) ☐ **No aggravating circumstances** are involved.

**Additional aggravating circumstances:**

## C. Mitigating Circumstances [see standard 1.2(e)]. Facts supporting mitigating circumstances are required.

(1) ☐ **No Prior Discipline:** Respondent has no prior record of discipline over many years of practice coupled with present misconduct which is not deemed serious.

(2) ☐ **No Harm:** Respondent did not harm the client or person who was the object of the misconduct.

(3) ☒ **Candor/Cooperation:** Respondent displayed spontaneous candor and cooperation with the victims of his/her misconduct and to the State Bar during disciplinary investigation and proceedings. **Respondent cooperated with the State Bar during its investigation and by entering into this stipulation.**

(4) ☐ **Remorse:** Respondent promptly took objective steps spontaneously demonstrating remorse and recognition of the wrongdoing, which steps were designed to timely atone for any consequences of his/her misconduct.

(5) ☐ **Restitution:** Respondent paid $_____ on _____ in restitution to _____ without the threat or force of disciplinary, civil or criminal proceedings.

(6) ☐ **Delay:** These disciplinary proceedings were excessively delayed. The delay is not attributable to Respondent and the delay prejudiced him/her.

(7) ☐ **Good Faith:** Respondent acted in good faith.

(8) ☐ **Emotional/Physical Difficulties:** At the time of the stipulated act or acts of professional misconduct Respondent suffered extreme emotional difficulties or physical disabilities which expert testimony would establish was directly responsible for the misconduct. The difficulties or disabilities were not the product of any illegal conduct by the member, such as illegal drug or substance abuse, and Respondent no longer suffers from such difficulties or disabilities.

(9) ☐ **Severe Financial Stress:** At the time of the misconduct, Respondent suffered from severe financial stress which resulted from circumstances not reasonably foreseeable or which were beyond his/her control and which were directly responsible for the misconduct.

(10) ☐ **Family Problems:** At the time of the misconduct, Respondent suffered extreme difficulties in his/her personal life which were other than emotional or physical in nature.

(11) ☐ **Good Character:** Respondent's good character is attested to by a wide range of references in the legal and general communities who are aware of the full extent of his/her misconduct.

(12) ☐ **Rehabilitation:** Considerable time has passed since the acts of professional misconduct occurred, followed by convincing proof of subsequent rehabilitation.

(13) ☐ **No mitigating circumstances** are involved.

(Stipulation form approved by SBC Executive Committee 10/16/00. Revised 12/16/2004; 12/13/2006.)

3

Actual Suspension

(Do not write above this line.)

**Additional mitigating circumstances**

Respondent has been a member of the State Bar without prior record of discipline since December 2, 1996.

## D. Discipline:

(1) ☒ **Stayed Suspension:**

    (a) ☒ Respondent must be suspended from the practice of law for a period of **one (1) year**.

        i. ☐ and until Respondent shows proof satisfactory to the State Bar Court of rehabilitation and present fitness to practice and present learning and ability in the law pursuant to standard 1.4(c)(ii) Standards for Attorney Sanctions for Professional Misconduct.

        ii. ☐ and until Respondent pays restitution as set forth in the Financial Conditions form attached to this stipulation.

        iii. ☐ and until Respondent does the following:

    (b) ☐ The above-referenced suspension is stayed.

(2) ☒ **Probation:**

Respondent must be placed on probation for a period of **two (2) years**, which will commence upon the effective date of the Supreme Court order in this matter. (See rule 9.18, California Rules of Court)

(3) ☒ **Actual Suspension:**

    (a) ☒ Respondent must be actually suspended from the practice of law in the State of California for a period of **thirty (30) days**.

        i. ☐ and until Respondent shows proof satisfactory to the State Bar Court of rehabilitation and present fitness to practice and present learning and ability in the law pursuant to standard 1.4(c)(ii), Standards for Attorney Sanctions for Professional Misconduct

        ii. ☐ and until Respondent pays restitution as set forth in the Financial Conditions form attached to this stipulation.

        iii. ☐ and until Respondent does the following:

## E. Additional Conditions of Probation:

(1) ☐ If Respondent is actually suspended for two years or more, he/she must remain actually suspended until he/she proves to the State Bar Court his/her rehabilitation, fitness to practice, and learning and ability in general law, pursuant to standard 1.4(c)(ii), Standards for Attorney Sanctions for Professional Misconduct.

