**JONATHAN W. BIRDT**
18252 Bermuda St.
Porter Ranch, CA 91326
Telephone:  (818) 400-4485
Facsimile:   (818) 428-1384
jon@jonbirdt.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT, <br><br> Plaintiff, <br><br> vs. <br><br> SAN BERNARDINO SHERIFFS DEPARTMENT, <br><br> Defendants. | CASE NO.  EDCV 13-00673-VAP <br><br> REPLY RE MOTION FOR SUMMARY JUDGMENT <br><br> June 9th, 2014 at 2 p.m. <br> Courtroom 2, Riverside |

  Defendant admits that it exercised broad discretion to deny Plaintiff the right to exercise a fundamental civil liberty because of State Bar matter that resulted in plaintiffs full reinstatement, including a review by the supervising Judge of this District (OSC Issued and Discharged by Judge Audrey Collins 12/23/09 and 1/2/10 respectively in 2:09-mc-00367-ABC).  The Defendant makes no effort to justify its' exercise of discretion that admittedly denies Plaintiff his fundamental rights and instead simply proclaims that the legislature made him King to decide as he sees fit.

There being no dispute of fact and overwhelming evidence that Plaintiff has previously been found to be of good moral character by this District, the United States Supreme Court (first admission 2012, 3 years after the discipline relied upon by defendant and reviewed by the court in its decision making process), the State of Texas (first Admission 2013), the State of California (since 1996) and the State of Nevada since 2003; it seems impossible to imagine how this exercise of discretion by an elected official over a fundamental right could in any way be countenanced by this court.

Much like an exercise of good cause can require no more than a statement of self-defense, so to can a showing of good moral character require any more than no criminal history prohibiting the possession of a weapon; because we do not permit elected officials to pick and choose who they deem worthy of the exercise of a right.

While there appears to be no dispute of fact, leading Plaintiff to request that the Court take this matter under submission, especially where Defendants conduct appears to admittedly violate Plaintiffs rights, Plaintiff requests that the court not disturb the orders requiring further briefing and production by defendants to first insure that the reasons now provided are not pre-textual, to insure a complete record and as noted by Plaintiff in his acceptance of the magistrates report, he may wish to withdraw this motion to add parties or <u>Monell</u> claims after receipt of the production or ruling on this motion if not case dispositive.

Finally Defendants production and briefing is still essential because Defendant provided no option to appeal and in fact stated its' decision was final, but appears to be in violation of countless applicable Penal Code including:

> 26160. Each licensing authority shall publish and make available a written policy summarizing the provisions of Section 26150 and subdivisions (a) and (b) of Section 26155.
>
> 26175. (a) (1) Applications for licenses, applications for amendments to licenses, amendments to licenses, and licenses under this article shall be

uniform throughout the state, upon forms to be prescribed by the Attorney General.

(g) An applicant shall not be required to complete any additional application or form for a license, or to provide any information other than that necessary to complete the standard application form described in subdivision (a), except to clarify or interpret information provided by the applicant on the standard application form.

Section (g) above relating to information that the Sheriff can inquire about notably does not include licensing issues with any state not related to domestic violence, mental health or prohibiting crimes. More importantly, Plaintiff was not convicted of any crime as the State Bar is an administrative agency under the direction of the Supreme Court of California with whom Plaintiff is in good standing, thus establishing as a matter of law that he is of good moral character according to the licensing scheme administered by the California Supreme Court.

Defendant makes no effort in his moving papers to address his burden in this case of justifying his decision and instead simply insists he has discretion to make any decision he wants under the licensing scheme despite Plaintiff and that Court having already pointed out their Due Process failings. When a fundamental right is recognized, substantive due process forbids infringement of that right "at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." Reno v. Flores, 507 U.S. 292 (1993) at 301-02 (citations omitted).

Further, with respect to the <u>Monell</u> claims, since Defendant has not yet disclosed the records it is required to keep as a matter of law, Plaintiffs application file or its' policies and procedures as ordered by this Court, it seems disingenuous that they would argue that there isn't a presumption that the acts were carried out specifically by the department as part of their policies and procedures, and moreover that they fully support such violations, especially given the current Sheriffs' political

1 statements that he supports "shall issue" licensing which would appear to contradict
2 the position taken by his attorney and department in their legal briefings which have
3 twice denied that the Second Amendment even confers a right at all.
4      Having shifted the burden to Defendant and Defendant having conceded to a
5 broad discretionary act that deprived Plaintiff of a fundamental civil right in direct
6 contradiction to determinations by Courts referenced herein, Plaintiff respectfully
7 requests that this Court find that Defendant abused his discretion in denying Plaintiff
8 his ability to exercise a fundamental Civil Liberty and enter an order requiring
9 Defendant to issue Plaintiff his license needed to exercise his rights within 10 days of
10 the Courts order hereon.

12 May 19, 2014                                                /s/

13                                                  _____

14                                                  Jonathan W. Bird