ALGERIA R. FORD, CA Bar No. 289016
Deputy County Counsel
JEAN-RENE BASLE, CA Bar No. 134107
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, CA 92415-0140
Telephone: (909) 387-5455
Facsimile: (909) 387-4069
Electronic Mail Address: Algeria.Ford@cc.sbcounty.gov

Attorneys for Defendant, SAN BERNARDINO SHERIFF'S DEPARTMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT, | ) CASE NO. EDCV 13-00673-VAP (JEM) |
| Plaintiff, | ) DEFENDANT'S EX PARTE APPLICATION FOR PROTECTIVE ORDER |
| vs. | ) |
| SAN BERNARDINO SHERIFFS DEPARTMENT, | ) [Proposed Order Filed Concurrently] |
| Defendant. | ) Assigned to District Judge Virginia A. Phillips |
| | ) Referred to Magistrate Judge John E. McDermott |

## I. INTRODUCTION

The California Legislature has given the Sheriff the discretion to issue concealed weapon permits to individuals who show good cause and demonstrate good moral character. This case arises from plaintiff's denial of a Concealed Carry Weapons permit on February 26, 2013 for a finding that he lacked good moral character.

On October 22, 2013, plaintiff filed a First Amended Complaint (FAC) for an alleged violation of his Second Amendment Rights under 42 USC 1983. In his First and only Count, plaintiff alleges that he has fully complied with all statutory and procedural requirements but the San Bernardino County Sheriff's Department ("Department") continues to deny him a permit, in Violation of the Second Amendment. Within this Count, he also seems to allege that the Department's policies and practices violate the Second Amendment because he has "complied with all legal obligations." There is no individual defendant named.

On May 12, 2014, this Court issued a recommendation to the District Court to deny Defendant's 12(b)(6) Motion for dismissal. The Court also issued a separate Order, compelling the defendant to file plaintiff's entire CCW Application File (under Seal), to identify witnesses involved in the decision-making process, and to explain the appeal process after a denial of a permit. The Court then filed an amended Order, compelling to produce the document, however, this time they were not ordered to be filed under seal. The Court noted that defendant could request a protective order. This Motion follows.

## II. ARGUMENT

**A. An Ex Parte Motion is Justified**

Ex parte applications are for extraordinary relief. Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995). To justify ex parte relief, the evidence must show irreparable prejudiced if the motion is heard according to regular noticed motion procedures. Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995).

/ / / /

In this case, the Court's Order to Compel was issued on May 12, 2014. The date by which the defendant was ordered to respond was June 2, 2014. Given the short amount of time between the Order and the date by which defendant is required to respond, defendant would be unable to comply with the normal motion procedures, including meeting on the issue with plaintiff and noticing a motion weeks in advance. To that end, an ex parte Motion is justified.

**B. A Protective Order is Warranted**

Federal Rule of Civil Procedure 26(c) governs the discretionary granting of a protective order "to regulate the terms, conditions, time or place of discovery. . . ." Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 629 (C.D. Cal. 2005) (quoting Pro Billiards Tour Ass'n, Inc. v. R.J. Reynolds Tobacco Co., 187 F.R.D. 229, 230 (M.D.N.C. 1999). A protective order should be granted when the moving party establishes "good cause" for the order and "justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002); Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.), cert. denied, 506 U.S. 868, 113 S. Ct. 197, 121 L. Ed. 2d 140 (1992).

This Court has ordered the production of the entire file related to defendant's denial of plaintiff Jonathan Birdt's application for a Concealed Carry permit. Defendant is concerned that the Court's Amended Order will have a chilling effect on the ability of law enforcement agencies to appropriately screen applicants seeking permits. Furthermore, the

information is generally exempt from disclosure under state law. Finally, defendant contends that the information is protected by the official information privilege.

In general, as part of the background check conducted to determine whether applicants should be issued a permit, the Sheriff's Department ("Department") often conducts interviews of witnesses who may know the applicant requesting a Concealed Carry permit. Such interviews are necessary to the background of individuals seeking to possess Statements from these individuals may bear on whether the department decides to reject or deny applicant's request for a permit. These innocent witnesses, not a party to any action or themselves requesting a permit, should not be placed in harm's way by having either their identities, or statements that could likely lead to the discovery of their identities, released to applicants seeking to possess guns to carry in public. Routine disclosure would have a chilling effect on any law enforcement department's ability to effectively conduct a background investigation because witnesses may be less likely to provide honest information if they knew that applicants whose request to carry a gun was denied, knew who they were. Furthermore, even if there was not a worry for the witnesses from the applicant themselves, any document filed normally is subject to public viewing. In fact, in this case, documents filed with the Court have already ended up on public websites.

