**JONATHAN W. BIRDT**
18252 Bermuda St.
Porter Ranch, CA 91326
Telephone: (818) 400-4485
Facsimile: (818) 428-1384
jon@jonbirdt.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| JONATHAN BIRDT, | ) **CASE NO. EDCV 13-00673-VAP** |
|---|---|
| Plaintiff, | ) OPPOSITION TO EX PARTE |
| vs. | ) APPLICATION FOR PROTECTIVE |
| | ) ORDER |
| SAN BERNARDINO SHERIFFS DEPARTMENT, | ) |
| Defendants. | ) |

    Defendants failed in their first end run around this Courts' orders and now try again. Instead of simply following proper procedure to challenge the orders of this Court they believe to be without lawful basis they have fabricated this "what if" request to muzzle Plaintiff and prevent disclosure the day before the Sheriffs' reelection. Just this morning, and in response to this motion, Plaintiff again offered to promptly dismiss this case if Defendant would reconsider its' position, and without reply defendant filed the motion. Defendant, a governmental agency, is required by state law to maintain all the documents in question (Penal Code Section 26225) and as such, there can be nothing confidential therein. Perhaps, as set forth in the

OPPOSITION TO EX PARTE APPLICATION FOR PROTECTIVE ORDER- 1

declaration of Jonathan Birdt, this is simply a political hot potato in advance of an election and an opportunity to further delay restoration of Plaintiffs' rights.

Defendant seems to contend that they may have spoken with a witness and they are concerned about disclosing the name of that witness, but then they also seem to fear for the safety of the investigators involved in the decision to deny Plaintiff his Fundamental Rights.  Plaintiff has no objection to the name of any civilian witness being redacted; however the existence of any such witness would also be inconsistent with Defendants prior representation to this court that the basis for the denial was the published record of discipline with the state bar.  Moreover, to the extent Defendant conducted an investigation (including relying on State Bar information) they would also be in violation of the Penal Code prohibition which limits the permissible scope of their inquiry to that contained in the Department of Justice Standard Application form (which is exactly what Defendant does when it requires additional authorizations, letters of reference, employment verifications and other conditions contained in their custom application packet that must be picked up in person after showing ID).

Penal Code Section 26175 (g) states that an applicant shall not be required to complete any additional application or form for a license, or to provide any information other than that necessary to complete the standard application form.  The moving papers claim that the Courts' order requires them to produce information generally exempt from disclosure, but bizarrely provide no legal basis for this brazen assertion or any foundation for what specific information, in this case, they claim to be privileged.  Moreover, Defendants' discuss what they do in general, but make no proffer that there is specific information here that would cause specific harm, an element they bear the burden of proving.  These hypothetical witnesses are figments of counsels' imagination in that this is her second attempt to evade her responsibilities under the law and/or avoid an embarrassing public revelation  the day before the Sheriff stands for election. Vague references to investigators notes when

1  the evidence is: Plaintiff was never interviewed; and defendant relied on the state bar
2  website as their sole basis for their denial, demonstrates just how bizarre this motion
3  is.  As such, Plaintiff has no objection to Defendant redacting the name of any third
4  party witness not employed by Defendant who provided information upon which
5  defendant relied in denying Plaintiffs application, but otherwise requests that the
6  Court deny Defendants' second attempt at an end run around an order of this Court.

8  May 27, 2014                                                              /s/
9                                                                      _____
10                                                                          Jonathan W. Birdt

OPPOSITION TO EX PARTE APPLICATION FOR PROTECTIVE ORDER- 3