ALGERIA R. FORD, CA Bar No. 289016
Deputy County Counsel
JEAN-RENE BASLE, CA Bar No. 134107
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, CA  92415-0140
Telephone:  (909) 387-5455
Facsimile:    (909) 387-4069
Electronic Mail Address: Algeria.Ford@cc.sbcounty.gov

Attorneys for Defendant, SAN BERNARDINO SHERIFF'S DEPARTMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT, | CASE NO.  EDCV 13-00673-VAP (JEM) |
| Plaintiff, | DEFENDANT'S APPLICATION TO SEAL DOCUMENTS |
| vs. | [Proposed Order Filed Concurrently] |
| SAN BERNARDINO SHERIFFS DEPARTMENT, | Assigned to District Judge Virginia A. Phillips |
| Defendant. | Referred to Magistrate Judge John E. McDermott |

## I.   INTRODUCTION

The California Legislature has given the Sheriff the discretion to issue concealed weapon permits to individuals who show good cause and demonstrate good moral character. This case arises from plaintiff's denial of a Concealed Carry Weapons permit on February 26, 2013 for a finding that he lacked good moral character.

On October 22, 2013, plaintiff filed a First Amended Complaint (FAC) for an alleged violation of his Second Amendment Rights under 42 USC 1983. In his First and only Count, plaintiff alleges that he has fully complied with all statutory and procedural requirements but the San Bernardino County Sheriff's Department ("Department") continues to deny him a permit, in Violation of the Second Amendment. On May 12, 2014, this Court issued a recommendation to the District Court to deny Defendant's 12(b)(6) Motion for dismissal. The Court also issued a separate Order, compelling the defendant to file plaintiff's entire CCW Application File (under Seal), to identify witnesses involved in the decision-making process, and to explain the appeal process after a denial of a permit. The defendant is submitting the entire file and would prefer that it all be sealed but importantly, it requests the Background Investigation Report and the identity of the background investigator be sealed. In the alternative, the defendant asks that the document be reviewed in camera to determine what, if any, information should be produced to plaintiff, Jonathan Birdt.

## II. ARGUMENT

**A. Sealing of the Document and Identity is Warranted**

As stated in defendant's Ex Parte Application, the Court's decision in this case has far-reaching application, beyond this case alone. The information that the defendant is ordered to produce is generally exempt from disclosure under state law and furthermore, defendant contends that the information is protected by the official information privilege. The defendant is concerned that the Court's Order will have a chilling effect on the ability of law enforcement agencies to appropriately screen applicants seeking permits and in this case, worries about the investigator's

protection.

The investigator charged with performing a background check into an applicant should not be unnecessarily exposed to danger, merely because they were charged with conducting an investigation. Further, exposing his or her identity in this case, and under these facts, does not in any way hamper plaintiff's ability to continue prosecution, particularly since his Motion for Summary Judgment and Reply are already submitted.

As it relates to the notes themselves, such a required disclosure of the investigator's impressions, which are often included in their notes, would have a chilling effect on any law enforcement department's ability to effectively conduct a background investigation which is likely why under California Government Code § 6254, investigations conducted by any state or local police agency, or any investigatory or security files compiled by any other state or local police agency, or any investigatory or security files compiled by any other state or local agency for correctional, law enforcement, or licensing purposes, are generally exempt from disclosure. Cal. Gov. Code § 6254.

This Court will have the opportunity to review the documents, there are no further pleadings to be filed at this stage, and plaintiff is aware that he was rejected for a moral character basis. There is no reason to expose the background investigator to any risk of harm or to disclose impressions gathered as part of the investigation.

**B. A Protective Order Is Insufficient**

In this case, a Protective Order alone is insufficient. A protective Order limiting plaintiff's use may protect the Background investigator from general exposure to the public but it does nothing to protect him or her

from the plaintiff himself. Furthermore, the reasoning behind the request to seal the notes is that it goes towards protecting the mental impressions of the investigator and encourages an honest assessment in the performance of their duties. On the contrary, exposure would likely have a chilling effect.

### C. Relief Requested

Defendant requests that the entire file (Attached as Exhibit A) be sealed but at a minimum, that the Background Investigation Report and the identity of the background investigator (Exhibit B) be sealed.

DATED: June 2, 2014

JEAN-RENE BASLE
County Counsel

/s/ Algeria R. Ford
ALGERIA R. FORD
Deputy County Counsel
Attorneys for Defendant