**JONATHAN W. BIRDT**
18252 Bermuda St.
Porter Ranch, CA 91326
Telephone: (818) 400-4485
Facsimile: (818) 428-1384
jon@jonbirdt.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT, | CASE NO. EDCV 13-00673-VAP |
| Plaintiff, | OPPOSITION TO REQUEST TO SEAL RECORDS |
| vs. | |
| SAN BERNARDINO SHERIFFS DEPARTMENT, | |
| Defendants. | |

    Defendant has not identified a specific document that it claims is legally protected from Public Disclosure nor made any effort to demonstrate that good cause exists to seal any document. Defendant generally refers to identity of the Officer who conducted the background investigation and who denied Plaintiffs' permit, but both Plaintiff and Defendant have already publicly identified this person repeatedly. Because Plaintiff is unable to view the documents and no specific document or privilege is referenced, it is difficult to provide a compelling opposition, but the moving party bears the heavy burden of overcome the general rule that public records are public records.

For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *See Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"); *see also San Jose Mercury News, Inc.,* 187 F.3d at 1102(holding that to gain a protective order the party must make "particularized showing of good cause with respect to any individual document").

<u>Phillips ex rel. Estates of Byrd v. General Motors Corp.</u> (9th Cir. 2002) 307 F.3d 1206, 1210-11

Moreover, we are talking about a governmental entity identifying the name of a police officer who conducted an investigation, something they do all day long. Defendant has made no offer that there is anything special about this instance that would require the sealing of a record. Moreover, there is no privilege that would shield this information in discovery, so the only possible motive is self-protection and delay. Plaintiff respectfully requests that Court enter an order requiring Defendant to provide Plaintiff electronic copies of the records so that the Court and Parties can proceed with evaluation of the pending Motion for Summary Judgment.

June 4, 2014 /s/

_____

Jonathan W. Birdt