UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-0673-VAP (JEM) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Jonathan Birdt v. San Bernardino Sheriffs Department | | |

| Present: The Honorable | John E. McDermott, United States Magistrate Judge |
|---|---|
| S. Anthony | |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY PLAINTIFF'S FIRST AMENDED COMPLAINT SHOULD NOT BE DISMISSED WITH LEAVE TO AMEND FOR FAILURE TO NAME A PROPER RESPONDENT**

## I.
## Proceedings

On April 12, 2013, Plaintiff Jonathan Birdt ("Plaintiff") filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") against Defendant San Bernardino County Sheriff's Department ("SBSD"), alleging that Defendant's denial of Plaintiff's concealed weapon permit application on February 26, 2013, violated Plaintiff's Second Amendment rights. On April 26, 2013, Defendant filed a Motion to Dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In a September 30, 2013 Report & Recommendation ("R&R"), this Court recommended denial of SBSD's Motion to Dismiss. The Court, however, also recommended sua sponte dismissal of Plaintiff's Complaint with leave to amend and ordered that Plaintiff file a First Amended Complaint ("FAC"). On October 31, 2013 the District Court accepted this Court's September 30, 2013 R&R.

Plaintiff filed his FAC on November 5, 2013. On November 8, 2013 Defendant filed a Motion to Dismiss the FAC. In a May 12, 2014 R&R, this Court recommended denial of SBSD's Motion to Dismiss. On June 9, 2014 the District Court accepted this Court's May 12, 2014 R&R.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-0673-VAP (JEM) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Jonathan Birdt v. San Bernardino Sheriffs Department | | |

For the reasons set forth below, Plaintiff is ordered to show cause why his FAC should not be dismissed with leave to amend for failure to name a proper respondent.

## II.
## Discussion

**A.     Summary of Plaintiff's Allegations.**

Plaintiff's FAC names SBSD as the sole defendant and alleges the following facts:

1. The California Legislature has mandated that the only method by which a resident of the State can bear arms for the purpose of self-defense outside the home is with a permit to carry a concealed weapon.
2. Plaintiff is a resident of San Bernardino County and sought a concealed weapons permit and his application was denied on February 26, 2013 without any statutory reason for the denial.

             *       *       *

5. The Supreme Court has held that "the Second Amendment protects the right to keep and bear arms for the purpose of self-defense."  McDonald v. City of Chicago, Ill. (2010) 130 S.Ct. 3020, 3021.
6. Plaintiff cannot exercise this right without a permit from Defendant.
7. Defendant refuses to issue a permit or provide a statutory basis for his refusal to do so.
8.  Plaintiff meets all State mandated requirements and has complied with all Department procedures as instructed by the CCW coordinator for the SBSD.
9. Plaintiff submitted a complete application packet as provided to him by the SBSD CCW Coordinator and was not advised of any deficiency in his application.
10. Plaintiff was told an interview was to be scheduled, but Defendant did not comply with their [its] own internal policy and simply sent the denial letter without even interviewing the Plaintiff.
11. Despite having fully complied with all statutory requirements and procedural requirements established by the SBSD, Defendant continues to refuse to issue Plaintiff a permit necessary to exercise Second Amendment Rights outside the home.
12. Upon receiving notice of this Court's ruling on Defendant's Motion to Dismiss, Plaintiff again invited the Sheriff to issue his permit and end the litigation without any additional expense.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-0673-VAP (JEM) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Jonathan Birdt v. San Bernardino Sheriffs Department | | |

13. Therefore, Defendant's policies and practices have infringed Plaintiff's Second Amendment Right to Bear Arms for the purpose of self-defense as he has complied with all legal obligations, but Defendant refuses to issue the permit necessary to exercise that fundamental right without any legal basis.

(FAC at 1-3.) Plaintiff seeks a Court order requiring Defendant to issue a permit to Plaintiff, and to pay Plaintiff's attorney's fees and costs. (FAC at 3.)

B. **Legal Standard.**

"'A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim. . . .'" Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (quoting Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981)); Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6)."); see also Franklin v. Murphy, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction, and may be dismissed sua sponte before service of process.") (internal citation omitted). Dismissal is appropriate if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly (Twombly), 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678, "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555.

