.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-0673-VAP (JEM) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Jonathan Birdt v. San Bernardino Sheriffs Department | | |

| Present: The Honorable | John E. McDermott, United States Magistrate Judge |
|---|---|

| S. Anthony | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANT'S APPLICATION TO SEAL DOCUMENTS (Docket No. 68)**

The Court in orders dated May 13, 2014 and May 23, 2014 required Defendant San Bernardino Sheriff's Department ("SBSD") to file and serve a copy of Plaintiff Jonathan Birdt's application file for a concealed weapon carry permit. The Court's May 13, 2014 Order provided that SBSD may request that the documents ordered produced be filed under seal "where sufficient justification to seal court records exists," citing Local Rule 79-5. Before the Court now is SBSD's Application to Seal Plaintiff's application file, which has been lodged with the Court. SBSD requests that the contents of Plaintiff's application file not be made public or even made available to Plaintiff. At a minimum, SBSD seeks to avoid disclosure of the Background Investigator and the Background Investigation Report. SBSD's Application to Seal is DENIED.

Preliminarily, in a previous filing in which SBSD sought a protective order without attaching the application file, SBSD argued that the file should be suppressed out of concern for witnesses who may give information confidentially. The Court has reviewed the application file and there are no witnesses identified at all in the file. Protecting witnesses obviously is not a valid ground for sealing Plaintiff's application file or issuing any protective order.

/ / /
/ / /
/ / /

.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-0673-VAP (JEM) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Jonathan Birdt v. San Bernardino Sheriffs Department | | |

1. <u>California Public Records Act Exemptions</u>.

SBSD relies on an exemption in the California Public Records Act, Cal. Govt. Code § 6250, to support its Application to Seal. Under § 6254(f), law enforcement agencies are not required to disclose documents that are records of investigatory or security files compiled for "correctional, law enforcement, or licensing purposes." SBSD cited § 6254(f) in its February 26, 2013 letter to the Plaintiff as its justification for not providing him with detailed information concerning individuals participating in the investigation.

SBSD's reliance on § 6254(f) is misplaced. First, this is a federal case asserting a federal civil rights claim and this Court is not obliged to follow nor is governed by state law. See <u>Miller v. Panucci</u>, 141 F.R.D. 292, 297 (C.D. Cal. 1992). Second, SBSD does not mention § 6254(u) which specifically states that certain information in applications for licenses to carry firearms is not required to be disclosed. § 6254(u)(1) protects information regarding threats to the applicant or the applicant's medical or psychological history. § 6254(u)(2) and (3) protects the home address and telephone numbers of government personnel, including peace officers, listed in such applications or in the licenses. Notably, § 6254(u)(2) and (3) do not protect the names of such personnel. Plaintiff's application file does not contain the home address or telephone numbers of any SBSD personnel involved in denying Plaintiff's application. The Court notes the recent California Supreme Court decision of <u>Long Beach Police Officers Association v. City of Long Beach</u>, — P.3d — , 2014 WL 2219041 (Cal. 2014) (May 29, 2014), which held that exemptions to the Public Records Act do not protect the names of officers involved in certain shootings while on duty, absent a specific safety concern regarding a particular officer. <u>Long Beach</u> did not involve a gun license but did hold that § 6254(f) is not applicable to the names of the officers. The safety concerns of those who deny carry permits would not seem to exceed those of police officers involved in on-duty shootings.

Thus, state law does not protect the names of those involved in the denial of Plaintiff's application for a carry permit, including the Background Investigator, Background Investigator Supervisor and Employee Resources Commander, unless a specific threat exists. SBSD suggests that Plaintiff may be a threat to its personnel but Mr. Birdt has never committed a crime and as in <u>Long Beach</u> SBSD has not presented

.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-0673-VAP (JEM) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Jonathan Birdt v. San Bernardino Sheriffs Department | | |

any evidence that Mr. Birdt would be a credible physical threat to those who denied his application. SBSD also seeks to protect the name of Captain Todd Paterson whom SBSD characterizes as "the Background Investigator." There is nothing in the application file to indicate Captain Paterson had anything to do with Plaintiff's application other than sending the February 26, 2013 denial letter to Plaintiff. With his name already revealed in the letter, SBSD's Application to Seal his name is moot.

    2.    <u>Official Information Privilege</u>

SBSD also invokes the official information privilege. SBSD does not identify the source of this privilege but the official information privilege in California Evidence Code § 1040(a) is inapplicable. In cases involving adjudication of federal rights, federal common law governs on issues of privilege, not state law. <u>Miller</u>, 141 F.R.D. at 297. Federal common law recognizes a qualified privilege for official information. <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653, 661 (N.D. Cal. 1987). In applying this privilege, courts must balance the government's interest in protecting the information from disclosure against the Plaintiff's need for the information and the public's interest in disclosure. <u>Id.</u> at 660.

Plaintiff's need for the information in his application file is compelling and overrides any interest in protecting that information from disclosure. Plaintiff simply cannot litigate his claim without access to the file. The Court repeatedly has said that it wants an accurate record on which to resolve Plaintiff's Second Amendment claim. Indeed, SBSD has represented that Plaintiff's application for a concealed weapon was denied on moral character grounds due to his State Bar suspension. On reviewing the file, however, there appears to be other facts that motivated the denial, namely an incident in which Plaintiff tried to submit his application in person. Plaintiff is entitled to know why his application was denied. SBSD's interest in protecting the mental impressions of the investigator to encourage honest assessment in reviewing applications must yield to permit litigation of Plaintiff's claim on a full and accurate record.

Thus, necessity dictates that Plaintiff's application file be made available to him. Also, because there is no articulable safety issue that would constitute good cause under Fed. R. Civ. P. Rule 26(c), the Court sees no basis for a protective order preventing

.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-0673-VAP (JEM) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Jonathan Birdt v. San Bernardino Sheriffs Department | | |

disclosure to the public either. Local Rule 5.2-1, however, requires redaction of personal information like Social Security numbers, bank account numbers and home addresses. Plaintiff's application file contains such information. Thus, the Court ORDERS SBSD to serve the application file in full on Plaintiff forthwith. Within five days of receipt, Plaintiff shall redact any personal information identified in Local Rule 5.2-1 he does not want public and return the redacted copy to SBSD. Henceforth, only the redacted version of the file shall be used in these proceedings.

3. <u>Disposition</u>

SBSD's Application To Seal Plaintiff's application for a concealed weapon carry permit is DENIED, as is a protective order to prevent public disclosure of the file. The SBSD personnel involved in denying Plaintiff's application for a concealed weapon carry permit and the Background Investigation Report that contains the basis for SBSD's denial of Plaintiff's application must be disclosed. The applicable file shall be redacted of the personal information specified in Local Rule 5.2-1.

IT IS SO ORDERED.

cc: Parties

|  | : |  |
|---|---|---|
| | Initials of Preparer | sa |