**JONATHAN W. BIRDT**
18252 Bermuda St.
Porter Ranch, CA 91326
Telephone: (818) 400-4485
Facsimile: (818) 428-1384
jon@jonbirdt.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT, | ) **CASE NO. EDCV 13-00673-VAP** |
| | ) |
| Plaintiff, | ) MOTION FOR SUMMARY |
| | ) JUDGMENT: DECLARATION RE |
| vs. | ) FACTS AND COMPLAINCE WITH |
| | ) LOCAL RULES |
| JOHN MCMAHON | ) |
| | ) August 12th , 2014 at 10 a.m. |
| Defendants. | ) Hon. John McDermott |
| | ) |
| | ) |
| | ) |
| | ) |

## I. <u>INTRODUCTION</u>

The Second Amendment protects the fundamental right of law abiding citizens to bear arms for self-defense, and in California, the only way Plaintiff can exercise that right is with a permit issued by the Sheriff. To date, the Sheriff refuses to issue Plaintiff a permit stating that Plaintiff lacked sufficient Moral Character to exercise a fundamental right. This very simple legal and factual issue is the entirety of this case- can Defendant exercise unfettered discretion to deny Plaintiff his ability to exercise a Fundamental Right where the US Supreme Court and the California Supreme Court have already reached contrary decisions regarding Plaintiffs' good

1  moral character?   Moreover, no discovery is necessary because Defendants exercise

2  of discretion was based solely upon facts known only to him at the time he made the

3  decision, though Plaintiff has repeatedly invited him to reconsider his possession with

4  each new legal filing offering to waive all costs in exchange for the issuance of a two

5  year permit or request for additional information to assist in processing Plaintiffs'

6  application which was denied without a fingerprint check or interview.

7  **II. <u>LEGAL STANDARD</u>**

8       Summary judgment is proper where the pleadings and materials demonstrate

9  "there is no genuine issue as to any material fact and . . . the movant is entitled to

10  judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477

11  U.S. 317, 322 (1986).  A material issue of fact is a question a trier of fact must

12  answer to determine the rights of the parties under the applicable substantive law.

13  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

14  III. **<u>PLAINTIFF HAS A FUNDAMENTAL RIGHT TO BEAR ARMS FOR</u>**

15  **<u>SELF-DEFENSE AND THE ONLY WAY TO EXERCISE THAT RIGHT</u>**

16  **<u>IN CALIFORNIA IS WITH A CCW PERMIT</u>**

17       The United States Supreme Court has clearly stated, with regard to the Second

18  Amendment, that:

19       "Putting all of these textual elements together, we find that they guarantee the

20       individual right to possess and carry weapons in case of confrontation."

21       <u>District of Columbia v. Heller</u>, 128 S. Ct. 2783, at 2798 (2008).

22

23       Again reiterated just two years later:

24       "Self-defense is a basic right, recognized by many legal systems from ancient

25       times to the present day, and in Heller, we held that individual self-defense is

26       "the central component" of the Second Amendment right".   <u>McDonald v. City</u>

27       <u>of Chicago</u> (2010) 130 S. Ct. 3020, at 3037.

28

1         This Principal likewise has already been followed in the Central District

2 wherein Magistrate John E. McDermott found no legal basis for even bringing a

3 motion to dismiss on an almost identical Complaint:

4         In <u>District of Columbia v. Heller</u>, 554 U.S. 570 (2008), the Supreme Court held

5         that the District of Columbia's "absolute prohibition of handguns held and used

6         for self defense in the home" clearly violated the Second Amendment.1 Id. at

7         628-636. In so holding, the Supreme Court explained that the Second

8         Amendment protects an individual right to "keep and carry arms," and further

9         noted that "the inherent right of self-defense has been central to the Second

10         Amendment right." Id. at 627-629. Thus, the Supreme Court identified in

11         Heller an unequivocal Second Amendment "individual right to possess and

12         carry weapons in case of confrontation." 554 U.S. at 592. In Mcdonald v. City

13         of Chicago, 130 S.Ct. 3020, 3026 (2010), the Court held that "the Second

14         Amendment right is fully applicable to the States."

15         Ruling Denying Motion to Dismiss, Case 5:13-cv-00673-VAP-JEM.

16         Plaintiff is a law abiding citizen unable to exercise his Fundamental Right to

17 Self-Defense because Defendant refuses to issue him a permit necessary to exercise

18 such right based solely upon an unlawful exercise of discretion.  When a fundamental

19 right is recognized, substantive due process forbids infringement of that right "at all,

20 no matter what process is provided, unless the infringement is narrowly tailored to

21 serve a compelling state interest."  Reno v. Flores, 507 U.S. 292 (1993) at 301-02

22 (citations omitted).

