ALGERIA R. FORD, CA Bar No. 289016
Deputy County Counsel
JEAN-RENE BASLE, CA Bar No. 134107
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, CA  92415-0140
Telephone:  (909) 387-5455
Facsimile:   (909) 387-4069
Electronic Mail Address: Algeria.Ford@cc.sbcounty.gov

Attorneys for Defendant, JOHN McMAHON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JONATHAN BIRDT,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JOHN MCMAHAN,<br><br>　　　　　Defendant. | ) CASE NO.  EDCV 13-00673-VAP<br>) (JEM)<br>)<br>) NOTICE OF MOTION AND MOTION<br>) TO DISMISS SECOND AMENDED<br>) COMPLAINT; MEMORANDUM OF<br>) POINTS AND AUTHORITIES IN<br>) SUPPORT THEREOF<br>)<br>) [PROPOSED] ORDER OF DISMISSAL<br>) FILED AS A SEPARATE DOCUMENT<br>)<br>) Date:   August 26, 2014<br>) Time:  10:00 a.m.<br>) Crtrm.: C, 8TH Floor<br>)<br>) Referred to Magistrate Judge<br>) John E. McDermott |
|---|---|

TO PLAINTIFF IN PROPRIA PERSONA, JONATHAN BIRDT:

**PLEASE TAKE NOTICE** that on **Tuesday, August 26, 2014** at **10:00 a.m.**, or as soon thereafter as the matter may be heard in Courtroom C, of the above-entitled court, located at 312 North Spring

1

Street, Eighth Floor, Los Angeles, California, Defendant, JOHN McMAHON, will move to dismiss the Second Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure the as follows:

1. For failure to state a Claim against Defendant, JOHN McMAHON, for Second Amendment Violation under 42 U.S.C. § 1983.

This motion will be based upon this Notice, the attached Memorandum of Points and Authorities served and filed herewith, the pleadings and orders on file herein, including the Second Amended Complaint, and on such other matters as the Court may allow or consider at the time of the hearing.

## COMPLIANCE WITH LOCAL RULE 7–3

Plaintiff is appearing pro se. Pursuant to Local Rule 7-3 the parties discussed defendant's intention to file a Motion to Dismiss on the basis that the Second Amended Complaint did not state a cause of action. Plaintiff did not express any desire to voluntarily dismiss the case.

DATED: July 22, 2014          JEAN-RENE BASLE
                              County Counsel


                              /s/ Algeria R. Ford
                              ALGERIA R. FORD
                              Deputy County Counsel
                              Attorneys for Defendant,
                              JOHN McMAHON

## I.
## INTRODUCTION

Plaintiff alleges he is a resident of San Bernardino County and that on February 26, 2013, the San Bernardino County Sheriff's Department denied him a concealed weapons permit. He further alleges that this denial violated his Second Amendment right to carry a concealed weapon.

On July 1, 2014, Plaintiff served upon Sheriff JOHN McMAHON a Second Amended Complaint (SAC), alleging a Second Amendment violation. In his only cause of action plaintiff claims that he cannot bear arms without being issued a concealed carry permit, that he has complied with all the statutory requirements to possess a concealed carry permit, and that he has a right to possess a weapon for self-defense outside the home. He seeks an order requiring the issuing of the permit and also, attorney fees, although he is representing himself.

## II.
## AUTHORITY

This motion is made pursuant to Rule 12 (b) (6) of the <u>Federal Rules of Civil Procedure</u>, which states as follows:

> (b) . . . the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted . . .

A dismissal pursuant to Rule 12 (b) (6) is proper where there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).

In ruling on a motion to dismiss, a court may consider matters of judicial notice, without converting the motion to dismiss into a motion for

3
NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT
#2C86583

summary judgment. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Additionally, a court "may take judicial notice of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006). In this case, plaintiff's Concealed Carry application was filed with the Court, pursuant Court Order. Defendant would ask that this Court take judicial notice of the entire filed application. Furthermore, the Declaration of Sarah Hendrix was filed, in connection with former Defendant San Bernardino County's Opposition to Plaintiff's Motion for Summary Judgment. Defendant would ask that this Court take judicial notice of the declaration. Finally, defendant previously filed Exhibit "A," a copy of a public record of plaintiff's state bar discipline and stipulation, with this Court. Defendant would ask that this Court take judicial notice of this document.

