

# EMPLOYEE RESOURCES DIVISION

## BACKGROUND INVESTIGATION REPORT

☐ **PASSED**   ☒ **CCW DENIAL**   ☐ **DISQUALIFICATION**   ☐ **NON-SELECT**

Name:   Birdt, Jonathan                                   Soc. Sec # ▓▓▓▓▓▓▓

| ☒ CCW | ☐ PROFESSIONAL STAFF | ☐ SAFETY (Coroner Investigator) | ☐ SAFETY (Dispatcher) |
|---|---|---|---|
| ☐ SAFETY (DST) | ☐ SAFETY (Lateral) | ☐ SAFETY (Pre-Service) | ☐ SAFETY (Reserve) |

### SAFETY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **A** | ☐ | Integrity | **E** | ☐ | Confronting, Overcoming Problems & Adversity | **I** | ☐ | Learning Ability |
| **B** | ☐ | Impulse Control / Attention to Safety | **F** | ☐ | Conscientiousness | **J** | ☐ | Communication Skills |
| **C** | ☐ | Substance Abuse / Other Risk-taking Behavior | **G** | ☐ | Interpersonal Skills | **K** | ☐ | Failure to Meet Job Requirements |
| **D** | ☐ | Stress Tolerance | **H** | ☐ | Decision-making & Judgment | **L** | ☐ | Other Factors / Auto DQ |

### PROFESSIONAL STAFF

| **1** | ☐ | Honesty | **2** | ☐ | Interpersonal Conduct | **3** | ☐ | Conduct Against Society | **4** | ☐ | History of Stability |
|---|---|---|---|---|---|---|---|---|---|---|---|

### INVESTIGATOR NOTES

Birdt came into the office and picked up an application. I overheard a heated discussion at the front counter. OAII Sanchez was trying to explain the process to a white male adult (later identified as Birdt). I explained the packet and the process to Birdt. I told him that when he had all of the correct documentation to call the number in the packet for an interview date. He said he had a copy he downloaded CADOJ form off of the DOJ website. He was very adamant about just leaving it at the counter (without all of the required documentation).

I explained to him we do not accept applications without an appointment. He told me we had to accept his application. I said we do accept the application with the appointment and the correct documentation. He was extremely irate and marched out of the office.

I received a letter with his application and a check.

The following are concerns:
1. We do not accept applications via the mail.
2. We do not accept checks.
3. The letter was addressed to Sheriff James Pohlmann (unknown).
4. He has only resided in San Bernardino County for 2 weeks. He bought a condo in Big Bear, which appears to be a rental or vacation home.
5. He currently owns a home in Porter Ranch.
6. On 11/05/2009, he was disciplined with an actual suspension –he was not able to practice law for one year and placed on two years of probation. He had an actual 30-day suspension and order to take the MPRE. This took effect November 05, 2009.
7. Birdt falsely told the court under the penalty of perjury that his client, the employer, directly negotiated the settlement with the four plaintiffs without his involvement. He stipulated that his actions involved moral turpitude.

Birdt committed Perjury under Oath.

Birdt not only have an aggressive defiant behavior with the staff in the Employee Resources Division and, he failed to follow directions.
He Lacks Good Moral Character, which was noted by the California Bar Association.

The San Bernardino County Sheriff's Department should not consider Birdt for a CCW permit.

Background Investigator:      S. Hendrix, Deputy Sheriff    Date:    02/07/2013

Background Investigator Supervisor:    R Summers 53467    Date:    2/25/13

Employee Resources Commander:      Date:    2.25.2013

After review of the applicant's **APPEAL** letter, original background investigation and new relevant information the applicant:  ☐ Remains disqualified.      ☐ Is granted an appeal.

**Comments:** _____

_____

_____

**APPEAL RESULTS:**  ☐ **Remains Disqualified**      ☐ **Applicant Passed Background**

Appeal investigation conducted by: _____   Date: _____

Background Investigator Supervisor: _____   Date: _____

Employee Resources Commander: _____   Date: _____

REV 09/2011

 

February 26, 2013

Jonathan W. Birdt

Porter Ranch, Ca 91326

Dear Mr. Birdt:

Due to the findings of our background investigation this office has chosen not to issue you a permit to carry a Concealed Weapon. I understand this is a serious matter; however the Sheriff's Department concludes that the denial of the CCW Permit in your case is appropriate and this decision is final. Pursuant to the provision of Government code 6254 (f), the Sheriff will not provide you with the detailed information concerning individuals participating in the investigation.

Sincerely,

**John McMahon, Sheriff**

**By: Todd Paterson, Captain**

Attachment: Personal check # 1107 in the amount of $29.20.

JM:TP:jm



# California Department of Justice



# STANDARD APPLICATION
# FOR LICENSE TO CARRY
# A CONCEALED WEAPON (CCW)

BCIA 4012 (6/99)

**California Department of Justice**
# STANDARD APPLICATION
for
# LICENSE TO CARRY A CONCEALED WEAPON (CCW)

## Authority

California Penal Code (PC) sections 12050 through 12054 provide that a sheriff of a county or the chief or other head of a municipal police department of any city or city and county may issue a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person (CCW license). PC section 12051(a)(3)(A) requires the Attorney General to prescribe a statewide standard application form for a CCW license.

## Who May Be Issued a License

The licensing authority specified in PC section 12050(a)(1) (a sheriff or head of a municipal police department) may issue a license to persons who are of good moral character, who have completed a course of training, and where good cause exists for issuance of the CCW license. All applications for a CCW will be fingerprinted and state records will be checked to determine if they are in a prohibiting class. Attachments 1, 2, and 3 (following page 14 of this application) list all categories that would cause a person to be in a class prohibiting them from possessing firearms and being granted a CCW license. These attachments are updated annually to reflect new legislation and other changes in the law.

## Format of CCW License

A CCW license may be issued in either of the following formats:

1. A license to carry concealed, a pistol, revolver, or other firearm capable of being concealed upon the person.
2. Where the population of the county is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in that county a pistol, revolver, or other firearm capable of being concealed upon the person

## Training Required

PC section 12050(a)(1)(B) and (E) specifies that new license applicants must complete a course of training. The training may consist of any course acceptable to the licensing authority. The licensing authority may require either a course not to exceed 16 hours which includes instruction on at least firearms safety and the law regarding the permissible use of a firearm or a community college course not to exceed 24 hours certified by the Commission on Peace Officer Standards and Training. If the licensing authority requires the community college course, it must be uniformly required for all CCW license applicants. The licensing authority may also require annual qualification on the weapon(s) during the term for which the CCW license is granted.

For license renewal applicants, the course of training may be any course acceptable to the licensing authority, shall be no less than four hours in length, and shall include instruction on at least firearm safety and the law regarding permissible use of a firearm

State of California, Department of Justice

# Standard Application for CCW License

## Psychological Testing

In addition to licensing requirements as specified by the licensing authority, jurisdictions may require psychological testing on the initial application. If required, the applicant shall be referred to a licensed psychologist used by the licensing authority for the psychological testing of its own employees. Any fees charged will be the responsibility of the applicant and such fees shall not exceed $150.00 for an initial test. Additional psychological testing of an applicant seeking license renewal shall be required only if there is compelling evidence to indicate that a test is necessary (PC section 12054(c)).

## Completing the Application

Answering all the questions on this standard application does not guarantee the issuance of a CCW license. The determination whether or not to issue the license is the prerogative of the licensing authority. Each licensing authority, in addition to using the state standard application form, will have a written policy summarizing what they require pursuant to PC section 12050(1)(1)(A) and (B). Prior to issuing a CCW, the statutes require proof that:

- The applicant is of good moral character,
- Good cause exists to issue the CCW license,
- The applicant meets residence requirements, and
- The course of training prescribed by the licensing authority has been completed.

The application on the following pages sets forth standardized questions to be used by the CCW licensing authority to determine whether a CCW license shall be issued. The applicant shall not be required to complete any additional application or form for a CCW license, or to provide any information other than that necessary to complete this standard application form except to clarify or interpret information provided herein (PC section 12051(a)(3)(C)).

The applicant will certify that all answers provided are true and correct to the best of their knowledge and belief under penalty of perjury. The applicant will also acknowledge that information disclosed on this application may be subject to public disclosure.

### Important Instructions

- **Fill out, read, and sign Sections 1 through 5, as directed. Use additional pages if more space is required.**

- **Sections 6, 7, and 8 must be completed in the presence of an official of the licensing agency.**

- **Review Section 7 and be prepared to answer these questions orally. Do not write anything in Section 7 unless specifically directed to do so by the licensing agency.**

Section 1 – Applicant Personal Information ................................................................3
Section 2 – Applicant Clearance Questions ..............................................................3
Section 3 – Description of Weapon(s) .......................................................................5
Section 4 – CCW License Conditions and Restrictions ...........................................6
Section 5 – Applicable California Penal Code Sections ............................................7
Section 6 – Agreement to Restrictions and to Hold Harmless .................................10
Section 7 – Investigator's Interview Notes ..............................................................11
Section 8 – Certification and Release of Information ...............................................14

Attachment 1 – California Prohibiting Categories for a CCW License .....................16
Attachment 2 – California Prohibiting Misdemeanors ..............................................17
Attachment 3 – Federal Prohibiting Categories for Possessing Firearms ..............19

-2-

State of California, Department of Justice

# Standard Application for CCW License

| Official Use Only – Type of Permit Requested |  |
|---|---|
| ( ) Standard | ( ) Judge |
| ( ) Reserve Officer | ( ) 90 Day |

## Public Disclosure Admonition

I understand that I am obligated to be complete and truthful in providing information on this application. I understand that all of the information disclosed by me in this application may be subject to public disclosure.

_____     _____
Applicant Signature                                                    Date

_____     _____
Witness Signature / Badge Number                             Date

## Section 1 – Applicant Personal Information

Name: **Birdt, Jonathan Wesley**
            Last                              First                              Middle

If Applicable
Maiden Name or other Name(s) Used:_____

City and County
of Residence:_Big Bear Lake, San Bernardino County_          Country of Citizenship:_USA_

Date of Birth:▪▪▪▪/1971     Place of Birth:_Los Angeles, Los Angeles, CA_
                                                                    City                County                State

Height:_6'_          Weight:_230_          Color Eyes:_hazel_          Color Hair:_brown_

## Section 2 – Applicant Clearance Questions

1.   **Do you now have, or have you ever had a license to carry a concealed weapon (CCW)?**
      No_____ Yes_✓_ **(If yes, please indicate below. Use additional pages if necessary.)**

Issuing Agency_Utah/Nevada_          Issue Date_2009/2010_          CCW#_C315219/2745005_

2.   **Have you ever applied for and been denied a license to carry a concealed weapon?**
      No_____ Yes_✓_ **(If yes, give agency name, date and reason for denial.)**

LASD & LAPD- Failure to show a clear and present danger of immediate harm.
_____

_____

-3-

STATE of NEVADA, CLARK COUNTY

**Las Vegas Metropolitan Police Department**

**CONCEALED FIREARMS PERMIT**



JONATHAN W BIRDT

Permit No: 2745005

Issued: 01-07-2010

Expires: 01-07-2015

**UTAH**                                    **C315219**

DEPARTMENT OF PUBLIC SAFETY

**Concealed Firearm Permit**

NAME: JONATHAN    WESLEY    BIRDT

D.O.B.: ███1971    SEX:  **M**

ADDRESS: ████████

CITY: NORTHRIDGE    ST: **CA** ZIP: 91326

DATE OF ISSUE:  7/31/2009    DATE OF EXPIRATION: 7/31/2014

HT: **600**  WT: **215**  EYES: **GRN**  HAIR: **BRO**

Commissioner of Public Safety:



State of California, Department of Justice
## Standard Application for CCW License

### Section 2 – Applicant Clearance Questions – (continued)

3.  Have you ever held and subsequently renounced your United States citizenship?
    No__✓__Yes_____ (If yes, explain):
    _____

4.  If you served with the Armed Forces, were you ever convicted of any charges or was

    your discharge other than honorable?  No____    Yes_____ (If yes, explain):
    _____

    _____

5.  Are you now, or have you been a party to a lawsuit in the last five years?
    No_____Yes__✓__ (If yes, explain):
    I am an attorney actively involved in litigation.  I have sued an been sued many times.
    _____

    _____

    _____

6.  Are you now, or have you been, under a restraining order(s) from any court?
    No__✓__Yes_____ (If yes, explain):
    _____

    _____

7.  Are you on probation or parole from any state for conviction of any offense including
    traffic?  No__✓__Yes__✓__ (If yes, explain):
    _____

    _____

-4-

State of California, Department of Justice
## Standard Application for CCW License

### Section 2 – Applicant Clearance Questions – (continued)

8.  List all traffic violations (moving violations only)  and motor vehicle accidents you have
    had in the last five years.  (Use additional pages if necessary.)

| Date | Violation / Accident | Agency / Citation # |
|---|---|---|
| I think I had a speeding ticket last year and went to traffic school. | | |

9.  Have you ever been convicted for any criminal offense (civilian or military) in the U.S.
    or any other country?

    No __✓__ Yes_____ (If yes, explain including date, agency, charges, and disposition.)

10. Have you witheld any fact that might affect the decision to approve this license?

    No __✓__ Yes_____ (If yes, explain):

### Section 3 – Descriptions of Weapons:

List below the weapons you desire to carry if granted a CCW.  You may carry concealed only
the weapon(s) which you list and describe herein, and only for the purpose indicated.  Any
misuse will cause an automatic revocation and possible arrest.  (Use additional pages if
necessary.)

| | Make | Model | Caliber | Serial No. |
|---|---|---|---|---|
| 1. | Smith & Wesson | M&P | 9mm | DWS 5892/DYB 1268 |
| 2. | Smith & Wesson | M&P | .40 | DxN 4550/DxN 4551/mJP 6922 |
| 3. | Ruger | LC 9 | 9m | 320-60226 |

-5-

State of California, Department of Justice
# Standard Application for CCW License

## Section 4 – CCW License Conditions and Restrictions

The licensee is responsible for all liability for, injury to, or death of any person, or damage to any property which may result through any act or omission of either the licensee or the agency that issued the license. In the event any claim, suit, or action is brought against the agency that issued the license, its chief officer or any of its employees, by reason of, or in connection with any such act or omission, the licensee shall defend, indemnify, and hold harmless the agency that issued the license, its chief officer or any of its employees from such claim, suit, or action.

The licensee authorizes the licensing agency to investigate, as they deem necessary, the licensee's record and character to ascertain any and all information which may concern his/her qualifications and justification to be issued a license to carry a concealed weapon and release said agency of any and all liability arising out of such investigation.

While exercising the privileges granted to the licensee under the terms of this license, the licensee shall not, when carrying a concealed weapon:
- Consume any alcoholic beverage.
- Be in a place having a primary purpose of dispensing alcoholic beverages for on-site consumption.
- Be under the influence of any medication or drug, whether prescribed or not.
- Refuse to show the license or surrender the concealed weapon to any peace officer upon demand.
- Impede any peace officer in the performance of his/her duties.
- Present himself/herself as a peace officer to any person unless he/she is, in fact, a peace officer as defined by California law.
- Unjustifiably display a concealed weapon.
- Carry a concealed weapon not listed on the permit.
- Carry a concealed weapon at times or circumstances other than those specified in the permit.

Pursuant to U.S. Government Code – Title 49, Chapter 26, Section 1472(1) and Federal Aviation Regulation 121.583, a license to carry a concealed weapon does not authorize a person to carry a firearm, tear gas, or any dangerous weapon aboard commercial airlines. Further, a person must declare that he/she is carrying such firearm, tear gas, or dangerous weapon BEFORE entering the boarding area of an air terminal where the security checks are made. Such violation can result in arrest by law enforcement.

