ALGERIA R. FORD, CA Bar No. 289016
Deputy County Counsel
JEAN-RENE BASLE, CA Bar No. 134107
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, CA  92415-0140
Telephone:  (909) 387-5455
Facsimile:   (909) 387-4069
Electronic Mail Address: Algeria.Ford@cc.sbcounty.gov

Attorneys for Defendant, JOHN McMAHON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JONATHAN BIRDT, | ) CASE NO.  EDCV 13-00673-VAP (JEM) |
|---|---|
| Plaintiff, | ) |
| vs. | ) **DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE JOHN E. MCDERMOTT'S REPORT AND RECOMMENDATIONS** |
| JOHN MCMAHAN, | ) |
| Defendant. | ) |

TO PLAINTIFF IN PROPRIA PERSONA, JONATHAN BIRDT:

**PLEASE TAKE NOTICE** that Defendant, JOHN McMAHON, will and hereby does object to the Report and Recommendations ("Report") of Magistrate Judge John E. McDermott in this matter. The following

1

objections are made:

1. In deciding that good moral character was not a valid basis for denial of plaintiff's CCW permit application, the Report erroneously fails to identify or apply a legal test, standard or level of scrutiny, and instead merely substitutes the Magistrate Judge's discretion for the Sheriff's; and

2. If the Second Amendment standard is limited to "responsible and law abiding" citizens, there are no facts alleged and no facts before the Court on the motions that would suggest the Sheriff's denial of the permit for lack of good moral character was arbitrary, capricious, abusive or irrational or otherwise a violation of the Second Amendment.

DATED: September 23, 2014     JEAN-RENE BASLE
County Counsel

/s/ Algeria R. Ford
ALGERIA R. FORD
Deputy County Counsel
Attorneys for Defendant,
JOHN McMAHON

# I.

# INTRODUCTION

The Sheriff is granted discretion under state law to issue concealed weapon permits to individuals who show good cause and demonstrate good moral character. This case arises from the Sheriff's denial of plaintiff's application for a Concealed Carry Weapons permit on February 26, 2013, after a finding that he lacked good moral character.

A background investigation conducted during the inquiry into issuance or denial of plaintiff's permit revealed that plaintiff was disciplined by the California Bar for admittedly and knowingly lying to a Superior Court under penalty of perjury. Under California law, perjury is a felony crime. Penal Code §§ 118 and 126. Plaintiff also unethically communicated with a represented party. According to a stipulation entered into before the State Bar, plaintiff admitted that he committed acts involving moral turpitude, dishonesty and/or corruption. Plaintiff was suspended from the practice of law for a year, placed on probation for two years, and ordered to retake the MPRE. When defendant learned this information during the background investigation, plaintiff's permit to carry a deadly weapon outside the home was denied.

On July 1, 2014 defendant Sheriff JOHN McMAHON was served with a Second Amended Complaint (SAC), for an alleged violation of plaintiff's Second Amendment rights. In the First and only Count of the Complaint, plaintiff alleged that he has fully complied with all statutory and procedural requirements but defendant denied him a permit, in Violation of the Second Amendment. At the same time he served the SAC, plaintiff also served defendant with a Motion for Summary Judgment related to that Second Amended Complaint. In it he claimed that he is a law abiding

citizen, that he is unable to exercise his Second Amendment right to self-defense, that the refusal to issue the permit is an unlawful exercise of discretion, and that an elected official cannot exercise such discretion. The Motion itself contained no statement of facts and simply made statements in a conclusory fashion.

Defendant filed a motion to dismiss (MTD) the SAC, an opposition to the Motion for Summary Judgment, and requesting that the Court instead issue summary judgment in favor of defendant. Following the filings, the Magistrate took judicial notice of the permit file and the reason for denial on the MTD. Defendant contends that, based on the judicially noticed file, the reason for the permit denial was not arbitrary, capricious, abusive or irrational and was within bounds of the state statute. Thus, there is no claim upon which relief can be granted as the current complaint is alleged. Notwithstanding that, Magistrate Judge John E. McDermott issued a Report recommending 1) the denial of the motion to dismiss and 2) denial of the summary judgment motions without prejudice pending "an opportunity to exercise his [Sheriff's] discretion whether to deny a license to Plaintiff on grounds other than lack of good moral character." (Report, 22:2-8.)

