ALGERIA R. FORD, CA Bar No. 289016
Deputy County Counsel
JEAN-RENE BASLE, CA Bar No. 134107
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, CA 92415-0140
Telephone: (909) 387-5455
Facsimile: (909) 387-4069
Electronic Mail Address: Algeria.Ford@cc.sbcounty.gov

Attorneys for Defendant, JOHN McMAHON

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT,<br><br>   Plaintiff,<br><br>vs.<br><br>JOHN MCMAHAN,<br><br>   Defendant. | CASE NO. EDCV 13-00673-VAP (JEM)<br><br>DEFENDANT'S RESPONSE TO THE COURT'S ORDER RE STANDARD OF SCRUTINY |

TO PLAINTIFF IN PROPRIA PERSONA, JONATHAN BIRDT:

**PLEASE TAKE NOTICE** that Defendant, JOHN McMAHON, will and hereby does provide his response to the Court regarding the applicable standard to be applied.

DATED: October 31, 2014

JEAN-RENE BASLE
County Counsel

_____
ALGERIA R. FORD
Deputy County Counsel
Attorneys for Defendant,
JOHN McMAHON

# I.

# INTRODUCTION

This case arises from the Sheriff's denial of plaintiff's application for a Concealed Carry Weapons permit on February 26, 2013, after a finding that he lacked good moral character.

A background investigation conducted during the inquiry into issuance or denial of plaintiff's permit revealed that plaintiff was disciplined by the State Bar of California for admittedly and knowingly lying to a Superior Court under penalty of perjury. Under California law, perjury is a felony crime. Penal Code sections 118 and 126. Plaintiff also unethically communicated with a represented party. According to a stipulation entered into before the State Bar of California, plaintiff admitted that he committed acts involving moral turpitude, dishonesty and/or corruption. Plaintiff was suspended from the practice of law for a year, placed on probation for two years, and ordered to retake the MPRE. When defendant learned this information during the background investigation, plaintiff's permit to carry a deadly weapon outside the home was denied. Plaintiff filed a First Amended Complaint and a Motion for Summary Judgment.

Defendant filed a motion to dismiss plaintiff's First Amended Complaint, an opposition to the Motion for Summary Judgment, and requested that the Court instead issue summary judgment in favor of defendant. Magistrate Judge John E. McDermott issued a Report recommending 1) the denial of the motion to dismiss; and, 2) denial of the summary judgment motions without prejudice pending "an opportunity to exercise his [Sheriff's] discretion whether to deny a license to Plaintiff on grounds other than lack of good moral character." (Report, 22:2-8.)

////

Defendant objected to the Report and Recommendation on the grounds that it failed to identify or apply a legal test or standard or level of scrutiny for the recommendation that lack of good moral was not an appropriate basis for the Sheriff's denial of the permit, that the Court erroneously substituted its own discretion for that of the Sheriff without identifying or articulating a violation of law and that assuming a Second Amendment standard of "responsible and law abiding," the defendant's reason for denying the permit was clearly lawful based on the pleadings and evidence before the Court.

Following the defendant's objections, Magistrate Judge John E. McDermott ordered the parties to submit supplemental briefs on the appropriate level of scrutiny.

## II.

## ARGUMENT

Defendant contends that the appropriate standard to be applied in this case is a two-fold test where the inquiry is 1) whether the scope of the right extends to all citizens; and, 2) whether the Sheriff abused his decision in determining that the scope of the right did not extend to plaintiff.

### A. THE SCOPE OF THE RIGHT ONLY EXTENDS TO TYPICAL, RESPONSIBLE AND LAW ABIDING CITIZENS

The Supreme Court stated in Heller that "[l]ike most rights, the right secured by the Second Amendment is not unlimited." District of Columbia v. Heller, 554 U.S. 570, 626 (2008). It is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." Id. at 626. Rather, it is a right subject to "traditional restrictions," which themselves—and this is a critical point—tend "to show the scope of

the right." McDonald v. City of Chicago, 130 S. Ct. 3020, 3056 (U.S.2010) (Scalia, J., concurring); see also United States v. Skoien, 614 F.3d 638, 640 (7th Cir. 2010) (en banc) ("That *some* categorical limits are proper is part of the original meaning.").

In Peruta v. County of San Diego, the Ninth Circuit defined the limitation of the right. Specifically, the Court defined the right as extending only to the "typical responsible, law-abiding citizen to bear arms in public for the lawful purpose of self-defense." Peruta v. County of San Diego, 742 F.3d 1144, 1169 (9th Cir. Cal.2014). Applying that definition, in Peruta, the Court found issue with San Diego County's concealed carry policy because the policy excluded the typical responsible, law abiding citizen from bearing arms in public. Although Peruta did not address whether citizens who had committed serious crimes but were not prosecuted fell within the scope of the right, nothing in that case suggested that prosecution was the key in determining whether a citizen was law-abiding or that the Sheriff, the head law enforcement officer of the County, was precluded from determining what a typical responsible, law abiding citizen was.

