JONATHAN W. BIRDT
18252 Bermuda Street
Porter Ranch, CA 91326
Telephone: (818) 400-4485
Facsimile: (818) 428-1384
jon@jonbirdt.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN MCMAHON,<br>    Defendants. | CASE NO. 5:13-cv-00673-VAP-JEM<br><br>THIRD AMEMDED COMPLAINT FOR SECOND AMENDMENT VIOLATION- 42 U.S.C. § 1983<br><br>JURY TRIAL DEMANDED<br><br>ATTORNEY FEES REQUESTED 42 U.S.C. § 1988 |

COMES NOW Plaintiff, Jonathan Birdt, pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his Second Amendment Rights by Defendant.

## INTRODUCTION

1. The California Legislature has mandated that the only method by which a resident of the State can bear arms for the purpose of self-defense outside the home is with a permit to carry a concealed weapon.
2. Plaintiff is a resident of San Bernardino County and sought a concealed weapons permit and his application was denied by Defendant twice on the basis of a Confidential Background Investigation.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 1983.

4. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## FIRST CAUSE OF ACTION

### SECOND AMENDMENT VIOLATION OF 42 U.S.C. § 1983

5. The Supreme Court has held that "the Second Amendment protects the right to keep and bear arms for the purpose of self-defense." *McDonald v. City of Chicago, Ill.* (2010) 130 S.Ct. 3020, 3021.

6. Plaintiff cannot exercise this right without a permit from Defendant.

7. Defendant refuses to issue a permit to Plaintiff.

8. Plaintiff meets all State mandated requirements and has complied with all Department procedures as instructed by the CCW coordinator for the SBSO.

9. Despite having fully complied with all statutory requirements and procedural requirements established by SBSO, Defendant continues to refuse to issue Plaintiff a permit in violation of his Second Amendment Right to possess a weapon for self-defense outside of the home.

10. Defendant denied Plaintiffs first application on this basis that he did not pass the background check, and later, in Court papers explained this denial was based upon Plaintiffs' history of discipline with the State Bar.

11. Defendant was advised in a ruling by the Magistrate that Defendants proffered basis was insufficient and suggested Plaintiff reapply/

12. Upon reapplication, while this matter was pending, Defendant again denied on the same grounds without further explanation.

13. Plaintiff contends that both denials violated his Fundamental Rights as Plaintiff is not legally prohibited from owning or possessing a firearm.

## PRAYER FOR RELIEF

14. For an order requiring Defendant to issue a Permit to Plaintiff without delay.

15. Costs and Attorneys' fees pursuant to 42 U.S.C. § 1988.

February 6, 2015

                                                __/s/_____
                                                 Jonathan W. Birdt