| | |
|---|---|
| 1 | ALGERIA R. FORD, CA Bar No. 289016 |
| 2 | Deputy County Counsel |
|   | JEAN-RENE BASLE, CA Bar No. 134107 |
| 3 | County Counsel |
| 4 | 385 North Arrowhead Avenue, Fourth Floor |
|   | San Bernardino, CA  92415-0140 |
| 5 | Telephone:  (909) 387-5455 |
| 6 | Facsimile:    (909) 387-4069 |
| 7 | Electronic Mail Address: Algeria.Ford@cc.sbcounty.gov |
| 8 | Attorneys for Defendant, JOHN McMAHON |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT, | ) CASE NO.  EDCV 13-00673-VAP |
|                 | ) (JEM) |
| Plaintiff,      | ) |
|                 | ) NOTICE OF MOTION AND MOTION |
| vs.             | ) TO DISMISS SECOND AMENDED |
|                 | ) COMPLAINT and RULE 15(d) |
| JOHN MCMAHAN,   | ) SUPPLEMENT; MEMORANDUM OF |
|                 | ) POINTS AND AUTHORITIES IN |
| Defendant.      | ) SUPPORT THEREOF |
|                 | ) |
|                 | ) [Filed Concurrently with Declaration of |
|                 | ) Algeria R. Ford; Exhibits B and C; |
|                 | ) [Proposed] Order of Dismissal; and, |
|                 | ) Notice of Lodging [Proposed] Order] |
|                 | ) |
|                 | ) Date:  April 14, 2015 |
|                 | ) Time:  10:00 a.m. |
|                 | ) Crtrm.: C, 8TH Floor |
|                 | ) |
|                 | ) Referred to Magistrate Judge |
|                 | ) John E. McDermott |

TO PLAINTIFF IN PROPRIA PERSONA, JONATHAN BIRDT:

**PLEASE TAKE NOTICE** that on **Tuesday, April 14, 2015** at

1

**10:00 a.m.**, or as soon thereafter as the matter may be heard in **Courtroom C**, of the above-entitled court, located at 312 North Spring Street, 8TH Floor, Los Angeles, California, Defendant, JOHN McMAHON, will move to dismiss the Second Amended Complaint and its new Rule 15(d) Supplement, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure the as follows:

1. For failure to state a Claim against Defendant, JOHN McMAHON, for Second Amendment Violation under 42 U.S.C. § 1983.

This motion will be based upon this Notice, the attached Memorandum of Points and Authorities served and filed herewith, the pleadings and orders on file herein, including the Second Amended Complaint, the Rule 15(d) Supplement, and on such other matters as the Court may allow or consider at the time of the hearing.

## COMPLIANCE WITH LOCAL RULE 7–3

Plaintiff is appearing pro se. Pursuant to Local Rule 7-3 discussed defendant's intention to file a Motion to Dismiss on the basis that the Supplement to the Second Amended Complaint did not state a cause of action. Plaintiff did not express any desire to voluntarily dismiss the case.

DATED: March 6, 2015         JEAN-RENE BASLE
                             County Counsel


                             /s/ Algeria R. Ford
                             ALGERIA R. FORD
                             Deputy County Counsel
                             Attorneys for Defendant,
                             JOHN McMAHON

## I.

## INTRODUCTION

Plaintiff alleges he is a resident of San Bernardino County and that on February 26, 2013, the San Bernardino County Sheriff's Department denied him a concealed weapons permit. He further alleges that this denial violated his Second Amendment right to carry a concealed weapon.

On July 1, 2014, Plaintiff served upon Sheriff JOHN McMAHON a Second Amended Complaint (SAC), alleging a Second Amendment violation. In his only cause of action plaintiff claimed that he could not bear arms without being issued a concealed carry permit, that he had complied with all the statutory requirements to possess a concealed carry permit, and that he had a right to possess a weapon for self-defense outside the home. He sought an order requiring the issuing of the permit and also, attorney fees, although he is representing himself.

At the same time he served the SAC, plaintiff also served defendant with a Motion for Summary Judgment related to that Second Amended Complaint. In it he claimed that he is a law abiding citizen, that he is unable to exercise his Second Amendment right to self-defense, that the refusal to issue the permit is an unlawful exercise of discretion, and that an elected official cannot exercise such discretion. The Motion itself contained no statement of facts and simply made statements in a conclusory fashion. Defendant filed a motion to dismiss (MTD) the SAC, an opposition to the Motion for Summary Judgment, and a request that the Court instead issue summary judgment in favor of defendant. Following the filings, the Magistrate took judicial notice of the permit file and the reasons for denial on the MTD.

     The Magistrate issued a Report recommending (RR) 1) the denial of the motion to dismiss and 2) denial of the summary judgment motions without prejudice pending "an opportunity to exercise his [Sheriff's] discretion whether to deny a license to Plaintiff on grounds other than lack of good moral character." Defendant objected to the RR and argued that it failed to identify or apply a legal test or standard or level of scrutiny for the recommendation that lack of good moral was not an appropriate basis for the Sheriff's denial of the permit. Afterwards, the Magistrate ordered that the parties brief the issue of what the applicable legal standard or test should be. The parties briefed that issue and a Report and Recommendation is still pending.

