**JONATHAN W. BIRDT**
18252 Bermuda Street
Porter Ranch, CA 91326
Telephone:  (818) 400-4485
Facsimile:  (818) 428-1384
jon@jonbirdt.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT, | CASE NO.  EDCV 13-00673-VAP |
| Plaintiff, | OPPOSITION TO MOTION TO DISMISS; DECLARATION OF PLAINTIFF |
| vs. | |
| SAN BERNARDINO SHERIFFS DEPARTMENT, | Date: April 14, 2015 |
| Defendants. | Before the Honorable: Magistrate John E. McDermott |

Defendant has failed to meet and confer in good faith[1] and seeks to go beyond the record with the latest motion to dismiss, but Plaintiff does not object to these new facts assuming the declaration of Plaintiff contained herein is accepted as well because there is no factual dispute presented and this matter is ripe for resolution based upon the motions pending and the additional information submitted by Defendants as well as Plaintiff herein.

Defendant contends that Plaintiff is not a law abiding citizen for the same reasons previously argued and goes on to suggest that Plaintiff may not have become a resident of San Bernardino after suing the LAPD many years ago without any legal support.  Interestingly, Defendants have not disclosed that the results of their State

---
[1] See Exhibit 1 to the Declaration of Jonathan Birdt.

OPPOSITION TO MOTION TO DISMISS - 1

background check, nor advised of the Court of the lengthy residency discussion with their investigator, or the supplemental documents requested and provided, including his deed and current utility bills.  Nor has defendant disclosed to this Court that his Criminal Background check and NCIC check revealed that his drivers license and vehicle registration show San Bernardino County, or that he is registered to and does vote in San Bernardino (but not for defendant) and defendant fails to show how the completion a single form created in violation of state law hampered their investigation especially when Exhibit 2 states that a background investigation was done, and the issue is the refusal to fill out an illegal form, not a refusal to provide requested information or documentation.

Regardless, defendant maintains his steadfast position that despite any criminal conviction, Plaintiff is not a law abiding citizen and thus he can exercise his discretion to deny Plaintiff the right to exercise a fundamental civil liberty; which remains the essence of this case, whether by the first application or the second. Absent being told to do so by this Court, Defendant will not issue the permit necessary for Plaintiff to exercise a Fundamental Civil Right because Defendant, exercising what he believes to be broad discretion to determine who can have their rights and who can't, has decided that Plaintiff should not be able to.

Defendant has freely shared his rationale with the Court as has his attorney in the attached e-mails, but Defendant most tellingly offers to no legal or legitimate reason why he should not be compelled to issue Plaintiff a permit now that he has waived any discretionary determination of good cause and successfully completed both State and Federal Criminal background and firearms investigations which presumably were all in favor of Plaintiff, else Defendant would have clearly raised those issues.

March 9, 2015

*Jonathan W. Birdt*

Jonathan Birdt

OPPOSITION TO MOTION TO DISMISS - 2

Declaration of Jonathan Birdt

1. My official domicile in the State of California according to the Department of Motor Vehicles is San Bernardino.

2. I am registered to vote and regularly vote in San Bernardino.

3. I reside in San Bernardino County. I also reside in Los Angeles County.

4. Other than speeding, I have never been convicted of a crime and as I have previously advised the Court, Defendant received results of the DOJ and FBI background investigations the same day they conducted my interview.

5. During my interview with the Sheriff, my residence was discussed extensively and I was asked to provide my deed and current utility bills which were overnighted the next day.

6. Before my interview commenced I was asked to provide an authorization waiving all privacy rights to defendant, and I advised that I did not feel comfortable doing that and also that it appeared to violate Penal Code 26175$^2$. The detective went back to discuss it with her supervisor, returned and agreed to continue the process which included livescan fingerprinting, a lengthy interview, additional forms and a request for supplement documents which were sent the next day.

7. Attached hereto as Exhibit 1 is a true and correct copy of my email attempt to meet and confer with defense Counsel.

I Declare that the foregoing is true and correct under penalty of perjury under the laws of the State of California.

March 9, 2015

*Jonathan W. Birdt*
_____
Jonathan W. Birdt

---

$^2$Penal Code 26175.
(a) (1) Applications for licenses, applications for amendments to licenses, amendments to licenses, and licenses under this article shall be uniform throughout the state, upon forms to be prescribed by the Attorney General.
(g) An applicant shall not be required to complete any additional application or form for a license, or to provide any information other than that necessary to complete the standard application form described in subdivision (a), except to clarify or interpret information provided by the applicant on the standard application form.

OPPOSITION TO MOTION TO DISMISS - 3