**JONATHAN W. BIRDT**
18252 Bermuda Street
Porter Ranch, CA 91326
Telephone:   (818) 400-4485
Facsimile:   (818) 428-1384
jon@jonbirdt.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JONATHAN BIRDT,                )      **CASE NO.  5:13-cv-00673-VAP-JEM**
                              )
                Plaintiff,     )      PLAINTIFFS SUPPLEMENTAL
                              )      BRIEFING
  vs.                          )
                              )
JOHN MCMAHON,                  )
                Defendants.    )
                              )
                              )
                              )
                              )
_____)

     "The right of the people to keep and bear arms shall not be infringed".  The Second Amendment to the United States Constitution.  One need look no further than the second item in the Bill of Rights to understand the Right belongs to the People and and includes the Right to Bear Arms.  Unfortunately, Courts have gotten lost in the minutiae of specific claims, but such rabbit hole is not necessary here as Plaintiff simply seeks a lawful means to exercise his Right to Bear Arms. If Defendant, acting as the representative of the State under the statutory scheme has an alternative proposal, Plaintiff is open to it, but to date, Defendants sole position is that Plaintiff has no Right to Bear Arms. Plaintiff submits only that some avenue must be afforded the People of this County to avoid a de facto ban on a Fundamental Civil Right.

1        This case is only complicated because of the bizarre statutory webs that create
2    a complete ban when they are combined with unfettered discretion in an elected
3    official, to wit the Defendant.  Leaving a fractured state where most Sheriffs issue
4    permits to law abiding citizens, but a few still refuse to do so, as in the instant action.
5    Quite simply, Plaintiff has a Fundamental Constitutional Right to Keep and Bear
6    Arms that is being infringed by Defendant, who possesses sole discretionary power to
7    determine whether Plaintiff, a law abiding citizen, gets to exercise his Right to Bear
8    Arms for Self Defense as it concealed carry that is the only authorized means
9    currently existing under the legislative scheme that permits a citizen to bear arms in
10   the County and based solely upon his subjective opinion, Defendant has exercised
11   this discretion to deny Plaintiff the ability to Bear Arms outside the home.

12       This unfettered discretion is no more bizarre than book censorship by a library
13   board, discretionary search warrants with no public oversight by private citizens, or
14   giving the right to counsel only to friends of elected officials.  How can the vast
15   majority of Sheriffs in this State do their duty, while a few insist on creating their own
16   terms and definitions, even after a citizen passes the State background check, is
17   entitled to possess a weapon and has not been dispossessed of any Constitutional
18   Right as a matter of law?  That is exactly what Defendant has done here.

19       Plaintiff does not dispute that the <u>Peruta</u> court found there was no specific right
20   to concealed carry, but it specifically did not address whether the right existed outside
21   the home, or if open carry must then be a viable alternative stating that the question
22   was not presented. In <u>Peruta</u> the Court specified that it did "… not reach the question
23   whether the Second Amendment protects some ability to carry firearms in public,
24   such as open carry.  That question was left open by the Supreme Court in *Heller*, and
25   we have no need answer it here." 10-56971, 2016 WL 3194315 (9th Cir. June 9,
26   2016), at 19. Peruta was based upon a pre-open carry ban and the question presented
27   was somehow limited to the sole issue of whether there was a Right to concealed
28   carry, something not contended in this action.

PLAINTIFFS SUPPLEMENTAL BRIEFING- 2

1   Ironically, Judge Otero found there was no right to open carry, again not

2   addressing that the Fundamental Right was a Right to Bear Arms, but instead relying

3   not he prior <u>Peruta</u> panel decision finding that there was a Fundamental Right to

4   concealed carry. Suggesting the State had approved only concealed carry, again based

5   upon the limited question presented by the parties Judge Otero found no right to Open

6   Carry in Los Angeles County:

7   
8       Importantly, and fatal to Plaintiff's open carry claims in this case, in
    reaching this conclusion the Peruta Court also found that:

9   
10          [T]he state has a right to prescribe a particular manner of carry,
        provided that it does not "cut[] off the exercise of the right of

11          the citizen altogether to bear arms, or, under the color of
        prescribing the mode, render[] the right itself useless." [Nunn v.

