# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JONATHAN BIRDT, | Case No. EDCV 13-00673-VAP (JEM) |
| Plaintiff, | |
| v. | AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| SAN BERNARDINO SHERIFFS DEPARTMENT, et al. | |
| Defendants. | |

This Amended Report and Recommendation is submitted to the Honorable Virginia A. Phillips, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## INTRODUCTION

On February 26, 2013, the San Bernardino County Sheriff's Department denied the application of Plaintiff Jonathan Birdt for a concealed weapon license without providing any statutory reason for the denial.  Eventually, the Sheriff's Department disclosed that it denied Plaintiff a license because he failed to meet the "good moral character" requirement of California Penal Code § 26150 for obtaining a license.  In this pro se civil rights action under 42 U.S.C. § 1983, Plaintiff contends that denial of his application for a concealed weapon

1  permit violates his Second Amendment right to carry a gun outside the home for self-
2  defense, and seeks an order mandating Sheriff McMahon to issue the requested license.

3      Before the Court is a Motion to Dismiss Plaintiff's Second Amended Complaint and
4  Fed. R. Civ. P. Rule 15(d) Supplement filed by Defendant John McMahon, Sheriff of San
5  Bernardino County.  Also before the Court is a Motion for Summary Judgment filed by
6  Plaintiff.  In his Opposition, Defendant McMahon requests that summary judgment be
7  entered for him, but he has not filed any cross-motion for summary judgment.  The Court,
8  however, has the authority to enter summary judgment sua sponte for the non-moving party
9  if the record is sufficiently developed, there is no genuine issue of material fact, and the
10  original movant has had an adequate opportunity to demonstrate a genuine issue of
11  material fact.  Albino v. Baca, 747 F.3d 1162, 1176-77 (9th Cir. 2014) (en banc); see also
12  Rule 56(f)(1).

13      On June 9, 2016, the Ninth Circuit, sitting en banc, held that "the Second
14  Amendment does not preserve or protect a right of a member of the general public to carry
15  concealed firearms in public.  Peruta v. County of San Diego, ___ F.3d ___, 2016 WL
16  3194315, at *2, *15 (9th Cir. June 9, 2016).  The en banc ruling in Peruta plainly forecloses
17  Plaintiff's Second Amendment claim in this case challenging the denial of his application for
18  a concealed carry permit.

19      Accordingly, the Court recommends that Sheriff McMahon's Motion to Dismiss
20  Plaintiff's Second Amended Complaint and Rule 15(d) Supplement (Dkt. 92 and 137) be
21  GRANTED.  The Court also recommends that Sheriff McMahon's request for summary
22  judgment be GRANTED.  Finally, the Court recommends that Plaintiff's Motion for Summary
23  Judgment and request for an order requiring Sheriff McMahon to issue a concealed weapon
24  carry license (Dkt. 90) be DENIED.

25                              **RELEVANT PROCEDURAL HISTORY**

26      On April 12, 2013, Plaintiff Jonathan Birdt filed his original pro se civil rights
27  complaint pursuant to 42 U.S.C. § 1983, alleging that then Defendant San Bernardino
28  County Sheriff's Department's denial of his application for a concealed weapon license

1  without providing any statutory reason violated his Second Amendment right to carry a gun

2  outside his home for self-defense.  (Dkt. 1.)

3  On April 26, 2013, then Defendant San Bernardino County Sheriff's Department filed

4  a Motion to Dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ.

5  P. Rule 12(b)(6).  (Dkt. 6.)  In a September 30, 2013 Report and Recommendation ("R&R"),

6  this Court recommended dismissal of Plaintiff's original complaint sua sponte because it

7  failed to allege Plaintiff had satisfied all statutory and procedural requirements for obtaining

8  a concealed weapon license.  (Dkt. 19.)  On October 13, 2013, the District Judge accepted

9  this Court's R&R.  (Dkt. 21.)

10  Plaintiff filed a First Amended Complaint ("FAC") on November 5, 2013, which added

11  the allegation that he had satisfied all requirements for the issuance of a permit.  (Dkt. 23.)