(2) ☒ During the probation period, Respondent must comply with the provisions of the State Bar Act and Rules of Professional Conduct.

(3) ☒ Within ten (10) days of any change, Respondent must report to the Membership Records Office of the State Bar and to the Office of Probation of the State Bar of California ("Office of Probation"), all changes of information, including current office address and telephone number, or other address for State Bar purposes, as prescribed by section 6002.1 of the Business and Professions Code.

(Stipulation form approved by SBC Executive Committee 10/16/00. Revised 12/16/2004; 12/13/2006.)

4

Actual Suspension

(Do not write above this line.)

(4) ☒ Within thirty (30) days from the effective date of discipline, Respondent must contact the Office of Probation and schedule a meeting with Respondent's assigned probation deputy to discuss these terms and conditions of probation. Upon the direction of the Office of Probation, Respondent must meet with the probation deputy either in-person or by telephone. During the period of probation, Respondent must promptly meet with the probation deputy as directed and upon request.

(5) ☒ Respondent must submit written quarterly reports to the Office of Probation on each January 10, April 10, July 10, and October 10 of the period of probation. Under penalty of perjury, Respondent must state whether Respondent has complied with the State Bar Act, the Rules of Professional Conduct, and all conditions of probation during the preceding calendar quarter. Respondent must also state whether there are any proceedings pending against him or her in the State Bar Court and if so, the case number and current status of that proceeding. If the first report would cover less than 30 days, that report must be submitted on the next quarter date, and cover the extended period.

In addition to all quarterly reports, a final report, containing the same information, is due no earlier than twenty (20) days before the last day of the period of probation and no later than the last day of probation.

(6) ☐ Respondent must be assigned a probation monitor. Respondent must promptly review the terms and conditions of probation with the probation monitor to establish a manner and schedule of compliance. During the period of probation, Respondent must furnish to the monitor such reports as may be requested, in addition to the quarterly reports required to be submitted to the Office of Probation. Respondent must cooperate fully with the probation monitor.

(7) ☒ Subject to assertion of applicable privileges, Respondent must answer fully, promptly and truthfully any inquiries of the Office of Probation and any probation monitor assigned under these conditions which are directed to Respondent personally or in writing relating to whether Respondent is complying or has complied with the probation conditions.

(8) ☒ Within one (1) year of the effective date of the discipline herein, Respondent must provide to the Office of Probation satisfactory proof of attendance at a session of the Ethics School, and passage of the test given at the end of that session.

☐ No Ethics School recommended. Reason:

(9) ☐ Respondent must comply with all conditions of probation imposed in the underlying criminal matter and must so declare under penalty of perjury in conjunction with any quarterly report to be filed with the Office of Probation.

(10) ☒ The following conditions are attached hereto and incorporated:

☐ Substance Abuse Conditions              ☒ Law Office Management Conditions

☐ Medical Conditions                      ☐ Financial Conditions

## F. Other Conditions Negotiated by the Parties:

(1) ☒ **Multistate Professional Responsibility Examination:** Respondent must provide proof of passage of the Multistate Professional Responsibility Examination ("MPRE"), administered by the National Conference of Bar Examiners, to the Office of Probation during the period of actual suspension or within one year, whichever period is longer. **Failure to pass the MPRE results in actual suspension without further hearing until passage. But see rule 951 9.10(b), California Rules of Court, and rule 321(a)(1) & (c), Rules of Procedure.**

☐ No MPRE recommended. Reason:

(Stipulation form approved by SBC Executive Committee 10/16/00. Revised 12/16/2004; 12/13/2006.)