Similarly, the investigators charged with performing a background check into applicants should not be unnecessarily exposed to danger, merely because they were charged with conducting an investigation. Once again, such a required disclosure of the investigator's impressions, which are often included in their notes, would have a chilling effect on any

law enforcement department's ability to effectively conduct a background investigation. Furthermore, under California Government Code § 6254, investigations conducted by any state or local police agency, or any investigatory or security files compiled by any other state or local police agency, or any investigatory or security files compiled by any other state or local agency for correctional, law enforcement, or licensing purposes, are generally exempt from disclosure. Cal. Gov. Code § 6254. Although state law is not binding in federal court, federal courts frequently look to state law for guidance in § 1983 lawsuits. To that end, the Supreme Court has recognized that in 42 U.S.C. § 1988, Congress instructs federal courts to refer to state statutes when federal law provides no rule of decision for actions brought under § 1983 and that by its terms, §1988 authorizes federal courts to disregard an otherwise applicable state rule of law only if the state law is "inconsistent with the Constitution and laws of the United States." <u>Board of Regents, etc v. Tomanio</u>, 446 U.S. 478, 484-85, 100 S. Ct. 1790, 1795, 64 L. Ed. 2d 440 (1980). California Government Code § 6254 is not inconsistent with the Constitution or laws of the United States. Therefore, this Court should strongly consider it when deciding whether to have investigative documents, by a law enforcement agency, related to a request for public carry of a weapon, by an applicant denied for moral character reasons, filed not under seal.

   Defendant finally contends that the documents and information are protected by the Official Information Privilege. In assessing what is official information, California Federal Courts have looked to and quoted California State law, which states (a) official information' means information acquired in confidence by a public employee in the course of his duty and not open, or officially disclosed, to the public prior to the time

the claim of privilege is made; and (b) a public entity has a privilege to refuse to disclose official information, and to prevent another from disclosing such information, if the privilege is claimed by a person authorized by the public entity to do so and: (1) Disclosure is forbidden by an act of the Congress of the United States or a statute of this state; or (2) Disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice. See McKillop v. Regents of University of Cal., 386 F. Supp. 1270, 1274 (N.D. Cal. 1975). Indeed in that case, which involved a request for documents related to an educator's denial of tenure, although the Court recognized that the plaintiff wanted the documents because they might bear on the actions and state of mind of the individuals responsible for her tenure denial, the Court denied disclosure. Id. If California Federal Courts are willing to protect documents related to tenure decisions in an educational setting, surely the background investigative notes compiled by a law enforcement agency should be subject to some reasonable protection since the confidentiality of the information currently outweighs the necessity for disclosure.

### C. Relief Requested

Defendant does not normally disclose the documents, ordered produced by the Court, to the public. Furthermore, since Mr. Birdt has already filed a reply to defendant's Opposition, disclosure to him would be Moot. Based on the Court's Orders, defendant surmises that the Court wants to see the documents itself. Therefore, defendant requests that the Court Order the documents filed under seal and only reviewable by the Court.

If the Court reviews the documents and determines that they should be turned over to plaintiff, defendant requests that the Court Order:

1. All Documents and information ordered disclosed by Magistrate Judge John E. McDermott be marked as follows: "Confidential Material."

2. Other than the Court (including court reporters, stenographic reporters and videographers, and court personnel), the "Confidential Material" (hereafter "Material") may only be disclosed to plaintiff and counsel in this action, who will be made aware of this protective order. The material may not be disclosed to any other person or entity without the prior written stipulation of Defendants or authorization from the Court.

3. The material shall be used solely in connection with this litigation in the preparation and trial of this case, and not for any other litigation. To the extent material that is a subject matter of this protective order is disclosed at any deposition in this matter, it is subject to the terms of this protective order. To the extent plaintiff seeks to use the material at trial or public hearing in this action, it shall be filed under seal, unless Defendants' counsel agrees otherwise.

4. At the conclusion of the trial and of any appeal, or upon other termination of this litigation, all material governed by the provisions of this order (including any copies) shall all be returned to counsel for Defendants.

5. The foregoing is without prejudice to the right of any parties to:

    a) Apply to the Court for a further protective order relating to any confidential material, or relating to discovery in this litigation;

    b) Apply to the Court for an order removing the "Confidential Material" designation from the document;

/ / / /

7
#2C00113     DEFENDANT'S EX PARTE APPLICATION FOR PROTECTIVE ORDER

   c) Apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

DATED: May 27, 2014    JEAN-RENE BASLE
              County Counsel

              /s/ Algeria R. Ford
              ALGERIA R. FORD
              Deputy County Counsel
              Attorneys for Defendant