In considering whether to dismiss a complaint, the Court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94; Albright v. Oliver, 510 U.S. 266, 267 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-0673-VAP (JEM) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Jonathan Birdt v. San Bernardino Sheriffs Department | | |

when evaluating them under *Iqbal*.") (italics in original). Dismissal for failure to state a claim can be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin, 745 F.2d at 1228-29.

**C.   Analysis.**

Scocca v. Smith, 912 F.Supp.2d 875 (N.D. Cal. 2012) held that when a sheriff makes a decision as to whether to grant or deny a concealed weapon permit, the sheriff is acting as an agent of the state and not of the county. 912 F.Supp.2d at 879. In so concluding, the district court took guidance from the Supreme Court's decision in McMillian v. Monroe County, 520 U.S. 781 (1997), which relied on state law to hold that a sheriff acting in his law enforcement capacity is a policymaker for the state and not the county. Id. at 879-882; see McMillian, 520 U.S. at 793. Accordingly, the district court in Scocca examined how state law treats a sheriff when acting as a concealed weapon licensor. Scocca, 912 F.Supp.2d at 882.

The district court began by noting that it does not find dispositive provisions in the California Constitution and Government Code that designate sheriffs as county officers, reasoning that district attorneys are similarly designated, but nevertheless have been deemed agents of the state, at least when acting as prosecutors. Id. The district court further reasoned that it

> does not find dispositive provisions in the California Government Code that the board of supervisors shall prescribe the compensation of all county officers, and that the office of sheriff shall be filled by election as provided in Chapter 5 of the Government Code for elective county officers. Significantly, McMillian did not find similar provisions in Alabama law controlling.

Id. (internal quotation marks, brackets, and citations omitted.)

Instead, the district court found most instructive the provisions in the California Penal Code that deal with concealed weapon licensing, finding that the relevant code provisions "do not suggest that the county board of supervisors or other county administrator (other than the sheriff) exercises control or oversight over [concealed weapon] licensing." Id. at 883. Rather, the district court found that "the relevant code provisions . . . clearly delineate a role for the state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-0673-VAP (JEM) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Jonathan Birdt v. San Bernardino Sheriffs Department | | |

with respect to administration and oversight." Id. at 883. By way of example, the district court noted that

> California Penal Code § 26175 provides that applications for such licenses – as well as applications for amendments to licenses, amendments to licenses, and licenses – shall be uniform throughout the state, upon forms to be prescribed by the Attorney General. Section 26185 provides that the fingerprints of applications shall be taken on forms prescribed by the Department of Justice and shall be forwarded to the same. Section 26225 provides that a sheriff or other licensing authority must file a copy of a denial of a license, a denial of an amendment to a license, the issuance of a license, the amendment of a license, or the revocation of a license with the Department of Justice. Finally, § 26195 provides that a license shall not be issued if the Department of Justice determines that the person is prohibited by state or federal law from possession, receiving, owning, or purchasing a firearm, and that a license shall be revoked by the local licensing authority if at any time either the local licensing authority is notified by the Department of Justice that a licensee is prohibited by state or federal law from owning or purchasing firearms, or the local licensing authority determines that the person is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

Id. (internal quotation marks and citations omitted). In light of the foregoing provisions, the district court concluded that it "cannot say that there has been a sufficiently complete delegation of local police power from the state to the sheriff such that a suit for abuse of that power is not a suit against the State." Id. (internal quotation marks omitted) (citing Streit v. County of Los Angeles, 236 F.3d 552, 563 (9th Cir. 2001)).

In Scocca, the plaintiffs' argued that § 26195 gives the Department of Justice only the narrowest form of review and merely allows the Department to deny a license where, e.g., the applicant is a felon and therefore barred from owning a firearm, but this provision does not give the Department the authority to overrule a sheriff's discretionary decision to grant or deny a license. While acknowledging that the plaintiffs' argument "is not without some force", the district court rejected the plaintiffs' contentions and noted that it is obligated to consider not only § 26195, but also the other penal code provisions cited above. The district court concluded that, "[t]aken together, the provisions demonstrate that the state has an important oversight role, even if the degree of actual oversight is limited." Id. Moreover, the district court noted that the plaintiffs' argument leaves out an important consideration regarding the concealed weapon licensing scheme, namely, that the general rule is that a license is applicable beyond the county

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-0673-VAP (JEM) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Jonathan Birdt v. San Bernardino Sheriffs Department | | |

borders, and that a sheriff acts on a statewide, not countywide, matter in administering the concealed weapon licenses. Id. at 883-84.