23

24

25

26

27

28

1    The 9th Circuit Court has adopted an intermediate scrutiny approach to Second

2  Amendment challenges, not a rational basis approach[1] as previously used by this

3  Court:

4    After considering the approaches taken by other circuits that considered the

5    constitutionality of § 922(g)(9), we hold as follows. We adopt the two-step

6    Second Amendment inquiry undertaken by the Third Circuit in Marzzarella,

7    614 F.3d at 89, and the Fourth Circuit in Chester, 628 F.3d at 680, among other

8    circuits. Applying that inquiry, we hold that § 922(g)(9) burdens conduct

9    falling within the scope of the Second Amendment's guarantee and that

10    intermediate scrutiny applies to Chovan's Second Amendment challenge.

11    Finally, like the First, Fourth, and Seventh Circuits, we apply intermediate

12    scrutiny….

13    U.S. v. Chovan (9th Cir. 2013) 735 F.3d 1127, 1136

14

15  IV.   **ABUSE OF DISCRETION**

16    It is repugnant to Constitutional Jurisprudence to suggest that an elected

17  official could supplant his own wisdom for that clearly stated by the legislature and

18  then exercise that discretion to deny Plaintiff the ability to exercise a Fundamental

19  Right in any lawful manner outside of his home. Under Cantwell v. Connecticut

20  (1940)  310 U.S. 296, and its progeny, States and localities may not condition a

21  license necessary to engage in constitutionally protected conduct on the grant of a

22  license officials have discretion to withhold.  Further, a host of prior restraint cases

23  establish that "the peaceful enjoyment of freedoms which the Constitution

24  guarantees" may not be made "contingent upon the uncontrolled will of an official."

25  Staub v. Baxley (1958) 355 U.S. 313, 322.

26

27

28  [1] The *Heller* Court did, however, indicate that rational basis review is not appropriate.
*U.S. v. Chovan* (9th Cir. 2013) 735 F.3d 1127, 1137

## V. CONCLUSION

Plaintiff, a law abiding citizen, seeks only to exercise his Fundamental Rights, that Defendant has denied exist.  No discovery is necessary because Defendant made his discretionary decision based upon information in his possession, and has hereafter refused to reconsider his decision despite countless offers to provide any additional information beyond that already set forth in the pleadings and in the documents voluntary produced by Plaintiff consisting of what would be his initial disclosures.

**Declaration of Plaintiff:**

1.  Prior to filing this motion I sought to meet and confer with Defense counsel who advised that she had not changed her position and would seek sanctions if the motion was filed.

2.  I have repeatedly offered to provide any piece of information in my possession or appear for deposition upon 24 hours notice.

3.  I have repeatedly offered to meet with defendant to address any issue and/or for the issuance of a standard permit in exchange for a complete waiver of costs.

4.  Defendant has declined all my offers and threatened sanctions in response.

5.  I am an attorney in good standing admitted to practice before this Court, all District Courts in California and Nevada and most recently to the United States Supreme Court.   I am admitted to practice law and in good standing with California, Nevada and Texas.

6.  I am regularly appointed by the Los Angeles Superior court as a Guardian ad Litem upon the recommendation of Public Counsel.

7.   I have no criminal record and am not prohibited from owning or possessing a firearm.

8.  I am licensed to carry a concealed weapon by Nevada and Utah, permits recognized in more than 38 States.

1       9. I am a certified NRA Range Saftey Officer and Nationally ranked

2          competitive shooter frequently competing and training with active duty Law

3          enforcement and military personnel.

4   I declare under penalty of Perjury and Rule 11 that the facts stated in this motion are

5   true and correct.

6

7   June 30, 2014                                       /s/

8                                                _____

9                                             Jonathan W. Birdt

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28