## III.
## ARGUMENT

In the First Cause of action, plaintiff claims that he has complied with all statutory requirements but the defendant refuses to issue him a permit. Notably, plaintiff does not challenge the constitutionality of the statutory scheme. If he did, there would be different requirements he would have to comply with and other parties that would be necessarily involved. However, since he does not, plaintiff relies on the statute to his detriment because under the statute, the Sheriff has discretion.

California Penal Code 26150 grants discretion to a sheriff of a county to issue a license to that person upon proof that (1) The applicant is of good moral character; (2) Good cause exists for issuance of the license; (3) The applicant is a resident of the county or a city within the county, or the applicant's principal place of employment or business is in

the county or a city within the county and the applicant spends a substantial period of time in that place of employment or business; and, (4) The applicant has completed a course of training as described in Penal Code Section 26165. In other words, even if the defendant conceded that plaintiff had complied with all statutory requirements, which he does not, by the express language of the statute all compliance with the requirements does is put plaintiff in a position where the Sheriff could exercise his discretion regarding whether or not to issue. There is no mandate that the Sheriff must issue. Since the plaintiff's entire Second Amended Complaint is solely based on a statutory scheme that does not dictate a mandatory issuance, his Second Amended Complaint fails to state a claim because discretion is permitted.

Furthermore, there is no presumptive Second Amendment violation for mere denial of a Concealed Carry Weapons permit. Thus, the Complaint fails to state a claim because it does not allege that the defendant has failed to state a reason or reasons for the denial of the permit or that the reason or reasons are arbitrary and capricious. Although plaintiff claims in the introduction that the defendant denied his concealed weapons permit without a "statutory reason," not only has plaintiff neglected to incorporate such reference into his Cause of Action, he ignores the fact that the statute does not require a reason for denial. Once again, then, plaintiff's Second Amended Complaint fails to state a claim because the facts he pleads, including his reliance on the statute, do not establish a Constitutional violation.

Next, a copy of a public record of plaintiff's state bar discipline and stipulation was previously filed with this Court. In that public record, plaintiff signed an admission indicating that he committed acts involving

moral turpitude, dishonesty and/or corruption. He lied to a Superior Court under penalty of perjury, communicated with a represented party and entered into a stipulation that he conceded to committing acts involving moral turpitude, dishonesty and/or corruption. The stipulation was signed in 2009 and plaintiff was issued a severe penalty for his misconduct, being suspending from the practice of law for a year, placed on probation for two years, and ordered to retake the MPRE.

The filings with this Court indicate that defendant denied plaintiff's permit on the grounds that he lacked good Moral Character. The public record supports that. Although plaintiff claims he has good Moral Character he does not dispute that his application was denied for a lack of good moral character. Plaintiff's dispute regarding the determination that he lacks good moral character does not transform the decision into a Constitutional violation. Plaintiff has not cited any law that would suggest that denial based on good moral character is a Constitutional violation. In fact, the statute itself, heavily relied upon by plaintiff, does not even allow for the Sheriff's exercise of discretion until there is a determination that plaintiff has good moral character.

Finally, plaintiff is also not entitled to attorney fees. In *Kay v. Ehrler* the Supreme Court held that § 1988 does not permit awards of attorney's fees to pro se plaintiffs who, being attorneys, represent themselves in successful civil rights actions. *Rickley v. County of L.A.*, 2011 U.S. App. LEXIS 20186, 6-7 (9th Cir. Cal. Oct. 4, 2011) (citing *Kay v. Ehrler*, 499 U.S. 432, 437-38 (U.S. 1991).

/ / / /

/ / / /

/ / / /

**CONCLUSION**

In sum, plaintiff's sole reliance on the statute to support a constitutional violation is misguided because the statute empowers discretion. Furthermore, the defendant has the right under the statute to exercise that discretion, even if the plaintiff complied with the statutory requirements.

Plaintiff does not argue the constitutionality of the statute and states no facts to support a Constitutional violation based on mere denial. Based on the foregoing, Defendant respectfully requests dismissal of the Second Amended Complaint, with prejudice.

DATED: July 22, 2014

JEAN-RENE BASLE
County Counsel

/s/ Algeria R. Ford
ALGERIA R. FORD
Deputy County Counsel
Attorneys for Defendant,
JOHN McMAHON