Any violation of these restrictions or conditions may invalidate the CCW license and may void any further use of the license until reinstated by the licensing authority. Any arrest for a felony or serious misdemeanor, including driving under the influence of alcohol and/or drugs, is cause for invalidating the license.

State of California, Department of Justice
# Standard Application for CCW License

## Section 5 – Applicable California Penal Code Sections

**The following Penal Code sections are of special importance to the holder of a CCW license regarding the use, carrying, and storage of firearms:**

### Penal Code Section 12051 – Applications for CCW Licenses; False Statements

(b) Any person who files an application required by subdivision (a) knowing that statements contained therein are false is guilty of a misdemeanor.

(c) Any person who knowingly makes a false statement on the application regarding any of the following shall be guilty of a felony:
   (1) The denial or revocation of a license, or the denial of an amendment to a license, issued pursuant to Section 12050.
   (2) A criminal conviction.
   (3) A finding of not guilty by reason of insanity.
   (4) The use of a controlled substance.
   (5) A dishonorable discharge from military service.
   (6) A commitment to a mental institution.
   (7) A renunciation of United States citizenship.

### Penal Code Section 192 – Manslaughter

Manslaughter is the unlawful killing of a human being without malice.
(a)   Voluntary – upon a sudden quarrel or heat of passion.
(b)   Involuntary – in the commission of an unlawful act, not amounting to a felony; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection; provided that this subdivision shall not apply to acts committed in the driving of a vehicle.

### Penal Code Section 197 – Justifiable Homicide; Any Person

Homicide is justifiable when committed by any person in any of the following cases:
1.   When resisting any attempt to murder any person, or to commit a felony, or to do some great bodily injury upon any person; or,
2.   When committed in defense of habitation, property, or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony, or against one who manifestly intends and endeavors, in a violent, riotous or tumultuous manner, to enter the habitation of another for the purpose of offering violence to any person therein; or,
3.   When committed in the lawful defense of such person, or of a wife or husband, parent, child, master, mistress, or servant of such person, when there is reasonable ground to apprehend a design to commit a felony or to do some great bodily injury, and imminent danger of such design being accomplished; but such person, or the person in whose behalf the defense was made, if he was the assailant or engaged in mutual combat, must really and in good faith have endeavored to decline any further struggle before the homicide was committed; or,
4.   When necessarily committed in attempting, by lawful ways and means, to apprehend any person for any felony committed, or in lawfully suppressing any riot, or in lawfully keeping and preserving the peace.

State of California, Department of Justice
## Standard Application for CCW License

**Section 5 – Applicable California Penal Code Sections – (continued)**

### Penal Code Section 198 – Justifiable Homicide; Sufficiency of Fear (Limitation of Self-defense of Property Rule)

A bare fear of the commission of any of the offenses mentioned in subdivisions 2 and 3 of Section 197, to prevent which homicide may be lawfully committed, is not sufficient to justify it. But the circumstances must be sufficient to excite the fears of a reasonable person, and the party killing must have acted under the influence of such fears alone.

### Penal Code Section 199 – Justifiable and Excusable Homicide; Discharge of Defendant

The homicide appearing to be justifiable or excusable, the person indicted must, upon his trial, be fully acquitted and discharged.

### Penal Code Section 12035 – Storage of Firearms Accessible to Children

(a) As used in this section, the following definitions shall apply:
    (1) "Locking device" means a device that is designed to prevent the firearm from functioning and when applied to the firearm, renders the firearm inoperable.
    (2) "Child" means a person under the age of 16 years.
    (3) "Off-premises" means premises other than the premises where the firearm was stored.
    (4) "Locked container" has the same meaning as set for the in subdivision (d) of Section 12026.2.
(b) (1) Except as provided in subdivision (c), a person commits the crime of "criminal storage of a firearm of the first degree" if he or she keeps any loaded firearm within any premise which is under his or her custody or control and he or she knows or reasonably should know that a child is likely to gain access to the firearm without the permission of the child's parent or legal guardian and the child obtains access to the firearm and thereby causes death or great bodily injury to himself, herself, or any other person.
    (2) Except as provided in subdivision (c), a person commits the crime of "criminal storage of a firearm of the second degree" if he or she keeps any loaded firearm within any premise which is under his or her custody or control and he or she knows or reasonably should know that a child is likely to gain access to the firearm without the permission of the child's parent or legal guardian and the child obtains access to the firearm and thereby causes injury, other than great bodily injury, to himself, herself, or any other person, or carries the firearm either to a public place or in violation of Section 417.
(c) Subdivision (b) shall not apply whenever any of the following occurs:
    (1) The child obtains the firearm as a result of an illegal entry to any premises by any person.
    (2) The firearm is kept in a locked container or in a location that a reasonable person would believe to be secure.
    (3) The firearm is carried on the person or within such a close proximity thereto so that the individual can readily retrieve and use the firearm as if carried on the person.
    (4) The firearm is locked with a locking device that has rendered the firearm inoperable.
    (5) The person is a peace officer or a member of the armed forces or national guard and the child obtains the firearm during, or incidental to, the performance of the person's duties.
    (6) The child obtains, or obtains and discharges, the firearm in a lawful act of self-defense or defense of another person, or persons.
    (7) The person who keeps a loaded firearm on any premise which is under his or her custody or control has no reasonable expectation, based on objective facts and circumstances, that a child is likely to be present on the premise.

-8-

State of California, Department of Justice
# Standard Application for CCW License

## Section 5 – Applicable California Penal Code Sections – (continued)

### Penal Code Section 12036 – Firearms Accessed by Children and Carried Off-premises

(a) As used in this section, the following definitions shall apply:

    (1) "Locking device" means a device that is designed to prevent the firearm from functioning and when applied to the firearm, renders the firearm inoperable.

    (2) "Child" means a person under the age of 16 years.

    (3) "Off-premises" means premises other than the premises where the firearm was stored.

    (4) "Locked container" has the same meaning as set forth in subdivision (d) of Section 12026.2.

(b) A person who keeps a pistol, revolver, or other firearm capable of being concealed upon the person, loaded or unloaded, within any premise that is under his or her custody or control and he or she knows or reasonably should know that a child is likely to gain access to that firearm without the permission of the child's parent or legal guardian and the child obtains access to that firearm and thereafter carries that firearm off-premises, shall be punished by imprisonment in a county jail not exceeding one year, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine.

(c) A pistol, revolver, or other firearm capable of being concealed upon the person that a child gains access to and carries off-premises in violation of this Section shall be deemed "used in the commission of any misdemeanor as provided in this code or any felony" for the purpose of subdivision (b) of Section 12028 regarding the authority to confiscate firearms and other deadly weapons as a nuisance.

(d) This Section shall not apply if one of the following circumstances exists:

    (1) The child obtains the pistol, revolver, or other firearm capable of being concealed upon the person as a result of an illegal entry into any premises by any person.

    (2) The pistol, revolver, or other firearm capable of being concealed upon the person is kept in a locked container or in a location that a reasonable person would believe to be secure.

    (3) The pistol, revolver, or other firearm capable of being concealed upon the person is locked with a locking device that has rendered the firearm inoperable.

    (4) The pistol, revolver, or other firearm capable of being concealed upon the person is carried on the person within such a close range that the individual can readily retrieve and use the firearm as if carried on the person.

    (5) The person is a peace officer or a member of the armed forces or national guard and the child obtains the pistol, revolver, or other firearm capable of being concealed upon the person during, or incidental to, the performance of the person's duties.

    (6) The child obtains, or obtains and discharges, the pistol, revolver, or other firearm capable of being concealed upon the person in a lawful act of self-defense or defense of another person or persons.

    (7) The person who keeps a pistol, revolver, or other firearm capable of being concealed upon the person has no reasonable expectation, based on objective facts and circumstances, that a child is likely to be present on the premises.

-9-

State of California, Department of Justice
## Standard Application for CCW License

### Section 6 – Agreement to Restrictions and to Hold Harmless

I accept and assume all responsibility and liability for, injury to, or death of any person, or damage to any property which may result through any act or omission of either the licensee or the agency that issued the license. In the event any claim, suit or action is brought against the agency that issued the license, its chief officer or any of its employees, by reason of, or in connection with any such act or omission, the licensee shall defend, indemnify, and hold harmless the agency that issued the license, its chief officer or any of its employees from such claim, suit, or action.

I understand that the acceptance of my application by the licensing authority does not guarantee the issuance of a license and that fees and costs are not refundable if denied. I further understand that if my application is approved and I am issued a license to carry a concealed weapon, that the license is subject to restrictions placed upon it and that misuse of the license will cause an automatic revocation and possible arrest and that the license may also be suspended or revoked at the discretion of the licensing authority at any time. I am aware that any use of a firearm may bring criminal action or civil liability against me.

I have read, understand, and agree to the CCW license liability clauses, conditions, and restrictions stated in this Application and Agreement to Restrictions and to Hold Harmless.

I have read and understand the applicable Penal Code sections regarding False Statements on a CCW Application, Manslaughter, Killing in Defense of Self or Property, Limitation on Self-defense and Defense of Property, and Child Access and Firearm Storage, stated in this application.

I have read and understand Attachment 1 – California Prohibiting Categories for a CCW License, Attachment 2 – California Prohibiting Misdemeanors, and Attachment 3 – Federal Prohibiting Categories for Possessing Firearms. I further acknowledge that these Prohibiting Categories can be amended or expanded by state or federal legislative or regulatory bodies and that any such amendment or expansion may affect my eligibility to hold a CCW.

_____          _____
**Applicant Signature**                                              **Date**

_____          _____
**Witness Signature / Badge Number**                          **Date**

-10-

**Jonathan Birdt**

| | |
|---|---|
| **From:** | OnlineCustomerService@swgas.com |
| **Sent:** | Saturday, January 26, 2013 1:21 AM |
| **To:** | Jonathan Birdt |
| **Subject:** | Welcome to Southwest Gas |

**DO NOT REPLY. This is a system generated message from an unmonitored mailbox. Email sent to this mailbox will not be responded to. If you wish to contact us, please visit www.swgas.com**

Hello JON BIRDT,

Welcome to Southwest Gas. Now that you have started natural gas service at

███████████████

BIG BEAR LAKE, CA 92315

be sure to take advantage of our online customer services features through MyAccount at swgas.com. It's free, secure and convenient. With MyAccount, you can manage your natural gas bill from anywhere. With MyAccount you can:

- View current balance and payments
- View billing history with downloadable PDFs of past statements
- Update mailing address and phone number
- Maintain multiple gas accounts

Click the link below and follow the easy instructions on the screen.

http://myaccount.swgas.com/enroll?token=A3226CDE722E1357AAA11C013FB45A41

Thank you for your business.

**The information in this electronic mail communication (e-mail) contains confidential information, which is the property of the sender and may be protected by the attorney-client privilege and/or attorney work product doctrine.** It is intended solely for the addressee. Access to this e-mail by anyone else is unauthorized by the sender. If you are not the intended recipient, you are hereby notified that any disclosure, copying, or distribution of the contents of this e-mail transmission or the taking or omission of any action in reliance thereon or pursuant thereto, is prohibited, and may be unlawful. If you received this e-mail in error, please notify us immediately of your receipt of this message by e-mail and destroy this communication, any attachments, and all copies thereof. Southwest Gas Corporation does not guarantee the privacy or security of information transmitted by facsimile (fax) or other unsecure electronic means (including e-mail). By choosing to send or receive information, including confidential or personal identifying information, via fax or unencrypted e-mail, you consent to accept any associated risk.

*Thank you for your cooperation.*

No. 12-56508 [DC# 2:11-cv-08026]

IN THE
UNITED STATES COURT OF APPEALS FOR
THE NINTH CIRCUIT

SIGITAS RAULINAITIS and
RIMA RAULINAITIS,

*Plaintiffs-Appellants*, v.

LOS ANGELES SHERIFFS
DEPARTMENT, et. al.,

*Defendants-Appellees.*

APPEAL FROM THE UNITED STATES
DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

**APPELLANTS' OPENING BRIEF**

Jonathan W. Birdt (S.B.N. 183908)
Law Office of Jonathan W. Birdt
███████
Porter Ranch, CA 91326
Tel. No. (818) 400-4485
Fax No: (818) 428-1384
e-mail: Jon@jonbirdt.com
**Plaintiffs-Appellants**
**Sigitas Raulinaitis & Rima Raulinaitis**

1

# <u>CORPORATE DISCLOSURE STATEMENT</u>

No corporate Apellants.

# <u>TABLE OF CONTENTS</u>

ISSUES PRESENTED ........................................................................................................... 5

STATEMENT REGARDING ORAL ARGUMENT AND REPLY BRIEF ............................. 5

STATEMENT OF JURISDICTION ...................................................................................... 5

STATEMENT OF FACTS ..................................................................................................... 6

STANDARD OF REVIEW ON SUMMARY JUDGMENT .................................................. 9

SUMMARY OF ARGUMENT ............................................................................................. 10

ARGUMENT ........................................................................................................................ 11

    I.    THE SECOND AMENDMENT PROTECTS THE RIGHT TO BEAR ARMS BY LAW ABIDING CITIZENS OUTSIDE THE HOME FOR THE PURPOSE OF SELF-DEFENSE ............. 12

    II.    PUBLIC SAFETY ALONE DOES NOT WARRANT INFRINGEMENT OF A FUNDAMENTAL RIGHT ............................................................................................................. 13

    III.    UNBRIDLED DISCRETION BY AN ELECTED OFFICIAL CANNOT BE COUNTENANCED BY THIS COURT ................................................................................. 14

    IV.    THE DISTICT COURT FAILED TO CONSIDER THE SIGNIFICANT EVIDENCE OFFERED IN OPPOSITION TO THE MOTION ......................................................... 15

CONCLUSION ...................................................................................................................... 17

# TABLE OF AUTHORITIES

## Cases

Berger v. City of Seattle, (9th Cir. 2009) 569 F.3d 1029...........................................9

Cantwell v. Connecticut (1940)  310 U.S. 296 ........................................................15

Desert Outdoor Advertising v. City of Moreno Valley, (1996) 103 F.3d 814........13

Dickens v. Ryan, (9th Circuit, August 3, 2012) No. 08-99017 ...............................13

District of Columbia v. Heller, (2008) 554 U.S. 570 ...............................................12

Green v. City of Raleigh, (4th Cir. 2008) 523 F.3d 293 .........................................14

Kunz v. New York, (1951) 340 U.S. 290 ..................................................................16

McDonald v. City of Chicago (2010) 130 S. Ct. 3020..............................................12

Near v. Minnesota, (1931) 283 U.S. 697 .................................................................16

Nissan Fire & Marine Ins. Co. v. Fritz, (9th Cir. 2000) 210 F.3d 1099 .................10

Nunez by Nunez v. City of San Diego, (9th Cir. 1997) 114 F.3d 935.......................9

Shuttlesworth v. City of Birmingham, (1969) 394 U.S. 147...................................16

Staub v. Baxley (1958) 355 U.S. 313 ......................................................................16

Twentieth Century-Fox Film Corp. v. MCA, Inc., (9th Cir. 1983) 715 F.2d 1327...9

U.S. v. Henry, (9th Circuit, filed August 9, 2012), No. 11-30181 ........................10

Ward v. Rock Against Racism, (1989) 491 18 U.S. 781 .........................................14

## Statutes

28 U.S.C. § 1291 ........................................................................................................5

28 U.S.C. § 1343 ........................................................................................................5

42 U.S.C. § 1983 ........................................................................................................5

## Rules

Federal Rule of Civil Procedure 56 ...........................................................................5

Federal Rule of Civil Procedure 56(c) .......................................................................9

Federal Rules of Appellate Procedure 3 and 4...........................................................5

Ninth Circuit Rule 28-2.6 .........................................................................................17

Ninth Circuit Rules 3-1, -2and -4 ..............................................................................5

## ISSUES PRESENTED

Can an elected official exercise broad discretion and rely solely on public

safety concerns, unsupported by any evidence, to abrogate a residents

fundamental Rights under the Second Amendment, based upon the District

Courts' determination that the Fundamental Rights protected by the Second

Amendment are limited to the home?