Defendant objects to the Report and Recommendation. First, it fails to identify or apply a legal test or standard or level of scrutiny for the recommendation that lack of good moral was not an appropriate basis for the Sheriff's denial of the permit. Second, the Court erroneously substituted its own discretion for that of the Sheriff without identifying or articulating a violation of law. Finally, assuming a Second Amendment standard of "responsible and law abiding," and application of an arbitrary or capricious or rational basis test, the defendant's reason for denying the

permit was clearly lawful based on the pleadings and evidence before the Court. It was undisputed that the Sheriff's denial of the permit was in fact based on plaintiff's admissions before the State Bar. It is undisputed that this conduct constitutes a crime of moral turpitude bearing directly on plaintiff's lack of moral character.

## II.

## AUTHORITY

The Objections are made pursuant to Rule 72 of the <u>Federal Rules of Civil </u>Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); <u>see</u> <u>also</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 673–76 (1980); <u>United States v. Remsing</u>, 874 F.2d 614, 617 (9th Cir. 1989).

A court "may take judicial notice of court filings and other matters of public record." <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n. 6 (9th Cir. 2006). In this case, a redacted copy of plaintiff's Concealed Carry application was previously filed with the Court, pursuant Court Order. Defendant would ask that this Court take judicial notice of the entire filed application. Furthermore, the Declaration of Sarah Hendrix was previously filed, in connection with former Defendant San Bernardino County's Opposition to Plaintiff's Motion for Summary Judgment. Defendant would ask that this Court take judicial notice of the declaration. Finally, defendant previously filed Exhibit "A," a copy of a public record of plaintiff's state bar discipline and stipulation, with this Court. Defendant would ask that this Court take judicial notice of this document.

# III.

# ARGUMENT

## A. THE REPORT FAILS TO ARTICULATE OR APPLY ANY RECOGNIZABLE LEGAL TEST, STANDARD OR LEVEL OF SCRUTINY FOR THE CONCLUSION THAT LACK OF GOOD MORAL CHARACTER DID NOT CONSTITUTE A VALID GROUND FOR DENIAL OF THE PERMIT IN THIS CASE

The Court concedes that perjury and dishonesty "fit squarely" within what a community would regard as a lack of "good moral character." (Report, 17:12-14.) However, in the very next section of the Report, Section C, the Court concludes that lack of good moral character was not a valid reason for the Sheriff's denial of the permit in this case, even though the applicant conceded he committed perjury and was dishonest. (Report, 17:20 – 18:23; 20:5-6.) The Report is remarkable in this regard in that the conclusion is made without any reference whatsoever to any authoritative legal test, standard or level of scrutiny. The Court has, in effect, simply substituted its own discretion for that of the Sheriff's without any legal rationale.

In Section D of the Report, the Court suggests that the Sheriff's exercise of discretion, denial of the permit and the Second Amendment standard are governed by whether the permit applicant is "responsible and law abiding." But the Court never discusses or applies this standard to the facts as alleged in the MTD or in the summary judgment motions. Further, the Court never articulates the level of scrutiny to be applied to the Sheriff's denial of the permit, whether that be abuse of discretion, arbitrary and capricious, rational basis or some other level of scrutiny.

Instead, the Court substituted its own discretion, by resort to definitions of "good moral character," arbitrarily chosen by the Court.

The Sheriff contends that, assuming application of any recognizable legal test or level of scrutiny, the Court could not have correctly concluded that plaintiff has stated a claim or that the Sheriff is not entitled to summary judgment.

**B. Defendant's Motion to Dismiss and Motion for Summary Judgment should be granted as plaintiff has neither pled nor shown facts that would demonstrate the denial of the permit violated the Second Amendment.**

The Supreme Court stated in Heller that "[l]ike most rights, the right secured by the Second Amendment is not unlimited." District of Columbia v. Heller, 554 U.S. 570, 626 (2008). In California, that limitation is determined by statute. California Penal Code § 26150 grants discretion to a sheriff of a county to issue a license to that person upon proof, among other reasons, that the (1) applicant is of good moral character; (2) good cause for issuance of the license; (3) residency in the within the city or county, and (4) completion of a course of training as described in Penal Code Section § 26165.  The right to bear arms in public in California is limited by the Sheriff's statutorily derived discretion. It should be noted that plaintiff does not challenge the statute and the Report recognizes no challenge was made to the statute.