The phrase "typical responsible, law abiding citizen" has not been conclusively defined but, it is undisputable that one who commits a felony crime, whether prosecuted or not, is not a "law abiding citizen." This is because by definition, a citizen who breaks the law by committing a crime is not abiding by the law. Further, given that citizens who break the law do so in contravention of widely accepted societal norms, do so despite the fact that typical citizens do not, and do so with the knowledge that their conduct could result in jail and or prison time, such individuals are also, by definition, atypical and irresponsible. Whether these individuals are

prosecuted or not is irrelevant to the inquiry, as it is their conduct that is evaluated under the scope of the right. It is important to note at this point that under California law, perjury is a felony crime. Penal Code sections 118 and 126.

## B. THE SHERIFF DID NOT ABUSE HIS DISCRETION IN DETERMINING THAT THE SCOPE OF THE RIGHT DID NOT EXTEND TO PLAINTIFF BIRDT.

California Penal Code section 26150 grants discretion to a sheriff of a county to issue a concealed carry license to a person who falls within the scope of the right. There is no viable claim in this case that the Sheriff's decision to deny Plaintiff Birdt's permit was arbitrary and capricious or an abuse of discretion because the decision to deny the permit fell squarely within the limitation suggested by this Court and under Peruta.

Plaintiff Birdt's application for a Concealed Carry Weapons permit was denied because the Sheriff's Department concluded that he was not the typical responsible and law abiding citizen. Plaintiff lacked good moral character and although he was not prosecuted, he had committed a felony crime and was punished by the State Bar of California. A public record of plaintiff's state bar discipline and stipulation was previously filed with this Court. In that public record, plaintiff signed an admission indicating that he committed acts involving moral turpitude, dishonesty and/or corruption. He lied to a Superior Court under penalty of perjury, communicated with a represented party and entered into a stipulation that he conceded to committing acts involving moral turpitude, dishonesty and/or corruption. The plaintiff's conduct constitutes a felony under California law. Penal Code sections 118, 126. Further, plaintiff's perjury

was not garden variety. It was a deliberate, irresponsible act involving a brazen lie to a Court by an officer of the Court. Notwithstanding that, he was not prosecuted. Still plaintiff was suspended by the California State Bar and placed on probation until 2011. He applied for a permit to carry a concealed weapon relatively soon after his probation ended.

In its Report and Recommendations, this Court acknowledged that the defendant relied on plaintiff's suspension from the bar and stipulation to committing acts involving moral turpitude when making the determination to deny the permit. (Report, 18:1-3.) This Court also conceded that moral turpitude is "any crime of misconduct...or any dishonest or immoral act..." or "crimes which necessarily involve an intent to defraud" or "perjury" (Report p. 16:13-25), that lacking good moral character, which includes perjury and dishonesty, is a legitimate and appropriate reason to deny use and possession of a firearm (Report p. 17: 10-19), that perjury and dishonesty "fit squarely" within what a community would regard as a lack of "good moral character" (Report, 17:12-14), and that the Court would have no difficulty with the above determination were this shortly after the 2005 misconduct occurred or after the 2009 suspension or even in 2011 near the expiration of his probation." (Report, 18:1-3.) In other words, this Court seemed to agree that the Sheriff's decision was not abusive.

What troubled the Court, however, was that plaintiff was reinstated by the State Bar and was no longer subject to discipline. Incorporating the Court's concern into the analysis, the defendant would phrase the second prong of the inquiry as whether the Sheriff's decision to deny a non-law abiding, irresponsible, atypical citizen a permit to Carry a Concealed Weapon in public violated the Second Amendment to the United States

Constitution simply because the plaintiff was fortuitously reinstated to the State Bar, fortuitously no longer subject to discipline, and because the plaintiff felt that enough time had elapsed since he committed the crime. The answer is a resounding no. Plaintiff's good fortune does not somehow transform him into a typical responsible law abiding citizen and within the scope of <u>Peruta</u>. In the absence of some other fact that renders the Sheriff's decision abusive, there is no ground upon which plaintiff can assert a Second Amendment violation. Plaintiff's conduct was unlawful and irresponsible and therefore, the scope of the right enunciated in <u>Peruta</u> does not extend to him.

## III.
## CONCLUSION

The scope of the right is that a plaintiff must be a typical responsible and law abiding citizen. The filings and evidence before the Court establish that plaintiff does not fall within the scope of the right and therefore, show that defendant appropriately exercised his discretion when he denied plaintiff's permit.

Based on the foregoing, defendant again respectfully requests dismissal of the Second Amended Complaint, with prejudice, or in the alternative a grant of summary judgment for the defendant.

DATED: October 31, 2014

JEAN-RENE BASLE
County Counsel

ALGERIA R. FORD
Deputy County Counsel
Attorneys for Defendant,
JOHN McMAHON