     In the interim, plaintiff filed a second application for a concealed carry weapon (CCW) permit. During the application process, plaintiff refused to fill out pertinent information necessary to complete the background investigation with regard to his residency. Notwithstanding that, plaintiff claims residency in San Bernardino. Plaintiff's refusal to complete a necessary part of the process resulted in his application being denied. Furthermore, during the application process it was determined that plaintiff was not a responsible and law abiding citizen because of his previous lying admissions and previous discipline for said conduct.

     Defendant mailed a letter out and plaintiff informed the Court that his application was denied. The Magistrate then issued an order stating that plaintiff must file a response as to why the case should not be dismissed, on the basis of his second CCW application or in the alternative, file a Rule 15(d) Supplement. In response and without leave, plaintiff filed a Third Amended Complaint and another Motion for

Summary Judgment. These documents were stricken by the Court and plaintiff was given additional time to comply with the previous order.

On February 20, 2015, plaintiff filed a Rule 15(d) Supplement to his Second Amended Complaint. In it he claimed that while his lawsuit was pending for his Second Amended Complaint, he submitted a new application for a concealed weapons permit and meets all requirements for a permit. Defendant files this responsive pleading in answer.

## II.

## AUTHORITY

This motion is made pursuant to Rule 12 (b) (6) of the <u>Federal Rules of Civil Procedure</u>, which states as follows:

> (b) . . . the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted . . .

A dismissal pursuant to Rule 12 (b) (6) is proper where there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on a motion to dismiss, a court may consider matters of judicial notice, without converting the motion to dismiss into a motion for summary judgment. <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003). Additionally, a court "may take judicial notice of court filings and other matters of public record." <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n. 6 (9th Cir. 2006).

Defendant has already previously moved to dismiss the Second Amended Complaint and filed an opposition to plaintiff's Motion for Summary Judgment. This Court has all of defendant's previous arguments and pleadings, declarations, a copy of a public record of

plaintiff's state bar discipline and stipulation, and a redacted copy of plaintiff's first application for a concealed weapons permit. Defendant maintains and reiterates those arguments and would ask this Court to take judicial notice of them. In response to plaintiff's Rule 15(d) Supplement, defendant further requests that this Court take judicial notice of Exhibit "B," a redacted copy of the documented reasons for the denial from plaintiff's second application for a concealed weapons permit, since the Court has suggested it would like to know those reasons. Defendant finally requests judicial notice of Exhibit "C," the Court docket for case number 2:10-CV-08377-JAK-JEM, a case where plaintiff is suing Los Angeles for a permit to carry a concealed weapon.

## III.

## ARGUMENT

As explained above, a response from this Court, with regard to a Motion to Dismiss plaintiff's Second Amended Complaint, minus the Rule 15(d) Supplement, is still pending. Defendant will not reiterate the arguments previously in detail but maintains that the Second Amended Complaint should be dismissed because plaintiff has not stated a cause of action since he is not a responsible and law abiding citizen. Defendant has also requested judicial notice of all documents and arguments made in furtherance of his position. In response to plaintiff's Rule 15(d) Supplement, however, defendant now makes the following arguments.

First, the reasons for denying plaintiff's first application are still applicable to his second application and formed another basis for denial. The defendant determined that plaintiff was not a responsible and law abiding citizen. He previously signed an admission indicating that he committed acts involving moral turpitude, dishonesty and/or corruption.

He lied to a Superior Court under penalty of perjury, communicated with a represented party and entered into a stipulation that he conceded to committing acts involving moral turpitude, dishonesty and/or corruption. The stipulation was signed in 2009 and plaintiff was issued a severe penalty for his misconduct, being suspending from the practice of law for a year, placed on probation for two years, and ordered to retake the MPRE. Furthermore, litigation concerning that denial is still pending in this Court and was pending when plaintiff surprisingly decided to file a second application before there was a resolution regarding the previous application. For these reasons, denial was proper and plaintiff cannot state a constitutional violation.

Second, although plaintiff claims that he has provided the department with all documents requested, a review of the redacted reasons for denial of his second application, which is part of the permit application, shows that such a claim is untrue. The department lawfully requested that plaintiff complete and sign documents so that they could verify his residence and employment history. Plaintiff refused to do so. A background investigation is especially relevant here where plaintiff has previously claimed a particular Los Angeles address as his residence, currently lists the same Los Angeles residence as his business address, currently lists the Los Angeles residency as his mailing address, has filed an application for a Concealed Weapon Permit in Los Angeles, and most notably, plaintiff filed a lawsuit seeking a Concealed Carry permit from Los Angeles, where this Court was the Magistrate Judge, and that case is currently on appeal but also claims residency in San Bernardino. Mr. Birdt refused to provide the necessary information and therefore, his application was properly denied and he cannot state a constitutional

violation.

## IV.
## CONCLUSION

In sum, plaintiff's Second Amended Complaint should be dismissed for the reasons articulated in the pleadings pending before this Court. As it relates to his Rule 15(d) Supplement, the Complaint should be dismissed because plaintiff has not complied with the procedures necessary to process his application. Furthermore, his application was denied because it was determined that he lacked good moral character. Ultimately it was determined that he was not a responsible and law abiding citizen.

Plaintiff states no facts to support a Constitutional violation. Based on the foregoing, Defendant respectfully requests dismissal of the Second Amended Complaint and its Supplement, with prejudice.

DATED: March 6, 2015              JEAN-RENE BASLE
                                  County Counsel


                                  /s/ Algeria R. Ford
                                  ALGERIA R. FORD
                                  Deputy County Counsel
                                  Attorneys for Defendant,
                                  JOHN McMAHON