12          State, 1 Ga. 243, 243 (1846)). California's favoring concealed
        carry over open carry does not offend the Constitution, so long

13          as it allows one of the two.

14          Nichols v. Harris, Case No. CV 11-9916 SJO, from Referees
        Report dated 3/18/16 and adopted as final Judgment, at 21.

15  

16  Thus, we are left with a conundrum, which one of the two is permitted and how

17  does Plaintiff herein get this Court to recognize his Right to Bear Arms is being

18  infringed?  <u>Peruta</u> initially found a right to carry concealed, and then *en banc* the 9th

19  Circuit found no specific right to concealed carry, but meanwhile, this District has

20  found no right to open carry because Concealed Carry is an option, all the while

21  having lost sight of the forest for the trees as the Supreme Court has repeatedly stated,

22  as the Second Amendment reads, the People have a Right to Bear Arms for Self

23  Defense.

24  Furthering the unanimous vote, Justices Alito and Thomas concurred in

25  <u>Caetano v. Massachusetts</u>, 136 S. Ct. 1027, decided March 21, 2016, making it clear

26  that 'it is settled that the <u>Second Amendment</u> protects an individual right to keep and

27  bear arms applies against both the Federal Government and the States. *District of*

28  *Columbia* v. *Heller*, 554 U. S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637

(2008); *McDonald* v. *Chicago*, 561 U. S. 742, 130 S. Ct. 3020, 177 L. Ed. 2d 894

PLAINTIFFS SUPPLEMENTAL BRIEFING- 3

(2010). That right vindicates the "basic right" of "individual self-defense." *Id.*, at 767, 130 S. Ct. 3020, 177 L. Ed. 2d 894; see *Heller, supra*, at 599, 628, 128 S. Ct. 2783, 171 L. Ed. 2d 637. Caetano's encounter with her violent ex-boyfriend illustrates the connection  between those fundamental rights: By arming herself, Caetano was able to protect against a physical threat that restraining orders had proved useless to prevent. And, commendably, she did so by using a weapon that posed little, if any, danger of permanently harming either herself or the father of her children.'
 Caetano v. Massachusetts, 136 S. Ct. 1027 decided March 21, 2016 at 1028-1029.

Moreover, this isn't new, because as set forth in the Motion for Summary Judgment, the Supreme Court has indeed long recognized both the right to possess arms and the right to self defense:

> "Putting all of these textual elements together, we find that they guarantee the individual right to possess and carry weapons in case of confrontation." District of Columbia v. Heller, 128 S. Ct. 2783, at 2798 (2008).

> Again reiterating just two years later:
> "Self-defense is a basic right, recognized by many legal systems from ancient times to the present day, and in Heller, we held that individual self-defense is "the central component" of the Second Amendment right".   McDonald v. City of Chicago (2010) 130 S. Ct. 3020, at 3037.

Thus, the very basic question presented here is whether this Court recognizes that Plaintiff has a fundamental Right to Bear Arms outside the home, and if so, in what manner should plaintiff be allowed to exercise that right as it is the State that has chosen the Sheriff as it means for both enforcing the ban on open carry and given the ministerial power to issue the license needed to exercise that Right.

Put quite simply, Plaintiff asks this Court to remedy the violation of their Right to Bear Arms by a Sheriff who has created his own interpretation of the law thus creating a complete ban on the Right to Bear Arms by imposing discretionary conditions well in excess of any valid legal basis insisting that he has plenary and unfettered discretion to decide who gets their right and who doesn't.

Moreover, plaintiff does not dispute the necessity for a criminal background check matching that necessary to purchase a gun, nor the training requirements.  The only infringing conduct here is the breach of a ministerial duty by an elected official to issue a license necessary (no matter how much that conduct offends the nature of the right) to exercise the fundamental right in question when that same ministerial agent is in charge of enforcing laws banning the possession of a weapon for self defense in the absence of such license.

Plaintiff would respectfully submit that the debate between open and concealed carry is one best left for the politicians, and that the focus in this case remain simply the redress sought by Plaintiff, to wit, the ability to exercise his Right to Bear Arms outside the home for the purpose of Self Defense in a lawful manner.

June 20, 2016

___/s/_____

Jonathan W. Birdt