12  On November 8, 2013, then Defendant San Bernardino County Sheriff's Department filed a

13  Motion to Dismiss contending that the FAC failed to state a claim under Fed. R. Civ. Rule

14  12(b)(6).  (Dkt. 25.)  In a May 12, 2014 R&R, this Court recommended denial of the Motion

15  to Dismiss because, on February 13, 2014, after the Motion to Dismiss was filed, the Ninth

16  Circuit in Peruta v. County of San Diego, 742 F.3d 1144, 1166 (9th Cir. 2014), explicitly

17  ruled that any responsible, law-abiding citizen has a right under the Second Amendment to

18  carry a gun in public for self-defense.  (Dkt. 46.)  On June 9, 2014, the District Court

19  adopted this Court's May 12, 2014 R&R.  (Dkt. 70.)

20  On June 11, 2014, this Court issued an Order to Show Cause why the FAC should

21  not be dismissed because San Bernardino County and the San Bernardino County Sheriff's

22  Department are not subject to liability under Section 1983.  (Dkt. 73.)  The Sheriff's

23  Department acts on a statewide, not countywide, basis in administering concealed weapon

24  permits under California's statutory scheme.  Scocca v. Smith, 912 F. Supp. 2d 875, 883-

25  84, 888 (N.D. Cal. 2012).  As such, the Eleventh Amendment bars suits against the

26  Sheriff's Department for all types of relief and Sheriff McMahon in his official capacity for

27  monetary damages.  Id. at 884.  The Eleventh Amendment, however, does not preclude a

28  suit against Sheriff McMahon in his personal capacity, Romano v. Bible, 169 F.3d 1182,

1  1185 (9th Cir. 1999), or even in his official capacity, if the claim is one only for declaratory

2  or injunctive relief that is prospective in nature.  Scocca, 912 F. Supp. 2d at 884.  Rather

3  than contest the OSC, Plaintiff filed a Second Amended Complaint ("SAC") on June 26,

4  2014, naming John McMahon as the only defendant in the case.[1]  (Dkt. 88.)  The SAC does

5  not indicate whether McMahon is being sued in his official or personal capacity but personal

6  capacity would be assumed, Romano, 169 F.3d at 1186, and, this being a suit for injunctive

7  relief only, suit against McMahon in his official capacity also would be permissible.  Scocca,

8  912 F. Supp. 2d at 884.

9       On June 30, 2014, Plaintiff filed a Motion for Summary Judgment on his Second

10  Amended Complaint.  (Dkt. 90.)  On July 22, 2014, McMahon filed his Opposition to

11  Plaintiff's Motion for Summary Judgment.  (Dkt. 94.)  Plaintiff filed a Reply on that same

12  date.  (Dkt. 98.)

13       On July 22, 2014, McMahon filed a Motion to Dismiss the SAC.  (Dkt. 92.)  On the

14  same day, Plaintiff filed an Opposition.  (Dkt. 97.)  McMahon did not file a Reply.

15       On January 5, 2015 Plaintiff notified the Court that he had submitted a second

16  application for a concealed weapons permit to Defendant on September 3, 2014.  (Dkt.

17  126.)  On January 30, 2015, Defendant denied Plaintiff's second application.  (Dkt. 130.)

18  Plaintiff filed a Rule 15(d) Supplement to Plaintiff's Second Amended Complaint on

19  February 20, 2015, alleging that his second application had been denied for "confidential

20  reasons."  (Dkt. 135.)

21       On March 6, 2015, Defendant filed a Motion to Dismiss the Second Amended

22  Complaint and Rule 15(d) Supplement.  (Dkt. 137.)  Plaintiff filed an Opposition on March 9,

23  2015.  (Dkt. 139.)  Defendant filed a Reply on April 23, 2015.  (Dkt. 141.)

24

25

26       [1]  The SAC does not identify John McMahon as the Sheriff of San Bernardino County
    but does allege McMahon refuses to issue him a permit.  McMahon's Opposition to
27  Plaintiff's Motion for Summary Judgment identifies McMahon as the Sheriff of San
    Bernardino County, and Cal. Penal Code § 26150 establishes his authority to issue a
28  concealed weapon license.

1    On June 4, 2015, the Court issued a stay of this case because on March 26, 2015,

2    the Ninth Circuit issued an order in <u>Peruta</u> that the three judge panel decision, 742 F.3d

3    1144, be reheard <u>en</u> <u>banc</u>, 781 F.3d 1106 (9th Cir. 2015).  In the interim the panel opinion

4    was "'not to be cited as precedent by or to any court of the Ninth Circuit." (Dkt. 142.)