Actual Suspension

5

(Do not write above this line.)

(2) ☐ **Rule 955 9.20, California Rules of Court:** Respondent must comply with the requirements of rule 955 9.20, California Rules of Court, and perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 calendar days, respectively, after the effective date of the Supreme Court's Order in this matter.

(3) ☐ **Conditional Rule 955 9.20, California Rules of Court:** If Respondent remains actually suspended for 90 days or more, he/she must comply with the requirements of rule 955 9.20, California Rules of Court, and perform the acts specified in subdivisions (a) and (c) of that rule within 120 and 130 calendar days, respectively, after the effective date of the Supreme Court's Order in this matter.

(4) ☐ **Credit for Interim Suspension [conviction referral cases only]:** Respondent will be credited for the period of his/her interim suspension toward the stipulated period of actual suspension. Date of commencement of interim suspension:

(5) ☒ **Other Conditions: Law Office Management Conditions**

Within one (1) year of the effective date of the discipline herein, Respondent shall submit to the Office of Probation satisfactory evidence of completion of no less then twelve (12) hours of Mandatory Continuing Legal Education ("MCLE") approved courses in law office management, attorney client relations, and/or general legal ethics. This requirement is separate from any MCLE requirement, and Respondent shall not received MCLE credit for attending these courses (Rule 3201, Rule of Procedure of the State Bar.)

(Stipulation form approved by SBC Executive Committee 10/16/00. Revised 12/16/2004; 12/13/2006.)

6

Actual Suspension

## ATTACHMENT TO

## STIPULATION RE FACTS, CONCLUSIONS OF LAW AND DISPOSITION

IN THE MATTER OF: Jonathan Wesley Birdt

CASE NUMBER: 05-O-04705

Respondent admits that the following facts are true and that he is culpable of violations of the specified statutes and/or Rules of Professional Conduct.

**FACTS AND CONCLUSIONS OF LAW.**

### Count One

Rules of Professional Conduct, Rule 2-100(A)
[Communication With a Represented Party]

1. Between in or about May of 2002 and on or about April 15, 2004, Ronald Dennis ("Dennis") worked for West Coast Digital GSM, Inc, ("West Coast") as its "Director of Operations." West Coast was owned and/or controlled by Victor Chapron ("Chapron").

2. On or about November 23, 2004, attorney Perry G. Smith of Barritt Smith LLP ("Smith") filed a civil complaint alleging "wage and hour" violations on behalf of nine employees of West Coast (the employees are collectively referred to as the "class representatives") against West Coast and Chapron. The case was titled *Sandra Ahrns, et al, v. West Coast Digital GSM Inc., Victor Chapron*, LASC Case No. BC325051 ("*Ahrns v. West Coast*").

3. Between in or about November of 2004 and in or about December of 2005, Respondent and his employer, the law firm of Hewitt & Prout, represented West Coast and Chapron in *Ahrns v. West Coast*.

4. On or about July 13, 2005, Dennis met with Respondent at Respondent's office to discuss *Ahrns v. West Coast*. During the meeting, Respondent told Dennis that Respondent could not speak with the class representatives, but that Dennis could speak with the class representatives. Respondent then told Dennis that West Coast would compensate Dennis, including but not limited to pay Dennis the approximate sum of $8,000, if Dennis would approach each of the class representatives in *Ahrns v. West Coast*, convince each of the class representatives to settle their claims against West Coast, and have each of the class representatives sign a form release prepared by Respondent releasing West Coast and Chapron.

5. Between on or about July 13, 2005 and on or about July 24, 2005, Dennis spoke with Respondent on several occasions regarding the settlement of *Ahrns v. West Coast*. During those discussions, Dennis provided status reports to Respondent about his attempts to convince the class representatives to settle.

Attachment Page 1

6. Between on or about July 18, 2005 and on or about July 23, 2005, Dennis contacted five of the nine class representatives and convinced four of them to settle their respective claims against West Coast for $2,000 per class representative. Those four class representatives signed form releases prepared by Respondent.