The Court finds Scocca instructive. Based on the foregoing, it appears that Plaintiff's FAC against SBSD is subject to dismissal since Plaintiff's claims against SBSD are in reality made against San Bernardino County, see, e.g., Armstrong v. Siskiyou County Sheriff's Dept., 2008 WL 686888, at *7 (E.D. Cal. 2008), and the County is not subject to section 1983 liability for the actions of the San Bernardino County Sheriff when acting as a state official in denying Plaintiff's concealed weapon permit application. See, e.g., Scocca, 912 F.Supp.2d at 884, 888 (holding that the county is not an appropriate defendant in action challenging the sheriff's failure to issue a concealed weapon license as unconstitutional, and dismissing with prejudice all claims against the county, because the sheriff acts as a representative of the state of California, and not of the County, when making her decisions on granting or denying concealed weapon licenses); see also Walker v. County of Santa Clara, 2005 WL 2437037, at *4 (N.D. Cal. 2005) ("Similarly, here the court is satisfied that when establishing customs and policies related to prosecuting individuals for violations of state law, the district attorney and deputy district attorney Schon were both acting as state officials, and the County is therefore not subject to liability under section 1983 for their actions."). Thus, the County, or more precisely SBSD, is not a proper defendant here and must be dismissed.

Plaintiff must bring this action against state officials or officials acting for the State. "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.), cert. denied, 528 U.S. 816 (1999) (citing Pennhurst v. Halderman, 465 U.S. 89, 100 (1984)). The Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought and extends to state instrumentalities and agencies. See Papasan v. Allain, 478 U.S. 265, 276 (1986). The Eleventh Amendment bars civil rights actions in the federal courts by a citizen against a state or its agencies unless the state has waived its immunity or Congress has overridden that immunity. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that '§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]'" Dittman v. State of California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (internal citations omitted), cert. denied, 530 U.S. 1261 (2000). However, the Eleventh Amendment "does not preclude a suit against state officers for prospective relief from an ongoing violation of federal law." Children's Hospital and Health Ctr. v. Belshe, 188 F.3d 1090, 1095 (9th Cir. 1999), cert. denied, 530 U.S. 1204 (2000); Ex Parte Young, 209 U.S. 123, 159-60 (1908). Moreover, state officials may be sued for federal violations in their individual capacities for both damages and injunctive relief. See Hafer v. Melo, 502 U.S. 21, 30-31 (1991); Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); see also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-0673-VAP (JEM) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Jonathan Birdt v. San Bernardino Sheriffs Department | | |

Ellis v. University of Kansas Medical Center, 163 F.3d 1186, 1196 (10th Cir . 1998) ("[A] suit for prospective injunctive relief against a state official acting in her official or individual capacity may still be brought in federal court. . . ."). Thus, in order for this case to proceed, Plaintiff must name members of SBSD, in particular the Sheriff, acting as agents of the State.

### III.
### Conclusion

      Based the foregoing, Plaintiff is ordered to show cause on or before **June 25, 2014**, why his FAC should not be dismissed with leave to amend because the SBSD is not subject to liability under section 1983 for the actions of the San Bernardino County Sheriff in denying Plaintiff's concealed weapon permit. If Plaintiff still wishes to pursue this action, he shall have until **June 25, 2014**, to file a response to this Order to Show Cause. Filing of a Second Amended Complaint naming an appropriate defendant shall be a satisfactory response to the Order to Show Cause. See Fed. R. Civ. P. 15; Local Rule 15.

      Failure to comply with these requirements may result in a recommendation that the FAC be dismissed with leave to amend for failure to state a claim on which relief may be granted. The failure to properly respond to this OSC may result in a recommendation that the action be dismissed for failure to prosecute and/or failure to comply with a court order.

      IT IS SO ORDERED.

cc: Parties

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | sa |