## STATEMENT REGARDING ORAL ARGUMENT AND REPLY BRIEF

Appellant waives oral argument and their Reply Brief due to the simple and

straightforward nature of the matter and the urgency for resolution by this Court.

## STATEMENT OF JURISDICTION

This is a 42 U.S.C. § 1983 action. The District Court had jurisdiction

pursuant to 28 U.S.C. § 1343. The District Court granted summary judgments for

Defendants-Appellees (hereinafter "Appellees"), and entered judgment in their

favor under Federal Rule of Civil Procedure 56 on August 13, 2012.

Appellant filed a notice of Appeal on August 15th, 2012 in accordance with

Federal Rules of Appellate Procedure 3 and 4 and Ninth Circuit Rules 3-1, 3-2and

3-4. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE CASE

This matter was set for Trial on September 4, 2012, but the District Court granted defendants' Motion for Summary Judgment on August 13, 2012 precluding Plaintiff from seeking redress, despite an absence of any evidence by Defendant and substantial evidence presented in opposition to the motion, but not addressed in the Courts' ruling granting the Summary Judgment.  This case is unique in that Appellants did not file a motion for summary judgment, nor did the district court review or consider any evidence offered in support of or in opposition to the Defense Motion for Summary judgment, and instead relied solely upon Judicial Notice of another District Court Judge, adopting that Courts' finding Public Safety fears alone are sufficient to justify denial of Plaintiffs fundamental Rights.

## STATEMENT OF FACTS

The underlying matter proceeded without oral argument but with significant factual disputes not addressed in the Courts' ruling. The undisputed facts were:

1. The only way for a resident of Los Angeles to carry a weapon in case of confrontation is with a CCW permit.
2. A CCW permit is a reasonable regulation of the 2nd Amendment.
3. Sheriff Baca will only issue a permit upon a showing of convincing evidence of a clear and present danger to life or of great bodily harm to the applicant.
4. The applicant must demonstrate a credible threat of violence which would justify the need to possess a concealed weapon.
5. The LASD reviewed Plaintiff's application and determined that they failed to show good cause as required by LASD policy.

More significantly, the disputed facts, ignored by the District Court were:

12.  Gun violence is a problem throughout the State of California and Los Angeles County is no exception. The vast majority of homicides in Los Angeles County are committed with the use of guns.  Handguns are of particular concern because they are much more likely to be used than shotguns and rifles.  Because handguns are small, easy to conceal, and deadly at short range, they are of paramount concern and danger.  Further, most of the violent acts committed in this County involving the use of guns are by gang members.

12.  Disputed, there is no evidence of any nexus between the facts asserted herein and defendants' policy.  Moreover, Plaintiffs expert specifically contradicts this assertion, and defendants deposition testimony and discovery responses incorporated herein admit that Defendant has no facts or evidence to support these beliefs other than an outdated and unreliable study from 2001 that suggests more guns equals more crime.

13.  The presence of more guns on the streets of Los Angeles County creates many problems for law enforcement officers.  Officers are often charged with monitoring public gatherings as well as with breaking up public nuisances. Officers must act quickly whenever a disturbance occurs.  Often times, this involves isolating one or two problem individuals.  However, if multiple persons within a crowd are carrying concealed weapons, this creates an increased likelihood that guns will be brandished or used.  Thus, the increased presence of guns creates not only increased safety problems for officers but also for members of the community at large.

13.  Disputed, there is no evidence of any nexus between the facts asserted herein and defendants' policy.  Moreover, Plaintiffs expert specifically contradicts this assertion, and defendants deposition testimony and discovery responses incorporated herein admit that Defendant has no facts or evidence to support these beliefs other than an outdated and unreliable study from 2001 that suggests more guns equals more crime.

ER at Pages 70-71

The District Court Ruling did not address the disputed facts above, mention the declaration of either expert or mention Defendants own admission that:

**REQUEST FOR ADMISSION NO. 25:**
Admit that retired Undersheriff Larry Waldie testified that:
Q. Okay. Can you point to any study or correlation between increased issuance of CCW permit and gun violence?
A No.
Waldie deposition at page 25 line 4-12.
**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**
Defendant denies that the quoted testimony of Undersheriff Waldie is located on page 25; line 4-12 of his deposition. Defendant admits that it is contained at page 27, line 4-12.
Ex B to the Declaration of Jonathan Birdt
ER at page 60.

The District Courts' wholesale adoption of another District Courts' ruling and failure to review or discuss the evidence presented in opposition to the motion demonstrates a complete abrogation of the Courts' duties to Plaintiffs to review and consider the evidence, especially where Defendants were the moving parties, had the burden of proof, offered no affirmative evidence, and Plaintiff offered significant evidence directly contradicting Defendants assertions. Defendant failed to provide any evidence to support their assertions that restrictive CCW policies reduce crime or increase public safety.

Further, Defendant has not indicated that their policies have changed or even been reviewed following the flood of recent and ground breaking cases recognizing the long held Rights of Citizens to keep and bear arms for the purpose of self-defense. The District Court failed to make inquiry into this, and thereby has denied

the plaintiff a fair hearing on the assertions made by LASD and how they further a compelling governmental interest in a manner that is least restrictive of Plaintiff's Second Amendment Rights.

## STANDARD OF REVIEW ON SUMMARY JUDGMENT

An order granting summary judgment on the constitutionality of a statute or ordinance is reviewed de novo. Nunez by Nunez v. City of San Diego, (9th Cir. 1997) 114 F.3d 935, at 940. The standard governing this Court's review is the same as that employed by trial courts under Federal Rule of Civil Procedure 56(c), with the Court determining, **after independently viewing the evidence and all inferences therefrom in the light most favorable to the nonmoving party**, whether there are any genuine issues of material fact, and whether the district court correctly applied the law. See Twentieth Century-Fox Film Corp. v. MCA, Inc., (9th Cir. 1983) 715 F.2d 1327, 1328-29 ; see also, Berger v. City of Seattle, (9th Cir. 2009) 569 F.3d 1029, 1035 (independent review of questions of law and fact in First Amendment case).

On a motion for summary judgment, as at trial, the substantive law determines burden of proof issues and evidentiary standards. It dictates what the moving party must show to prevail on its motion and what the non-moving party must show, if anything, to resist the motion. See Nissan Fire & Marine Ins. Co. v.

<u>Fritz</u>, (9th Cir. 2000) 210 F.3d 1099, 1102-03.   Here the Courts' own Ruling fails to even identify the evidence presented in opposition or to address the disputed facts presented.

## SUMMARY OF ARGUMENT

The district Court found that defendants' policy of denying Second Amend Rights to any resident was constitutional and justified by public safety concerns if they failed to show:

> "convincing evidence of a clear and present danger to life or of great bodily harm to the applicant, his spouse or dependent child, which cannot be reasonably avoided by alternative measures, and which danger would be significantly mitigated by the applicant's carrying of a concealed firearm." ER at pages 1-2.

This finding stands in marked contrast to both well-established precedence and specific Ninth Circuit Authority holding:

> "The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In Heller, the Supreme Court struck down the District of Columbia's ban on handgun possession, concluding that the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." 554 U.S. at 592, 635." <u>U.S. v. Henry</u>, (9th Circuit, filed August 9, 2012), No. 11-30181, at 9040

The District Court erred in several significant findings including:

1. Concluding that the Second Amendment was limited to the home unless Plaintiff can show some verifiable threat to Plaintiffs life or limb.
2. Finding that public safety fears alone without any nexus between the fears enumerated, and the restrictive CCW policy used by LASD, justified a violation of Plaintiffs Civil Rights.
3. Approving broad discretion by an elected official to abrogate a Fundamental Right.
4. Failing to consider the significant evidence offered in opposition to the motion.
5. Failing to recognize that Self-Defense is a fundamental Right protected by the Second Amendment.

## **ARGUMENT**

The trial court draws an unsupported conclusion that the Fundamental Rights protected by the Second Amendment somehow differ depending upon whether a person is in their home, but this is not consistent with constitutional jurisprudence, or specific Ninth Circuit and Supreme Court rulings explicitly stating that the Second Amendment encompasses the Fundamental Right to Bear Arms in case of confrontation, and does not state that Right is somehow limited to the home, which would be antithetical to the entire premise of the Second Amendment.

Remarkably, and without legal citation the District Court found essentially that the Second Amendment did not protect the Plaintiffs outside of "hearth and home" stating:

> "Based on the Ninth Circuit's reasoning in post-*Heller* Second Amendment cases and persuasive authority from other circuits, the Court concludes that a policy that does not curtail the core protection of the Second Amendment, the right to keep and bear arms for self-defense in the home, is subject to intermediate scrutiny. The right at issue in this case, the right to carry a concealed weapon outside of one's home, does not implicate the right to keep and bear arms for self-defense in the home.
> ER at 6.

## I.   THE SECOND AMENDMENT PROTECTS THE RIGHT TO BEAR ARMS BY LAW ABIDING CITIZENS OUTSIDE THE HOME FOR THE PURPOSE OF SELF-DEFENSE

In <u>Heller</u> the Supreme Court held that the Constitution guarantees the individual right to possess and carry weapons in case of confrontation. <u>District of Columbia v. Heller</u>, (2008) 554 U.S. 570 at 592.  Self-defense is a basic right, recognized by many legal systems from ancient times to the present day, and in Heller, we held that individual self-defense is "the central component" of the Second Amendment right. <u>McDonald v. City of Chicago</u> (2010) 130 S. Ct. 3020, at 3037.

## II.    PUBLIC SAFETY ALONE DOES NOT WARRANT INFRINGMENT OF A FUNDAMENTAL RIGHT

Ignoring the evidence, and based entirely upon Public Safety Concerns, the District Court held "Accordingly, the Court concludes that the LASD's CCW Permit regime restricts the use of loaded firearms in public, substantially furthering the important governmental interest of promoting public safety, and satisfying intermediate constitutional scrutiny." ER at 7. The Court does not explain how public safety is protected or the nexus between the right and the regulation.

In <u>Dickens v. Ryan</u>, (9th Circuit, August 3, 2012) No. 08-99017, filed, Justice Reinhardt, in his dissent, noted that:

> Carrying a gun, which is a Second Amendment right, also cannot legally lead to a finding that the individual is likely to murder someone; if it could, half or even more of the people in some of our states would qualify as likely murderers.
> Id. at 8654

This quote is not offered as authoritative, but simply to demonstrate the absurdity of the LASD position that they can eliminate a Civil Right because a gang member might commit a crime without a scintilla of evidence, and in fact an admitted lack of any evidence that any CCW holder has ever committed any crime.

Accordingly, the Ninth Circuit has rejected alleged public health and safety concerns as a substitute for objective standards and due process. <u>Desert Outdoor Advertising v. City of Moreno Valley</u>, (1996) 103 F.3d 814, at 819.

### III.   UNBRIDLED DISCRETION BY AN ELECTED OFFICIAL CANNOT BE COUNTENANCED BY THIS COURT

"Unbridled discretion naturally exists when a licensing scheme does not impose adequate standards to guide the licensor's discretion." Chesapeake B &M, Inc. v. Harford County, 58 F.3d 1005, 1009 (4th Cir. 1995 (en banc); cf. Green v. City of Raleigh, (4th Cir. 2008) 523 F.3d 293, 306 ("'virtually unbridled and absolute power' to deny permission to demonstrate publically, or otherwise arbitrarily impose de facto burdens on public speech" is unconstitutional) (citation omitted).

A "reasonable" regulation is one that does not eliminate the exercise of a right, but instead is narrowly tailored, is based on a significant government interest, and leaves ample alternatives.  As with the right to keep and bear arms, the right to freedom of speech has sometimes been analyzed in terms of "reasonable" regulation. For example, many public events for the exercise of First Amendment rights may be subject to "reasonable" time, place, and manner regulations. So the "government may impose reasonable restrictions," which means that the restrictions must be "narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information." Ward v. Rock Against Racism, (1989) 491 18 U.S. 781, 791.

The district court mentions sections of the penal code that allow the bearing of a loaded firearm when a citizen is performing a valid arrest, and when an individual is in instant fear for one's physical safety.  The court fails to analyze how it is that a situation wherein one's safety is threatened can take place.  Crimes of violence take place in seconds.  Not minutes.  The court fails to analyze how it is that one could legally carry a firearm without a CCW and effectively deploy said firearm for self-defense, though offers that as a viable alternative.  The only legal way to do this is unloaded in a locked container.  The idea that one can effectively protect oneself from a situation that arises suddenly by unlocking a container and loading a firearm before being able to use it in self-defense is not only implausible, but it is not supported by evidence, logic or reason. If this method of self-defense was effective, then cities and counties would require that their officers and deputies carry their weapons in this manner.

## IV.   THE DISTICT COURT FAILED TO CONSIDER THE SIGNIFICANT EVIDENCE OFFERED IN OPPOSITION TO THE MOTION

Defendants carry the burden of establishing the nexus between their need and their infringement upon a Fundamental Right.  Under Cantwell v. Connecticut (1940) 310 U.S. 296, and progeny, States and localities may not condition a license necessary to engage in constitutionally protected conduct on the grant of a license officials have discretion to withhold.  Further, a host of prior restraint cases

establish that "the peaceful enjoyment of freedoms which the Constitution guarantees" may not be made "contingent upon the uncontrolled will of an official." <u>Staub v. Baxley</u> (1958) 355 U.S. 313, 322.

Public safety is invoked to justify most laws, but where a fundamental right is concerned, a mere incantation of a public safety rationale does not save arbitrary licensing schemes. In the First Amendment arena, where the concept has been developed extensively, courts have consistently condemned licensing systems which vest in an administrative official discretion to grant or withhold a permit upon broad criteria unrelated to proper regulation of public places. <u>Kunz v. New York,</u> (1951) 340 U.S. 290, 294; <u>Shuttlesworth v. City of Birmingham,</u> (1969) 394 U.S. 147, at 153. Public safety concerns may justify permissible regulations of protected activities, but the Constitution does not permit fundamental civil rights to be abridged by public safety fears. See, e.g., <u>Near v. Minnesota,</u> (1931) 283 U.S. 697, 721-22.

## CONCLUSION

The District Court has adopted a standard herein not recognized in the law to date, first declaring that the Fundamental Core Rights recognized by the Second Amendment are limited to the home, and that, defendants are entitled to unfettered discretion to infringe upon these fundamental rights based solely upon public safety fears.

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, this case is directly related to Birdt v. Baca, 9th Circuit Case# 12-55115 and Thompson v. Torrance Police Department and LASD, 12-56236.

Date:  August 15, 2012

       s/ Jonathan Birdt
Jonathan W. Birdt (SBN# 183908)
*Plaintiffs -Appellants*

No. 12-56236 [DC# 06154-SJO]

IN THE
UNITED STATES COURT OF APPEALS FOR
THE NINTH CIRCUIT

ROBERT THOMSON,

*Plaintiff-Appellant*, v.

LOS ANGELES SHERIFFS
DEPARTMENT, et. al.,

*Defendants-Appellees*.