The Sheriff did not, and does not, contend that his exercise discretion is unreviewable.  Rather, the Sheriff contends there is no viable claim in this case that the Sheriff's decision to deny the permit was arbitrary and capricious, an abuse of discretion or not rationally related to the Second Amendment limitation suggested by the Court, namely that

the applicant be "responsible and law abiding." A public record of plaintiff's state bar discipline and stipulation was previously filed with this Court. In that public record, plaintiff signed an admission indicating that he committed acts involving moral turpitude, dishonesty and/or corruption. He lied to a Superior Court under penalty of perjury, communicated with a represented party and entered into a stipulation that he conceded to committing acts involving moral turpitude, dishonesty and/or corruption. The plaintiff's conduct constitutes a felony under California law. Penal Code §§ 118, 126.

The Report concedes, citing <u>Chadwick v. State Bar of California</u>, that moral turpitude is "any crime of misconduct…or any dishonest or immoral act…" or "crimes which necessarily involve an intent to defraud" or "perjury." (Report p. 16:13-25.) Section II, B of the Report then concludes that lacking good moral character, which is acknowledges includes perjury and dishonesty, is a legitimate and appropriate reason to deny use and possession of a firearm. (Report p. 17: 10-19.) Notwithstanding that, in section II, C the Report, there is a determination, without applying any legal test or standard that in this case, denial based on lack of good moral character was not appropriate. (Report p. 17:9-23.)

The question is not, as suggested by the Report, whether the Court is troubled by the fact that plaintiff was reinstated by the State Bar and was no longer subject to discipline. The question is whether the Sheriff's decision to deny the report violated the law. The Sheriff's denial of the permit based on plaintiff's admission to what constitutes a felony of moral turpitude, was not rendered irrational or an abuse of discretion by the mere fortuitous circumstance that plaintiff was not criminally convicted and sentenced. The Report acknowledges that the defendant relied on

plaintiff's suspension from the bar and stipulation and states "the Court would have no difficulty with the above determination were this shortly after the 2005 misconduct occurred or after the 2009 suspension or even in 2011 near the expiration of his probation." (Report, 18:1-3.) In other words, not only does the Report not claim that the defendant Sheriff failed to provide a reason for the denial of plaintiff's permit, the Report agrees that the determination was not arbitrary, capricious or irrational. Mere disagreement regarding defendant's application of his statutorily allowable discretion does not constitute a Constitutional violation, absent some legal analysis that shows either the defendant lacked discretion or that the defendant somehow abused his discretion.

Application of the Second Amended standard suggested by the Court based on Peruta, namely "responsible and law abiding" yields the same result. The Sheriff rationally concluded the plaintiff's commission of a felony involving moral turpitude and dishonesty did not qualify plaintiff as "responsible and law abiding." Notably, plaintiff's perjury was not garden variety. It was a brazen lie to the Court by an officer of the Court. Again, in the absence of some fact that renders this decision abusive, arbitrary or capricious, there is no ground upon which to assert a Second Amendment violation.

## IV.
## CONCLUSION

There is no presumptive Second Amendment violation for denial of a Concealed Carry Weapons permit. California Penal Code § 26150 grants discretion to a sheriff of a county to issue a license. The filings and evidence before the Court by judicial notice and summary judgment show defendant validly exercised his discretion when he denied plaintiff's permit

on the grounds that plaintiff lacked good moral character.

This Court should not adopt the Magistrate Judge's Report and Recommendations because the Report fails to articulate the standard of scrutiny used to make the determination that the denial was improper and instead substitutes the Court's discretion for the Sheriff. Assuming a "responsible and law abiding" Second Amendment standard, and a rational basis test for the Sheriff's exercise of discretion, the Report impermissibly concludes that "good moral character" was not a valid ground for denial of the permit.

Based on the foregoing, defendant respectfully requests that the Court not adopt the Report and Recommendations and instead requests dismissal of the Second Amended Complaint, with prejudice, or in the alternative a grant of summary judgment for the defendant.

DATED: September 23, 2014      JEAN-RENE BASLE
                                              County Counsel

                                           /s/ Algeria R. Ford
                                           ALGERIA R. FORD
                                           Deputy County Counsel
                                           Attorneys for Defendant,
                                           JOHN McMAHON