5    On June 9, 2016, the Ninth Circuit issued its <u>en</u> <u>banc</u> opinion in <u>Peruta</u>, ___ F.3d

6    ___, 2016 WL 3194315, reversing the panel opinion and holding there is no Second

7    Amendment constitutional right for a member of the general public to carry concealed

8    firearms in public.  2016 WL 3194315, at *2,*15.  On June 17, 2016, the Court lifted the

9    stay and invited the parties to file supplemental briefs on the impact of the <u>Peruta</u> <u>en</u> <u>banc</u>

10   decision on the pending motions for summary judgment and dismissal.  (Dkt. 154.)  Plaintiff

11   did so on June 20, 2016.  (Dkt. 155.)  Sheriff McMahon did not.

12   Plaintiff's Motion for Summary Judgment, Sheriff McMahon's Motion to Dismiss and

13   his request for summary judgment are ready for decision.  (Dkt, 90, 92 and 137.)

14                              **FACTUAL BACKGROUND**

15   On August 14, 2014, Defendant McMahon filed a Request for Judicial Notice ("RJN")

16   of the Plaintiff's entire application file for a concealed weapon license (redacted of Plaintiff's

17   personal information) in support of his Motion to Dismiss and in opposition to Plaintiff's

18   Motion for Summary Judgment.  (Dkt. 109, Ex. A.)  There was no opposition to Defendant's

19   RJN, which the Court GRANTS.  The file contains a background investigation report from

20   February, 2013, indicating that Plaintiff's application was denied because he "Lacks Good

21   Moral Character."  (<u>Id.</u> at 1-2.)  The basis for this finding is the public discipline summary of

22   the State Bar of California, also included in Plaintiff's file.  (<u>Id.</u> at 59-60.)  Plaintiff Jonathan

23   Birdt, an attorney admitted to the California Bar in 1996 (<u>id.</u> at 59), "stipulated that he

24   indirectly communicated with a party represented by counsel without the other lawyer's

25   consent" and then "falsely told the Court under penalty of perjury" that his client negotiated

26   settlements without his involvement.  (<u>Id.</u> at 60.)  Birdt "stipulated that his actions involve

27   moral turpitude."  (<u>Id.</u>)  The summary also indicates that on November 5, 2009, Plaintiff was

28   "suspended for one year, stayed, placed on two years of probation with a 30-day actual

                                          5

1   suspension and was ordered to take the MPRE within one year." (Id.)  In mitigation, Plaintiff

2   cooperated with the Bar's investigation.  (Id.)

3         In the Opposition to Plaintiff's Motion for Summary Judgment, attached to the

4   Declaration of Deputy County Counsel Algeria Ford is the State Bar's Stipulation Re Facts,

5   Conclusions Of Law And Disposition And Order Approving Suspension, dated April 27,

6   2009, which is a complete version of the facts contained in the State Bar summary.  (Dkt.

7   94-2.)  The State Bar Stipulation clarifies certain facts.  First, the incident leading to Birdt's

8   suspension occurred in 2005.  Second, Birdt filed a declaration under penalty of perjury with

9   the Superior Court that he was not involved with the settlements.  (Id. at 8-9.)  The

10  Stipulation provides, "Respondent knew those statements were false" and "committed acts

11  involving moral turpitude, dishonesty and/or corruption."  (Id.)  Birdt stipulated to these

12  factual findings and legal conclusions.  (Id.)  McMahon relies on both the summary and the

13  Stipulation in his Separate Statement of Facts.  Plaintiff does not contest McMahon's

14  Separate Statement or the characterization of the discipline he received from the State Bar.

15        Plaintiff's application file also reveals that an incident occurred on January 29, 2013,

16  when he came into the Sheriff's office and tried to file a form from the California Department

17  of Justice website, which he demanded to leave at the counter without all the required

18  documentation.  (Id. at 1.)  He was told that when he had all the correct documentation he

19  should call the number in the Sheriff's packet for an interview date.  (Id.)  The Sheriff's

20  office does not accept applications without an appointment.  (Id.)  He left the office "irate."

21  (Id.)  Birdt subsequently sent a January 29, 2013 letter with his application and a check (id.