7. At no time did Respondent have the consent of Smith to communicate with the class representatives in *Ahrns v. West Coast* to settle their claims against West Coast.

8. By entering into an agreement with Dennis that his client, West Coast, would compensate Dennis for approaching each of the class representatives in *Ahrns v. West Coast,* convincing each of the class representatives to settle their claims against West Coast, and have each of the class representatives sign a release prepared by Respondent releasing West Coast, with the result that Dennis communicated with five class representatives, Respondent willfully represented a client and indirectly communicated about the subject of that representation with a party Respondent knew was represented by another lawyer without the consent of that lawyer.

## Count Two

Business and Professions Code section 6106
[Moral Turpitude – Misrepresentation to the Superior Court]

9. The allegations of paragraphs 1 through 8 are incorporated by reference.

10. On or about August 10, 2005, Smith filed and personally served on Respondent an *Ex Parte* application and declaration in *Ahrns v. West Coast* ("*Ex Parte* Application") seeking an order, in part, to prohibit Respondent from further communications with the class representatives. Respondent received the application and declaration.

11. On or about August 10, 2005, Respondent filed with the court and personally served on Smith an opposition to the *Ex Parte* Application and declaration dated August 8, 2005, in which he declared under penalty of perjury that West Coast "directly negotiated the settlement with [the class representatives]" and that "the settlements were suggested and procured by defendant's former operations manager [Dennis] and consummated directly with the plaintiffs without counsel's involvement." The Superior Court and Smith received the opposition and declaration

12. At the time that Respondent declared under penalty of perjury to the Superior Court that West Coast directly negotiated the settlements with the class representatives without counsel's involvement, those statements were false, and Respondent knew those statements were false because Respondent knew that Dennis was involved in procuring the settlements and were made with the intent to cover up Respondent's involvement in the settlement process.

13. By misrepresenting to the Superior Court that West Coast directly negotiated the settlements with the four class representatives and that the settlements were consummated directly with the class representatives without Respondent's involvement, Respondent committed acts involving moral turpitude, dishonesty and/or corruption.

**PENDING PROCEEDINGS.**

The disclosure date referred to, on page one, paragraph A.(7), was March 27, 2009.

Attachment Page 2

## COSTS OF DISCIPLINARY PROCEEDINGS.

Respondent acknowledges that the Office of the Chief Trial Counsel has informed respondent that as of March 27, 2009, the prosecution costs in this matter are $1,983.00. Respondent further acknowledges that should this stipulation be rejected or should relief from the stipulation be granted, the costs in this matter may increase due to the cost of further proceedings.

## AUTHORITIES SUPPORTING DISCIPLINE.

Standard 2.3 of the "Standards for Attorney Sanctions for Professional Misconduct" ("Standards") states, in part, that violations of Business and Professions Code section 6106:

> shall result in disbarment or suspension depending upon the extent to which the victim of the misconduct is harmed or misled and depending upon the magnitude of the act of misconduct and the degree to which it relates to the member's acts within the practice of law.

Standard 2.10 states that:

> Culpability of a member of a violation of any provision of the Business and Professions Code not specified in these standards or of a wilful violation of any Rule of Professional Conduct not specified in these standards shall result in reproval or suspension according to the gravity of the offense or the harm, if any, to the victim, with due regard to the purposes of imposing discipline set forth in standard 1.3.

In *Turner v. State Bar* (1950) 36 Cal.2d 155, Turner, who had previously represented the defendants, was contacted by the plaintiffs to finalize a settlement at the instruction on the defendants. Turner was aware that the plaintiffs were represented by counsel and that their counsel objected to the settlement, in part, because counsel's contingency fees exceeded the settlement. Nevertheless, Turner met with the plaintiffs and drew up the settlement agreement. The Supreme Court found that Turner communicated with a represented party in an attempt to exclude their counsel and that a 90 day actual suspension was not "too harsh." *Id.* at p. 159.