APPEAL FROM THE UNITED STATES
DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

**APPELLANTS' REPLY BRIEF**

Jonathan W. Birdt (S.B.N. 183908)
Law Office of Jonathan W. Birdt

█████████████

Porter Ranch, CA 91326
Tel. No. (818) 400-4485
Fax No: (818) 428-1384
e-mail: Jon@jonbirdt.com
**Plaintiff-Appellant**
**Robert Thomson**

1

## **Table of Contents**

Response...........................................................................…...............................4

# **Table of Authorities**

**Cases**

*Desert Outdoor Advertising v. City of Moreno Valley* (1996) 103 F.3d 814 ................................................. 4

*McDonald v. City of Chicago, Ill.* (2010) 130 S.Ct. 3020, 3021 ................................................................. 4

While Second Amendment Jurisprudence is still in its' nascency stage, in 2013 it is beyond dispute that Plaintiff has a Fundamental Right to Bear Arms for Self-Defense, that the only way to exercise that right in California is with a CCW Permit, and that Defendants refuse to issue said permits absent a showing that there is a clear, present, and documented danger to the applicant.

> "Two years ago, in *District of Columbia v. Heller,* 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637, this Court held that the Second Amendment protects the right to keep and bear arms for the purpose of self-defense and struck down a District of Columbia law that banned the possession of handguns in the home. Chicago (hereinafter City) and the village of Oak Park, a Chicago suburb, have laws effectively banning handgun possession by almost all private citizens.

*McDonald v. City of Chicago, Ill.* (2010) 130 S.Ct. 3020, 3021

The trial court erroneously approved defendants' policies on the basis of public safety, despite the fact that Defendants failed to present a scintilla of evidence that CCW holders presented any risk to public policy, and Plaintiffs' expert provided irrefutable testimony that allowing concealed carry reduces crime and injury.  This Circuit has rejected alleged public health and safety concerns as a substitute for objective standards and due process.  *Desert Outdoor Advertising v. City of Moreno Valley* 103 F.3d 814, 819 (1996).  The District Court in this case disagreed.

Date:  January 8, 2013

_s/ Jonathan Birdt_
Jonathan W. Birdt (SBN# 183908)
*For Plaintiff -Appellant*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 11-6155 PA (SPx) | Date | November 17, 2011 |
|---|---|---|---|

| Title | Christopher Hacopian and Scott Gibb v. Upland Police Dept., et al. |
|---|---|

Present: The Honorable     PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss Plaintiffs' Amended Complaint filed by defendants Upland Police Department, Officer Duran and Sergeant Belt ("Defendants"). (Docket No. 11.) Defendants also move to strike a paragraph of the First Amended Complaint ("FAC"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for November 7, 2011 is vacated, and the matter taken off calendar.

## I.    Background

In their FAC, plaintiffs Christopher Hacopian and Scott Gibb ("Plaintiffs") allege claims under 42 U.S.C. § 1983 for violations of their First, Second, and Fourth Amendment rights, against all defendants, as well as a claim of battery against each of the individual officers. Plaintiffs seek general damages, punitive damages, damages for plaintiff Gibb's property, costs and attorneys' fees, and declaratory and injunctive relief.

Plaintiffs allege that they were lawfully carrying unloaded firearms in plain sight and distributing pamphlets when they were approached by Officer Duran and Sergeant Belt. Plaintiffs allege that "despite the absence of any criminal activity, threat, or even reasonable suspicion thereof," Sergeant Belt conducted an investigative stop and frisk, known as a "Terry stop." See Terry v. Ohio, 392 U.S. 1, 20, 88 S. Ct. 1868, 20 L. Ed.2d 889 (1968). During this Terry stop, Belt ordered Plaintiffs to put their hands up, to stop talking, and to get down on their knees. Plaintiffs allege that after complying with Sergeant Belt's orders, he handcuffed them, forcibly removed their wallets, and conducted a pat down search without their consent. Plaintiffs further allege that Defendants detained Plaintiffs longer than necessary to ascertain whether their weapons were loaded by running a background check on Plaintiffs and a serial number check on their firearms.

Plaintiffs also state that "it is unclear how Barry Belt remained employed as a peace officer . . . given his past unreasonable and violent conduct." (FAC ¶ 5.) Plaintiffs then quote an unpublished California Court of Appeals opinion in which the court upheld an arbitration award in favor of Belt's ex-

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 11-6155 PA (SPx) | Date | November 17, 2011 |
|---|---|---|---|
| Title | Christopher Hacopian and Scott Gibb v. Upland Police Dept., et al. | | |

girlfriend and her daughter. The award resulted from a lawsuit accusing Belt of stalking and harassing his ex-girlfriend and her daughter, and of committing a sexual assault and battery on the ex-girlfriend. (FAC ¶ 5.) It is this paragraph that Defendants move to strike from the FAC as being irrelevant, immaterial, and intended to be inflammatory.

## II.    Standard on Motion to Dismiss

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (internal quotation omitted). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6155 PA (SPx) | Date | November 17, 2011 |
|---|---|---|---|

| Title | Christopher Hacopian and Scott Gibb v. Upland Police Dept., et al. |
|---|---|

### III.    Analysis

#### A.    Fourth Amendment Claim

Defendants contend that "Plaintiffs fail to allege facts sufficient to constitute an illegal search or detention." (Motion to Dismiss at 3.)

The Fourth Amendment protects the right of people to be free from unreasonable searches and seizures. U.S. Const. amend. IV. The Supreme Court has held that "police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." U.S. v. Sokolow, 490 U.S. 1, 7, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989) (citing Terry, 392 U.S. at 30, 88 S. Ct. at 1884-85).

> Investigative stops based upon suspicion short of probable cause are . . . constitutionally permissible only where the means utilized are the least intrusive reasonably available. "[A]n investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. Similarly, the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time."

Kraus v. Pierce County, 793 F. 2d 1105, 1108 (9th Cir. 1986) (quoting Florida v. Royer, 460 U.S. 491, 103 S. Ct. 1319, 1325-26, 75 L. Ed. 2d 229 (1983)).

Plaintiffs allege that Defendants violated the Fourth Amendment by conducting a Terry stop, detaining, patting down, handcuffing, and running background checks on Plaintiffs, even though "there was no crime by Plaintiffs, no suspicion of a crime, no threat to officer safety and no probable cause or reasonably articulable suspicion of any crime of any sort." (FAC ¶ 24.) Plaintiffs allege that by running a check on the firearms' serial numbers, Defendants went beyond the scope of a reasonable search needed to determine whether the firearms were unloaded. (FAC ¶¶ 15, 24.) The Court finds these allegations sufficient to state a claim for violation of the Fourth Amendment.

#### B.    First Amendment Claim

Defendants contend that Plaintiffs have not properly alleged a First Amendment violation because they "failed to allege the specific conduct that [Defendants] committed that led to a violation of their First Amendment Rights." (Motion to Dismiss at 2.)

Plaintiffs allege that they were "engaged in political speech passing out pamphlets educating the public about the Second Amendment. . . ." (FAC ¶ 1.) Plaintiffs also allege that the officers actions were in retaliation to Plaintiffs' engaging in political speech, "conduct clearly resented by [Defendants]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 11-6155 PA (SPx) | Date | November 17, 2011 |
|---|---|---|---|

| Title | Christopher Hacopian and Scott Gibb v. Upland Police Dept., et al. |
|---|---|

who repeatedly battered and insulted Plaintiffs for engaging in such conduct." (FAC ¶ 25.) "Political speech, of course, is 'at the core of what the First Amendment is designed to protect.'" Morse v. Frederick, 551 U.S. 393, 403, 127 S. Ct. 2618, 2626, 168 L. Ed. 2d 290 (2007) (quoting Virginia v. Black, 538 U.S. 343, 365, 123 S. Ct. 1536, 1551, 155 L. Ed. 2d 535 (2003)). Alleging that Defendants battered Plaintiffs and conducted an unreasonable search and seizure because they were engaged in political speech properly alleges a First Amendment violation. Therefore, the Court denies Defendants' motion to dismiss Plaintiffs' First Amendment claim.

## C. Second Amendment Claim

Plaintiffs allege that their Second Amendment rights were violated because "Plaintiffs were illegally searched and seized for simply exercising this Right." As to Plaintiffs' Second Amendment claim, Defendants again contend that "Plaintiffs fail to allege facts sufficient to constitute an illegal search and detention." (Motion to Dismiss at 2.) It is upon this alleged illegal search and seizure that Plaintiffs base their Second Amendment claim.

In District of Columbia v. Heller, the Supreme Court held that the Second Amendment protects an individual's right to keep and bear arms, a right unconnected to service in the militia. District of Columbia v. Heller, 554 U.S. 570, 593, 128 S. Ct. 2783, 2799, 171 L. Ed. 2d 637 (2008). Two years later, the Supreme Court held that "the Second Amendment right is fully applicable to the States." McDonald v. City of Chicago, __ U.S. __, 130 S. Ct. 3020, 3025, 177 L. Ed. 2d 894 (2010). The alleged incident occurred on July 13, 2011, after the McDonald case held that the Second Amendment right is fully applicable to the States.

As noted above, Plaintiffs properly allege a Fourth Amendment claim by alleging facts to support that Defendants conducted an unreasonable search and seizure. In their FAC, Plaintiffs allege that they "were illegally searched and detained for simply exercising [their Second Amendment] Right." (FAC ¶ 26.) Plaintiffs allege that after Defendants checked to make sure that Plaintiffs' firearms were unloaded, Defendants went beyond the scope of a permissible search by running background checks on them and serial number checks on their firearms, as well as handcuffing Plaintiffs, ordering them to get on their knees, and forcibly removing Plaintiffs' wallets without their consent. Therefore, Plaintiffs have properly alleged a Second Amendment violation.

## D. Battery Claims

Defendants assert that Plaintiffs fail to allege facts supporting battery claims against either Officer Duran or Sergeant Belt. Plaintiffs allege that they were subjected to an unlawful search and seizure, where Sergeant Belt handcuffed plaintiffs, forcibly removed their wallets, and conducted a pat down search without consent and over Plaintiffs' objections. Thus, the motion to dismiss the battery claim against Sergeant Belt is denied.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-6155 PA (SPx) | Date | November 17, 2011 |
| Title | Christopher Hacopian and Scott Gibb v. Upland Police Dept., et al. | | |

The battery allegation made against officer Duran is that he, "without consent, and over clearly voiced objection, caused a harmful and offensive touching upon Plaintiffs." Because this allegation merely states the elements of a battery claim with nothing more, the allegation is wholly conclusory. The Court therefore dismisses the battery claim against officer Duran with leave to amend.

### E.    Qualified Immunity

Defendants also move the court to dismiss the City of Upland as a defendant because defendants Duran and Belt are entitled to qualified immunity. Defendants cite Los Angeles v. Heller, 475 U.S. 796 (1986) for the proposition that a public entity is not liable for § 1983 claims when the individual official inflicted no constitutional harm to the plaintiff.

Qualified immunity shields law enforcement officers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982). The threshold question in the qualified immunity analysis is whether or not the defendant officer violated the plaintiff's constitutional rights. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001). If the answer to that threshold question is yes, the officer may still be entitled to qualified immunity if (1) the law governing the official's conduct was not clearly established; or (2) a reasonable officer could have believed the conduct was lawful. Mena v. City of Simi Valley, 226 F.3d 1031, 1036 (9th Cir. 2000). An officer may be entitled to immunity even for actions that violated the Constitution. See Saucier, 533 U.S. at 205, 121 S. Ct. at 2158; see also Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir. 1991).

"In essence, at the first step, the inquiry is whether the facts alleged constitute a violation of the plaintiff's rights. If they do, then, at the second step, the question is whether the defendant could nonetheless have reasonably but erroneously believed that his or her conduct did not violate the plaintiff's rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001); see also Brosseau v. Haugen, 543 U.S. 194, 198, 125 S. Ct. 596, 599, 160 L. Ed. 2d 583 (2004) ("Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted. Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at that time did not clearly establish that the officer's conduct violated the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.") (citation omitted).

Though Defendants are within their right to raise the issue of qualified immunity on a motion to dismiss, given the dearth of a factual record developed at this stage of the litigation and the court's decision to bifurcate the claims against the City of Upland, the motion for qualified immunity is premature. The Court therefore denies Defendants' motion to dismiss the City of Upland based on

---

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 11-6155 PA (SPx) | Date | November 17, 2011 |
|---|---|---|---|

| Title | Christopher Hacopian and Scott Gibb v. Upland Police Dept., et al. |
|---|---|

qualified immunity without prejudice.

## IV. Motion to Strike Paragraph 5 of the FAC

Paragraph 5 of the FAC quotes a California Court of Appeals opinion which upheld an arbitration award against Sergeant Belt. The arbitration resulted from Sergeant Belt's alleged sexual assault and battery of his ex-girlfriend, as well as the alleged stalking and harassment of his ex-girlfriend and her daughter. Federal Rule of Civil Procedure Rule 12(f) provides, "The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Matter is "immaterial" where it has "no essential or important relationship to the claim for relief . . . being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). Motions to strike are disfavored and infrequently granted. See Pease & Curren Ref., Inc. v. Spectrolab, Inc., 744 F. Supp. 945, 947 (C.D. Cal. 1990). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

Defendants ask that this Court strike paragraph 5 from the FAC because it is immaterial and irrelevant. Plaintiffs contend that the public information regarding Sergeant Belt's alleged past history of violence is "necessary to establish the animus and intent surrounding the insults and threats made by Barry Belt, and the intent required for some of the claims alleged." The Court finds that the relationship between Sergeant Belt's past legal issues and the FAC's allegations has little, if any, relevance to the claims alleged in this action. The Court also finds that the scandalous nature of the information greatly outweighs any relevance the information may have. For these reasons, Defendants' motion to strike paragraph 5 from the FAC is granted.

## V. Punitive Damages

Defendants contend that Plaintiffs' request for punitive damages against the City of Upland is improper because such damages are not recoverable against a public entity as a matter of law. The Court agrees. Punitive damages are not available in an action against a municipality under § 1983, even though they may be available in an action against a local government official in his or her individual capacity. City of Newport v. Facts Concert, Inc., 453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981).

Moreover, Plaintiffs admit that punitive damages are only available against the individual officers. (Opp. at 6.) Accordingly, the Court holds that the punitive damages allegation is limited to the individual defendants, Officer Duran and Sergeant Belt.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-6155 PA (SPx) | Date | November 17, 2011 |
| Title | Christopher Hacopian and Scott Gibb v. Upland Police Dept., et al. | | |

### Conclusion

For the foregoing reasons, the Court rules as follows: (1) Defendants' motion to strike paragraph 5 from the FAC is granted; (2) Defendants' motion to dismiss the City of Upland as a defendant is denied; (3) Defendants' request that punitive damages be limited to the individual defendants is granted; and (4) Defendants' Motion to Dismiss is denied as to all claims except for the battery claim against Officer Duran, which is dismissed with leave to amend. Plaintiffs' Second Amended Complaint, if any, shall be filed no later than December 2, 2011. Failure to file an Amended Complaint by that date may result in dismissal of this action without prejudice.

IT IS SO ORDERED.