22  at 58), but the Sheriff's office does not accept applications by mail nor does it accept

23  checks.  (Id. at 1.)  The background investigation report concludes, "Birdt not only ha[d] an

24  aggressive defiant behavior . . . he failed to follow directions."  (Id.)

25        On February 26, 2013, Sheriff McMahon through Captain Todd Paterson sent a

26  letter to Birdt denying him a concealed weapon license.  (Id. at 3.)  The letter does not give

27  a reason for the denial and states that the denial is final.  There is no explanation that the

28  application was incomplete or that an appeal was available, even though the background

1    investigation report (id. at 2) and a submission to this Court (Dkt. 65) indicate that appeals

2    are considered.  No interview ever occurred.  Sheriff McMahon has clarified that he has

3    exercised his discretion to deny Plaintiff a concealed weapon license.[2]

4           In his Declaration in support of his Motion for Summary Judgment (Dkt. 90, pp. 5-6),

5    Birdt states that he repeatedly has offered to meet with Defendant.  He also states that he

6    is an attorney in good standing admitted to practice before this Court, all District Courts in

7    California and Nevada and most recently before the United States Supreme Court.  He

8    further states that he is admitted to practice law and a lawyer in good standing with the Bars

9    of California, Nevada and Texas.  He avers that he is regularly appointed by the Los

10   Angeles County Superior Court as a guardian ad litem upon the recommendation of Public

11   Counsel.  He has no criminal record and is not prohibited from owning and possessing a

12   firearm.  He is licensed to carry a concealed weapon by Nevada and Utah, permits

13   recognized in more than 38 states.  He is a certified National Rifle Association Range

14   Safety Officer and nationally ranked competitive shooter frequently competing and training

15   with active duty law enforcement and military personnel.

16          In his Separate Statement (Dkt. 90-1), Plaintiff states that he has "no criminal record,

17   is not barred from owning or possessing firearms, and has been found to currently be of

18   good moral character by: a. This District Court b. All District Courts in California and Nevada

19   c. The Supreme Courts of the United States, California, Nevada and Texas."

20          Defendant McMahon does not dispute the truth of the facts stated in Plaintiff's

21   Declaration or Separate Statement.

22

23

24

25          [2] At first, Sheriff McMahon suggested that, because Plaintiff did not meet the "good
26   moral character" requirement, he had not yet exercised any discretion.  See Defendant's
     Opposition to Plaintiff's Motion for Summary Judgment; Memorandum of Points and
27   Authorities (Dkt. 94), pp. 6, 8.  Then he clarified that indeed he has exercised his discretion
     to deny Birdt a concealed weapon permit in a final decision.  See Objections to Report and
28   Recommendations (Dkt. 119), pp. 9-10.

1          <u>DISCUSSION</u>

2   I.     **APPLICABLE LEGAL STANDARDS**

3          A.    **Motions To Dismiss**

4          Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for

5   "failure to state a claim upon which relief can be granted."  Dismissal under Rule 12(b)(6) is

6   appropriate when the complaint lacks a cognizable legal theory or sufficient facts to support

7   a cognizable legal theory.  <u>Mendiondo v. Centinela Hosp. Medical Center</u>, 521 F.3d 1097,

8   1104 (9th Cir. 2008) (citing <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

9   1990)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

10  accepted as true, 'to state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>,

11  556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570

12  (2007)).  A claim is facially plausible when the plaintiff pleads factual content that allows the

13  court to draw the reasonable inference that the defendant is liable for the misconduct

14  alleged.  <u>Id.</u>  Conclusory allegations are insufficient.  <u>Id.</u> at 678-79.  Although a complaint

15  challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, "a

16  formulaic recitation of the elements of a cause of action will not do," and the factual

17  allegations of the complaint "must be enough to raise a right to relief above the speculative

18  level."  <u>Twombly</u>, 550 U.S. at 555.