In *Bach v. State Bar* (1987) 43 Cal.3d 848, Bach sought to mislead a judge by a false statement of fact and received a 60 day actual suspension. In aggravation, Bach had a prior public reproval for violating Rule 2-100.

In *Levin v. State Bar* (1989) 47 Cal.3d, 1140, Levin made a false statement of fact to opposing counsel, attempted to communicate with a represented party, settled a case without the consent of his client, simulated the signature of the client on a check and release, and received a six month actual suspension. In aggravation, Levin attempted to conceal his misconduct. The Supreme Court in reviewing the matter held that "dishonest acts are grounds for suspension or disbarment, even if no harm results." *Id.* at p. 1147.

Attachment Page 3

(Do not write above this line.)

| In the Matter of<br>Jonathan Wesley Birdt | Case number(s):<br>05-O-04705 |
|---|---|

## SIGNATURE OF THE PARTIES

By their signatures below, the parties and their counsel, as applicable, signify their agreement with each of the recitations and each of the terms and conditions of this Stipulation Re Fact, Conclusions of Law and Disposition.

3/30/08
Date

Respondent's Signature

Jonathan Wesley Birdt
Print Name

Date

Respondent's Counsel Signature

Print Name

1-2-09
Date

Deputy Trial Counsel's Signature

Charles T. Calix
Print Name

(Stipulation form approved by SBC Executive Committee 10/16/00. Revised 12/16/2004; 12/13/2006.)

Signature Page

(Do not write above this line.)

| In the Matter Of<br>**Jonathan Wesley Birdt** | Case Number(s):<br>**05-O-04705** |
|---|---|

## ORDER

Finding the stipulation to be fair to the parties and that it adequately protects the public, IT IS ORDERED that the requested dismissal of counts/charges, if any, is GRANTED without prejudice, and:

☐ The stipulated facts and disposition are APPROVED and the DISCIPLINE RECOMMENDED to the Supreme Court.

☒ The stipulated facts and disposition are APPROVED AS MODIFIED as set forth below, and the DISCIPLINE IS RECOMMENDED to the Supreme Court.

☐ All Hearing dates are vacated.

On page 4 of the stipulation, an "X" is inserted in box D(1)(b) to stay the one-year period of suspension.

The parties are bound by the stipulation as approved unless: 1) a motion to withdraw or modify the stipulation, filed within 15 days after service of this order, is granted; or 2) this court modifies or further modifies the approved stipulation. (See rule 135(b), Rules of Procedure.) **The effective date of this disposition is the effective date of the Supreme Court order herein, normally 30 days after file date. (See rule 9.18(a), California Rules of Court.)**

_April 27, 2009_  
Date

_[signature]_  
Judge of the State Bar Court

(Stipulation form approved by SBC Executive Committee 10/16/00. Revised 12/16/2004; 12/13/2006.)

Page 11

Actual Suspension Order

# CERTIFICATE OF SERVICE

[Rule 62(b), Rules Proc.; Code Civ. Proc., § 1013a(4)]

I am a Case Administrator of the State Bar Court of California. I am over the age of eighteen and not a party to the within proceeding. Pursuant to standard court practice, in the City and County of Los Angeles, on April 28, 2009, I deposited a true copy of the following document(s):

**STIPULATION RE FACTS, CONCLUSIONS OF LAW AND DISPOSITION AND ORDER APPROVING ACTUAL SUSPENSION**

in a sealed envelope for collection and mailing on that date as follows:

☒ by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at , California, addressed as follows:

**JONATHAN W. BIRDT**
**MCNULTY LAW FIRM**
**827 MORAGA DR**
**LOS ANGELES, CA 90049**

☒ by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

**CHARLES CALIX, Enforcement, Los Angeles**

I hereby certify that the foregoing is true and correct. Executed in Los Angeles, California, on April 28, 2009.

Tammy Cleaver
Case Administrator
State Bar Court