FROM:

JONATHAN BIRDT

PORTER RANCH CA 91326

**F** USPS FIRST CLASS MAIL®
US POSTAGE & FEES PAID

$3.23
0 LBS 12 OZ
FROM 91326
NO SURCHARGE
COMMERCIAL BASE PRICING
0620S00778004
01/29/2013

Sheriff James Pohlmann
655 East 3rd Street
San Bernardino CA 92415-0061



State of California, Department of Justice
## Standard Application for CCW License

**Section 7 – Investigator's Interview Notes**

Applicant Name: Birdt     Jonathan     Wesley
_____Last_____First_____Middle_____

Date of Birth: 1/8/71                          Age 41

Social Security No.: ████████████

California DL/ID No.: A6219813

Driver's License Restrictions: _____

Residence Address: ████████████ Big Bear Lake, CA 92315
~~86 Arewbb Drive, #80, Big Bear Lake CA 92315~~
Number    Street                        Apt.      City      State   Zip

Mailing address (if different):
████████████ Porter Ranch CA 91326
Number    Street                        Apt.      City      State   Zip

                        cell
Home / Personal Phone Numbers: (818) 400 4485

Spouse's Name and Address: Julie Pollock Birdt
████████████ Porter Ranch CA 91326

Applicant Occupation: Attorney

Business / Employer Name: Law office of Jonathan W. Birdt

Business Phone Number: : (818) 400 4485

Business Address:
████████████ Granada Hills, CA 91344
Number    Street          /           Apt.      City      State   Zip

1.  List all previous home addresses for the past five years.
████████████ Porter Ranch, CA 91326
_____
_____

-11-

State of California, Department of Justice
## Standard Application for CCW License

**Section 7 – Investigator's Interview Notes – (continued)**

2.  Have you ever been in a mental institution, treated for mental illness, or been found not-guilty by reason of insanity ?  No __✗__ Yes_____ (If yes, explain):

    _____

    _____

3.  Are you now, or have you ever been, addcited to a controlled substance or alcohol, or have you ever utilized an illgal controlled substance, or have you ever reported to a detoxification or drug treatment program?  No __✗__ Yes_____ (If yes, explain):

    _____

    _____

4.  Have you ever been involved in an incident involving firearms?
    No __✗__ Yes_____ (If yes, explain):

    _____

    _____

    _____

5.  Have you been involved in a domestic violence incident?
    No __✗__ Yes_____ (If yes, explain):

    _____

    _____

6.  List any arrests or formal charges, with or without disposition, for any criminal offenses with the U.S. or any other country (civilian or military).

    _____

    _____

    _____

-12-

State of California, Department of Justice

## Standard Application for CCW License

### Section 7 – Investigator's Interview Notes – (continued)

If the CCW license is desired for self-protection, the protection of others, or for the protection of large sums of money or valuable property, you are required to explain and provide good cause for issuance of the license. For example, has your life or property been threatened or jeopardized? Explain incidents and include dates, times, locations, and names of police agencies to which these incidents were reported.

**Details of Reason for Applicant desiring a CCW License** (use additional sheets if needed).

Attorney, volunteer Judge, and court appointed Guardian for abused minors. Frequent travel on back roads and through severe weather with large amounts of cash. Concerning re increasing crime, reduction in police services and increased prison release. Need to protect family from crime.

-13-

State of California, Department of Justice

# Standard Application for CCW License

## Section 8 – Certification and Release of Information

I hereby give permission to the agency to which this application is made to conduct a background investigation of me and to contact any person or agency who may add to or aid in this investigation. I further authorize persons, firms, agencies and institutions listed on this application to release or confirm information about me and statements I have made as contained in this application.

Notwithstanding any other provision of law and pursuant to the Public Records Act (Government Code section 6250 et seq.), I understand that information contained in this application may be a matter of public record and shall be made available upon request or court order.

I hereby certify under penalties of perjury and Penal Code section 12051(b) and (c), that the answers I have given are true and correct to the best of my knowledge and belief, and that I understand and agree to the provisions, conditions, and restrictions herein or otherwise imposed.

_____
**Applicant Signature**

_____
**Date**

_____
**Witness Signature / Badge Number**

_____
**Date**

-14-



# Attachments

State of California, Department of Justice

# Standard Application for CCW License

## *Attachment 1*

## CALIFORNIA PROHIBITING CATEGORIES FOR A CCW LICENSE
## As of January, 1999

- Persons convicted of a felony, or any offense enumerated in section 12021.1 of the Penal Code (PC).

- Persons addicted to the use of narcotics.

- Persons denied firearm possession as a condition of probation pursuant to PC section 12021(d).

- Persons convicted of a specified misdemeanor pursuant to PC section 12021(c)(1) are prohibited from purchasing or possessing firearms for 10 years (see Attachment 2).

- Juveniles adjudged wards of the juvenile court because they committed a 707(b) Welfare and Institutions Code (WIC) offense, an offense described in PC section 1203.073(b) or any offense enumerated in PC section 12021 (c)(!) are prohibited until they reach age 30.

- Persons who are subject to a protective order as defined in section 6218 of the Family Code, or a temporary restraining order or injunction issued pursuant to sections 527.6 or 527.8 of the Code of Civil Procedure.

- Persons found by a court to be a danger to others because of mental illness.

- Persons found by a court to be mentally incompetent to stand trial.

- Persons found by a court to be not guilty by reason of insanity.

- Persons adjudicated to be a mentally disordered sex offender.

- Persons placed on a conservatorship because they are gravely disabled as a result of a mental disorder or impairment by chronic alcoholism

- Persons who communicate a threat to a licensed psychotherapist, against a reasonably identifiable victim, and the psychotherapist reports to law enforcement pursuant to WIC section 8100(b), are prohibited from purchasing or possessing a firearm for 6 months.

- Persons in a mental health facility certified pursuant to WIC sections 5250, 5260, and 5270.15 are prohibited from possessing or purchasing or attempting to purchase firearms for 5 years.

- Persons who are voluntary patients in a mental facility who are determined to be a danger to self or others are prohibited from purchasing or possessing a firearm between admission and discharge.

- Persons under indictment or information in any court for a crime punishable by imprisonment for a term exceeding one year.

-16-

State of California, Department of Justice

# Standard Application for CCW License

## *Attachment 2*

## CALIFORNIA PROHIBITING MISDEMEANORS
## As of January, 1999

Pursuant to Penal Code (PC) section 12021(c)(1), any person who has been convicted of a misdemeanor violation for any of the following offenses is prohibited from owning, possessing, or having under his or her custody or control any firearms within 10 years of the conviction:

- Threatening public officers, employees and school officials (PC section 71).
- Threatening certain public officials, appointees, judges, staff or their families with the intent and apparent ability to carry out the threat (PC section 76).
- Possessing a deadly weapon with the intent to intimidate a witness (PC section 136.5).
- Threatening witnesses, victims, or informants (PC section 140).
- Attempting to remove or take a firearm from the person or immediate presence of a public or peace officer (PC section 148(d)).

- Unauthorized possession of a weapon in a courtroom, courthouse or court building, or at a public meeting (PC section 171(b)).
- Bringing into or possessing a loaded firearm within the state capitol, legislative offices, etc. (PC section 171c).
- Taking into or possessing loaded firearms within the Governor's Mansion or residence of other constitutional officers, etc. (PC section 171(d)).
- Supplying, selling or giving possession of a firearm to a person for participation in criminal street gangs (PC section 186.28).
- Assault (PC sections 240, 241).

- Battery (PC sections 242, 243).
- Assault with a stun gun or Taber weapon (PC section 244.5)
- Assault with deadly weapon or force likely to produce great bodily injury (PC section 245).
- Assault with a deadly weapon or instrument, by any means likely to produce great bodily injury or with a stun gun or Taber on a school employee engaged in performance of duties (PC section 245.5).
- Shooting at an inhabited or occupied dwelling house, building, vehicle, aircraft, horsecart or camper (PC section 246).

- Discharging a firearm in a grossly negligent manner (PC section 246.3)
- Shooting at an unoccupied aircraft, motor vehicle, or uninhabited building or dwelling house (PC section 247)
- Inflicting corporal injury on a spouse or significant other (PC section 273.5)
- Willfully violating a domestic protective order (PC section 273.6).

State of California, Department of Justice

## Standard Application for CCW License

### *Attachment 2 (Continued)*

## CALIFORNIA PROHIBITING MISDEMEANORS
## As of January, 1999

- Drawing, exhibiting, or using any deadly weapon other than a firearm (PC sections 417(a)(1), 417(a)(2)).
- Brandishing a firearm in presence of a peace officer (PC section 417.1 – repealed by stats. 1998).
- Drawing or exhibiting, selling, manufacturing, or distributing firearm replicas or imitations (PC section 417.2).
- Inflicting serious bodily injury as a result of brandishing (PC section 417.6).
- Bringing into or possessing firearms upon or within public schools and grounds (PC section 626.9).
- Stalking (PC section 646.9).

- Armed criminal action (PC section 12023).
- Possessing a deadly weapon with intent to commit an assault (PC section 12024).
- Driver or any vehicle who knowingly permits another person to discharge a firearm from the vehicle or any person who will fully and maliciously discharges a firearm from a motor vehicle (PC sections 12034(b), 12034(d)).
- Criminal possession of a firearm (PC section 12040).
- Firearms dealer who sells or transfers or gives possession of any firearm to a minor or a handgun to a person under the age of 21 (PC section 12072(b)).

- Various violations involving sales and transfers of firearms (PC section 12072(g)(3)).
- Person or corporation who sells any concealable firearm to any minor (PC section 12100(a) – repealed by stats. 1994).
- Unauthorized possession/transportation of a machine gun (PC section 12220).
- Possession of ammunition designed to penetrate metal or armor (PC section 12320).
- Carrying a concealed or loaded firearm or other deadly weapon or wearing a peace officer uniform, while picketing (PC section 12590).

- Bringing firearm related contraband into juvenile hall (WIC section 871.5).
- Bringing firearm related contraband into a youth authority institution (WIC section 1001.5).
- Purchase, possession, or receipt of a firearm or deadly weapon by a person receiving in-patient treatment for a mental disorder, or by a person who has communicated to a licensed psychotherapist a serious threat of physical violence against an identifiable victim (WIC section 8100).
- Providing a firearm or deadly weapon to a person described in WIC sections 8100 or 8103 (WIC section 8101).
- Purchase, possession, or receipt of a firearm or deadly weapon by a person who has been adjudicated to be a mentally disordered sex offender or found to be mentally incompetent to stand trial, or not guilty by reason of insanity, and individuals placed under a conservatorship (WIC section 8103).

-18-

State of California, Department of Justice

# Standard Application for CCW License

## *Attachment 3*

## FEDERAL PROHIBITING CATEGORIES FOR POSSESSING FIREARMS
### Gun Control Act of 1968, Title 18 U.S.C. Chapter 44
### As of January, 1999

**Pursuant to Section 922, any person listed below is prohibited from possessing, shipping, transporting, or receiving any firearm, who:**

- Has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

- Is a fugitive from justice.

- Is an unlawful user of or addicted to any controlled substance.

- Has been adjudicated as a mental defective or committed to a mental institution.

- Is an alien illegally or unlawfully in the United States.

- Has been discharged from the Armed Forces under dishonorable conditions.

- Having been a citizen of the United States, has renounced U.S. citizenship.

- Is subject to a court order that restrains the person from harassing, stalking, or threatening an intimate partner or child of such intimate partner.

- Has been convicted in any court of a misdemeanor crime of domestic violence.

- Is under indictment for a crime punishable by imprisonment for a term exceeding one year.

- Has an out-of-state prohibitive criminal history.

- Has a prior denial on a previous National Instant Criminal Background Check System (NICS) inquiry.

The United States Practical
Shooting Association, Inc.
872 North Hill Blvd.
Burlington, WA 98233

(360) 855-2245 • F (360) 855-0380
office@uspsa.org • www.uspsa.org

05/16/2012

Member's Name:
IRDT
ON

USPSA Membership Number:
Y-70363

Classification:

| pn | U | Pro | U | Rev | U |
| :d | D | L10 | U | SS | U |

Membership Expiration:
1/30/2014

President, USPSA/IPSC, Inc.

fE STATE BAR OF CALIFORNIA



Jonathan W. Birdt
State Bar Member 183908
**LOS ANGELES**
COURT PRIORITY ACCESS

Executive Director / CEO



Jonathan W. Birdt
168788040
EPL

---

California Department of Justice
**Handgun Safety Certificate**          **620046**

BIRDT          JONATHAN     W
Last Name      First Name          M.I.

[REDACTED]          [REDACTED]    1971
                              Date of Birth
CA Driver's License or I.D.

10/7/10          10/7/15
Issue Date          Expiration Date

Signature

---

THE STATE BAR OF CALIFORNIA

**JONATHAN W. BIRDT**

**183908          MCLE GROUP 1**

PRESERVE AND IMPROVE OUR JUSTICE SYSTEM
IN ORDER TO ASSURE A FREE AND JUST SOCIETY UNDER LAW.
Only active members are entitled to practice law.

**ACTIVE**

Executive Director / CEO

## National Rifle Association Credentials

### JONATHAN W. BIRDT
*Range Safety Officer*

Edward J. Land, Jr., Secretary

NRA # 168788040

**Expires: 1/31/2016**

Not valid for conducting NRA Law Enforcement or NRA Security Officer Training Courses.

## Law Office of Jonathan W. Birdt

Granada Hills, CA 91344

January 29, 2013

Sheriff James Pohlmann
655 East 3rd Street
San Bernardino, CA  92415

Dear Sheriff Pohlmann,

Today I came in to your office to submit my California DOJ Application for a permit to carry a concealed weapon.  I was given a great deal of information that caused me great concern.  First, I was told that your office does not accept the application for up to one year, which is a violation of state law.  Next I was told that you don't accept the state forms at all and require your own application that requires substantial additional information in violation of State Law and my right of privacy and association.  I am not looking for a battle, just to exercise my rights and protect myself and my family within the bounds of the law.

I have enclosed my utility statement.  I don't have a conformed deed back yet, but my APN is ███████.   I am a resident of Big Bear Lake, which your detective confirmed by checking with the DMV, because initially your employees refused to even give me an application because it had my old address on it.  I am also a registered voter in San Bernardino and a permanent resident.  I moved to your County because I became fed up with the politics in Los Angeles and became tired of waiting for the Courts.

I am requesting that you confirm that my application attached has been received and will be processed within 90 days as required by California law.  If you do not intend to comply with your obligations, then please let me know right away so I can seek an injunction, though I am loathe to cost the County more in legal fees knowing the difficulties it faces, and especially knowing that law abiding with concealed weapon permits have a direct effect on reducing violent crime.

Thank you for your attention to this matter.

Respectfully,

Jonathan W. Birdt

THE STATE BAR OF CALIFORNIA

Monday, February 4, 2013

# ATTORNEY SEARCH

## Jonathan Wesley Birdt - #183908

## Current Status:  Active

This member is active and may practice law in California.

See below for more details.

## Profile Information

*The following information is from the official records of The State Bar of California.*

**Bar Number:** 183908

**Address:**
Law Office of Jonathan W. Birdt
▆▆▆▆▆▆▆▆
Granada Hills, CA 91344
Map it

**Phone Number:** (818) 400-4485
**Fax Number:** (818) 428-1384
**e-mail:** jon@jonbirdt.com

**Undergraduate School:**
Fort Lewis Coll; Durango CO

**Law School:**
Southwestern Univ SOL; Los Angeles CA

**County:** Los Angeles
**District:** District 2

**Sections:**
None



**ATTORNEY PROVIDED INFORMATION**
*The information below was provided by the attorney and has not been verified or monitored. The State Bar does not recommend or endorse any attorney.*

**Practice Area(s):**
Business Law
Commercial Law
Contracts
Debtor & Creditor
Litigation
Personal Injury
Products Liability

**Website:**
www.jonbirdt.com

## Status History

| Effective Date | Status Change |
|---|---|
| Present | Active |
| 12/5/2009 | Active |
| 11/5/2009 | Not Eligible To Practice Law |
| 12/2/1996 | Admitted to The State Bar of California |

Explanation of member status

## Actions Affecting Eligibility to Practice Law

| Effective Date | Description | Case Number | Resulting Status |
|---|---|---|---|
| **Disciplinary and Related Actions** | | | |

Overview of the attorney discipline system.

| 11/5/2009 | Discipline w/actual suspension | 05-O-04705 | Not Eligible To Practice Law |

**Administrative Actions**

Contact Us | Site Map | Privacy Policy | Notices |
Copyright | Accessibility | FAQ

© 2013 The State Bar of California

This member has no public record of administrative actions.

Copies of official attorney discipline records are available upon request.