19         All allegations of material fact are accepted as true, "as well as all reasonable

20  inferences to be drawn from them."  <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001);

21  <u>see</u> <u>also</u> <u>Twombly</u>, 550 U.S. at 555.  For an allegation to be entitled to the assumption of

22  truth, however, it must be well-pleaded; that is, it must set forth a non-conclusory factual

23  allegation rather than a legal conclusion.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 678-79.  The Court need

24  not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory

25  legal allegations cast in the form of factual allegations.  <u>See</u> <u>id.</u>; <u>see</u> <u>also</u> <u>Adams v.</u>

26  <u>Johnson</u>, 355 F.3d 1179, 1183 (9th Cir. 2004) ("conclusory allegations of law and

27  unwarranted inferences are insufficient to defeat a motion to dismiss"); <u>Sprewell v. Golden</u>

28  <u>State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001) (court not "required to accept as true

8

1   allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

2   inferences").  The Court also need not accept as true allegations that contradict matters

3   properly subject to judicial notice.  Sprewell, 266 F.3d at 988.  "In sum, for a complaint to

4   survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences

5   from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

6   Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

7        On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must limit its

8   review to the operative complaint and may not consider facts presented in briefs or extrinsic

9   evidence.  See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); William W.

10  Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before

11  Trial § 9:211 (2004) ("[T]he court cannot consider material outside the complaint (e.g., facts

12  presented in briefs, affidavits or discovery materials).").  Materials submitted as part of the

13  complaint are not "outside" the complaint and may be considered.  Lee, 25 F.3d at 688; Hal

14  Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

15  In addition, "[d]ocuments whose contents are alleged in a complaint and whose authenticity

16  no party questions, but which are not physically attached to the pleading, may be

17  considered in ruling on a Rule 12(b)(6) motion to dismiss."  In re Stac Elec. Sec. Litig., 89

18  F.3d 1399, 1405 n.4 (9th Cir. 1996) (internal quotations and citations omitted); see also

19  Lee, 250 F.3d at 688 (documents not physically attached to the complaint may be

20  considered if their authenticity is not contested and "'the plaintiff's complaint necessarily

21  relies' on them") (citation omitted).  The Court also may consider facts properly the subject

22  of judicial notice.  Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).  Thus, courts may

23  "consider certain materials -- documents attached to the complaint, documents incorporated

24  by reference in the complaint, or matters of judicial notice -- without converting the motion to

25  dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908

26  (9th Cir. 2003) (citations omitted).

27        In a pro se civil rights case, "the court must construe the pleadings liberally and must

28  afford the plaintiff the benefit of any doubt."  Karim-Panahi v. Los Angeles Police Dept., 839

1  F.2d 621, 623 (9th Cir. 1988) (citation omitted).  Before dismissing a <u>pro</u> <u>se</u> civil rights

2  complaint for failure to state a claim, the plaintiff should be given a statement of the

3  complaint's deficiencies and an opportunity to cure.  <u>Id.</u>  Only if it is absolutely clear that the

4  deficiencies cannot be cured by amendment should the complaint be dismissed without

5  leave to amend.  <u>Id.</u>; <u>see</u> <u>also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).

6       **B.**    **Summary Judgment**

7       Rule 56 requires summary judgment to be granted when "the movant shows that

8  there is no genuine dispute as to any material fact and the movant is entitled to judgment as

9  a matter of law."  Fed. R. Civ. P. 56(a); <u>see</u> <u>also</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S.

10  242, 247-248 (1986).  Material facts are those that affect the outcome of the case.  <u>Id.</u> at

11  248; <u>see</u> <u>also</u> <u>Far Out Productions, Inc. v. Oskar</u>, 247 F.3d 986, 992 (9th Cir. 2001).  A

12  dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury

13  could return a verdict for the nonmoving party."  <u>Anderson</u>, 477 U.S. at 248.  The Court

14  does not weigh the evidence, but only determines if there is a genuine issue for trial.

15  <u>Menotti v. City of Seattle</u>, 409 F.3d 1113, 1120 (9th Cir. 2005).

16       The moving party bears the initial burden of establishing the absence of a genuine

17  dispute of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  Once the

18  moving party presents sufficient evidence or argument to support the motion, the burden

19  shifts to the nonmoving party to set forth specific facts showing a genuine triable issue.  <u>Id.</u>

20  at 324; <u>see</u> <u>also</u> <u>Miller v. Glenn Miller Productions, Inc.</u>, 454 F.3d 975, 987 (9th Cir. 2006).