Explanation of common actions

## State Bar Court Cases

**NOTE:** The State Bar Court began posting public discipline documents online in 2005. The format and pagination of documents posted on this site may vary from the originals in the case file as a result of their translation from the original format into Word and PDF. Copies of additional related documents in a case are available upon request. Only Opinions designated for publication in the State Bar Court Reporter may be cited or relied on as precedent in State Bar Court proceedings. For further information about a case that is displayed here, please refer to the State Bar Court's online docket, which can be found at: http://apps.statebarcourt.ca.gov/dockets/dockets.aspx

**DISCLAIMER:** Any posted Notice of Disciplinary Charges, Conviction Transmittal or other initiating document, contains only allegations of professional misconduct. The attorney is presumed to be innocent of any misconduct warranting discipline until the charges have been proven.

| Effective Date | Case Number | Description |
|---|---|---|
| 11/5/2009 | 05-O-04705 | Stipulation (PDF) |

## California Bar Journal Discipline Summaries

Summaries from the California Bar Journal are based on discipline orders but are not the official records. Not all discipline actions have associated CBJ summaries. Copies of official attorney discipline records are available upon request.

**November 5, 2009**

JONATHAN WESLEY BIRDT [#183908], 39, of Pasadena was suspended for one year, stayed, placed on two years of probation with a 30-day actual suspension and was ordered to take the MPRE within one year. The order took effect Nov. 5, 2009.

Birdt represented a company that had been sued for "wage and hour" violations by nine employees. He met with the company's former operations manager and asked him to speak with the class representatives. Because they were represented by counsel, Birdt was precluded from speaking with them directly. He told the former manager the company would pay him about $8,000 if he would approach the defendants, convince them to settle their claims and sign a release form prepared by Birdt.

The ex-manager spoke with five of the nine plaintiffs and convinced four to settle.

Birdt stipulated that he indirectly communicated with a party represented by counsel without the other lawyer's consent.

When opposing counsel tried to have him prohibited from further conversations with the plaintiffs, Birdt falsely told the court under penalty of perjury that his client, the employer, directly negotiated the settlements with the four plaintiffs without his involvement. He stipulated that his actions involved moral turpitude.

In mitigation, Birdt cooperated with the bar's investigation.

Start New Search »

JONATHAN BIRDT - Properties

███████████, PORTER RANCH, CA 91326-3204 (LOS ANGELES COUNTY)

APN: ███████████
APN Sequence Number: 001
███████████PORTER RANCH, CA 91326-3204 (LOS ANGELES COUNTY)
Homestead
Date Subject Last Seen as Owner: 2012
Date Subject First Seen as Owner: 06/16/2004
Subdivision Name: 20667
Legal Description: TRACT # 20667 LOT 33
Building Square Feet: 1,756
Living Square Feet: 1,756
Land Square Feet: 12,218
Year Built: 1960

Latest Tax Roll/Assessment Information
Tax Year: 2011
Tax Amount: $5,935.54
Assessed Year: 2012
Assessed Value: $454,800
Sale Date: 06/16/2004
Sale Amount: $610,000
Document Number: 1883912
Total Value: $454,800
Land Value: $341,500
Improvement Value: $113,300
Bedrooms: 4
Baths: 2

## Most Current Ownership Information - 05/03/2007

Owner: BIRDT JON & JB FAMILY TRUST
Address: ███████████PORTER RANCH, CA 91326-3204 (Los Angeles COUNTY)
Mailing Address: ███████████ PORTER RANCH, CA 91326-3204 (Los Angeles COUNTY)
Seller: BIRDT JONATHAN & JULIE P ███████████ PORTER RANCH, CA 91326-3204 (LOS ANGELES COUNTY)
Owner Ownership Rights: Personal Trust
Business Name: BIRDT JON & JB FAMILY TRUST
Recording Date: 05/11/2007
Sale Date: 05/03/2007
Sale Code: Sale Price (Partial)
Absentee Indicator: Situs Address Taken From Sales Transaction - Determined Owner Occupied
Deed Sec Cat: Interfamily Transfer, Resale, Cash Purchase, Residential (Modeled)
Universal Land Use: Single Family Residence
Property Indicator: Single Family Residence/Townhouse
Inter Family: Yes
Resale New Construction: Resale
Residential Model Indicator: Based On Zip Code and Value
Property is Residential
Title Company Name: FIRST AMERICAN TITLE
Document Number: 1146330

Mortgage
No Mortgage
Recording Date: 05/11/2007
Document Number: 1146330
Registry Entries:
  Document Type: Deed
  Document Number: 000001146330
  Transaction Type: Nominal
  Batch Id: 20070515
  Batch Sequence: 03038
  Recording Date: 05/11/2007

## Previous Ownership Information - 11/25/2005

Owner: JONATHAN BIRDT [ View Person Record ]
Mailing Address: ███████████ PORTER RANCH, CA 91326-3204 (Los Angeles COUNTY)
Owner: JULIE P BIRDT [ View Person Record ]
Address: ███████████ PORTER RANCH, CA 91326-3204 (Los Angeles COUNTY)
Mailing Address: ███████████ PORTER RANCH, CA 91326-3204 (Los Angeles COUNTY)
Seller: BIRDT JON & JB FAM TRUST
Seller: BIRDT JON & JULIE P ███████████ PORTER RANCH, CA 91326-3204 (LOS ANGELES COUNTY)
Owner Ownership Rights: Joint Tenants
Owner Relationship Type: Husband/Wife
Recording Date: 12/27/2005
Sale Date: 11/25/2005
Sale Code: Sale Price (Partial)
Absentee Indicator: Situs Address Taken From Sales Transaction - Determined Owner Occupied
Deed Sec Cat: Interfamily Transfer, Resale, Residential (Modeled)
Universal Land Use: Single Family Residence
Property Indicator: Single Family Residence/Townhouse
Inter Family: Yes
Resale New Construction: Resale
Residential Model Indicator: Based On Zip Code and Value

Mortgage
Lender: AMERICAN LNDG GRP INC
Lender Address: ST PETERS, MO 63376 (Saint Charles COUNTY)
Mortgage Amount: $488,000
Mortgage Loan Type: Conventional
Mortgage Deed Type: Deed of Trust
Mortgage Term: 30 Years
Mortgage Date: 05/05/2007
Mortgage Due Date: 06/01/2037
Recording Date: 05/11/2007
Mtg Sec Cat: CNV, Fixed, Refinance, Non Conforming
Refi Flag: Loan to Value is More Than 50%
Document Number: 1146327
Registry Entries:
  Document Type: Deed
  Document Number: 000001146327
  Transaction Type: Nominal
  Batch Id: 20070515
  Batch Sequence: 03037
  Recording Date: 05/11/2007

Mortgage
Lender: WACHOVIA MTG CO
Lender Address: RALEIGH, NC 27607-5066 (Wake COUNTY)
Mortgage Amount: $231,000
Mortgage Loan Type: Conventional

| | |
|---|---|
| **Property is Residential**<br>Title Company Name: **FIRST AMERICAN TITLE**<br>Document Number: **3182639** | Mortgage Deed Type: **Deed of Trust**<br>Mortgage Term: **30 Years**<br>Mortgage Date: **11/25/2005**<br>Mortgage Due Date: **12/01/2035**<br>Recording Date: **01/27/2006**<br>Mtg Sec Cat: **CNV, Fixed, Other Subordinate Loans, Non Conforming**<br>Mortgage Interest Rate Type: **Fixed**<br>Document Number: **203196**<br>Registry Entries:<br>    Document Type: **Deed of Trust**<br>    Document Number: **000000203196**<br>    Transaction Type: **Refinance**<br>    Batch Id: **20060202**<br>    Batch Sequence: **03909**<br>    Recording Date: **01/27/2006**<br><br>Mortgage<br>**No Mortgage**<br>Recording Date: **12/27/2005**<br>Document Number: **3182639**<br>Registry Entries:<br>    Document Type: **Quit Claim**<br>    Document Number: **000003182639**<br>    Transaction Type: **Nominal**<br>    Batch Id: **20051230**<br>    Batch Sequence: **05536**<br>    Recording Date: **12/27/2005** |

**PreviousOwnership Information - 11/25/2005**

| | |
|---|---|
| Owner: **BIRDT JON & J B FAMILY TRUST**<br>Address: ▇▇▇▇ PORTER RANCH, CA 91326-3204 **(Los Angeles COUNTY)**<br>Mailing Address: ▇▇▇▇, PORTER RANCH, CA 91326-3204 (Los Angeles COUNTY)<br>Seller: **BIRDT JONATHAN & JULIE P** ▇▇▇▇ PORTER RANCH, CA 91326-3204 (LOS ANGELES COUNTY)<br>Owner Ownership Rights: **Personal Trust**<br>Business Name: **BIRDT JON & J B FAMILY TRUST**<br>Recording Date: **12/27/2005**<br>Sale Date: **11/25/2005**<br>Sale Code: **Sale Price (Partial)**<br>Absentee Indicator: **Situs Address Taken From Sales Transaction - Determined Owner Occupied**<br>Deed Sec Cat: **Interfamily Transfer, Resale, Cash Purchase, Residential (Modeled)**<br>Universal Land Use: **Single Family Residence**<br>Property Indicator: **Single Family Residence/Townhouse**<br>Inter Family: **Yes**<br>Resale New Construction: **Resale**<br>Residential Model Indicator: **Based On Zip Code and Value**<br>**Property is Residential**<br>Document Number: **3182640** | Mortgage<br>**No Mortgage**<br>Recording Date: **12/27/2005**<br>Document Number: **3182640**<br>Registry Entries:<br>    Document Type: **Deed**<br>    Document Number: **000003182640**<br>    Transaction Type: **Nominal**<br>    Batch Id: **20051230**<br>    Batch Sequence: **05153**<br>    Recording Date: **12/27/2005** |

**PreviousOwnership Information - 03/07/2005**

| | |
|---|---|
| Owner: **JON BIRDT** [ View Person Record ]<br>Mailing Address: ▇▇▇▇ PORTER RANCH, CA 91326-3204 (Los Angeles COUNTY)<br>Owner: **JULIE P BIRDT** [ View Person Record ]<br>Address: ▇▇▇▇ PORTER RANCH, CA 91326-3204 **(Los Angeles COUNTY)**<br>Mailing Address: ▇▇▇▇ PORTER RANCH, CA 91326-3204 (Los Angeles COUNTY)<br>Seller: **BIRDT JON & JULIE P TRUST** ▇▇▇▇ PORTER RANCH, CA 91326-3204 (LOS ANGELES COUNTY)<br>Owner Ownership Rights: **Joint Tenants**<br>Owner Relationship Type: **Husband/Wife**<br>Recording Date: **03/16/2005**<br>Sale Date: **03/07/2005** | Mortgage<br>Lender: **NATIONAL CTY BK**<br>Lender Address: **BRECKSVILLE, OH 44141 (Cuyahoga COUNTY)**<br>Mortgage Amount: **$192,000**<br>Mortgage Loan Type: **Conventional**<br>Mortgage Deed Type: **Deed of Trust**<br>Mortgage Term: **20 Years**<br>Mortgage Date: **03/08/2005**<br>Mortgage Due Date: **03/08/2025**<br>Mtg Sec Cat: **CNV, Fixed, Equity (Closed or Revolving), Non Conforming**<br>Mortgage Interest Rate Type: **Fixed**<br>Equity Flag: **Yes**<br>Document Number: **599723** |

| | |
|---|---|
| Sale Code: **Unknown**<br>Absentee Indicator: **Situs Address Taken From Sales Transaction - Determined Owner Occupied**<br>Deed Sec Cat: **Interfamily Transfer, Resale, Residential (Modeled)**<br>Universal Land Use: **Single Family Residence**<br>Property Indicator: **Single Family Residence/Townhouse**<br>Inter Family: **Yes**<br>Resale New Construction: **Resale**<br>Residential Model Indicator: **Based On Zip Code and Value**<br>**Property Is Residential**<br>Title Company Name: **LAWYERS TITLE**<br>Document Number: **599723** | Registry Entries:<br>    Document Type: **Deed**<br>    Document Number: **000000599723**<br>    Transaction Type: **Nominal**<br>    Batch Id: **20050319**<br>    Batch Sequence: **02950**<br>    Recording Date: **03/16/2005** |

**Previous Ownership Information - 09/04/2004**

| | |
|---|---|
| Owner: **BIRDT JON & J B TRUST**<br>Address: ███████████**PORTER RANCH, CA 91326-3204 (Los Angeles COUNTY)**<br>Mailing Address: ███████████ **PORTER RANCH, CA 91326-3204 (Los Angeles COUNTY)**<br>Seller: **JONATHAN BIRDT**[ View Person Record ]<br>Seller: **JULIE BIRDT**[ View Person Record ]<br>███████████ **PORTER RANCH, CA 91326-3204 (LOS ANGELES COUNTY)**<br>Owner Ownership Rights: **Personal Trust**<br>Business Name: **BIRDT JON & J B TRUST**<br>Recording Date: **10/07/2004**<br>Sale Date: **09/04/2004**<br>Sale Code: **Sale Price (Partial)**<br>Absentee Indicator: **Situs Address Taken From Sales Transaction - Determined Owner Occupied**<br>Deed Sec Cat: **Interfamily Transfer, Resale, Cash Purchase, Residential (Modeled)**<br>Universal Land Use: **Single Family Residence**<br>Property Indicator: **Single Family Residence/Townhouse**<br>Inter Family: **Yes**<br>Resale New Construction: **Resale**<br>Residential Model Indicator: **Based On Zip Code and Value**<br>**Property Is Residential**<br>Document Number: **2594143** | Mortgage<br>**No Mortgage**<br>Recording Date: **10/07/2004**<br>Document Number: **2594143**<br>Registry Entries:<br>    Document Type: **Deed**<br>    Document Number: **000002594143**<br>    Transaction Type: **Nominal**<br>    Batch Id: **20041012**<br>    Batch Sequence: **01305**<br>    Recording Date: **10/07/2004** |

**Previous Ownership Information - 08/23/2004**

| | |
|---|---|
| Owner: **JONATHAN BIRDT** [ View Person Record ]<br>Mailing Address: ███████████**PORTER RANCH, CA 91326-3204 (Los Angeles COUNTY)**<br>Owner: **JULIE BIRDT** [ View Person Record ]<br>Address: ███████████ **PORTER RANCH, CA 91326-3204 (Los Angeles COUNTY)**<br>Mailing Address: ███████████**PORTER RANCH, CA 91326-3204 (Los Angeles COUNTY)**<br>███████████**PORTER RANCH, CA 91326-3204 (LOS ANGELES COUNTY)**<br>Owner Ownership Rights: **Community Property**<br>Owner Relationship Type: **Husband/Wife**<br>Recording Date: **09/29/2004**<br>Sale Date: **08/23/2004**<br>Absentee Indicator: **Situs Address Taken From Sales Transaction - Determined Owner Occupied**<br>Deed Sec Cat: **Residential (Modeled)**<br>Universal Land Use: **Single Family Residence**<br>Property Indicator: **Single Family Residence/Townhouse**<br>Residential Model Indicator: **Based On Zip Code and Value**<br>**Property Is Residential**<br>Document Number: **2505672** | Mortgage<br>Lender: **BANK ONE NA**<br>Lender Address: **COLUMBUS, OH 43271 (Franklin COUNTY)**<br>Mortgage Amount: **$167,000**<br>Mortgage Loan Type: **Conventional**<br>Mortgage Deed Type: **Revolving Line of Credit**<br>Mortgage Term: **15 Years**<br>Mortgage Date: **08/23/2004**<br>Mortgage Due Date: **08/23/2019**<br>Recording Date: **09/29/2004**<br>Mtg Sec Cat: **CNV, Adjustable, Equity (Closed or Revolving), Non Conforming**<br>Mortgage Interest Rate Type: **Adjustable**<br>Equity Flag: **Yes**<br>Document Number: **2505672**<br>Registry Entries:<br>    Document Type: **Deed of Trust**<br>    Document Number: **000002505672**<br>    Transaction Type: **Refinance**<br>    Batch Id: **20041004**<br>    Batch Sequence: **05078**<br>    Recording Date: **09/29/2004** |