21  The nonmoving party must "go beyond the pleadings and by his own affidavits, or by the

22  'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts

23  showing that there is a genuine issue for trial.'"  <u>Celotex</u>, 477 U.S. at 324 (quoting former

24  Rule 56(e)); <u>see</u> <u>also</u> Rule 56(c); <u>Anderson</u>, 477 U.S. at 257.  The nonmoving party must

25  "present affirmative evidence in order to defeat a properly supported motion for summary

26  judgment."  <u>Anderson</u>, 477 U.S. at 257.  With respect to an issue for which the opposing

27  party will have the burden of proof, the movant "can prevail merely by pointing out that there

28  is an absence of evidence to support the nonmoving party's case."  <u>Soremekun v. Thrifty</u>

1   Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (citing Celotex, 477 U.S. at 325 ("[T]he

2   burden on the moving party may be discharged by 'showing' – that is, pointing out to the

3   district court – that there is an absence of evidence to support the nonmoving party's

4   case.")).

5       **C.    Section 1983 Claims**

6       As to claims brought under 42 U.S.C. § 1983, a plaintiff must allege: (1) the

7   defendants were acting under color of state law at the time the complained of acts were

8   committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges and

9   immunities secured by the Constitution or laws of the United States.  See Karim-Panahi,

10  839 F.2d at 624.  There must be an affirmative link between the defendants' actions and

11  the claimed deprivations.  See Monell v. Dept. of Social Servs. of City of New York, 436

12  U.S. 658, 692 (1978) (". . . Congress did not intend § 1983 liability to attach where . . .

13  causation [is] absent."); see also Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976) (no

14  affirmative link between incidents of police misconduct and adoption of plan or policy

15  demonstrating authorization or approval of misconduct).  "Section 1983 is not itself a source

16  of substantive rights, but merely provides a method for vindicating federal rights elsewhere

17  conferred."  Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal quotations and citation

18  omitted).  The first step is to  identify the specific constitutional or federal right allegedly

19  infringed.  Id.

20  **II.   ANALYSIS**

21      **A.    The Second Amendment Right To Bear Arms In Public**

22      The Second Amendment provides:  "A well regulated Militia, being necessary to the

23  security of a free State, the right of the people to keep and bear arms, shall not be

24  infringed."  In District of Columbia v. Heller, 554 U.S. 570 (2008), the Supreme Court held

25  that the District of Columbia's "absolute prohibition of handguns held and used for self-

26

27

28

defense <u>in the home</u>" clearly violated the Second Amendment.[3] <u>Id.</u> at 628-636 (emphasis added). In so holding, the Supreme Court explained that the Second Amendment right is an individual right to "keep and carry arms," and further noted that "the inherent right of self-defense has been central to the Second Amendment right." <u>Id.</u> at 627-629. The Supreme Court stated that the core protection of the Second Amendment was "the right of <u>law-abiding, responsible citizens</u> to use arms in defense of hearth and home." <u>Id.</u> at 635 (emphasis added). In <u>McDonald v. City of Chicago</u>, 561 U.S. 742, 750 (2010), the Court held that "the Second Amendment right is fully applicable to the States."

The Supreme Court further stated in <u>Heller</u> that, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." 554 U.S. at 626. Thus, the Supreme Court also made it clear that "the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." <u>Id.</u> For example, the Supreme Court noted that:

> the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

---

[3] The Supreme Court explained that the challenged law in <u>Heller</u> "totally bans handgun possession in the home. It also requires that any lawful firearm in the home be disassembled or bound by a trigger lock at all times, rendering it inoperable." <u>Heller</u>, 554 U.S. at 628.

1  Id. at 626-627 (internal citations omitted).  In a footnote, the Supreme Court explained: "We

2  identify these presumptively lawful regulatory measures only as example; our list does not

3  purport to be exhaustive."  Id. at 627 n.26.

4      Heller declined to establish a standard of review because it held that the District of

5  Columbia ban on handgun possession in the home would fail constitutional muster under

6  any of the standards of scrutiny previously applied to enumerated constitutional rights.  Id.