**Previous Ownership Information - 06/16/2004**

| | |
|---|---|
| Owner: **JONATHAN BIRDT** [ View Person Record ]<br>Address: ███████████ **PORTER RANCH, CA 91326-3204 (LOS ANGELES COUNTY)**<br>Mailing Address: ███████████ **PORTER RANCH, CA** | **Mortgage Information not available** |

**91326-3204 (LOS ANGELES COUNTY)**
Seller: **L TRUST HARDY-VIRGINIA**
⬛⬛⬛⬛⬛⬛ **PORTER RANCH, CA 91326-3204 (LOS**
**ANGELES COUNTY)**
Owner Ownership Rights: **Trust**
Recording Date: **07/23/2004**
Sale Date: **06/16/2004**
Sale Code: **Full Value**
Sale Amount: **$610,000**
Absentee Indicator: **Owner Occupied**
Universal Land Use: **SFR**
Property Indicator: **Single Family Residence**
Residential Model Indicator: **Property is Residential**
Title Company Name: **CHICAGO TITLE CO.**
Document Number: **1883912**

---

**PreviousOwnership Information - 06/16/2004**

| | |
|---|---|
| Owner: **JONATHAN BIRDT** [ View Person Record ]<br>Mailing Address: ⬛⬛⬛⬛⬛ **PORTER RANCH, CA**<br>**91326-3204 (Los Angeles COUNTY)**<br>Owner: **JULIE BIRDT** [ View Person Record ]<br>Address: ⬛⬛⬛⬛⬛ **PORTER RANCH, CA 91326-3204**<br>**(Los Angeles COUNTY)**<br>Mailing Address: ⬛⬛⬛⬛⬛ **PORTER RANCH, CA**<br>**91326-3204 (Los Angeles COUNTY)**<br>Seller: **L TRUST HARDY VIRGINIA**<br>⬛⬛⬛⬛⬛ **PORTER RANCH, CA 91326-3204 (LOS**<br>**ANGELES COUNTY)**<br>Owner Ownership Rights: **Trust**<br>Owner Relationship Type: **Husband/Wife**<br>Recording Date: **07/23/2004**<br>Sale Date: **06/16/2004**<br>Sale Code: **Full Value**<br>Sale Amount: **$610,000**<br>Absentee Indicator: **Owner Occupied**<br>Deed Sec Cat: **Resale, Mortgaged Purchase, Residential**<br>**(Modeled)**<br>Universal Land Use: **SFR**<br>Property Indicator: **Single Family Residence**<br>Resale New Construction: **Resale**<br>Residential Model Indicator: **Property is Residential**<br>Title Company Name: **CHICAGO TITLE CO.**<br>Document Number: **1883912** | **Mortgage**<br>Lender: **WELLS FARGO BK**<br>Lender Address: **DES MOINES, IA 50306-0304 (Polk COUNTY)**<br>Mortgage Amount: **$488,000**<br>Mortgage Interest Rate: **5.1250%**<br>Mortgage Loan Type: **Conventional**<br>Mortgage Deed Type: **Deed of Trust**<br>Mortgage Term: **30 Years**<br>Second Mortgage Amount: **$91,500**<br>Second Mortgage Loan Type: **CNV**<br>Second Mortgage Deed Type: **TR**<br>Mortgage Date: **07/12/2004**<br>Mortgage Due Date: **08/01/2034**<br>Recording Date: **07/23/2004**<br>Mtg Sec Cat: **CNV, Adjustable, Non Conforming**<br>Mortgage Interest Rate Type: **Adjustable**<br>Document Number: **1883912**<br>Registry Entries:<br>    Document Type: **Deed**<br>    Document Number: **000001883912**<br>    Transaction Type: **Resale**<br>    Batch Id: **20040727**<br>    Batch Sequence: **02566**<br>    Recording Date: **07/23/2004** |

---

**PreviousOwnership Information - 12/31/2003**

| | |
|---|---|
| Owner: **HARDY VIRGINIA L TRUST**<br>Address: ⬛⬛⬛⬛⬛ **PORTER RANCH, CA 91326-3204**<br>**(Los Angeles COUNTY)**<br>Mailing Address: ⬛⬛⬛⬛⬛ **PORTER RANCH, CA**<br>**91326-3204 (Los Angeles COUNTY)**<br>⬛⬛⬛⬛⬛ **PORTER RANCH, CA 91326-3204 (LOS**<br>**ANGELES COUNTY)**<br>Owner Ownership Rights: **Personal Trust**<br>Business Name: **HARDY VIRGINIA L TRUST**<br>Recording Date: **01/09/2004**<br>Sale Date: **12/31/2003**<br>Absentee Indicator: **Situs Address Taken From Sales Transaction**<br>**- Determined Owner Occupied**<br>Deed Sec Cat: **Residential (Modeled)**<br>Universal Land Use: **Single Family Residence**<br>Property Indicator: **Single Family Residence/Townhouse**<br>Residential Model Indicator: **Based On Zip Code and Value**<br>**Property is Residential**<br>Title Company Name: **TICOR TITLE**<br>Document Number: **58834** | **Mortgage**<br>Lender: **LOS ANGELES POLICE FCU**<br>Lender Address: **VAN NUYS, CA 91406 (Los Angeles COUNTY)**<br>Mortgage Amount: **$30,000**<br>Mortgage Loan Type: **Conventional**<br>Mortgage Deed Type: **Equity or Credit Line**<br>Mortgage Date: **12/31/2003**<br>Recording Date: **01/09/2004**<br>Mtg Sec Cat: **CNV, Adjustable, Equity (Closed or Revolving),**<br>**Conforming**<br>Mortgage Interest Rate Type: **Adjustable**<br>Equity Flag: **Yes**<br>Document Number: **58834**<br>Registry Entries:<br>    Document Type: **Deed of Trust**<br>    Document Number: **000000058834**<br>    Transaction Type: **Refinance**<br>    Batch Id: **20040112**<br>    Batch Sequence: **05287**<br>    Recording Date: **01/09/2004** |

---

**PreviousOwnership Information - 06/17/1998**

| | |
|---|---|
| Owner: **HARDY VIRGINIA L TRUSTEE**<br>Address: ⬛⬛⬛⬛⬛ **PORTER RANCH, CA 91326-3204**<br>**(Los Angeles COUNTY)** | **Mortgage Information not available** |

Mailing Address: ███████████ PORTER RANCH, CA
91326-3204 (Los Angeles COUNTY)
Seller: **VIRGINIA L HARDY** [ View Person Record ]
███████████ PORTER RANCH, CA 91326-3204 (LOS
**ANGELES COUNTY)**
Owner Ownership Rights: Trustee
Business Name: **HARDY VIRGINIA L TRUSTEE**
Recording Date: **03/12/1999**
Sale Date: **06/17/1998**
Absentee Indicator: **Situs Address Taken From Sales Transaction**
**- Determined Owner Occupied**
Deed Sec Cat: **Interfamily Transfer, Resale, Residential**
**(Modeled)**
Universal Land Use: **Single Family Residence**
Property Indicator: **Single Family Residence/Townhouse**
Inter Family: **Yes**
Resale New Construction: **Resale**
Residential Model Indicator: **Based On Zip Code and Value**
**Property is Residential**
Document Number: **416404**

**Previous Ownership Information - 01/25/1999**

Owner: **VIRGINIA HARDY** [ View Person Record ]
Address: ███████████ PORTER RANCH, CA 91326-3204
(Los Angeles COUNTY)
Mailing Address: ███████████ PORTER RANCH, CA
91326-3204 (Los Angeles COUNTY)
███████████ PORTER RANCH, CA 91326-3204 (LOS
**ANGELES COUNTY)**
Owner Relationship Type: **Widow**
Recording Date: **02/10/1999**
Sale Date: **01/25/1999**
Absentee Indicator: **Situs Address Taken From Sales Transaction**
**- Determined Owner Occupied**
Deed Sec Cat: **Resale, Residential (Modeled)**
Universal Land Use: **Single Family Residence**
Property Indicator: **Single Family Residence/Townhouse**
Resale New Construction: **Resale**
Residential Model Indicator: **Based On Zip Code and Value**
**Property is Residential**
Title Company Name: **SOUTHLAND TITLE CO.**
Document Number: **217496**

Mortgage
Lender: **MISCELLANEOUS FIN**
Lender Address: **VAN NUYS, CA 91406** (Los Angeles COUNTY)
Mortgage Amount: **$45,000**
Mortgage Loan Type: **Conventional**
Mortgage Deed Type: **Deed of Trust**
Mortgage Term: **15 Years**
Mortgage Date: **02/10/1999**
Mortgage Due Date: **2014**
Recording Date: **02/10/1999**
Mtg Sec Cat: **CNV, Fixed, Refinance, Conforming**
Mortgage Interest Rate Type: **Fixed**
Refi Flag: **Loan to Value is More Than 50%**
Document Number: **217496**
Registry Entries:
    Document Type: **Quit Claim**
    Document Number: **000000217496**
    Transaction Type: **Resale**
    Batch Id: **19380122**
    Batch Sequence: **40786**
    Recording Date: **02/10/1999**

**Jonathan Birdt**

| | |
|---|---|
| **From:** | noreply@sos.ca.gov |
| **Sent:** | Tuesday, December 18, 2012 5:23 PM |
| **To:** | Jonathan Birdt |
| **Subject:** | California Online Voter Registration Receipt |



This is an automated message. Please do not reply to this email.

Congratulations and thank you for registering to vote in California.  Enclosed is a copy of your voter registration receipt.

Affidavit Number: 65 BE 121993
Received: 12/18/2012 5:23 PM

Important Notices

This page is your receipt. Keep it until you receive a Voter Notification Card in the mail. If you have any questions regarding your voter registration, you may contact your county election office and provide the affidavit number noted above.

Vote-By-Mail Application: If you would like to vote by mail, your county elections office must receive your written request at least 7 days before the election. You may obtain a copy of the vote-by-mail application at www.sos.ca.gov/elections/vote-by-mail/pdf/fill-in-vote-by-mail-app-instruct.pdf or by contacting your local election official below.

MICHAEL J. SCARPELLO
REGISTRAR OF VOTERS
777 E RIALTO AVE
SAN BERNARDINO, CA 92415-0770

(909) 387-8300
rovwebmail@rov.sbcounty.gov

The law protects your voter registration information against commercial use. You may call the Secretary of State Voter Hotline at (800)345-VOTE(8683) with any questions, problems, or to report fraud. You may also contact the Secretary of State's office at elections@sos.ca.gov or at www.sos.ca.gov, or contact your county elections office.

1

**TAC-1**

**TACTICAL ADVANCED COMBAT LLC**

P.O. Box 800118, Santa Clarita, CA 91380

12/7/2012

Jon Birdt

Porter Ranch, CA 91326

Dear Jon Birdt:

This letter is to confirm that you, **Jon Birdt**, have successfully completed an eight (8) hours of *Pistol-II(C) "Movements and Low Light"* firearms training course on *October 14th 2011 (#111014P2C)*. This firearms training took place under the direct supervision of Lou Salseda, (Ret. LAPD Sgt.II of Tactics & Firearms Unit).

Pistol-II(C) course which takes on average 8 hours to complete and covers the following topics:

- Safety briefing
- Review principals of personal defense
- Mental conditioning and combat mindset
- Slow fire drills
- The Concept of movement
- Balancing Speed and Accuracy
- Turning and Shooting (Dealing with Threat from behind)
- Shoot, Move, Shoot (Always be on the move; shooting & reloading)
- Shooting on the move
- Engaging threats on the move to cover
- Lateral and oblique movement to cover
- Moving off the line of force
- Live-fire Movement course
- Low light shooting using flash light technique

By way of introduction, **TAC-1: Tactical Advanced Combat LLC** specializes in practical use of small arms, including handguns, shotguns, carbines/rifles, edged weapon and empty hand defense. **TAC-1** also specializes in pre-academy training for Law Enforcement recruit candidates and civilians desiring to gain knowledge into Law Enforcement firearms training. Our instructors have extensive knowledge, experience and advanced certifications in firearms and law enforcement training and utilize specialized curriculum as its core method of instruction.

Sincerely,

SHOJI HATTORI
*President / Co-Fonder*
Tactical Advanced Combat, LLC
(661)753-3632 main
shoji@tac-1.org

**WWW.TAC-1.ORG**



**TAC-1**

**TACTICAL ADVANCED COMBAT LLC**

P.O. Box 800118, Santa Clarita, CA 91380

11/19/2012

Jon Birdt

▬▬▬▬▬▬▬

Porter Ranch, CA 91326

Dear Jon Birdt:

This letter is to confirm that you, **Jon Birdt**, have successfully completed an eight (8) hours of *Pistol-I "Introduction to Defensive Handgun"* firearms training course on *May 7th 2011(#110507P1)*. This firearms training took place under the direct supervision of Lou Salseda, (Ret. LAPD Sgt.II of Tactics & Firearms Unit).

TAC-1 Pistol-I course takes on average of 8 hours to complete and covers the following topics:

- 4 Basic Firearms Safety Rules
- Safety on and off the range U
- Use of deadly force doctrine
- Basic ballistics (FMJ v. HP)
- Elements of the "Modern Technique of the Pistol"
- Review of 7 Elements of Marksmanship
- Elements of handgun marksmanship
- Proper manipulation of semi-automatic handguns
- Drawing and exhibiting handguns from holster
- Ready positions
- Basic malfunction clearing (Failure to Fire)
- Principals of personal defense & mental conditioning and combat mindset
- Methodology of shooting the semi-automatic pistol
- Threat assessment and area scanning - situational awareness
- 20 Round Qualification Course

By way of introduction, **TAC-1: Tactical Advanced Combat LLC** specializes in practical use of small arms, including handguns, shotguns, carbines/rifles, edged weapon and empty hand defense. **TAC-1** also specializes in pre-academy training for Law Enforcement recruit candidates and civilians desiring to gain knowledge into Law Enforcement firearms training. Our instructors have extensive knowledge, experience and advanced certifications in firearms and law enforcement training and utilize specialized curriculum as its core method of instruction.

Sincerely,

*[signature]*

SHOJI HATTORI
*President / Co-Fonder*
Tactical Advanced Combat, LLC
(661)753-3632 main
shoji@tac-1.org

 **TACTICAL ADVANCED COMBAT LLC**

P.O. Box 800118, Santa Clarita, CA 91380

11/19/2012

Jon Birdt

▬▬▬▬▬▬

Porter Ranch, CA 91326

Dear Jon Birdt:

This letter is to confirm that you, **Jon Birdt**, have successfully completed an eight (8) hours of *Pistol-II(A) "Advanced Marksmanship & Manipulations"* firearms training course on *July 16th 2011 (#110716P2A)*. This firearms training took place under the direct supervision of Lou Salseda, (Ret. LAPD Sgt.II of Tactics & Firearms Unit).

Pistol-II(A) course which takes on average 8 hours to complete and covers the following topics:

- 4 Basic Firearms Safety Rules Test
- Principals of personal defense & Mental conditioning and combat mindset
- Review of 7 Elements of Marksmanship
- Thumbs forward grip vs. Thumbs crossed grip
- Methodology of shooting the semi-automatic pistol
- Threat assessment and area scanning
- Ammunition management and reloading techniques (Combat Speed & Administrative)
- Malfunction clearance drills (Level I, II, III)
- Failure Drill (Drugged assailant and body armor defeating drills)
- Single hand "Wounded Warrior" Malfunction Drills
- Use of the flash sight picture vs. perfect sight alignment
- Close contact shooting
- 20 Round Qualification Course

By way of introduction, ***TAC-1: Tactical Advanced Combat LLC*** specializes in practical use of small arms, including handguns, shotguns, carbines/rifles, edged weapon and empty hand defense. ***TAC-1*** also specializes in pre-academy training for Law Enforcement recruit candidates and civilians desiring to gain knowledge into Law Enforcement firearms training. Our instructors have extensive knowledge, experience and advanced certifications in firearms and law enforcement training and utilize specialized curriculum as its core method of instruction.