7  at 628-29, esp. n.27.  The Ninth Circuit in United States v. Chovan, 735 F.3d 1127, 1136-37

8  (9th Cir. 2013), however, established a two step inquiry for evaluating claims that challenge

9  regulations that burden, rather than destroy, Second Amendment rights.  Id. at 1138.  This

10  two step inquiry "(a) asks whether the challenged law burdens conduct protected by the

11  Second Amendment and (2) if so, directs courts to apply an appropriate level of scrutiny."

12  Id. at 1136.  In evaluating the constitutionality of 18 U.S.C. § 922(g)(9)'s lifetime ban on

13  possession of firearms by persons convicted of domestic violence misdemeanors, the Court

14  applied an intermediate level of scrutiny which requires (1) an important governmental

15  objective and (2) a reasonable fit between the challenged regulation and the asserted

16  objective.  Id. at 1139.

17      The Supreme Court has not yet addressed whether the Second Amendment

18  guarantees the right to carry concealed weapons outside the home for self-defense.  On

19  February 13, 2014, however, the Ninth Circuit panel in Peruta explicitly ruled that any

20  responsible law abiding citizen has a right under the Second Amendment to carry a gun

21  outside the home for self-defense.  742 F.3d at 1166.  California law generally bars open

22  carry, Cal. Penal Code § 26350, but authorizes a county sheriff or municipal police official

23  to issue a concealed weapon license if an applicant demonstrates "good moral character,"

24  completes a specified training course, and establishes "good cause."  Id. at 1147-1148

25  (citing Cal. Penal Code §§ 26150 and 26155).  The County of San Diego's policy

26  implementing § 26150 provides that concern for one's personal safety alone is not

27  considered "good cause."  Id. at 1169.  The Ninth Circuit held that the County's policy,

28  coupled with the state prohibition on open carry, effectively destroyed the right to bear arms

1   and cannot be sustained under any level of scrutiny.  Id. at 1175.  Peruta concluded by

2   emphasizing that "regulation of the right to bear arms is not only legitimate but quite

3   appropriate," and by repeating Heller's admonition that nothing in the opinion should be

4   taken to cast doubt on traditional prohibitions on the possession of firearms such as by

5   felons and the mentally ill.  Id. at 1178.  The Ninth Circuit also made clear in Peruta that it

6   was considering the scope of Second Amendment rights "only with respect to responsible,

7   law abiding citizens."  Id. at 1150 n.2.

8          Justice Sidney Thomas in dissent argued that carrying of concealed weapons

9   outside the home does not inherently involve the Second Amendment core protection of

10  defense of home and hearth.  Id. at 1181, 1191.  The dissent disagreed with the majority's

11  historical analysis, and as the majority itself recognized, id. at 1173, Peruta is at odds with

12  appellate decisions from other Circuits that have upheld "justifiable need" restrictions or

13  concluded that "the Second Amendment does not confer a right to carry concealed

14  weapons."  See, e.g., Peterson v. Martinez, 707 F.3d 1197, 1210-11 (10th Cir. 2013).  The

15  dissent further noted that, even if the County's good cause requirement burdened any

16  Second Amendment right to carry a gun outside the home, the requirement would satisfy

17  intermediate scrutiny, which requires a "significant, substantial or important" governmental

18  objective and a reasonable fit between the challenged regulation and the asserted

19  objective.  Id. at 1191-1194.  The dissent found that public safety and preventing crime are

20  important government objectives, id. at 1192, and granting concealed weapon permits only

21  to those who need them is a reasonable fit between the policy and the objectives.  Id. at

22  1193-94.  In conclusion, the dissent found that San Diego County's policy falls squarely

23  within the Supreme Court's definition of "presumptively lawful regulatory measures."  Id. at

24  1198-99.

25         The en banc opinion in Peruta issued on June 9, 2016, however, reversed and

26  upheld the County of San Diego's application of the "good cause" requirement for issuance

27  of a concealed weapon permit pursuant to Cal. Pen. Code § 26150.  The en banc opinion

28  held that "the Second Amendment does not preserve or protect a right of a member of the

1    general public to carry concealed firearms in public."  2016 WL 3194315, at *2.  The Ninth

2    Circuit also held, "Because the Second Amendment does not protect in any degree the right

3    to carry concealed firearms in public, any prohibition or restriction a state may choose to

4    impose on concealed carry — including a requirement of "good cause," however defined  —

5    is necessarily allowed by the Amendment."  2016 WL 3194315, at *15.  The Ninth Circuit

6    expressly declined to address whether there is a Second Amendment right to carry a

7    firearm openly in public.  Id.