Sincerely,

SHOJI HATTORI
*President / Co-Fonder*
Tactical Advanced Combat, LLC
(661)753-3632 main
shoji@tac-1.org

 **TAC-1**                     **TACTICAL ADVANCED COMBAT LLC**

P.O. Box 800118, Santa Clarita, CA 91380

11/19/2012

Jon Birdt

██████████████

Porter Ranch, CA 91326

Dear Jon Birdt:

This letter is to confirm that you, **Jon Birdt**, have successfully completed an eight (8) hours of *Pistol-II(B) "Covers & Position"* firearms training course on *May 12th 2012 (#120512P2B)*. This firearms training took place under the direct supervision of Lou Salseda, (Ret. LAPD Sgt.II of Tactics & Firearms Unit).

Pistol-II(B) course which takes on average 8 hours to complete and covers the following topics:

- 4 Basic Firearms Safety Rules Test
- Principals of personal defense & mental conditioning and combat mindset
- Review of 7 Elements of Marksmanship
- Methodology of shooting the semi-automatic pistol
- Use of shooting positions and recoveries (standing, squatting, kneeling, supine, prone & "urban" prone)
- Method of using cover: - Barricade / Cover Shooting
- Maintaining proper distance from cover
- Leaning out and engaging
- Changing exposure locations and shooting positions while using cover
- Threat assessment and area scanning
- Ammunition management and reloading techniques (Combat Speed & Administrative)
- Use of the flash sight picture vs. perfect sight alignment
- 20 Round Qualification Course

By way of introduction, **TAC-1: Tactical Advanced Combat LLC** specializes in practical use of small arms, including handguns, shotguns, carbines/rifles, edged weapon and empty hand defense. **TAC-1** also specializes in pre-academy training for Law Enforcement recruit candidates and civilians desiring to gain knowledge into Law Enforcement firearms training. Our instructors have extensive knowledge, experience and advanced certifications in firearms and law enforcement training and utilize specialized curriculum as its core method of instruction.

Sincerely,

SHOJI HATTORI
*President / Co-Fonder*
Tactical Advanced Combat, LLC
(661)753-3632 main
shoji@tac-1.org

NRA Member Services - View Your Instructor/Coach

 **NRA** Online Member Services

 LOG OUT

| Your Membership | Member Benefits | FAQs | Contact Us |

Make the Pledge | Give a Gift Membership | Calculate

**Welcome JONATHAN BIRDT!**

Home › View Your Instructor/Coach Ratings

Change Your Membership

> **Change Your Login**
> **Change Your Password**
> **Change Your Address**
> **Change Your Email Address**
> **Change Your Magazine**
> **Get Digital Editions**
> **Subscribe to Free NRA Newsletters**
> **Your Instructor/Coach Ratings**

## Your Instructor/Coach Ratings

Your Instructor/Coach Ratings

| Rating | Expiration Date |
|---|---|
| Range Safety Officer | 1/31/2013 |

\* For questions regarding your Rating (s), please contact Education & Training at NRAInstructors@nrahq.org.

**Official Store of the NRA**



**National Firearms Museum**



Online Member Services is secured by:



**NRA** © Copyright 2012 The National Rifle Association of America

About Us | Careers | Contact Us | Privacy Policy

ttps://www.nramemberservices.org/members/etratings.aspx

     Search   ☁61°   

Home  News  Sports  Health  Best Of LA  OC  Events  Video  Audio  Traffic  Weather  Places  Deals  Autos
Local  Entertainment  Business  Politics  Investigative  Health  Consumer  National  World  Blogs

Kars 4 Kids  Donate your car & help a child succeed!   Donate Now

**TRAFFIC ALERT:** Big Rig Overturns, Spills Load On EB 134 Connector To WB 210  |  Listen To KNX1070

Your Home  Buy Tickets  More        FOLLOW US       LOGIN  REGISTER     Search

**AL**

# City Attorney Tells San Bernardino Residents To 'Lock Their Doors,' 'Load Their Guns' Because Of Police Downsizing

November 30, 2012 12:43 AM

Like  12k     390          2.1K                    View Comments



Reporting Juan Fernandez

**Filed Under**

Local, News, Syndicated
Local, Watch + Listen

**Related Tags**

City Attorney Jim Penman,
Police Downsizing, San
Bernardino

**Photo Galleries**



'Carmageddon II'



Car Snapped:
Celebrities On The Go



CBSLA Hurricane
Relief Telethon

**SAN BERNARDINO (CBSLA.com)** — The city attorney of San Bernardino is under scrutiny for telling residents to "lock their doors and load their guns" during a city council meeting.

The official explained that because the city is bankrupt and slashing public safety budgets people will need to start protecting themselves.

City Attorney Jim Penman said he doesn't regret what he said.

"You should say what you mean and mean what you say," Penman said.

The city attorney said approximately 150 residents came to a council meeting to voice their concerns about recent crimes in the area, including the murder of an elderly woman last week.

"You could tell the swell of frustration was coming over a lot of folks. They did not feel like they could get an officer out as quickly to some of the quality-of-life issues

cbslocal.com/  /city-attorney-tells-san-bernardino-residents-to-lock-their-doors-load-their-guns



Cute Dogs And Cars

that they were dealing with as they would have preferred," said councilwoman Wendy McCommack, who organized the meeting and was present that night.

"Well, if I remember right, I told them to 'lock their doors and load their guns,'" Penman said.

Penman said the city is dealing with bankruptcy, which has forced officials to cut its police force by about 80 officers. Consequently, there's been growing criticism about the police department's response time.

"Let's be honest, we don't have enough police officers. We have too many criminals living in this city. We have had 45 murders this year... that's far too high for a city of this size," Penman said.

The city attorney said it's important for people to be smart about protecting themselves and their families.

"I'm not advocating that people go out, who don't have any training, and buy firearms. I certainly strongly caution anyone who has children at home not to have a loaded gun in the house," Penman said.

"We need to take our streets back, we need to take our neighborhoods back and we need to protect our homes, and that's what I think Jim was trying to say," McCommack said.

The city of San Bernardino has seen a 50 percent increase in murders this year compared to 2011.

 Shop for Technology Gifts and More. Click Here

| Like | 12k | 390 | 2.1K | View Comments |

**Sponsored Links**

 **VA Loan Refinance 2.25%**
2013 VA Loan Guidelines Just Announced. As Seen On Military Channel !
www.VeteranLoanAdministration.com

 **BlackBerry® Bold™**
Thinnest BlackBerry Smartphone Yet. BlackBerry Bold 99...
BlackBerry.com

 **LifeLock® Official Site**
Learn More About LifeLock Ultimate™ Protection Plans.
LifeLock.com

**Featured Local Circulars**

Save On Holiday Party Supplies
Dollar General

Save Big on Holiday Lighting
Orchard Supply Hardware

Stylish Presents from the Best Brands
Sports Authority

**Facebook Activity**

Add CBS Los Angeles to your Timeline to share with your friends.

**LATEST GALLERIES**

 Top 10 Winningest NASCAR...
 2012 Celebrity Deaths
 2012 MLS Cup
 Famous People Living With HIV

**VIDEO NEWS**



Clerical Worker Strike Enters 7th Day...

## FROM AROUND THE WEB

Confessions of a former TSA agent (Fox News)

Parents Beware: 11 Dangerous Teenage Trends All Parents Should Know About (Parent Society)

FBI Warns about World's Most Dangerous Places to Use Wi-Fi (LAPTOP Magazine)

Your hotel room can be hacked with a 'dry erase marker' (PC World)

The Terrifying Line in Obama's Speech That Everyone Missed (Investors.com)

Side Effects of Using Marijuana (Third Age)

## WE RECOMMEND

Sheriff's Department Now Acknowledges There's A Witness To Deadly Deputy-Involved Shooting

Armenian Gang Members Sentenced For Running Identity Theft Ring From Prison

Murder Suspect Arrested After Nearly 10-Hour Standoff With Police In Upland

4-Big Rig Crash Closes WB 210 Freeway Transition In Pasadena

Clippers Manhandle Kings 116-81

Murrieta Police Shoot And Kill Vicious Akita

From: Jon Birdt    Fax: +1 (818) 428-1384    To:    Fax: +1-909-387-4268    Page 4 of 5  4/5/2013 1:54

1 **JONATHAN W. BIRDT**
2 ▅▅▅▅▅▅▅▅▅▅▅▅▅▅
   Granada Hills, CA 91344
3 Telephone: (818) 400-4485
   Facsimile: (818) 428-1384
4 jon@jonbirdt.com
5

6 **UNITED STATES DISTRICT COURT**
7 **CENTRAL DISTRICT OF CALIFORNIA**
8

| | | |
|---|---|---|
| 9 JONATHAN BIRDT, | ) | **CASE NO.** |
| 10 | ) | |
| 11 Plaintiff, | ) | **COMPLAINT FOR SECOND** |
| | ) | **AMENDMENT VIOLATION - 42** |
| 12 vs. | ) | **U.S.C. § 1983** |
| 13 | ) | |
| 14 SAN BERNARDINO SHERIFFS | ) | **JURY TRIAL DEMANDED** |
| DEPARTMENT, | ) | |
| 15 Defendants. | ) | **ATTORNEY FEES REQUESTED 42** |
| | ) | **U.S.C. § 1988** |
| 16 | ) | |
| 17 | ) | |

18   COMES NOW Plaintiff, Jonathan Birdt, pursuant to 42 U.S.C. § 1983.
19 Plaintiff alleges violations of his Second Amendment Rights by Defendant.
20

21                              <u>INTRODUCTION</u>

22   1. The California Legislature has mandated that the only method by which a
23   resident of the State can bear arms for the purpose of self-defense outside the
24   home is with a permit to carry a concealed weapon.

25   2. Plaintiff is a resident of San Bernardino County and sought a concealed
26   weapons permit and his application was denied on February 26, 2013 without
27   any statutory reason for the denial.

28

## JURISDICTION & VENUE

3.  This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 1983.

4.  Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## FIRST CAUSE OF ACTION

## SECOND AMENDMENT VIOLATION OF 42 U.S.C. § 1983

5. The Supreme Court has held that "the Second Amendment protects the right to keep and bear arms for the purpose of self-defense." *McDonald v. City of Chicago, Ill.* (2010) 130 S.Ct. 3020, 3021.

6. Plaintiff cannot exercise this right without a permit from Defendant.

7. Defendant refuses to issue a permit or provide a statutory basis for his refusal to do so.

## PRAYER FOR RELIEF

8.  For an order requiring Defendant to issue a Permit to Plaintiff without delay.

9. Costs and Attorneys' fees pursuant to 42 U.S.C. § 1988.

April 9, 2013

_____

Jonathan W. Birdt

From: Jon Birdt    Fax: +1 (818) 428-1384    (    To:    )    Fax: +1 (909) 387-4068    (    Page 5 of 5  4/9/20 3 9:54

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR OR PLAINTIFF OR
DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

JONATHAN W. BIRDT

Granada Hills, CA 91344
Telephone: (818) 400-4485
Facsimile: (818) 428-1384
jon@jonbirdt.com

ATTORNEYS FOR    Pro Se

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| JONATHAN BIRDT | CASE NUMBER |
| --- | --- |
| Plaintiff(s), | |
| v. | |
| SAN BERNARDINO SHERIFFS DEPARTMENT | CERTIFICATION AND NOTICE OF INTERESTED PARTIES (Local Rule 7.1-1) |
| Defendant(s) | |

TO:    THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for  Plaintiff
(or party appearing in pro per), certifies that the following listed party (or parties) may have a direct, pecuniary
interest in the outcome of this case. These representations are made to enable the Court to evaluate possible
disqualification or recusal. (Use additional sheet if necessary.)

| PARTY | CONNECTION |
| --- | --- |
| (List the names of all such parties and identify their connection and interest.) | |
| Jonathan Birdt | Self |

4/9/13
Date

Sign

Jon Birdt
Attorney of record for or party appearing in pro per

CV-30 (04/10)                    NOTICE OF INTERESTED PARTIES

From: Jon Birdt     Fax: +1 (818) 428-1384     To:     Fax: +1-909- 387-4368     Page 1 of 6  4/9/2013 9:54

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself [X] ) | DEFENDANTS ( Check box if you are representing yourself [ ] ) |
|---|---|
| Jonathan Birdt | SAN BERNARDINO SHERIFFS DEPARTMENT |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| JONATHAN W. BIRDT – SBN 183908 Law Office of Jonathan W. Birdt    Granada Hills, CA 91344 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

[ ] 1. U.S. Government Plaintiff

[ ] 2. U.S. Government Defendant

[X] 3. Federal Question (U.S. Government Not a Party)

[ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

[X] 1. Original Proceeding

[ ] 2. Removed from State Court

[ ] 3. Remanded from Appellate Court

[ ] 4. Reinstated or Reopened

[ ] 5 Transferred from Another District (Specify)

[ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No    [ ] **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. § 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 400 State Reapportionment | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 410 Antitrust | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 140 Negotiable Instrument | **TORTS** | **TORTS** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 450 Commerce/ICC Rates/Etc. | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 460 Deportation | | [ ] 310 Airplane | [ ] 370 Other Fraud | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 151 Medicare Act | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 480 Consumer Credit | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [ ] 490 Cable/Sat TV | | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 850 Securities/Commodities/Exchange | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 340 Marine | **BANKRUPTCY** | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 890 Other Statutory Actions | [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 891 Agricultural Acts | [ ] 190 Other Contract | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 893 Environmental Matters | [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 690 Other | |
| [ ] 895 Freedom of Info. Act | [ ] 196 Franchise | [ ] 360 Other Personal Injury | [X] 440 Other Civil Rights | **LABOR** | |
| [ ] 896 Arbitration | **REAL PROPERTY** | [ ] 362 Personal Injury-Med Malpractice | [ ] 441 Voting | [ ] 710 Fair Labor Standards Act | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 210 Land Condemnation | [ ] 365 Personal Injury-Product Liability | [ ] 442 Employment | [ ] 720 Labor/Mgmt. Relations | |
| | [ ] 220 Foreclosure | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/ Accomodations | [ ] 740 Railway Labor Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 230 Rent Lease & Ejectment | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 751 Family and Medical Leave Act | |
| | | | [ ] 446 American with Disabilities-Other | [ ] 790 Other Labor Litigation | |
| | | | [ ] 448 Education | [ ] 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** _____

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _~signature~_   DATE: **4/9/13**

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. 30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

CV-71 (02/13)   CIVIL COVER SHEET   Page 2 of 2

From: Jon Birdt        Fax: +1 (818) 428-1384              To:                                    +1 (909) 387-4068              pg 3 of 8 4/9/2013 9:54

Name & Address:
Jonathan W. Birdt, Esq.
Law Office of Joanthan W. Birdt

Granada Hills, CA 91344

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| JONATHAN BIRDT | CASE NUMBER |
|---|---|
| **PLAINTIFF(S)** | |
| v. | |
| SAN BERNARDINO SHERIFFS DEPARTMENT | **SUMMONS** |
| **DEFENDANT(S).** | |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Jonathan Birdt_____, whose address is _10315 Woodley Ave, Suite 208, Granada Hills, CA 91344_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____        By: _____
                                              Deputy Clerk

                                         *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*