8         **B.    Peruta Forecloses Plaintiff's Claim Here**

9         Peruta concerned the County of San Diego's application of the "good cause"

10   requirement for issuance of a concealed weapon carry permit under Cal. Pen. Code §

11   26150.  This case does not present a challenge based on "good cause."  Plaintiff was

12   denied a permit based on lack of "good moral character."  Nonetheless, Plaintiff's challenge

13   is based on an alleged Second Amendment right to carry a concealed weapon in public for

14   the purpose of self-defense.  The en banc decision in Peruta not only rejects Plaintiff's

15   contention but holds that any prohibition a state may impose on concealed carry, which

16   would include a requirement of "good moral character," is necessarily allowed by the

17   Second Amendment.  2016 WL 3194315, at *15.  The en banc decision in Peruta, because

18   it holds the Second Amendment does not protect a right "in any degree" to carry concealed

19   firearms in public, necessarily forecloses Plaintiff's claim here challenging the "good moral

20   character" requirement on Second Amendment grounds.

21        A county sheriff's discretionary decision to deny a concealed weapon license is not

22   unlimited or unreviewable.  A sheriff's decision to deny a concealed weapon license is

23   reviewable under state law for abuse of discretion if arbitrary, capricious or entirely lacking

24   in evidentiary support.  Clifford v. City of Los Angeles, 88 Cal. App. 4th 801, 805 (2001);

25   Salute v. Pitchess, 61 Cal. App. 3d 557, 560-61 (1976).  Such challenges are a matter of

26   state law.  They do not implicate the Second Amendment or provide a basis for federal

27   review.  As Plaintiff has failed to state a viable federal constitutional claim against

28   Defendant, the Court declines to exercise supplemental jurisdiction over any potential state

law claims.  28 U.S.C. § 1367(c)(3) ("the district courts may decline to exercise supplemental jurisdiction" over state claims where the court "has dismissed all claims over which it has original jurisdiction . . . ").  Plaintiff, of course, may pursue relief in state court under state law if he chooses.

## RECOMMENDATION

**IT, THEREFORE, IS RECOMMENDED** that the District Court issue an Order: (1) accepting this Amended Report and Recommendation; (2) granting Sheriff McMahon's Motion to Dismiss the Second Amended Complaint and Rule 15(d) Supplement (Dkt. 92 and 137); (3) granting Sheriff McMahon's request for summary judgment; (4) denying Plaintiff's Motion for Summary Judgment (Dkt. 90) and request for an order requiring Sheriff McMahon to issue a concealed weapon license; and (5) directing that Judgment be entered in favor of Sheriff McMahon dismissing this action with prejudice.


DATED: August 8, 2016            _/s/ John E. McDermott_
                                          JOHN E. MCDERMOTT
                       UNITED STATES MAGISTRATE JUDGE

# PROPOSED

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT,<br><br>               Plaintiff,<br><br>     v.<br><br>SAN BERNARDINO SHERIFFS DEPARTMENT, et al.,<br><br>               Defendants. | Case No. EDCV 13-00673-VAP (JEM)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, the records on file, and the Amended Report and Recommendation of the United States Magistrate Judge.  The Court accepts the findings and recommendations of the Magistrate Judge.

**IT IS HEREBY ORDERED** that: (1) Sheriff McMahon's Motion to Dismiss the Second Amended Complaint and Rule 15(d) Supplement is GRANTED; (2) Sheriff McMahon's request for summary judgment is GRANTED; (3) Plaintiff's Motion for Summary Judgment and request for an order requiring Sheriff McMahon to issue a concealed weapon license is DENIED; and (4) Judgment shall be entered in favor of Sheriff McMahon dismissing this action with prejudice.

DATED: _____

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

# PROPOSED

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BIRDT, | Case No. EDCV 13-00673-VAP (JEM) |
| Plaintiff, | |
| v. | JUDGMENT |
| SAN BERNARDINO SHERIFFS DEPARTMENT, et al., | |
| Defendants. | |

    In accordance with the Order Accepting Findings and Recommendations of United States Magistrate Judge filed concurrently herewith,

    **IT IS HEREBY ADJUDGED** that the action is dismissed with prejudice.


DATED: _____

                                             _____
                                                    VIRGINIA A. PHILLIPS
                                            UNITED STATES DISTRICT JUDGE